**THE VANDEVELD LAW OFFICES, P.C.**
Second Floor
123 Hernan Cortes Avenue
Hagåtña, Guam 96910
Office:    (671) 488-0888
Facsimile: (671) 472-2561

**Attorney for Plaintiff:**
**Cyfred, Ltd., Class,**
**Deceptive Acts Subclass**
**Denied Claims Subclass.**

**FILED**
DISTRICT COURT OF GUAM

AUG 27 2007

JEANNE G. QUINATA
Clerk of Court

# IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| CYFRED, LTD., for itself and on behalf of all other similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> FIRST AMERICAN TITLE INSURANCE COMPANY and DOES One (1) through Three hundred (300), inclusive. <br><br> Defendants. | District Court Of Guam <br> Civil Case No. 07-00024. <br><br> **CLASS ACTION COMPLAINT FOR DAMAGES AND FOR EXEMPLARY DAMAGES.** <br> **[Fraud; Deceit; Conspiracy to Defraud; Involuntary Trust from Fraud; Unjust Enrichment; Negligence; Negligent Misrepresentation; Deceptive Trade Practices; Conspiracy to Commit Deceptive Trade Practices; Racketeering; Breach of Contract; Breach of Implied Covenant of Good Faith and Fair Dealing]** <br><br> **[JURY TRIAL DEMANDED]** |

Plaintiff for itself and on behalf of all other similarly situated Guam consumers who purchased title insurance, or were denied coverage under title insurance policies, purchased from First American Title Insurance Company ("First American"), which purchases occurred through its general agents in Guam, Pacific American Title Insurance & Escrow Company ("PATCO") and Security Title, Inc. ("Security Tile") and other general agents appointed by First American during the relevant period, which class is more particularly described below,

ORIGINAL

CYFRED, LTD et al, Plaintiffs v. FIRST AMERICAN TITLE INSURANCE COMPANY et al, Defendants
Case 3:07-cv-00024   Document 1    Filed 08/27/2007    Page 1 of 39
CLASS ACTION COMPLAINT
District Court Civil Case No. _____.                                          Page 1

who bring this action by and through their counsel, Curtis Van de veld of **THE VANDEVELD LAW OFFICES, P.C.,** and as claims for relief against defendants allege:

## I. PARTIES

1. Cyfred, Ltd. ("Cyfred") is a Guam corporation doing business in Guam.

2. Plaintiff and the Class are informed and believe and thereon allege that First American is incorporated outside of Guam, and is an insurance company who has been doing business in Guam since May 4th 1965.

3. Plaintiff and the Class are ignorant of the true names and capacities of the defendants sued herein as DOES one (1) through three hundred (300), inclusive and therefore sues these defendants by such fictitious names. Plaintiff and the Class will amend this complaint to allege their true names and capacities when ascertained. Plaintiff and the Class are informed and believe and thereon allege that each of the fictitiously named defendants is responsible as hereinafter shown for the occurrences and injuries alleged in this class action complaint.

## II. JURISDICTION

4. This Court has jurisdiction over the matters alleged herein pursuant to 48 U.S.C. § 1424.

5. This Court has further jurisdiction over matters alleged herein pursuant to 28 U.S.C. § 1332.

6. The majority of defendants are not citizens of Guam and amount in controversy exceeds five million dollars ($5,000,000.00).

7. Venue is proper in this Court since all the transactions referred to herein occurred in Guam.

CYFRED, LTD et al, Plaintiffs v. FIRST AMERICAN TITLE INSURANCE COMPANY et al, Defendants
CLASS ACTION COMPLAINT
Case 1:07-cv-00024   Document 1   Filed 08/27/2007   Page 2 of 39
District Court Civil Case No._____.
Page 2

## III. GENERAL AVERMENTS

8. At all times herein relevant First American appointed PATCO and/or Security Title and/or or another company doing business in Guam as its general agent (hereinafter "First American's General Agents") for the purpose of engaging in the business of selling title insurance in Guam for First American.

9. Plaintiff and the Class are informed and believe and thereon allege that First American has been authorized to sell title insurance in Guam and has failed to obtain approval from the Guam Banking and Insurance Commissioner, or its predecessor ("Commissioner"), for all or some its title insurance policy forms, endorsements or exclusions included in its title insurance policies it has sold in Guam to Guam consumers including Plaintiff and the Class.

10. Guam law requires approval of the Commissioner of all insurance policy forms for all insurance sold in Guam to wit:

> It shall be unlawful for an insurer to use a policy form in affecting insurance without first obtaining the Commissioner's approval thereof as provided herein:
> (a) The Commissioner shall study each form for the purpose of guarding against any fraud, misrepresentation or other forms of unfairness to (sic) the writings of the insured; if he shall approve a form, he shall endorse his approval on the face of both duplicates and transmit one to the insured (sic) and keep one in his permanent files; if he shall disapprove a form, he shall issue an order of disapproval stating therein his reasons and transmit a copy of the same to the insurer.

> 22 G.C.A.§ 18308(a).

11. First American has failed to obtain approval from the Commissioner for all or some the insurance rates, rate schedules, rate plans and methods of computing rates for title

CYFRED, LTD et al, Plaintiffs v. FIRST AMERICAN TITLE INSURANCE COMPANY et al, Defendants
Case: 07-cv-00024 CLASS ACTION COMPLAINT Document 1 Filed 08/27/2007 Page 3 of 39
District Court Civil Case No._____.
Page 3

insurance policies it has sold in Guam since it was authorized to sell insurance in Guam including title policies sold to Plaintiff and members of the Class.

12. Guam law requires prior approval of the Commissioner for all rates, rates schedules, rate plans and methods of computing rates for any insurance transacted in Guam:

> (a)     All rates, rate schedules, rate plans, and methods of computing rates to be applied to any insurance transacted in the Territory of Guam shall be filed in the office of the Commissioner, and before any rates may be charged, advertised, publicized or otherwise represented, they shall have the approval of the Commissioner.
>
> (b)     It shall be unlawful for any insurer to use any rates in violation of the provisions of this section, or to alter, amend or otherwise charge rates without the approval of the Commissioner.
>
> (c)     It shall be unlawful for any insurer to charge any rate for any insurance transacted in Guam other than the rate approved by the Commissioner for such insurer for such risk and class of insurance.
>
> 22 G.C.A. §18501.

13. As a result of First American's violation of the Insurance Law it has been able to make unfair and unconscionable profits from the sale of First American's title insurance polices to Guam consumers all as prohibited by 22 G.C.A. § 18501 & § 18502.

14. First American knew that if they ignored the Insurance Law and the requirements of 22 G.C.A. § 18501 & § 18502 First American could set artificially high rates, as they have, while simultaneously reducing the risks they insure through careful and crafty drafting of policy forms, as Plaintiffs believe they have, and First American knew they would, as a result, make extraordinary and unfair profits, as they have, and all prohibited by the laws of Guam.

///

///

CYFRED, LTD et al. Plaintiffs v. FIRST AMERICAN TITLE INSURANCE COMPANY et al. Defendants
Case 1:07-cv-00024   CLAIM Document 1    Filed 08/27/2007    Page 4 of 39
District Court Civil Case No._____.                                    Page 4

# IV. SPECIFIC AVERMENTS Re: CYFRED TITLE POLICIES

15. Cyfred on February 26th 2002 purchased a mortgage title insurance policy from First American insuring the title of Cyfred's security interest in a mortgage secured by Lot No. 19, Block No. 1, Track 63004, Yigo, Guam with Policy No. CW 2289610 and paid First American a premium for said title insurance policy ("Cyfred Insurance Policy").

16. First American sold Cyfred the Cyfred Insurance Policy through its general agent in Guam, PATCO and collected the premium paid by Cyfred through PATCO and coordinated the sale of the Cyfred Policy by using the telephones in Guam on or about the Cyfred Policy was issued to Cyfred.

17. First American did not obtain approval from the Commissioner for the insurance forms, or any part of them, constituting the Cyfred Insurance Policy.

18. First American did not obtain approval from the Commissioner for the insurance premiums charged to Cyfred and collected by First American through its general agent, PATCO.

19. First American did not obtain approval from the Commissioner for any of the rate schedules, rate plans and methods of computing rates it used for the Cyfred Insurance Policy.

20. Despite First American's failure and refusal to comply with the Insurance Law, Cyfred is informed and believes that First American filed yearly affidavits of compliance ("First American's Affidavits of Compliance") with the Commissioner stating that First American was in compliance with the Insurance Law of Guam.

CYFRED, LTD et al, Plaintiffs v. FIRST AMERICAN TITLE INSURANCE COMPANY et al, Defendants
CLASS ACTION COMPLAINT
District Court Civil Case No._____.

Case 1:07-cv-00024   Document 1   Filed 08/27/2007   Page 5 of 39

Page 5

21. First American filed the First American's Affidavits of Compliance on a yearly basis, signed by two (2) of its officers, even though it knew, and its officers knew, that First American was not in compliance with the Insurance Law, and in order to falsely and fraudulently obtain renewals of its license to sell title insurance in Guam, and to conceal its wrongdoing and its violations of the Insurance Law and other laws of Guam and the United States.

22. Because First American fraudulently procured its license to sell insurance in Guam it was not in fact licensed to sell insurance in Guam each time it was licensed to sell insurance in Guam on the basis of a fraudulent affidavit of compliance.

23. First American never intended to provide Cyfred with mortgage title insurance as it led Cyfred to believe it would under the terms of the Cyfred Insurance Policy, and First American knew that the Cyfred Insurance Policy provided Cyfred with an illusion of insurance coverage, and the Cyfred Insurance Policy were therefore unfair under Guam law and illegal.

24. On September 27th 2002, an action was brought against Cyfred in *Kini Sananap et al. v. Cyfred, Ltd. et al.*, Superior Court of Guam, Civil Case Number CV1448-02, to which Cyfred filed and answer and counterclaim, and in return, the Plaintiffs in *Sananap* filed an answer and affirmative defenses, in part, implicating title as their defense ("Sananap Action").

25. In response to the Sananap Action, Cyfred filed a counterclaim to foreclose its mortgages against all the Plaintiffs in the Sananap Action who were in default of the terms of the promissory notes and mortgages they had issued to Cyfred to secure payment of amounts they owed to Cyfred ("Defaulted Plaintiffs").

CYFRED, LTD et al. Plaintiffs v. FIRST AMERICAN TITLE INSURANCE COMPANY et al. Defendants
Case 1:07-cv-00024 Document 1 Filed 08/27/2007 Page 6 of 39
District Court Civil Case No._____.                                   Page 6

26. The Defaulted Plaintiffs filed affirmative defenses to Cyfred's counterclaim to foreclose their defaulted notes and mortgages and asserted in part that Cyfred had conveyed to them defective title when selling them their respective properties, and have since then continued to make this assertion.

27. Two of the Defaulted Plaintiffs, Alex Ruben and Felisa Ruben, are mortgagors with Cyfred as Mortgagee for property constituting security under a mortgage held by Cyfred and insured by First American under the terms of the Cyfred Insurance Policy.

28. The answer to the counterclaim in the Sananap Action implicates the title of the property insured by the Cyfred Insurance Policy and therefore Cyfred is entitled to a defense and to indemnity from First American in the Sananap Action.

29. To legitimately exercise its rights under the Cyfred Insurance Policy, on October 3rd 2006, Cyfred tendered the defense and requested indemnity from First American for the allegations and affirmative defenses in the Sananap Action.

30. On December 7th 2006, without a full investigation, First American denied Cyfred's tender of the defense and request for indemnity for the Sananap Action.

31. In First American's denial letter of December 7th 2006, First American deliberately provided Cyfred with a false impression that First American would fully and fairly investigate the facts in the Sananap Action. These statements and representations made by First American to Cyfred were intended to delay and frustrate Cyfred's efforts to take any legal action against First American for its willful failure to provide Cyfred coverage under the Cyfred Insurance Policy. First American engaged in this scheme knowing it did not intend to, and did not, conduct a thorough, fair and reasonable investigation, in good faith, of the facts, to reach a fair and reasonable

CYFRED, LTD et al, Plaintiffs v. FIRST AMERICAN TITLE INSURANCE COMPANY et al, Defendants
CLASS ACTION COMPLAINT
District Court Civil Case No._____.

Case 1:07-cv-00031 Document 1 Filed 08/27/2007 Page 7 of 39

Page 7

determination of coverage under the Cyfred Insurance Policy and, all the while, simply intended to create a pretext of doing so, in order to minimize its potential legal liability. Had First American fully, fairly and reasonably investigated the facts surrounding the Sananap Action it should have provided Cyfred with title insurance coverage.

## V. STATUTE OF LIMITATIONS

32. Any applicable statute of limitations has been tolled by the defendants' knowing and active concealment, denial and/or misleading actions with respect to First American's failure and refusal to obtain approval of its policy forms and rates, rate schedules, rate plans and methods of computing rates as alleged herein.

33. Plaintiff and the Class have been kept ignorant by defendants of the vital information necessary to the pursuit of the claims alleged herein, without any fault or lack of diligence on their part and could not have reasonably discovered the fact that First American had not obtained approvals required by 22 G.C.A. § 18501 & 22 G.C.A. § 18308 for the Cyfred Insurance Policy and title insurance policies purchased by members of the proposed Class from First American through First American's General Agents.

34. First American owed a fiduciary duty to Cyfred and the Class to disclose the true facts surrounding its failure to obtain approval of its policy forms and the premiums, rates, rate schedules and method of computing rates for the title insurance policies First American sold to them or under which they were denied coverage. Yet First American knowingly, affirmatively, and/or actively concealed the true facts of its non-compliance with 22 G.C.A. § 18308 and 22 G.C.A. §18501 and which concealment is

CYFRED, LTD et al. Plaintiffs v. FIRST AMERICAN TITLE INSURANCE COMPANY et al, Defendants
CLASS ACTION COMPLAINT
District Court Civil Case No._____.

Case 1:07-cv-00024 Document 1 Filed 08/27/2007 Page 8 of 39

Page 8

active and ongoing as evidenced by First American's Affidavits of Compliance and the yearly filing of said affidavits by First American. Furthermore Plaintiffs reasonably relied upon First American's knowing affirmative, and/or active concealment. Based on the foregoing defendants are estopped from relying on any statutes of limitation defense to limit Plaintiff and the Class from recovering their full damages for all the injuries that defendants have caused them.

35. The causes of action alleged herein did or will accrue only upon discovery of the full nature and extent of First American's failure and refusal to comply with 22 G.C.A. § 18308 and 22 G.C.A. § 18501 and other provisions of Guam's Insurance Law and the full nature and extent of their fraudulent concealment of said violations.

36. Because First American took steps to fraudulently conceal its violations of Guam's Insurance Law, Plaintiff and members of the Class did not discover and could not have discovered the true nature of the title insurance policies they had purchased from First through First American's General Agents.

## VI. CLASS ALLEGATIONS

### CLASS DEFINITION

37. Plaintiff Cyfred seeks to bring this case as a class action on behalf of itself and all other persons or entities who, from 1994, were issued a title insurance policy or who were denied coverage under a title insurance policy issued to them in Guam by First American through First American's General Agents, and which title insurance policies and the premiums charged for them had not been approved by the Commissioner as required by either 22 G.C.A. § 18308 or 22 G.C.A. § 18501 ("Class").

CYFRED, LTD et al, Plaintiffs v. FIRST AMERICAN TITLE INSURANCE COMPANY et al, Defendants
CLASS ACTION COMPLAINT
Case 1:07-cv-00024 Document 1 Filed 08/27/2007 Page 9 of 39
District Court Civil Case No._____.
Page 9

38. The above Class contains two subclasses: a. All members of the Class who made claims for insurance coverage to First American and which claims were denied ("Denied Claims Subclass"); and b. All members of the Class who are defined as consumers under the provisions of the Deceptive Trade Practices-Consumer Protection Act ("Deceptive Acts Subclass").

## CLASS EXCLUSIONS

**39.** Excluded from the class are: a. Each of the Defendants, their subsidiaries, parent companies and affiliates, officers, directors and employees; and b. Francis Gill; and c. Persons or other entities who have settled with and validly released one or more of the defendants in a separate non-class legal proceeding which release was based on the conduct alleged herein.

## NUMEROSITY

40. The Class is so numerous that joinder of all members is impractical. Plaintiff is informed and believes that several hundred persons fall within the definition of the proposed Class as alleged herein above.

## COMMON QUESTIONS OF LAW AND FACT

41. There are questions of law and fact common to the Class including but not limited to:

a. Whether First American failed to disclose and fraudulently concealed the fact that the insurance polices sold to the Class had not been approved by the Commissioner under 22 G.C.A. § 18308.

b. Whether First American failed to disclose and fraudulently concealed the fact that the premiums charged the Class for insurance polices sold to the Class had not been approved by the Commissioner under 22 G.C.A. § 18501.

CYFRED, LTD et al, Plaintiffs v. FIRST AMERICAN TITLE INSURANCE COMPANY et al, Defendants
CLASS ACTION COMPLAINT
Case 1:07-cv-00024    Document 1    Filed 08/27/2007    Page 10 of 39
District Court Civil Case No. _____.
Page 10

c. Whether the insurance policies sold by First American by and through First American's General Agents provided reduced or illusory insurance coverage or contained illegal provisions because they were not in compliance with 22 G.C.A. § 18308.

d. Whether the premiums charged to the Class for insurance policies sold to them by First American were unfair given the risk insured and because these premiums or rates charged had not been approved by the Commissioner as required by 22 G.C.A. § 18501 & § 18502.

e. Whether Defendants actions violated the provision of the Deceptive Trade Practices-Consumer protection Act at 5 G.C.A. Chapter 32 et seq.

f. Whether Defendants actions violated the provisions of the Racketeering Influenced Corrupt Organization Act 18 U.S.C.A. § 1961-1968.

g. Whether Defendants were unjustly enriched from the fraud perpetrated against the Class by selling them unapproved policies and charging unapproved premiums for these policies.

i. Whether Defendants should repay the Class for any amounts they unjustly collected from the Class by selling each of them rigged policies that minimized the insurance offered and maximized the rates charged.

j. Whether the Class and its subclasses should be compensated for the actual and consequential damages caused to them by defendants' conspiracy and actions in violation of the Insurance Law and other laws of Guam and the United States.

///

///

CYFRED, LTD et al. Plaintiffs v. FIRST AMERICAN TITLE INSURANCE COMPANY et al, Defendants
CLASS ACTION COMPLAINT
District Court Civil Case No._____.
Case 1:07-cv-00028   Document 1      Filed 08/27/2007      Page 11 of 39
Page 11

## TYPICALITY

42. Plaintiffs' claims are typical of the claims of the Class sharing the same legal theories and facts establishing liability of the Defendants.

## ADEQUACY OF REPRESENTATION

43. Plaintiff can and will adequately protect the interests of the Class because Plaintiff is similarly situated with, and has suffered similar injuries as, the members of the Class it seeks to represent. Plaintiff has no interests that conflict with or is antagonistic to the interests of the entire Class. Plaintiff has retained an attorney competent and experienced in class actions who will vigorously prosecute this litigation.

## PREDOMINANCE AND SUPERIORITY

44. A class action is superior to any other available method for the fair and efficient adjudication of the controversy because:

a. Common questions of law and fact predominate over any individual questions that may arise.

b. No member of the Class has a substantial interest in individually controlling the prosecution of a separate action.

c. Upon information and belief, there are no pending lawsuits concerning this controversy.

d. It is desirable to concentrate the litigation in one forum in Guam since the acts complained of all occurred in Guam with witnesses and discovery readily available in Guam in the pretrial stage of the litigation. The resolution of the claims of the Class members in a single forum, and in a single proceeding, would be a fair and efficient means of resolving the issues raised in the litigation.

CYFRED, LTD et al. Plaintiffs v. FIRST AMERICAN TITLE INSURANCE COMPANY et al, Defendants
CLASS ACTION COMPLAINT
District Court Civil Case No._____.

Case 1:07-cv-00024 Document 1     Filed 08/27/2007     Page 12 of 39

Page 12

e. Prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications that would establish incompatible standards of conduct on defendants.

f. The Class is specifically identifiable to facilitate provision of adequate notice and there will be no significant problems managing this case as a class action.

g. Resolution of class members claims in this single class action is superior to resolution of this controversy through the filing of a host of individual actions as a matter of efficiency, consistency and in that it removes economic and other barriers to class members pursuing their claim

## VII. AVERMENTS AS TO CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### FRAUD
### [18 G.C.A. §§ 85307, 85308 & 85309]
### Asserted by the Class

### FRAUDULENT CONCEALMENT/NON-DISCLOSURE

45. Plaintiff and the Class re-allege and incorporate by reference the allegations set forth in each of the preceding paragraphs of this Class Action Complaint.

46. At all times herein relevant First American knew that the Cyfred Insurance Policy and the insurance policies it sold to the Class, or under which members of the Class were denied coverage, were not in compliance with the requirements of 22 G.C.A. § 18308 and 22 G.C.A. § 18501 and the Insurance Law of Guam and the laws of the United States.

47. First American and the other defendants actively and intentionally concealed from, and/or failed to disclose to Plaintiff and the Class, that the insurance policies they purchased or under which they were denied coverage were not in compliance with 22

CYFRED, LTD et al. Plaintiffs v. FIRST AMERICAN TITLE INSURANCE COMPANY et al, Defendants
CLASS ACTION COMPLAINT Document 1      Filed 08/27/2007      Page 13 of 39
District Court Civil Case No._____.

Page 13

G.C.A. § 18308 and 22 G.C.A. § 18501 and the Insurance Law of Guam. In order to perpetuate this concealment, First American filed yearly affidavits of compliance affirming its compliance with the Insurance Law of Guam, and Cyfred is informed and believes, made periodic assertions of compliance as needed to any customer inquiring.

48. First American represented to Plaintiff and the Class or led them to believe that the insurance policies they purchased and which were issued by First American through First American's General Agents or under which they were denied insurance coverage, were in compliance with the laws of Guam.

49. First American, when selling the respective policies of insurance to each Class member was under a duty to each member of the Class to inform each of them purchasing an insurance policy from First American, and to whom they denied insurance coverage, that the insurance policies they purchased and the premiums they were charged were illegal, and in violation of 22 G.C.A. § 18308 or 22 G.C.A. § 18501 and the Insurance Law of Guam.

50. First American was under a duty to each member of the Class to whom it issued a title insurance policy to inform that customer that the insurance policy they purchased and the premiums they were charged or under which they were denied coverage were illegal and in violation of the Insurance Law of Guam.

51. The facts concealed from and/or not disclosed and/or intentionally misstated as true to Plaintiff and the Class are material facts in that reasonable people would have considered them important in deciding whether or not to purchase the insurance policies issued to them by First American and was material in the decision by the Denied Claims Subclass who settled coverage disputes with First American in

CYFRED, LTD et al. Plaintiffs v. FIRST AMERICAN TITLE INSURANCE COMPANY et al, Defendants
CLASS ACTION COMPLAINT
District Court Civil Case No._____.

Case 1:07-cv-00029 Document 1    Filed 08/27/2007    Page 14 of 39

Page 14

1    disadvantageous settlements, or who abandoned their claims for insurance coverage

2    under title insurance policies issued to them by First American.

3 52. Plaintiff and the Class justifiably relied to their detriment on the concealed and/or non-

4    disclosed and/or intentionally misstated facts, as evidenced by their purchase of

5    unapproved insurance policies and by their payment of illegally billed and collected

6    rates and premiums, and their abandonment or consenting to unfavorable settlements

7    of coverage disputes with First American. Had Plaintiff and the Class known that the

8    insurance policies issued to them by First American, or under which they were denied

9    coverage, were not in compliance with the laws of Guam they would not have

10    purchased said insurance policies or would not have settled their claims or would have

11    pressed their claims for coverage under the terms of said policies.

12 53. As a direct and proximate result of defendants misconduct, Plaintiff and the Class

13    members have suffered actual and consequential damages for which they are entitled

14    to recover.

16 54. The conduct described herein, the great lengths that defendants have undertaken to

17    conceal their violations of law, the significant sums involved and the length of time

18    over which these illegal actions were perpetrated against Plaintiff and the Class is

19    oppressive, fraudulent and malicious and entitles the Plaintiff and the Class to an

20    award of punitive damages.

22 55. Plaintiff and the Class further pray for judgment as herein below stated.

### CONSTRUCTIVE FRAUD

24 56. Plaintiff and the Class re-allege and incorporate by reference the allegations set forth

25    in each of the preceding paragraphs of this Class Action Complaint.

CYFRED, LTD et al. Plaintiffs v. FIRST AMERICAN TITLE INSURANCE COMPANY et al, Defendants
Case 1:07-cv-00021 Document 1    Filed 08/27/2007    Page 15 of 39
CLASS ACTION COMPLAINT
District Court Civil Case No._____.

Page 15

57. First American, by selling insurance to each Class member or to persons to whom they denied insurance coverage under said policy, was under a fiduciary duty to each member of the Class to whom it issued an insurance policy, or whom they denied coverage, to inform each of them that the insurance policies they purchased and the premiums they were charged, or under which insurance polices they were denied coverage, were illegal, and in violation of the Insurance Law of Guam.

58. First American breached its fiduciary duty to the Class by misrepresenting to them that the insurance polices they purchased, or under which they were denied coverage, were in compliance with the laws of Guam and the United States and gained an advantage for itself, its affiliates and business partners and associates, and as a result, proximately caused actual and consequential damages to Plaintiff and the Class from said breaches.

59. First American's misrepresentations were material and Plaintiff and the Class reasonable relied on said misrepresentations to their prejudice and injury.

60. Plaintiff and the Class pray for judgment as herein below stated.

## SECOND CAUSE OF ACTION
## FRAUDULENT DECEIT
### [18 G.C.A. §§ 90102 & 90103 & 90104]
### Asserted by Denied Claims Subclass

61. Plaintiff and the Denied Claims Subclass re-allege and incorporate by reference the allegations set forth in each of the preceding paragraphs of this Class Action Complaint.

62. First American fraudulently deceived the Denied Claims Subclass into purchasing the insurance policies sold to them. By issuing policies to the Denied Claims Subclass, First American represented that the insurance policies issued to the Denied Claims

CYFRED, LTD et al. Plaintiffs v. FIRST AMERICAN TITLE INSURANCE COMPANY et al, Defendants
CLASS ACTION COMPLAINT
District Court Civil Case No._____.
Case 5:07-cv-00027 Document 1    Filed 08/27/2007    Page 16 of 39
Page 16

Subclass were fair and had been reviewed for fairness by the Commissioner and was fully compliant with the Insurance Law of Guam, and therefore, provided the Denied Claim Subclass with insurance coverage when First American intended to deny insurance coverage to the Denied Claims Subclass under the title insurance policies issued to them, or under which they expected and were entitled to coverage, and that the policies issued to the Denied Claims Subclass or under which they were denied coverage, were unfair and were not in compliance with the Insurance Law of Guam and the laws of the United States.

63. First American knew that the insurance policies it issued to the Denied Claims Subclass, or under which they were denied coverage, provided the Denied Claims Subclass with less insurance coverage for the premiums paid than is required by the laws of Guam and contained other illegal provisions.

64. In furtherance of its deceptions and to fully benefit therefrom, First American unjustly and illegally denied claims for compensation, for indemnity, for defense costs and for reimbursement of costs and expenses made by the Denied Claims Subclass and, Plaintiff and the Class are informed and believe, in some instances, procured by deceit and fraud from the Denied Claims Subclass, reimbursement of attorneys fees and costs and partial or general releases of liability.

65. In furtherance of its deceptions and to fully benefit therefrom, Plaintiff is informed and believes, that First American initiated and prosecuted various actions against some members of the Denied Claims Subclass for declaratory relief, seeking a declaration that the various members of the Denied Claims Subclass were not entitled to coverage

CYFRED, LTD et al. Plaintiffs v. FIRST AMERICAN TITLE INSURANCE COMPANY et al, Defendants
CLASS ACTION COMPLAINT
District Court Civil Case No._____.

Case 1:07-cv-00029 Document 1 Filed 08/27/2007 Page 17 of 39

Page 17

1  under their respective policies, when First American knew the insurance policies at

2  issue were illegal, deceptive and fraudulent.

3  66. First American had a duty and obligation to inform the Denied Claims Subclass that

4  the insurance policies issued to them, or under which they were denied coverage,

5  would not provide them with fair insurance coverage for the premiums paid and were

6  not in compliance with the Insurance Law of Guam and the laws of the United States.

7  67. First American willfully deceived the Denied Claims Subclass about the true nature

8  and condition of the insurance policies it issued to them, or under which they were

9  denied coverage, so that First American could collect illegal rates and premiums from

10  said deceptions, and First American caused the Denied Claims Subclass to purchase

11  from First American, insurance policies that provided less coverage for the premium

12  paid than required by the Insurance Law of Guam, and to otherwise illegally deny

13  them insurance coverage under said policies.

14  68. The Denied Claims Subclass purchased their insurance policies from First American

15  to provide them or others with insurance coverage for the claims they made against

16  those insurance policies that were denied by First American, or under which policies

17  they should have been provided with coverage. First American induced the Denied

18  Claims Subclass into believing the coverage they expected and were entitled to would

19  be available under the insurance policies they purchased, or under which they were

20  entitled to insurance coverage. The claims presented to First American are evidence of

21  the belief by the Denied Claims Subclass that they were entitled to coverage under the

22  insurance policies issued to them by First American.

CYFRED, LTD et al. Plaintiffs v. FIRST AMERICAN TITLE INSURANCE COMPANY et al, Defendants
Case 1:07-cv-00024 PLA Document 1    Filed 08/27/2007    Page 18 of 39
District Court Civil Case No._____.
Page 18

69. The deceptions perpetrated against the Denied Claims Subclass induced each of them to purchase the insurance policies issued to them by First American, or induced them into abandoning their claims for coverage or to unfavorably settle their claims for coverage, and was material to each member of the Denied Claims Subclass's decision to purchase said insurance policies from First American or to abandon their claims for coverage, or to unfavorably settle or litigate their claims for coverage, and the members of the Denied Claims Subclass reasonably relied on said deceptions.

70. As a direct and proximate cause of said deceptions by First American, each member of the Denied Claims Subclass has suffered damages and injuries.

71. Due to the continuing nature of the injuries inflicted on the Denied Claims Subclass the willfulness associated with said conduct to inflict these injuries, the pervasive and devious nature of the scheme to deceive the Denied Claims Subclass, and Guam consumers, into buying insurance policies with less coverage than that required by law, and the willful, pervasive and consistent failure to comply with Guam law in issuing insurance policies to Guam consumers, the Denied Claims Subclass should be awarded punitive damages against Insurer Defendants to be jointly and severally assessed and paid by them.

72. Wherefore the Denied Claims Subclass pray judgment as herein below stated.

### THIRD CAUSE OF ACTION
### CONSPIRACY TO DEFRAUD
### Asserted by the Class

73. Plaintiff and the proposed Class re-allege and incorporate by reference the allegations set forth in each of the preceding paragraphs of this Class Action Complaint.

CYFRED, LTD et al. Plaintiffs v. FIRST AMERICAN TITLE INSURANCE COMPANY et al, Defendants
CLASS ACTION COMPLAINT
District Court Civil Case No._____.
Case 1:07-cv-00024 Document 1    Filed 08/27/2007    Page 19 of 39
Page 19

74. The defendants and each of them, one with the other, conspired and agreed to engage in a course of conduct that would deceive and defraud Plaintiff and the Class members of insurance premiums paid to First American, and to deny them insurance coverage by conspiring to issue title insurance policies in violation of Guam law.

75. Defendants undertook the actions hereinabove alleged as overt acts in furtherance of said conspiracy.

76. Said conspiracy to defraud has proximately caused actual and consequential damages to Plaintiff and the proposed Class.

77. Wherefore Plaintiff and Class members pray judgment as herein below stated.

### FOURTH CAUSE OF ACTION
### INVOLUNTARY TRUST FROM FRAUD
### [18 G.C.A. §§65109 & 65110]
### Asserted by the Class

78. Plaintiff and the Class re-allege and incorporate by reference the allegations set forth in each of the preceding paragraphs of this Class Action Complaint.

79. First American has, by performing the acts alleged herein, committed fraud or other wrongful acts against Plaintiff and the Class and thereby illegally acquired from them premium payments First American was not legally entitled to collect, or has illegally denied them insurance coverage.

80. Said premiums paid to First American are held in trust by First American as involuntary trustee for Plaintiff and Class members who paid said premiums, and which premiums are owned by the Plaintiff and Class member who paid said insurance premiums, and said premiums should therefore be returned to them by First American including interest thereon from the time they were collected.

81. Wherefore Plaintiff and the Class pray judgment as herein below stated.

CYFRED, LTD et al. Plaintiffs v. FIRST AMERICAN TITLE INSURANCE COMPANY et al, Defendants
Case 1:07-cv-00024 CLASS ACTION COMPLAINT Document 1    Filed 08/27/2007    Page 20 of 39
District Court Civil Case No._____.
Page 20

## FIFTH CAUSE OF ACTION
## UNJUST ENRICHMENT
### Asserted by the Class

82. Plaintiff and the Class re-allege and incorporate by reference the allegations set forth in each of the preceding paragraphs of this Class Action Complaint.

83. For the reasons set forth hereinabove, defendants have profited unjustly from their unlawful and unjust actions and have been unjustly enriched at the expense of Plaintiff and the Class.

84. Defendants have further profited by reducing or eliminating government oversight over their activities through their fraud and deceit and other illegal actions, and have further profited by investing and profiting from the illegal gains obtained from Plaintiff and the Class. This has provided defendants compounded, extraordinary and unconscionable profits, directly resulting from their illegal and immoral, unjust activities.

85. It would be unfair and unjust for defendants to keep the profits and gains they have accumulated as a result of their unjust, wrongful and illegal activities.

86. Accordingly Plaintiff and the Class seek an order establishing defendants as constructive trustee of any insurance premiums or any part of them paid to them, or received by them, and any reinvested profits of or from premiums that have accrued and compounded to defendants, and that defendants be required to disgorge said funds to Plaintiff and members of the Class.

87. Wherefore Plaintiff and the Class pray judgment as herein below stated.

///

///

## SIXTH CAUSE OF ACTION
### NEGLIGENT FAILURE TO COMPLY WITH THE INSURANCE LAW
[18 G.C.A. § 90107]
**Asserted by the Class**

88. Plaintiff and the Class re-allege and incorporate by reference the allegations set forth in each of the preceding paragraphs of this Class Action Complaint.

89. First American was under a duty owed to Plaintiff, and to each Class member to whom they issued an insurance policy, or who requested and was denied coverage under a policy issued by First American, to comply with the Insurance Law and specifically to obtain the requisite approvals under 22 G.C.A. § 18501 and 22 G.C.A. § 18308.

90. First American breached the duty owed to Plaintiff and to each member of the Class by negligently failing to obtain the approvals required by 22 G.C.A. § 18501 and 22 G.C.A. § 18308, and to otherwise comply with the Insurance Law for each policy that First American sold to them.

91. First American's material breach of its duty to comply with the Insurance Law owed to Plaintiff, and to each member of the Class to whom it issued an insurance policy, or who was denied coverage under a policy issued by First American, has proximately caused each of them actual and consequential damages.

92. Wherefore Plaintiff and Class members pray judgment as herein below stated.

## SEVENTH CAUSE OF ACTION
### NEGLIGENT MISREPESENTATION
[18 G.C.A. § 90107]
**Asserted by the Class**

93. Plaintiff and the Class re-allege and incorporate by reference the allegations set forth in each of the preceding paragraphs of this Class Action Complaint.

CYFRED, LTD et al. Plaintiffs v. FIRST AMERICAN TITLE INSURANCE COMPANY et al, Defendants
Case 1:07-cv-00029 LAIN Document 1    Filed 08/27/2007    Page 22 of 39
District Court Civil Case No._____.
Page 22

94. First American was under a duty owed to each Plaintiff, and to each Class member to whom it issued an insurance policy, or under which they were denied coverage, to inform them that the insurance policy issued to them or under which they were denied coverage, was not in compliance with the Insurance Law and specifically had not obtained the requisite approvals under either 22 G.C.A. § 18501 or 22 G.C.A. § 18308.

95. First American breached the duty owed to Plaintiff and to each member of the Class by negligently failing to inform them that the insurance policies issued to them, or under which they were denied coverage, had not obtained the required approvals under either 22 G.C.A. § 18501 or 22 G.C.A. § 18308 or to otherwise comply with the Insurance Law.

96. First American's negligent material breach of its duty to inform Plaintiff and each member of the Class to whom it issued an insurance policy, or under which they were denied insurance coverage, were not in compliance with the Insurance Law, has proximately caused each of them actual and consequential damages.

97. Wherefore Plaintiff and Class members pray judgment as herein below stated.

## EIGHTH CAUSE OF ACTION
## DECEPTIVE TRADE PRACTICES-CONSUMER PROTECTION ACT
### [5 G.C.A. Chapter 32]
### Asserted by the Deceptive Acts Subclass

98. The Deceptive Acts Subclass re-alleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this Class Action Complaint.

99. At all times herein relevant First American was a merchant of insurance policies as defined by the Deceptive Trade Practices-Consumer Protection Act.

CYFRED, LTD et al. Plaintiffs v. FIRST AMERICAN TITLE INSURANCE COMPANY et al, Defendants
CLASS ACTION COMPLAINT Document 1    Filed 08/27/2007    Page 23 of 39
District Court Civil Case No._____.

Page 23

100.     At all times herein relevant each member of the Deceptive Acts Subclass was a consumer as defined by the Deceptive Trade Practices-Consumer Protection Act of Guam.

101.     At all times herein relevant insurance policies purchased by the Deceptive Acts Subclass, or under which they were denied insurance coverage from First American, were purchased for the protection of persons or property, and were goods subject to the provisions of the Deceptive Trade Practices-Consumer Protection Act of Guam.

102.     At all times herein relevant, by undertaking and performing the acts alleged herein, defendants caused confusion as to the sponsorship, approval or certification of the insurance policies First American issued to each member of the Deceptive Acts Subclass, or under which the Deceptive Acts Subclass was denied insurance coverage, in violation of 5 G.C.A. 32201(b)(2).

103.     At all times herein relevant, by undertaking and performing the acts alleged herein, First American represented to the Deceptive Acts Subclass that the insurance policies they issued to the them, or under which they were denied insurance coverage, had sponsorship, approval, characteristics, benefits which they did not have, all in violation of 5 G.C.A. § 32201(b)(5).

104.     At all times herein relevant, by undertaking and performing the acts alleged herein, First American charged or attempted to charge various members of the Deceptive Acts Subclass premiums or rates, for each policy it issued to them, for fair insurance coverage of all claims implicating title to be made under said polices that it did not provide, or not to be provided to them, all in violation of 5 G.C.A. § 32201 (b)(10).

105.    At all times herein relevant, by undertaking and performing the acts alleged herein, First American knowingly represented that the insurance policies it issued to Deceptive Acts Subclass were of a particular standard, quality, or grade when it knew they were not, all in violation of 5 G.C.A. § 32201(c)(1).

106.    At all times herein relevant, by undertaking and performing the acts alleged herein, First American advertised the insurance policies they issued to Deceptive Acts Subclass with the intent **not** to sell them as advertised. 5 G.C.A. § 32201 (c)(3).

107.    At all times herein relevant, by undertaking and performing the acts alleged herein, First American failed to disclose information concerning the insurance polices they issued to the Deceptive Acts Subclass, which was known to First American at the time it issued the insurance policies to each member of the Deceptive Acts Subclass, and that this failure to disclose such information was intended to induce the members of the Deceptive Acts Subclass into purchasing the insurance policies they purchased, and had they known the full nature of First American's non-compliance with the Insurance Law, the members of the Deceptive Acts Subclass would not have purchased the insurance policies they were induced to purchase, all in violation of 5 G.C.A. § 32201(c)(17).

108.    At all times herein relevant, by undertaking and performing the acts alleged herein, First American knowingly represented that the insurance policies it issued to the Deceptive Acts Subclass conferred or involved rights, remedies, or obligations which they did not have or involve, all in violation of 5 G.C.A. § 32201(b)(22).

109.    At all times herein relevant, by undertaking and performing the acts alleged herein, First American knowingly sold, or offered to sell, insurance policies to

CYFRED, LTD et al. Plaintiffs v. FIRST AMERICAN TITLE INSURANCE COMPANY et al, Defendants
CLASS ACTION COMPLAINT
District Court Civil Case No._____.

Case 1:07-cv-00022     Document 1     Filed 08/27/2007     Page 25 of 39

Page 25

members of the Deceptive Acts Subclass which were not in compliance with the Insurance Law and which they were not licensed to sell, and which they therefore had no right to sell, all in violation of 5 G.C.A. § 32201(b)(22).

110.    At all times herein relevant, by undertaking and performing the acts alleged herein, First American knowingly made false statements of fact of the results of the Deceptive Acts Subclass purchasing the insurance policies issued to them, or the insurance coverage denied them, that the insurance policies issued to them were in compliance with the Insurance Law or that the members of Deceptive Acts Subclass did not have insurance coverage all in violation of 5 G.C.A. § 32201(b)(25).

111.    At all times herein relevant, by undertaking and performing the acts alleged herein, First American violated the laws of Guam to mislead the Deceptive Acts Subclass to each of their detriment, or to induce each of the Deceptive Acts Subclass to purchase insurance policies, or abandon their claims for coverage from First American, to their detriment. 5 G.C.A. § 32201(b)(29).

112.    The deceptive acts alleged herein proximately caused damages to Plaintiff and the Class.

113.    The deceptions alleged in these violations of the Deceptive Trade Practices-Consumer Protection Act were knowingly committed as part of First American's regular business practice, warranting the award of three (3) times the actual damages suffered by the Deceptive Acts Subclass, and are entitled to a reimbursement of attorneys fees and costs incurred in the prosecution hereof.

114.    Wherefore the Deceptive Acts Subclass and pray for judgment as herein below stated.

CYFRED, LTD et al. Plaintiffs v. FIRST AMERICAN TITLE INSURANCE COMPANY et al, Defendants
CLASS ACTION COMPLAINT
District Court Civil Case No._____.
Case 1:07-cv-00024 Document 1     Filed 08/27/2007     Page 26 of 39
Page 26

# NINTH CAUSE OF ACTION
## CONSPIRACY TO COMMIT VIOLATIONS OF
## DECEPTIVE TRADE PRACTICES-CONSUMER PROTECTION ACT
### [5 G.C.A. Chapter 32]
### Asserted by the Deceptive Acts Subclass

115.     The Deceptive Acts Subclass re-alleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this Class Action Complaint.

116.     At all times herein relevant two (2) or more of the defendants formed an agreement to violate the Deceptive Trade Practices-Consumer Protection Act as alleged in the Eighth Cause of Action stated herein above, and each of the defendants joined in or participated in this plan and agreement and undertook the acts alleged herein as overt acts in furtherance of said conspiracy and agreement to violate Guam's Deceptive Trade Practices-Consumer Protection Act.

117.     Defendants' conspiracy to violate the Deceptive Trade Practices-Consumer Protection Act proximately caused actual and consequential damages to the Deceptive Acts Subclass.

**118.**     The deceptions alleged in these violations of the Deceptive Trade Practices-Consumer Protection Act were knowingly committed, as part of defendants regular business practice, warranting the award of three (3) times the actual damages suffered by the Deceptive Acts Subclass, and the Deceptive Acts Subclass is entitled to a reimbursement of attorneys fees and costs incurred in the prosecution hereof.

119.     Wherefore the Deceptive Acts Subclass prays for judgment as herein below stated.

///

CYFRED, LTD et al. Plaintiffs v. FIRST AMERICAN TITLE INSURANCE COMPANY et al, Defendants
CLASS ACTION COMPLAINT
District Court Civil Case No._____.

Case 1:07-cv-00026  Document 1     Filed 08/27/2007     Page 27 of 39

Page 27

## TENTH CAUSE OF ACTION
## RACKETEERING INFLUENCED AND CORRUPT ORGANIZATION
### [18 U.S.C. § 1962(a), 1962(c) & 1962(d)]
### Asserted by the Class
## RACKETEERING ENTERPRISE

120.     Plaintiff and the Class re-allege and incorporate by reference the allegations set forth in each of the preceding paragraphs of this Class Action Complaint.

121.     Defendants and each of them, by engaging in the actions alleged herein, agreed to maintain an interest in, or control of an enterprise in a hierarchical structure, or to participate in the affairs of a hierarchical enterprise through a pattern of racketeering activity conducted through First American's General Agents, which activity consisted, in part, of selling illegal title insurance and to collecting illegal insurance premiums in Guam and illegal denial of insurance claims all to profit First American and defendants.

122.     First American knew that First American's General Agents were delivering extraordinarily high profits to First American from its racketeering activities in Guam in the business of selling title insurance in Guam. First American knew that First American's General Agents were selling illegal title insurance policies for First American and charging illegal premiums in Guam not approved under either 22 G.C.A § 18501 and 22 G.C.A § 18308, or were in violation of other provisions of the Insurance Law of Guam, and First American consented to and promoted said illegal activities by First American's General Agents.

123.     First American knew of and consented to First American's General Agents use of the mails and telephones in order to sell First American's illegal title insurance policies in Guam for each policy sold by First American's General Agents, and to

collect premiums owed for the illegal title policies sold by use of the telephones and United States mail.

124.     For each calendar year after First American was authorized to do business in Guam, First American filed false affidavits of compliance with the Commissioner as part of, and to promote, First American's scheme to sell illegal insurance and to collect illegal title insurance premiums from Plaintiff and the Class. Each year First American used the mails and telephones to coordinate and file said false affidavits of compliance, which Plaintiff and the Class are informed and believe, were filed in Guam each year by delivering the original through the United States Mail to one or more of First American's General Agents.

125.     The enterprise established by First American was organized around First American's General Agents in a hierarchical structure with First American exerting control over the enterprise, and over First American's General Agents, for the purpose of cheating consumers on Guam by using means at First American's General Agents disposal, all in a continuing effort to sell illegal title insurance polices for First American, to collect for First American illegal title insurance premium payments and to illegally deny insurance coverage to Guam consumers.

126.     First American has been continuously operating this racketeering enterprise since prior to 1994 in a related and connected effort to profit from the sale of illegal title insurance policies in Guam, and is a continuing racketeering enterprise likely to continue into the indefinite future absent the Court's intervention, and this illegal racketeering enterprise has caused injury and damages to hundreds of Guam Consumers including Plaintiff and the Class, and the activities of First American, as

alleged herein, is part and parcel of the normal business activities of its racketeering enterprise.

127.    Defendants and each of them have contributed to and supported First American in its efforts to perpetrate this continuing racketeering enterprise to cheat the consumers of Guam, the Plaintiff and the Class, and are therefore jointly and severally responsible for all the injury and damages caused by them to Plaintiff and the Class.

128.    Defendants have willfully engaged in the above racketeering activities against Plaintiff and the Class over a significant period of time, and have profited greatly from their activities and inflicted much economic suffering on the entire community of Guam, on Plaintiff and the Class from their activities. Therefore the trebling of any damages caused by Defendants is warranted, along with an award of attorney's fees and costs that should be jointly and severally paid by defendants.

129.    Wherefore Plaintiff and the Class pray for judgment as herein below stated.

## CONSPIRACY TO ENGAGE IN RACKETEERING

130.    Plaintiff and the Class re-allege and incorporate by reference the allegations set forth in each of the preceding paragraphs of this Class Action Complaint.

131.    The Defendants and each of them agreed to maintain an interest in or control of an enterprise, or to participate in the affairs of an enterprise, through a pattern of racketeering, and, the defendants and each of them further agreed that individuals in the racketeering enterprise would use the United States Mail and telephones to sell illegal title insurance polices and collect illegal title insurance premiums from Plaintiff and the Class in violation of the laws of Guam and the United States, and performed as

CYFRED, LTD et al. Plaintiffs v. FIRST AMERICAN TITLE INSURANCE COMPANY et al, Defendants
CLASS ACTION COMPLAINT
District Court Civil Case No._____.

Case 1:07-cv-00021 Document 1    Filed 08/27/2007    Page 30 of 39

Page 30

1   overt acts in furtherance of said conspiracy the acts as alleged herein, and all

2   proximately causing injury and damages to Plaintiff and the Class.

3   132.     Defendants have willfully engaged in the above conspiracy to engage in

4   racketeering activities against Plaintiff and the Class over a significant period of time,

5   and have profited greatly from their activities, and inflicted much economic suffering

6   on the entire community of Guam and Plaintiffs and the Class from their activities.

7   Therefore the trebling of any damages caused by Defendants is warranted along with

8   an award of attorney's fees and costs that should be jointly and severally paid by

9   defendants.

10  133.     Wherefore Plaintiff and the Class pay for judgment as herein below stated.

11  **EMPLOYMENT IN A RACKETEERING ENTERPRISE**

12  134.     Plaintiff and the Class re-allege and incorporate by reference the allegations set

13  forth in each of the preceding paragraphs of this Class Action Complaint.

14  135.     Various shareholders, directors, officers, of First American and some of the

15  Doe defendants and their affiliated or related businesses, have directed or managed the

16  racketeering enterprise alleged herein, which has proximately caused damages and

17  injury to Plaintiff and the Class.

18  136.     When Plaintiff and the Class become aware through pretrial discovery of their

19  identities and full nature of their participation, Plaintiff and the Class will designate

20  them individually as defendants as to this cause of action.

21  137.     Defendants have willfully been employed in a racketeering enterprise or

22  benefited from it, and have been engaged in racketeering activities against Plaintiff

23  and the Class over a significant period of time, and have profited greatly from their

CYFRED, LTD et al. Plaintiffs v. FIRST AMERICAN TITLE INSURANCE COMPANY et al, Defendants
CLASS ACTION COMPLAINT
Case 1:07-cv-00021 Document 1     Filed 08/27/2007     Page 31 of 39
District Court Civil Case No._____.

Page 31

activities and inflicted much economic suffering on the entire community of Guam, Plaintiff and the Class from their activities. Therefore the trebling of any damages caused by Defendants is warranted along with an award of attorneys' fees and costs that should be jointly and severally paid by defendants.

138.     Wherefore Plaintiff and the Class pray for judgment as herein below stated.

## INVESTMENT OF RACKETEERING PROFITS

139.     Plaintiff and the Class re-allege and incorporate by reference the allegations set forth in each of the preceding paragraphs of this Class Action Complaint.

140.     Defendants and each of them have invested income derived from a pattern of racketeering activities they have perpetrated against Plaintiff and the Class, as said activities are described herein, and have earned significant annual returns from said investments and compounded their earnings by reinvesting said proceeds for a period of years.

141.     Said illegal income and profits should be disgorged and paid to Plaintiff and to the Class.

142.     Wherefore Plaintiff and the Class pray for judgment as herein below stated.

### ELEVENTH CAUSE OF ACTION
### BREACH OF CONTRACT
### Asserted by the Plaintiff

143.     Plaintiff re-alleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this Class Action Complaint.

144.     Defendant First American was contractually obligated, under the Cyfred Insurance Policy, to provide Cyfred with title insurance coverage as requested by Cyfred in its tender of defense and request for indemnity for the Sananap Action.

CYFRED, LTD et al. Plaintiffs v. FIRST AMERICAN TITLE INSURANCE COMPANY et al, Defendants
Case 1:07-cv-00024 CLASS ACTION COMPLAINT Document 1     Filed 08/27/2007     Page 32 of 39
District Court Civil Case No._____.
Page 32

145. First American failed and refused to perform its obligations set forth in the Cyfred Insurance Policy in that First American, knowing trial was imminent in the Sananap Action and that Cyfred was incurring significant defense costs, haphazardly investigated Cyfred's claim and delayed responding to the claims for defense and indemnity, and ultimately unreasonably refused to provide Cyfred with a defense as Cyfred had requested for the Sananap Action.

146. As a direct and proximate result of First American's breach of its contractual duties, Cyfred has incurred defense costs that are continuing and which costs have made it impossible for Cyfred to adequately litigate the claims in the Sananap Action exposing Cyfred to the risk of incurring significant judgments against Cyfred, or impairing Cyfred's ability to challenge the existing judgment against Cyfred in the Sananap Action, and has exposed Cyfred to other actual and consequential damages.

147. Wherefore Plaintiff prays for judgment as herein below stated.

### TWLEFTH CAUSE OF ACTION
### BREACH OF IMPLIED COVENANT OF
### GOOD FAITH AND FAIR DEALING
### Asserted by the Plaintiff

148. Plaintiff re-alleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this Class Action Complaint.

149. Defendant First American, at all material times stated herein, had a duty to act fairly, reasonably and in good faith to Cyfred in carrying out its responsibilities under the Cyfred Insurance Policy.

150. Implicit in defendant First American's obligations to act fairly, reasonably and in good faith to Cyfred, was its obligation to sell Cyfred an insurance policy and

charge Cyfred insurance premiums approved by the Commissioner, and to ensure that the Cyfred Insurance Policy should have otherwise complied with Guam law.

151. First American had a further duty of good faith and fair dealing implicit in the Cyfred Insurance Policy to fairly, comprehensively and reasonably investigate the claim for insurance coverage made by Cyfred for a defense and for indemnity.

152. First American breached its implicit duty of good faith and fair dealing owed to Cyfred by: a. Failing to promptly, adequately, fairly and reasonably investigate and provide fair coverage for the Sananap Action and before denying Cyfred's tender of defense and request for indemnity, even though First American knew that the Cyfred Insurance Policy was not in compliance with 22 G.C.A. § 18501 and 22 G.C.A. § 18308 and the Insurance Law of Guam, and that the Cyfred Insurance Policy terms were unfair and the premiums paid by Cyfred for said insurance policies were unfair and illegal and that Cyfred expected and should have been provided title insurance coverage; and b. By failing to promptly respond to Cyfred's communications and to its tender of defense and request for indemnity in an effort to delay, impede, discourage and thwart Cyfred from pressing its claims for a defense and for indemnity to which it was entitled under the Cyfred Insurance Policy; and c. By leading Cyfred to believe that First American, after initially and summarily denying its tender of defense and request for indemnity on December 7th 2006, was fairly and fully investigating the facts in good faith in the Sananap Action when in fact, First American was delaying and devising a pretext that it was investigating fairly all in a ruse and charade to attempt to limit First American's liability to Cyfred and to deter Cyfred from pressing its claims for insurance coverage from First American.

CYFRED, LTD et al. Plaintiffs v. FIRST AMERICAN TITLE INSURANCE COMPANY et al, Defendants
Case 1:07-cv-00021 Document 1    Filed 08/27/2007    Page 34 of 39
District Court Civil Case No._____.
Page 34

153.    As a direct and proximate result of First American's breaches of its obligations of good faith and fair dealing owed to Cyfred, it has suffered actual and consequential damages.

154.    In committing the acts alleged herein First American has acted with oppression, fraud, unconscionability and with malicious intent and purpose. All the alleged acts were performed or ratified by First American's managerial employees or its agents and all of whom acted with knowledge that they would cause harm to Cyfred and intended to do so. Cyfred is therefore entitled to an award of punitive damages to be assessed against First American in a sufficient amount to deter and prevent it from engaging in future similar egregious unconscionable conduct.

155.    Wherefore Plaintiff Cyfred prays judgment as herein below stated.

### THIRTEENTH CAUSE OF ACTION
### BREACH OF IMPLIED COVENANT OF
### GOOD FAITH AND FAIR DEALING
### Asserted by the Class

156.    The Class re-alleges and incorporate by reference the allegations set forth in each of the preceding paragraphs of this Class Action Complaint.

157.    First American at all material times stated herein, had a duty to act fairly and in good faith to each member of the Class.

158.    Implicit in defendant First American's obligations to act fairly and in good to each member of the Class were its obligation to sell each member of the Class insurance policies and charge insurance premiums to them approved by the Commissioner, and which insurance policies should have otherwise complied with Guam law. First American breached this duty of good faith and fair dealing by issuing

CYFRED, LTD et al. Plaintiffs v. FIRST AMERICAN TITLE INSURANCE COMPANY et al, Defendants
Case 1:07-cv-00024 Document 1    Filed 08/27/2007    Page 35 of 39
District Court Civil Case No._____.
Page 35

the Class members who bought insurance policies from First American, title insurance policies and charged them premiums that were unfair and in violation of the laws of Guam.

159.     First American had a further duty of good faith and fair dealing implicit to the Denied Claim Subclass to fairly, comprehensively and reasonably investigate claims made by the Denied Claims Subclass for compensation, for indemnity and for a defense.

160.     First American breached the implicit duty of good faith and fair dealing owed by them to the Denied Claims Subclass by denying their claims for compensation, tender of defense, request for indemnity and for reimbursement of attorney's fees and costs by First American enforcing what it knew were illegal policies that were unfair to the Denied Claims Subclass and by, the Class believes, in some instances, requiring the Denied Claims Subclass to reimburse First American for attorneys fees and costs First American incurred to enforce denial of benefits by enforcing the terms and conditions of coverage of illegal and unfair policy terms.

161.     As a direct and proximate result of First American's breaches of its obligations owed to the Class and the Denied Claims Subclass they have suffered actual and consequential damages.

162.     As a direct and proximate result of First American's breaches of its obligations owed to the Denied Claims Subclass they have suffered additional damages and injuries aggravated by First American's illegal conduct, including but not limited to, attorney's fees and costs incurred and some members of the Denied Claims Subclass, and some members of the Denied Claims Subclass have been required to pay

CYFRED, LTD et al. Plaintiffs v. FIRST AMERICAN TITLE INSURANCE COMPANY et al, Defendants
CLASS ACTION COMPLAINT
District Court Civil Case No._____.

Case 1:07-cv-00021 Document 1    Filed 08/27/2007    Page 36 of 39

Page 36

judgments or other amounts they should not have been required to pay, and which should have been indemnified by First American, for all of which the affected Denied Claims Subclass is entitled to reimbursement and compensation in addition to other actual and consequential damages caused proximately caused to the Class and Denied Claims Subclass by First American.

163.     In committing the acts alleged herein, First American acted with oppression, unconscionability, fraud and malice. All the acts alleged herein were committed by First American's managerial employees or with their knowledge, and they acted knowing that their actions would cause harm to the Class and with enhanced harm and injury to the Denied Claims Subclass.

164.     Wherefore Plaintiff the Class and the Denied Claims Subclass pray judgment as herein below stated.

**WHEREFORE**, Plaintiff, the Class the Denied Claims Subclass and the Deceptive Acts Subclass pray judgment from this Court as follows:

1. For monetary damages, including but not limited compensatory damages, incidental or consequential damages commensurate with proof at trial owed to Plaintiff, the Class, the Deceptive Acts Subclass the Denied Claims Subclass; and

2. For treble the compensatory damages owed to Plaintiff, the Class, the Deceptive Acts Subclass and the Denied Claims Subclass and according to proof presented at trial; and

3. For an order enjoining defendants from failing and refusing to make full restitution of all moneys wrongfully obtained by them and money wrongfully obtained by them from reinvesting their ill gotten gains as such ill gotten gains has been compounded

CYFRED, LTD et al. Plaintiffs v. FIRST AMERICAN TITLE INSURANCE COMPANY et al, Defendants
CLASS ACTION COMPLAINT
District Court Civil Case No. _____

Case 1:07-cv-00022 Document 1     Filed 08/27/2007     Page 37 of 39

Page 37

since 1994 to the present and which the defendants obtained as a result of the conduct described herein and to the extent consistent with enforcement of the contracts of title insurance First American issued to Plaintiff and the Denied Claims Subclass; and

4. For the imposition of an asset freeze and constructive trust over all moneys unlawfully obtained through defendants unfair, unlawful, deceptive, fraudulent, racketeering activities which, if defendants are allowed to retain, would unjustly enrich them and only to the extent consistent with enforcement of the title insurance policy contracts issued by First American to Plaintiff and the Denied Claims Subclass; and

5. An order that Defendants must make full restitution to Plaintiff, the Class, the Denied Claims Subclass, and the Deceptive Acts Subclass of all their ill gotten gains including any reinvestment profits compounded since 1994, all according to proof presented at trial and only to the extent consistent with enforcement of the title insurance policies purchased by the Plaintiff and the Denied Claims Subclass; and

6. For punitive damages in accordance with proof at trial in such an amount as will deter defendants from such similar future egregious and unconscionable conduct; and

7. For an award of attorneys fees; and

8. For an award of costs and disbursements; and

9. For such other and further relief deemed appropriate, just and proper by this Court.

///

///

///

///

///

CYFRED, LTD et al. Plaintiffs v. FIRST AMERICAN TITLE INSURANCE COMPANY et al, Defendants
CLASS ACTION COMPLAINT
District Court Civil Case No._____.

Case 3:07-cv-00024-LRH Document 1     Filed 08/27/2007     Page 38 of 39

Page 38

## DEMAND FOR JURY TRIAL

Plaintiff, the Class, the Deceptive Acts Subclass and the Denied Claims Subclass demand a jury trial in this action for all claims so triable.

Dated this _27th_ day of August 2007.

THE VANDEVELD LAW OFFICES, P.C.

CURTIS C. VAN DE VELD
Counsel for Plaintiff, for the Class,
for the Deceptive Acts Subclass, for the
Denied Claim Subclass

CYFRED, LTD et al, Plaintiffs  v. FIRST AMERICAN TITLE INSURANCE COMPANY et al, Defendants
CLASS ACTION COMPLAINT
District Court Civil Case No._____.

Case 1:07-cv-00024   Document 1   Filed 08/27/2007   Page 39 of 39

Page 39