Dooley Roberts & Fowler LLP
Suite 201, Orlean Pacific Plaza
865 South Marine Corps Drive
Tamuning, Guam 96913
Telephone (671) 646-1222
Facsimile (671) 646-1223

Attorneys for Defendant
First American Title Insurance Company

FILED
DISTRICT COURT OF GUAM
SEP 1 4 2007
JEANNE G. QUINATA
Clerk of Court

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| CYFRED, LTD., for itself and on behalf of other similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>FIRST AMERICAN TITLE INSURANCE COMPANY and DOES One (1) through Three Hundred (300), inclusive,<br><br>Defendants. | CIVIL CASE NO. 07-00024<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS OR QUASH RETURN OF SERVICE OF SUMMONS** |

## I. INTRODUCTION

Defendant First American Title Insurance Company ("First American") is moving pursuant to Fed. R. Civ. Pro. 12(b)(5) to dismiss this action or quash the return of service of summons filed on August 28, 2007 on the grounds that defendant has not been properly served with process in this action. Service was improper in that First American, a corporation, was purportedly served through a former agent who has not been authorized to accept service on its behalf for approximately two years even though the process server was informed of the identity of First American's current agent for service of process.

ORIGINAL

## II. FACTS

The facts set forth below are based on the accompanying Affidavit of Aileen K. Alfred ("Alfred Aff.") and documents on file in this action. Ms. Alfred is the President of Pacific American Title Insurance and Escrow Company ("PATICO"). Alfred Aff. at ¶2.

At one time, PATICO was the General Agent on Guam for First American. Alfred Aff. at ¶3. PATICO ceased to be First American's agent approximately two years ago, and thus no longer has authority to accept service of process on behalf of First American. *Id.* at ¶¶3, 4. First American now has a different agent for service of process purposes. *Id.* at ¶4.

On August 27, 2007, a person attempted to serve the summons and complaint in this action upon PATICO. Alfred Aff. at ¶4. Ms. Alfred believes this person was employed by the attorney for plaintiff Cyfred, Ltd. ("Cyfred"). *Id.* This person is identified in the Return of Service as Kimberly Santos, and will be referred to as such below.

Ms. Santos first attempted to serve Manu Melwani, the CEO of PATICO. Alfred Aff. at ¶4. Mr. Melwani refused to accept service. *Id.* Ms. Santos then made a phone call. *Id.* Ms. Alfred believes Ms. Santos was calling her employer. *Id.* Ms. Santos then wanted to serve the manager of PATICO, and attempted to serve Ms. Alfred. *Id.* Ms. Alfred informed Ms. Santos that PATICO was no longer an agent for First American and that neither PATICO nor Ms. Alfred was authorized to accept service of process for First American. *Id.* Ms. Alfred also informed Ms. Santos of the identity of the person currently designated as First American's agent for service of process. *Id.* Ms. Santos nonetheless left a copy of the Summons and Complaint for this action at PATICO's office. *Id.* The Return of Service filed herein on August 28, 2007, only alleges service upon Ms. Alfred at the PATICO office, and does not allege service upon any other person.

2

## III. LEGAL ARGUMENT

Rule 12(b)(5) of the Federal Rules of Civil Procedure provides that the defense of insufficiency of service of process may be raised by motion. *Accord* Luv N' Care, Ltd. v. Babelito, S.A., 306 F. Supp. 2d 468, 472 (S.D.N.Y. 2004). Rule 4(h)(1)(B) provides for service of process on a corporation by service upon "a managing or general agent, or any other agent authorized by appointment or by law to receive service of process". The Rule does not provide for service upon a former agent. Cyfred's attempt to serve First American by serving its former agent is insufficient.

When the person served is not the agent of the defendant at the time of the attempted service of process, the service is "plainly insufficient" and "ineffectual". Granite Chemical Corp. v. Northeast Coal & Dock Corp., 249 F. Supp. 597, 598 (D. Me. 1966). *See also* Herpst v. S.B.I. Liquidating Corp., 279 F. Supp. 928, 929 (E.D. Pa. 1968) ("[S]ince Corporation Trust has ceased operating as the defendant's agent over 7 months before the complaint was filed, service thereon was not valid."). Thus service upon First American's former agent was insufficient, ineffectual and invalid.

Cyfred may contend that proper service is optional since the filing of this motion demonstrates that First American nonetheless learned of this lawsuit. The necessity of service is not dispensed with just because a defendant may in some way learn of the filing of the suit. Al & Dick, Inc. v. Cuisinarts, Inc., 528 F. Supp. 633, 635 (N.D. Ga. 1981). As stated in Dahl v. Kanawha Investment Holding Co., 161 F.R.D. 673, 681 (N.D. Iowa 1995):

> This court concludes that if actual notice could substitute for proper service of process, it would be nonsensical for the Federal Rules of Civil Procedure to provide for a motion to dismiss based on insufficiency of service of process, Fed. R. Civ. P. 12(b)(5), because no such motion could be filed without actual notice of the lawsuit. . . . Thus, actual notice of this lawsuit by

3

defendants does not substitute for adequate service of process, and the grounds for dismissal pursuant to Fed. R. Civ. P. 12(b)(5) are present here.

First American's appearance to contest the sufficiency of service therefore does not excuse Cyfred's failure to serve First American's current agent on Guam.

## IV. CONCLUSION

Cyfred did not achieve proper service upon First American by serving First American's former agent. For the foregoing reasons, First American's motion to dismiss or, in the alternative, quash the return of service of the summons should be granted.

Respectfully submitted,

DOOLEY ROBERTS & FOWLER LLP

Date: 9/14/07

By: _____
DAVID W. DOOLEY
Attorneys for Defendant First American Title Insurance Company