THE VANDEVELD LAW OFFICES, P.C.
Second Floor
123 Hernan Cortes Avenue
Hagåtña, Guam 96910
Office:    (671) 488-0888
Facsimile: (671) 472-2561

*Attorney for Plaintiff:*
*Cyfred, Ltd., Class,*
*Deceptive Acts Subclass*
*Denied Claims Subclass.*

**FILED**
**DISTRICT COURT OF GUAM**

NOV – 2 2007 *RSV*

**JEANNE G. QUINATA**
**Clerk of Court**

## IN THE DISTRICT COURT OF GUAM

CYFRED, LTD., for itself and on behalf of all
other similarly situated,

                          Plaintiffs,


                vs.


FIRST AMERICAN TITLE INSURANCE
COMPANY and DOES One (1) through Three
hundred (300), inclusive.

                          Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

District Court Of Guam
Civil Case No. 07- 00024_

**FIRST AMENDED CLASS ACTION
COMPLAINT FOR DAMAGES AND
FOR EXEMPLARY DAMAGES.**
**[Fraud; Deceit; Conspiracy to Defraud;
Involuntary Trust from Fraud; Unjust
Enrichment; Negligence; Negligent
Misrepresentation; Deceptive Trade
Practices; Conspiracy to Commit
Deceptive Trade Practices;
Racketeering; Breach of Contract;
Breach of Implied Covenant of Good
Faith and Fair Dealing]**

**[JURY TRIAL DEMANDED]**

Plaintiff for itself and on behalf of all other similarly situated Guam consumers who

purchased title insurance, or were denied coverage under title insurance policies, purchased

from First American Title Insurance Company ("First American"), which purchases occurred

through its general agents in Guam, Pacific American Title Insurance & Escrow Company

("PATCO"), Title Guaranty of Guam, Inc. ("TGOG") and Security Title, Inc. ("Security

Tile") and other general agents appointed by First American during the relevant period, which

CYFRED, LTD et al. Plaintiffs v. FIRST AMERICAN TITLE INSURANCE COMPANY et al, Defendants
FIRST AMENDED CLASS ACTION COMPLAINT.
District Court Civil Case No. 07-00024.
Page 1

Case 1:07-cv-00024   Document 11   Filed 11/02/2007   Page 1 of 46

class is more particularly described below, who bring this action by and through their counsel, Curtis Van de veld of **THE VANDEVELD LAW OFFICES, P.C.,** and as claims for relief against defendants allege:

## I. PARTIES

1. Cyfred, Ltd. ("Cyfred") is a Guam corporation doing business in Guam.

2. Plaintiff and the Class are informed and believe and thereon allege that First American is incorporated outside of Guam, and is an insurance company who has been doing business in Guam since May 4th 1965.

3. Plaintiff and the Class are ignorant of the true names and capacities of the defendants sued herein as DOES one (1) through three hundred (300), inclusive and therefore sues these defendants by such fictitious names. Plaintiff and the Class will amend this complaint to allege their true names and capacities when ascertained. Plaintiff and the Class are informed and believe and thereon allege that each of the fictitiously named defendants is responsible as hereinafter shown for the occurrences and injuries alleged in this class action complaint.

## II. JURISDICTION

4. This Court has jurisdiction over the matters alleged herein pursuant to 48 U.S.C. § 1424.

5. This Court has further jurisdiction over matters alleged herein pursuant to 28 U.S.C. § 1332.

6. The majority of defendants are not citizens of Guam and amount in controversy exceeds five million dollars ($5,000,000.00).

CYFRED, LTD et al. Plaintiffs v. FIRST AMERICAN TITLE INSURANCE COMPANY et al, Defendants
FIRST AMENDED CLASS ACTION COMPLAINT.
District Court Civil Case No. 07-00024.
Case 1:07-cv-00024  Document 11  Filed 11/02/2007  Page 2 of 46  Page 2

7. Venue is proper in this Court since all the transactions referred to herein occurred in Guam.

### III. GENERAL AVERMENTS

8. At all times herein relevant First American appointed PATCO, TGOG and/or Security Title and/or or another company doing business in Guam as its general agent (hereinafter "First American's General Agents") for the purpose of engaging in the business of selling title insurance in Guam for First American.

9. At all time herein relevant PATCO was a Guam corporation and sold Cyfred and some members of the Class the insurance policy at issue in this First Amended Complaint and participated in causing the injuries alleged herein and designated as Doe Defendant One (1).

10. At all times herein relevant Manu Melwani was and is a resident of Guam and participated in directing and controlling the activities of PATCO, and participating in causing the injures alleged herein and is designated as Doe Defendant Two (2).

11. At all time herein relevant TGOG was a Guam corporation and sold Cyfred and some members of the Class the insurance policy at issue in this First Amended Complaint.

12. Plaintiff and the Class are informed and believe and thereon allege that First American has been authorized to sell title insurance in Guam and has failed to obtain approval from the Guam Banking and Insurance Commissioner, or its predecessor ("Commissioner"), for all or some its title insurance policy forms, endorsements or exclusions included in its title insurance policies it has sold in Guam to Guam consumers including Plaintiff and the Class.

CYFRED, LTD et al. Plaintiffs v. FIRST AMERICAN TITLE INSURANCE COMPANY et al, Defendants
FIRST AMENDED CLASS ACTION COMPLAINT.
District Court Civil Case No. 07-00024    Document 11    Filed 11/02/2007    Page 3 of 46    Page 3

13. Guam law requires approval of the Commissioner of all insurance policy forms for all insurance sold in Guam to wit:

> It shall be unlawful for an insurer to use a policy form in affecting insurance without first obtaining the Commissioner's approval thereof as provided herein:
> (a)     The Commissioner shall study each form for the purpose of guarding against any fraud, misrepresentation or other forms of unfairness to (sic) the writings of the insured; if he shall approve a form, he shall endorse his approval on the face of both duplicates and transmit one to the insured (sic) and keep one in his permanent files; if he shall disapprove a form, he shall issue an order of disapproval stating therein his reasons and transmit a copy of the same to the insurer.

> 22 G.C.A.§ 18308(a).

14. First American knew that if it did not obtain approval of the Commissioner it could, for instance, include an illegal arbitration clause within its title insurance policy forms and to illegally use that provision to deny valid claims for title insurance coverage.

15. First American has failed to obtain approval from the Commissioner for all or some of the insurance rates, rate schedules, rate plans and methods of computing rates for title insurance policies it has sold in Guam since it was authorized to sell insurance in Guam including the title policies sold to Plaintiff and members of the Class.

16. Guam law requires prior approval of the Commissioner for all rates, rates schedules, rate plans and methods of computing rates for any insurance transacted in Guam:

> (a)     All rates, rate schedules, rate plans, and methods of computing rates to be applied to any insurance transacted in the Territory of Guam shall be filed in the office of the Commissioner, and before any rates may be charged, advertised, publicized or otherwise represented, they shall have the approval of the Commissioner.
> (b)     It shall be unlawful for any insurer to use any rates in violation of the provisions of this section, or to alter, amend or otherwise charge rates without the approval of the Commissioner.

CYFRED, LTD et al. Plaintiffs v. FIRST AMERICAN TITLE INSURANCE COMPANY et al, Defendants
FIRST AMENDED CLASS ACTION COMPLAINT.
District Court Civil Case No. 07-00024

Case 1:07-cv-00024     Document 11     Filed 11/02/2007     Page 4 of 46     Page 4

(c)     It shall be unlawful for any insurer to charge any rate for any insurance transacted in Guam other than the rate approved by the Commissioner for such insurer for such risk and class of insurance.

22 G.C.A. §18501.

17. As a result of First American's violation of the Insurance Law it has been able to make unfair and unconscionable profits from the sale of First American's title insurance polices to Guam consumers all as prohibited by 22 G.C.A. § 18501 & § 18502, and could collude with other title insurance companies to sell title insurance policies without regulatory oversight, and without competition, allowing First American to artificially fix unapproved premiums through one or more of First American's General Agents.

18. Cyfred has no administrative remedies for the allegations contained herein, or, pursuing said remedies would be futile.

### IV. SPECIFIC AVERMENTS Re: CYFRED TITLE POLICIES

19. Cyfred on February 26th 2002 purchased a mortgage title insurance policy from First American insuring the title of Cyfred's security interest in a mortgage secured by Lot No. 19, Block No. 1, Track 63004, Yigo, Guam with Policy No. CW 2289610 and paid First American a premium for said title insurance policy ("Cyfred Insurance Policy").

20. First American sold Cyfred the Cyfred Insurance Policy through its general agent in Guam, PATCO and collected the premium paid by Cyfred through PATCO and coordinated the sale of the Cyfred Policy by using the telephones in Guam on or about the date that the Cyfred Policy was issued to Cyfred.

CYFRED, LTD et al. Plaintiffs v. FIRST AMERICAN TITLE INSURANCE COMPANY et al, Defendants
FIRST AMENDED CLASS ACTION COMPLAINT.
District Court Civil Case No. 07-00024    Case 1:07-cv-00024    Document 11    Filed 11/02/2007    Page 5 of 46    Page 5

21. First American did not obtain approval from the Commissioner for the insurance forms, or any part of them, constituting the Cyfred Insurance Policy.

22. First American did not obtain approval from the Commissioner for the insurance premiums charged to Cyfred and collected by First American through its general agent, PATCO.

23. First American did not obtain approval from the Commissioner for any of the rate schedules, rate plans and methods of computing rates it used for the Cyfred Insurance Policy.

24. Despite First American's failure and refusal to comply with the Insurance Law, First American filed yearly affidavits of compliance ("First American Affidavits of Compliance") with the Commissioner stating that First American was in compliance with the Insurance Law of Guam.

25. During the relevant period, First American used the false First American Affidavits of Compliance in order to renew its license to sell unapproved insurance policies in Guam and to collect unapproved illegal premiums in Guam.

26. First American filed the First American Affidavits of Compliance on a yearly basis, signed by two (2) of its officers, even though it knew, and its officers knew, that First American was not in compliance with the Insurance Law, and in order to falsely and fraudulently obtain renewals of its license to sell title insurance in Guam, and to conceal its wrongdoing and its violations of the Insurance Law and other laws of Guam and the United States.

27. First American never intended to provide Cyfred with mortgage title insurance as it led Cyfred to believe it would under the terms of the Cyfred Insurance Policy, and

CYFRED, LTD et al. Plaintiffs v. FIRST AMERICAN TITLE INSURANCE COMPANY et al, Defendants
FIRST AMENDED CLASS ACTION COMPLAINT.
District Court - Civil Case No. 07-00021
Case 1:07-cv-00024    Document 11    Filed 11/02/2007    Page 6 of 46    Page 6

First American knew that the Cyfred Insurance Policy provided Cyfred with an illusion of insurance coverage, and the Cyfred Insurance Policy were therefore unfair under Guam law and illegal.

28. On September 27th 2002, an action was brought against Cyfred in *Kini Sananap et al. v. Cyfred, Ltd. et al.*, Superior Court of Guam, Civil Case Number CV1448-02, to which Cyfred filed and answer and counterclaim, and in return, the Plaintiffs in *Sananap* filed an answer and affirmative defenses, in part, implicating title as their defense ("Sananap Action").

29. In response to the Sananap Action, Cyfred filed a counterclaim to foreclose its mortgages against all the Plaintiffs in the Sananap Action who were in default of the terms of the promissory notes and mortgages they had issued to Cyfred to secure payment of amounts they owed to Cyfred ("Defaulted Plaintiffs").

30. The Defaulted Plaintiffs filed affirmative defenses to Cyfred's counterclaim to foreclose their defaulted notes and mortgages and asserted in part that Cyfred had conveyed to them defective title when selling them their respective properties, and have since then continued to make this assertion.

31. Two of the Defaulted Plaintiffs, Alex Ruben and Felisa Ruben, are mortgagors with Cyfred as Mortgagee for property constituting security under a mortgage held by Cyfred and insured by First American under the terms of the Cyfred Insurance Policy.

32. The answer to the counterclaim in the Sananap Action implicates the title of the property insured by the Cyfred Insurance Policy and therefore Cyfred is entitled to a defense and to indemnity from First American in the Sananap Action.

33. To legitimately exercise its rights under the Cyfred Insurance Policy, on October 3rd 2006, Cyfred tendered the defense and requested indemnity from First American for the allegations and affirmative defenses in the Sananap Action.

34. On December 7th 2006, without a full investigation, First American denied Cyfred's tender of the defense and request for indemnity for the Sananap Action.

35. In First American's denial letter of December 7th 2006, First American deliberately provided Cyfred with a false impression that First American would fully and fairly investigate the facts in the Sananap Action. These statements and representations made by First American to Cyfred were intended to delay and frustrate Cyfred's efforts to take any legal action against First American for its willful failure to provide Cyfred coverage under the Cyfred Insurance Policy. First American engaged in this scheme knowing it did not intend to, and did not, conduct a thorough, fair and reasonable investigation, in good faith, of the facts, to reach a fair and reasonable determination of coverage under the Cyfred Insurance Policy and, all the while, simply intended to create a pretext of doing so, in order to minimize its potential legal liability. Had First American fully, fairly and reasonably investigated the facts surrounding the Sananap Action it should have provided Cyfred with title insurance coverage.

## V. STATUTE OF LIMITATIONS

36. Any applicable statute of limitations has been tolled by the defendants' knowing and active concealment, denial and/or misleading actions with respect to First American's failure and refusal to obtain approval of its policy forms and rates, rate schedules, rate plans and methods of computing rates as alleged herein.

37. Plaintiff and the Class have been kept ignorant by defendants of the vital information necessary to the pursuit of the claims alleged herein, without any fault or lack of diligence on their part and could not have reasonably discovered the fact that First American had not obtained approvals required by 22 G.C.A. § 18501 & 22 G.C.A. § 18308 for the Cyfred Insurance Policy and title insurance policies purchased by members of the proposed Class from First American through First American's General Agents.

38. First American owed a fiduciary duty to Cyfred and the Class to disclose the true facts surrounding its failure to obtain approval of its policy forms and the premiums, rates, rate schedules and method of computing rates for the title insurance policies First American sold to them or under which they were denied coverage. Yet First American knowingly, affirmatively, and/or actively concealed the true facts of its non-compliance with 22 G.C.A. § 18308 and 22 G.C.A. §18501 and which concealment is active and ongoing as evidenced by the First American Affidavits of Compliance and the yearly filing of said affidavits by First American. Furthermore Plaintiffs reasonably relied upon First American's knowing affirmative, and/or active concealment. Based on the foregoing defendants are estopped from relying on any statutes of limitation defense to limit Plaintiff and the Class from recovering their full damages for all the injuries that defendants have caused them.

39. The causes of action alleged herein did or will accrue only upon discovery of the full nature and extent of First American's failure and refusal to comply with 22 G.C.A. § 18308 and 22 G.C.A. § 18501 and other provisions of Guam's Insurance Law and the full nature and extent of their fraudulent concealment of said violations.

40. Because First American took steps to fraudulently conceal its violations of Guam's Insurance Law, Plaintiff and members of the Class did not discover and could not have discovered the true nature of the title insurance policies they had purchased from First through First American General Agents.

## VI. CLASS ALLEGATIONS

## CLASS DEFINITION

41. Plaintiff Cyfred seeks to bring this case as a class action on behalf of itself and all other persons or entities who, from 1994, were issued a title insurance policy or who were denied coverage under a title insurance policy issued by First American through First American General Agents, and which title insurance policies and the premiums charged for them had not been approved by the Commissioner as required by either 22 G.C.A. § 18308 or 22 G.C.A. § 18501 ("Class").

42. The above Class contains two subclasses: a. All members of the Class who made claims for insurance coverage to First American and which claims were denied and which claims were never settled. ("Denied Claims Subclass"); and b. All members of the Class who are defined as consumers under the provisions of the Deceptive Trade Practices-Consumer Protection Act ("Deceptive Acts Subclass").

## CLASS EXCLUSIONS

43. Excluded from the class are: a. Each of the Defendants, their subsidiaries, parent companies and affiliates, officers, directors and employees; and b. Francis Gill; and c. Persons or other entities who have settled with and validly released one or more of the defendants in a separate non-class legal proceeding which release was based on the conduct alleged herein or their claims were judicially decided to a final judgment.

CYFRED, LTD et al. Plaintiffs v. FIRST AMERICAN TITLE INSURANCE COMPANY et al, Defendants
FIRST AMENDED CLASS ACTION COMPLAINT.
Case 1:07-cv-00024   Document 11   Filed 11/02/2007   Page 10 of 46   Page 10

# NUMEROSITY

44. The Class is so numerous that joinder of all members is impractical. Plaintiff is informed and believes that several hundred persons fall within the definition of the proposed Class as alleged herein above.

## COMMON QUESTIONS OF LAW AND FACT

45. There are questions of law and fact common to the Class including but not limited to:

a. Whether First American failed to disclose and fraudulently concealed the fact that the insurance polices sold to the Class had not been approved by the Commissioner under 22 G.C.A. § 18308.

b. Whether First American failed to disclose and fraudulently concealed the fact that the premiums charged the Class for insurance polices sold to the Class had not been approved by the Commissioner under 22 G.C.A. § 18501.

c. Whether the insurance policies sold by First American by and through First American General Agents provided reduced or illusory insurance coverage or contained illegal provisions because they were not in compliance with 22 G.C.A. § 18308.

d. Whether the premiums charged to the Class for insurance policies sold to them by First American were unfair given the risk insured and because these premiums or rates charged had not been approved by the Commissioner as required by 22 G.C.A. § 18501 & § 18502 and whether the rates charged were collusively derived.

e. Whether Defendants actions violated the provision of the Deceptive Trade Practices-Consumer protection Act at 5 G.C.A. Chapter 32 et seq.

CYFRED, LTD et al. Plaintiffs v. FIRST AMERICAN TITLE INSURANCE COMPANY et al, Defendants
FIRST AMENDED CLASS ACTION COMPLAINT.
District Court Civil Case No. 07-00024

Case 1:07-cv-00024    Document 11    Filed 11/02/2007    Page 11 of 46    Page 11

f. Whether Defendants actions violated the provisions of the Racketeering Influenced Corrupt Organization Act 18 U.S.C.A. § 1961-1968.

g. Whether Defendants were unjustly enriched from the fraud perpetrated against the Class by selling them unapproved policies and charging unapproved premiums for these policies.

i. Whether Defendants should repay the Class for any amounts they unjustly collected from the Class by selling each of them rigged policies that minimized the insurance offered and maximized the rates charged.

j. Whether the Class and its subclasses should be compensated for the actual and consequential damages caused to them by defendants' conspiracy and actions in violation of the Insurance Law and other laws of Guam and the United States.

## TYPICALITY

46. Plaintiffs' claims are typical of the claims of the Class sharing the same legal theories and facts establishing liability of the Defendants.

## ADEQUACY OF REPRESENTATION

47. Plaintiff can and will adequately protect the interests of the Class because Plaintiff is similarly situated with, and has suffered similar injuries as, the members of the Class it seeks to represent. Plaintiff has no interests that conflict with or is antagonistic to the interests of the entire Class. Plaintiff has retained an attorney competent and experienced in class actions who will vigorously prosecute this litigation.

## PREDOMINANCE AND SUPERIORITY

48. A class action is superior to any other available method for the fair and efficient adjudication of the controversy because:

CYFRED, LTD et al. Plaintiffs v. FIRST AMERICAN TITLE INSURANCE COMPANY et al, Defendants
FIRST AMENDED CLASS ACTION COMPLAINT.
District Court Civil Case No. 07-00024

Case 1:07-cv-00024   Document 11   Filed 11/02/2007   Page 12 of 46   Page 12

a. Common questions of law and fact predominate over any individual questions that may arise.

b. No member of the Class has a substantial interest in individually controlling the prosecution of a separate action.

c. Upon information and belief, there are no pending lawsuits concerning this controversy.

d. It is desirable to concentrate the litigation in one forum in Guam since the acts complained of all occurred in Guam with witnesses and discovery readily available in Guam in the pretrial stage of the litigation. The resolution of the claims of the Class members in a single forum, and in a single proceeding, would be a fair and efficient means of resolving the issues raised in the litigation.

e. Prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications that would establish incompatible standards of conduct on defendants.

f. The Class is specifically identifiable to facilitate provision of adequate notice and there will be no significant problems managing this case as a class action.

g. Resolution of class members claims in this single class action is superior to resolution of this controversy through the filing of a host of individual actions as a matter of efficiency, consistency and in that it removes economic and other barriers to class members pursuing their claim.

///

///

///

CYFRED, LTD et al. Plaintiffs v. FIRST AMERICAN TITLE INSURANCE COMPANY et al, Defendants
**FIRST AMENDED CLASS ACTION COMPLAINT.**
District Court Civil Case No. 07-00024

Case 1:07-cv-00024    Document 11    Filed 11/02/2007    Page 13 of 46    Page 13

# VII. AVERMENTS AS TO CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### FRAUD
### [18 G.C.A. §§ 85307, 85308 & 85309]
### Asserted by the Class

### FRAUDULENT CONCEALMENT/NON-DISCLOSURE

49. Plaintiff and the Class re-allege and incorporate by reference the allegations set forth in each of the preceding paragraphs of this Class Action Complaint.

50. At all times herein relevant First American knew that the Cyfred Insurance Policy and the insurance policies it sold to the Class, or under which members of the Class were denied coverage, were not in compliance with the requirements of 22 G.C.A. § 18308 and 22 G.C.A. § 18501 and the Insurance Law of Guam and the laws of the United States.

51. First American and the other defendants actively and intentionally concealed from, and/or failed to disclose to Plaintiff and the Class, that the insurance policies they purchased or under which they were denied coverage were not in compliance with 22 G.C.A. § 18308 and 22 G.C.A. § 18501 and the Insurance Law of Guam. In order to perpetuate this concealment, First American filed yearly affidavits of compliance affirming its compliance with the Insurance Law of Guam. By selling the unapproved insurance policies and charging unapproved rates First American represented to each person to whom it sold an insurance policy, by the terms of the insurance policy itself, on the date and time that the insurance policy was sold, and which misrepresentation was made through PATCO, TGOG or Security Tile, whoever sold said policy, that the policy sold and the premium charged was in compliance with all the laws of Guam.

CYFRED, LTD et al. Plaintiffs v. FIRST AMERICAN TITLE INSURANCE COMPANY et al, Defendants
**FIRST AMENDED CLASS ACTION COMPLAINT.**
District Court Civil Case No. 07-00024

Case 1:07-cv-00024    Document 11    Filed 11/02/2007    Page 14 of 46    Page 14

52. First American represented to Plaintiff and the Class or led them to believe, by the issuance of the policy itself, that the insurance policies they purchased and which were issued by First American through First American's General Agents or under which they were denied insurance coverage, were in compliance with the laws of Guam and said misrepresentation was made by the agent selling each policy to the person purchasing each policy on the date and time each policy was sold.

53. First American, on the date and time it issued the respective policies of title insurance to each Class member, was under a duty to each member of the Class to inform each of them purchasing a title insurance policy from First American, and to whom they denied insurance coverage, that the insurance policies they purchased and the premiums they were charged were illegal, and in violation of 22 G.C.A. § 18308 or 22 G.C.A. § 18501 and the Insurance Law of Guam.

54. The facts concealed from and/or not disclosed and/or intentionally misstated as true to Plaintiff and the Class are material facts in that reasonable people would have considered them important in deciding whether or not to purchase the title insurance policies issued to them by First American and was material in the decision by the Denied Claims Subclass to abandon their claims for insurance coverage under title insurance policies issued to them by First American.

55. Plaintiff and the Class justifiably relied to their detriment on the concealed and/or non-disclosed and/or intentionally misstated facts, as evidenced by their purchase of unapproved insurance policies and by their payment of illegally billed and collected rates and premiums, and their abandonment or consenting to unfavorable settlements of coverage disputes with First American. Had Plaintiff and the Class known that the

CYFRED, LTD et al. Plaintiffs v. FIRST AMERICAN TITLE INSURANCE COMPANY et al, Defendants
**FIRST AMENDED CLASS ACTION COMPLAINT.**
District Court Civil Case No. 07-00024.

Case 1:07-cv-00024    Document 11    Filed 11/02/2007    Page 15 of 46    Page 15

insurance policies issued to them by First American, or under which they were denied coverage, were not in compliance with the laws of Guam they would not have purchased said insurance policies or would have pressed their claims for coverage under the terms of said policies.

56. As a direct and proximate result of defendants' misconduct, Plaintiff and the Class members have suffered actual and consequential damages for which they are entitled to recover.

57. The conduct described herein, the great lengths that defendants have undertaken to conceal their violations of law, the significant sums involved and the length of time over which these illegal actions were perpetrated against Plaintiff and the Class is oppressive, fraudulent and malicious and entitles the Plaintiff and the Class to an award of punitive damages.

58. Plaintiff and the Class further pray for judgment as herein below stated.

## CONSTRUCTIVE FRAUD

59. Plaintiff and the Class re-allege and incorporate by reference the allegations set forth in each of the preceding paragraphs of this Class Action Complaint.

60. First American, by selling insurance to each Class member or to persons to whom they denied insurance coverage under said policy, on the date and time said title insurance policies were issued, was under a fiduciary duty to each member of the Class to whom it issued an insurance policy, or whom they denied coverage, to inform each of them that the insurance policies they purchased and the premiums they were charged, or under which insurance polices they were denied coverage, were illegal, and in violation of the Insurance Law of Guam.

CYFRED, LTD et al. Plaintiffs v. FIRST AMERICAN TITLE INSURANCE COMPANY et al, Defendants
**FIRST AMENDED CLASS ACTION COMPLAINT.**
District Court Civil Case No. 07-00024.

Case 1:07-cv-00024    Document 11    Filed 11/02/2007    Page 16 of 46    Page 16

61. First American breached its fiduciary duty to the Class by misrepresenting to them by the agent selling the policy on the date and time the policy was issued that the insurance polices they purchased, or under which they were denied coverage, were in compliance with the laws of Guam and the United States and gained an advantage for itself, its affiliates and business partners and associates, and as a result, proximately caused actual and consequential damages to Plaintiff and the Class from said breaches.

62. First American's misrepresentations were material and Plaintiff and the Class reasonable relied on said misrepresentations to their prejudice and injury.

63. Plaintiff and the Class pray for judgment as herein below stated.

**SECOND CAUSE OF ACTION**
**FRAUDULENT DECEIT**
**[18 G.C.A. §§ 90102 & 90103 & 90104]**
**Asserted by Denied Claims Subclass**

64. Plaintiff and the Denied Claims Subclass re-allege and incorporate by reference the allegations set forth in each of the preceding paragraphs of this Class Action Complaint.

65. First American fraudulently deceived the Denied Claims Subclass into purchasing the insurance policies sold to them. By issuing policies to the Denied Claims Subclass, First American represented that the insurance policies issued to the Denied Claims Subclass, on the date and time said policies were issued by the agent issuing them, that the policies were fair and had been reviewed for fairness by the Commissioner and was fully compliant with the Insurance Law of Guam, and therefore, provided the Denied Claim Subclass with insurance coverage when First American intended to deny insurance coverage to the Denied Claims Subclass under the title insurance policies issued to them, or under which they expected and were entitled to coverage,

CYFRED, LTD et al. Plaintiffs v. FIRST AMERICAN TITLE INSURANCE COMPANY et al, Defendants
**FIRST AMENDED CLASS ACTION COMPLAINT.**
District Court Civil Case No. 07-00024

Case 1:07-cv-00024    Document 11    Filed 11/02/2007    Page 17 of 46    Page 17

and that the policies issued to the Denied Claims Subclass or under which they were denied coverage, were unfair and were not in compliance with sections 18501 and 8308 of the Insurance Law of Guam and the laws of the United States.

66. First American knew that the insurance policies it issued to the Denied Claims Subclass, or under which they were denied coverage, provided the Denied Claims Subclass with less insurance coverage for the premiums paid than is required by the laws of Guam and contained other illegal provisions.

67. In furtherance of its deceptions and to fully benefit therefrom, First American unjustly and illegally denied claims for compensation, for indemnity, for defense costs and for reimbursement of costs and expenses made by the Denied Claims Subclass and, Plaintiff and the Class are informed and believe, in some instances, procured by deceit and fraud from the Denied Claims Subclass, reimbursement of attorneys fees and costs and partial or general releases of liability.

68. In furtherance of its deceptions and to fully benefit therefrom, Plaintiff is informed and believes, that First American initiated and prosecuted various actions against some members of the Denied Claims Subclass for declaratory relief, seeking a declaration that the various members of the Denied Claims Subclass were not entitled to coverage under their respective policies, when First American knew the insurance policies at issue were illegal, deceptive and fraudulent.

69. First American had a duty and obligation to inform the Denied Claims Subclass that the insurance policies issued to them, or under which they were denied coverage, would not provide them with fair insurance coverage for the premiums paid and were not in compliance with the Insurance Law of Guam and the laws of the United States.

CYFRED, LTD et al. Plaintiffs v. FIRST AMERICAN TITLE INSURANCE COMPANY et al, Defendants
**FIRST AMENDED CLASS ACTION COMPLAINT.**
District Court Civil Case No. 07-00024
Case 1:07-cv-00024    Document 11    Filed 11/02/2007    Page 18 of 46    Page 18

70. First American willfully deceived the Denied Claims Subclass, through the agent selling the policy on the date and time the policy was issued, about the true nature and condition of the insurance policies it issued to them, or under which they were denied coverage, so that First American could collect illegal rates and premiums from said deceptions, and First American caused the Denied Claims Subclass to purchase from First American, insurance policies that provided less coverage for the premium paid than required by the Insurance Law of Guam, and to otherwise illegally deny them insurance coverage under said policies.

71. The Denied Claims Subclass purchased their insurance policies from First American to provide them or others with insurance coverage for the claims they made against those insurance policies, which claims were denied by First American, or under which policies they should have been provided with coverage. First American induced the Denied Claims Subclass into believing the coverage they expected and were entitled to would be available under legally issued insurance policies, or under which they were entitled to insurance coverage. The claims presented to First American are evidence of the belief by the Denied Claims Subclass that they were entitled to coverage under the insurance policies issued to them by First American.

72. The deceptions perpetrated against the Denied Claims Subclass induced each of them to purchase the insurance policies issued to them by First American, or induced them into abandoning their claims for coverage or to unfavorably settle their claims for coverage, and was material to each member of the Denied Claims Subclass's decision to purchase said insurance policies from First American or to abandon their claims for

CYFRED, LTD et al. Plaintiffs v. FIRST AMERICAN TITLE INSURANCE COMPANY et al, Defendants
**FIRST AMENDED CLASS ACTION COMPLAINT.**
District Court Civil Case No. 07-00024

Case 1:07-cv-00024     Document 11     Filed 11/02/2007     Page 19 of 46     Page 19

coverage, or to unfavorably litigate their claims for coverage, and the members of the Denied Claims Subclass reasonably relied on said deceptions.

73. As a direct and proximate cause of said deceptions by First American, each member of the Denied Claims Subclass has suffered damages and injuries.

74. Due to the continuing nature of the injuries inflicted on the Denied Claims Subclass the willfulness associated with said conduct to inflict these injuries, the pervasive and devious nature of the scheme to deceive the Denied Claims Subclass, and Guam consumers, into buying insurance policies with less coverage than that required by law, and the willful, pervasive and consistent failure to comply with Guam law in issuing insurance policies to Guam consumers, the Denied Claims Subclass should be awarded punitive damages against Insurer Defendants to be jointly and severally assessed and paid by them.

75. Wherefore the Denied Claims Subclass pray judgment as herein below stated.

### THIRD CAUSE OF ACTION
### CONSPIRACY TO DEFRAUD
### Asserted by the Class

76. Plaintiff and the proposed Class re-allege and incorporate by reference the allegations set forth in each of the preceding paragraphs of this Class Action Complaint.

77. The defendants, including Does One (1) through Three Hundred (300), and each of them, one with the other, conspired and agreed to engage in a course of conduct that would deceive and defraud Plaintiff and the Class members of insurance premiums paid to First American, and to deny them insurance coverage by conspiring to issue title insurance policies in violation of Guam law by the agent issuing the policies on the date and time the policies were issued.

CYFRED, LTD et al. Plaintiffs v. FIRST AMERICAN TITLE INSURANCE COMPANY et al, Defendants
**FIRST AMENDED CLASS ACTION COMPLAINT.**
District Court Civil Case No. 07-00024

Case 1:07-cv-00024   Document 11   Filed 11/02/2007   Page 20 of 46   Page 20

78. Defendants undertook the actions hereinabove alleged as overt acts in furtherance of said conspiracy.

79. Said conspiracy to defraud has proximately caused actual and consequential damages to Plaintiff and the proposed Class.

80. Wherefore Plaintiff and Class members pray judgment as herein below stated.

## FOURTH CAUSE OF ACTION
## INVOLUNTARY TRUST FROM FRAUD
### [18 G.C.A. §§65109 & 65110]
### Asserted by the Class

81. Plaintiff and the Class re-allege and incorporate by reference the allegations set forth in each of the preceding paragraphs of this Class Action Complaint.

82. First American has, by performing the acts alleged herein, committed fraud or other wrongful acts against Plaintiff and the Class and thereby illegally acquired from them insurance premium payments that First American was not legally entitled to collect, or has illegally denied them insurance coverage.

83. Said premiums paid to First American are held in trust by First American as involuntary trustee for Plaintiff and Class members who paid said premiums, and which premiums are owned by the Plaintiff and Class member who paid said insurance premiums, and said premiums should therefore be returned to them by First American including interest thereon from the time they were collected.

84. Wherefore Plaintiff and the Class pray judgment as herein below stated.

## FIFTH CAUSE OF ACTION
## UNJUST ENRICHMENT
### Asserted by the Class

85. Plaintiff and the Class re-allege and incorporate by reference the allegations set forth in each of the preceding paragraphs of this Class Action Complaint.

CYFRED, LTD et al. Plaintiffs v. FIRST AMERICAN TITLE INSURANCE COMPANY et al, Defendants
FIRST AMENDED CLASS ACTION COMPLAINT.
District Court Civil Case No. 07-00024

Case 1:07-cv-00024    Document 11    Filed 11/02/2007    Page 21 of 46    Page 21

86. For the reasons set forth hereinabove, and as an alternative cause of action, defendants have profited unjustly from their unlawful and unjust actions and have been unjustly enriched at the expense of Plaintiff and the Class.

87. Defendants have further profited by reducing or attempting to reduce or eliminating government oversight over their activities through their fraud and deceit and other illegal actions, and have colluded to set insurance rates with other title insurers, and have further profited by investing and profiting from the illegal gains obtained from Plaintiff and the Class. This has provided defendants compounded, extraordinary and unconscionable profits, directly resulting from their illegal and immoral, unjust activities then they would have gained if they complied with the Insurance Law and the laws of the United States.

88. It would be unfair and unjust for defendants to keep the profits and gains they have accumulated as a result of their unjust, wrongful and illegal activities.

89. Accordingly Plaintiff and the Class seek an order establishing defendants as constructive trustee of any insurance premiums or any part of them paid to them, or received by them, and any reinvested profits of or from premiums that have accrued and compounded to defendants, and that defendants be required to disgorge said funds to Plaintiff and members of the Class.

90. Wherefore Plaintiff and the Class pray judgment as herein below stated.

**SIXTH CAUSE OF ACTION**
**NEGLIGENT FAILURE TO COMPLY WITH THE INSURANCE LAW**
**[18 G.C.A. § 90107]**
**Asserted by the Class**

91. Plaintiff and the Class re-allege and incorporate by reference the allegations set forth in each of the preceding paragraphs of this Class Action Complaint.

CYFRED, LTD et al. Plaintiffs v. FIRST AMERICAN TITLE INSURANCE COMPANY et al, Defendants
FIRST AMENDED CLASS ACTION COMPLAINT.
District Court Civil Case No. 07-00024

Case 1:07-cv-00024    Document 11    Filed 11/02/2007    Page 22 of 46    Page 22

92. First American was under a duty owed to Plaintiff, and to each Class member to whom they issued an insurance policy, or who requested and was denied coverage under a policy issued by First American, to comply with the Insurance Law and specifically to obtain the requisite approvals under 22 G.C.A. § 18501 and 22 G.C.A. § 18308.

93. First American breached the duty owed to Plaintiff and to each member of the Class by negligently failing to obtain the approvals required by 22 G.C.A. § 18501 and 22 G.C.A. § 18308, and to otherwise comply with the Insurance Law for each policy that First American sold to them.

94. First American's material breach of its duty to comply with the Insurance Law owed to Plaintiff, and to each member of the Class to whom it issued an insurance policy, or who was denied coverage under a policy issued by First American, has proximately caused each of them actual and consequential damages.

95. Wherefore Plaintiff and Class members pray judgment as herein below stated.

### SEVENTH CAUSE OF ACTION
### NEGLIGENT MISREPESENTATION
### [18 G.C.A. § 90107]
### Asserted by the Class

96. Plaintiff and the Class re-allege and incorporate by reference the allegations set forth in each of the preceding paragraphs of this Class Action Complaint.

97. First American was under a duty owed to each Plaintiff, and to each Class member to whom it issued an insurance policy, or under which they were denied coverage, to inform them that the insurance policy issued to them or under which they were denied coverage, was not in compliance with the Insurance Law and specifically had not

CYFRED, LTD et al. Plaintiffs v. FIRST AMERICAN TITLE INSURANCE COMPANY et al, Defendants
**FIRST AMENDED CLASS ACTION COMPLAINT.**
District Court Civil Case No. 07-00024

Case 1:07-cv-00024    Document 11    Filed 11/02/2007    Page 23 of 46    Page 23

obtained the requisite approvals under either 22 G.C.A. § 18501 or 22 G.C.A. § 18308.

98. First American breached the duty owed to Plaintiff and to each member of the Class by negligently failing to inform them that the insurance policies issued to them on the date and time the polices were issued to them by First American General Agents, or under which they were denied coverage, had not obtained the required approvals under either 22 G.C.A. § 18501 or 22 G.C.A. § 18308 or to otherwise comply with the Insurance Law.

99. First American's negligent material breach of its duty to inform Plaintiff and each member of the Class to whom it issued an insurance policy, at the date and time the policies were issued to them by First American General Agents, or under which they were denied insurance coverage, were not in compliance with the Insurance Law, has proximately caused each of them actual and consequential damages.

100.     Wherefore Plaintiff and Class members pray judgment as herein below stated.

## EIGHTH CAUSE OF ACTION
## DECEPTIVE TRADE PRACTICES-CONSUMER PROTECTION ACT
### [5 G.C.A. Chapter 32]
### Asserted by the Deceptive Acts Subclass

101.     The Deceptive Acts Subclass re-alleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this Class Action Complaint.

102.     First American and Does One (1) and Two (2) have been provided with the requisite notice under 5 G.C.A. §32110 prior to the filing of this suit.

103.     At all times herein relevant First American and Does One (1) and Two (2) were merchants of insurance policies as defined by the Deceptive Trade Practices-

CYFRED, LTD et al. Plaintiffs v. FIRST AMERICAN TITLE INSURANCE COMPANY et al, Defendants
**FIRST AMENDED CLASS ACTION COMPLAINT.**
District Court Civil Case No. 07-00024

Case 1:07-cv-00024     Document 11     Filed 11/02/2007     Page 24 of 46     Page 24

Consumer Protection Act and sold title insurance policies to plaintiff and members of the proposed class on the date and times said policies were issued by the agent issuing each policy and which insurance policy forms or rates had not been approved by the Commissioner.

104. At all times herein relevant each member of the Deceptive Acts Subclass was a consumer as defined by the Deceptive Trade Practices-Consumer Protection Act of Guam.

105. At all times herein relevant, insurance policies purchased by the Deceptive Acts Subclass, or under which they were denied insurance coverage from First American, were purchased for the protection of persons or property, and were goods subject to the provisions of the Deceptive Trade Practices-Consumer Protection Act of Guam.

106. At all times herein relevant, by undertaking and performing the acts alleged herein, defendants caused confusion as to the sponsorship, approval or certification of the insurance policies First American issued to each member of the Deceptive Acts Subclass, or under which the Deceptive Acts Subclass was denied insurance coverage, in violation of 5 G.C.A. 32201(b)(2).

107. At all times herein relevant, by undertaking and performing the acts alleged herein, First American represented to the Deceptive Acts Subclass that the insurance policies they issued to the them, or under which they were denied insurance coverage, had sponsorship, approval, characteristics, benefits which they did not have, all in violation of 5 G.C.A. § 32201(b)(5).

CYFRED, LTD et al. Plaintiffs v. FIRST AMERICAN TITLE INSURANCE COMPANY et al, Defendants
**FIRST AMENDED CLASS ACTION COMPLAINT.**
District Court Civil Case No. 07-00024
Case 1:07-cv-00024    Document 11    Filed 11/02/2007    Page 25 of 46    Page 25

108.    At all times herein relevant, by undertaking and performing the acts alleged herein, First American charged or attempted to charge various members of the Deceptive Acts Subclass premiums or rates, for each policy it issued to them, for fair insurance coverage of all claims implicating title to be made under said polices that it did not provide, or not to be provided to them, all in violation of 5 G.C.A. § 32201 (b)(10).

109.    At all times herein relevant, by undertaking and performing the acts alleged herein, First American knowingly represented that the insurance policies it issued to Deceptive Acts Subclass were of a particular standard, quality, or grade when it knew they were not, all in violation of 5 G.C.A. § 32201(c)(1).

110.    At all times herein relevant, by undertaking and performing the acts alleged herein, First American advertised the insurance policies they issued to Deceptive Acts Subclass with the intent **not** to sell them as advertised. 5 G.C.A. § 32201 (c)(3).

111.    At all times herein relevant, by undertaking and performing the acts alleged herein, First American failed to disclose information concerning the insurance polices they issued to the Deceptive Acts Subclass, which was known to First American at the time it issued the insurance policies to each member of the Deceptive Acts Subclass, and that this failure to disclose such information was intended to induce the members of the Deceptive Acts Subclass into purchasing the insurance policies they purchased, and had they known the full nature of First American's non-compliance with the Insurance Law, the members of the Deceptive Acts Subclass would not have purchased the insurance policies they were induced to purchase, all in violation of 5 G.C.A. § 32201(c)(17).

CYFRED, LTD et al. Plaintiffs  v. FIRST AMERICAN TITLE INSURANCE COMPANY et al, Defendants
**FIRST AMENDED CLASS ACTION COMPLAINT.**
District Court Civil Case No. 07-00024
Case 1:07-cv-00024    Document 11    Filed 11/02/2007    Page 26 of 46    Page 26

112.    At all times herein relevant, by undertaking and performing the acts alleged herein, First American knowingly represented that the insurance policies it issued to the Deceptive Acts Subclass, on the date and time it issued said policies, through its general agent issuing said policies, asserted that said policies conferred or involved rights, remedies, or obligations which they did not have or involve, all in violation of 5 G.C.A. § 32201(b)(22).

113.    At all times herein relevant, by undertaking and performing the acts alleged herein, First American knowingly sold, or offered to sell, insurance policies on the date and time said policies were issued through First American's agent, to members of the Deceptive Acts Subclass which were not in compliance with the Insurance Law and which they were not licensed to sell, and which they therefore had no right to sell, all in violation of 5 G.C.A. § 32201(b)(22).

114.    At all times herein relevant, by undertaking and performing the acts alleged herein, First American knowingly made false statements of fact of the results of the Deceptive Acts Subclass purchasing the insurance policies issued to them on the date and time said policies were issued by First American's agent, or the insurance coverage denied them, that the insurance policies issued to them were in compliance with the Insurance Law or that the members of Deceptive Acts Subclass did not have insurance coverage all in violation of 5 G.C.A. § 32201(b)(25).

115.    At all times herein relevant, by undertaking and performing the acts alleged herein, First American violated the laws of Guam to mislead the Deceptive Acts Subclass to each of their detriment, or to induce each of the Deceptive Acts Subclass

CYFRED, LTD et al. Plaintiffs  v. FIRST AMERICAN TITLE INSURANCE COMPANY et al, Defendants
**FIRST AMENDED CLASS ACTION COMPLAINT.**
District Court Civil Case No. 07-00024

Case 1:07-cv-00024    Document 11    Filed 11/02/2007    Page 27 of 46    Page 27

to purchase insurance policies, or abandon their claims for coverage from First American, to their detriment. 5 G.C.A. § 32201(b)(29).

116.    The deceptive acts alleged herein proximately caused damages to Plaintiff and the Class.

**117.**    The deceptions alleged in these violations of the Deceptive Trade Practices-Consumer Protection Act were knowingly committed as part of First American's regular business practice, warranting the award of three (3) times the actual damages suffered by the Deceptive Acts Subclass, and are entitled to a reimbursement of attorneys fees and costs incurred in the prosecution hereof.

118.    Wherefore the Deceptive Acts Subclass and pray for judgment as herein below stated.

## NINTH CAUSE OF ACTION
## CONSPIRACY TO COMMIT VIOLATIONS OF
## DECEPTIVE TRADE PRACTICES-CONSUMER PROTECTION ACT
### [5 G.C.A. Chapter 32]
### Asserted by the Deceptive Acts Subclass

119.    The Deceptive Acts Subclass re-alleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this Class Action Complaint.

120.    At all times herein relevant two (2) or more of the defendants, including but not limited to First American and Does One (1) and Two (2) formed an agreement to violate the Deceptive Trade Practices-Consumer Protection Act as alleged in the Eighth Cause of Action stated herein above, and each of the defendants joined in or participated in this plan and agreement and undertook the acts alleged herein as overt

CYFRED, LTD et al. Plaintiffs v. FIRST AMERICAN TITLE INSURANCE COMPANY et al, Defendants
**FIRST AMENDED CLASS ACTION COMPLAINT.**
District Court Civil Case No. 07-00024
Case 1:07-cv-00024    Document 11    Filed 11/02/2007    Page 28 of 46    Page 28

acts in furtherance of said conspiracy and agreement to violate Guam's Deceptive Trade Practices-Consumer Protection Act.

121.    Defendants' conspiracy to violate the Deceptive Trade Practices-Consumer Protection Act proximately caused actual and consequential damages to the Deceptive Acts Subclass.

**122.**    The deceptions alleged in these violations of the Deceptive Trade Practices-Consumer Protection Act were knowingly committed, as part of defendants regular business practice, warranting the award of three (3) times the actual damages suffered by the Deceptive Acts Subclass, and the Deceptive Acts Subclass is entitled to a reimbursement of attorneys fees and costs incurred in the prosecution hereof.

123.    Wherefore the Deceptive Acts Subclass prays for judgment as herein below stated.

**TENTH CAUSE OF ACTION**
**RACKETEERING INFLUENCED AND CORRUPT ORGANIZATION**
**[18 U.S.C. § 1962(a), 1962(b), 1962(c) & 1962(d)]**
**Asserted by the Class**
**RACKETEERING ENTERPRISE**

124.    Plaintiff and the Class re-allege and incorporate by reference the allegations set forth in each of the preceding paragraphs of this Class Action Complaint.

125.    Defendants and each of them, by engaging in the actions alleged herein, agreed to conduct, an enterprise, through a pattern of racketeering activity. First American, First American Agents, and all other defendants, agreed to sell insurance polices in Guam and issue insurance policies whose policy forms had not been approved by the Commissioner in violation of 22 G.C.A. §18308 and to charge insurance premiums that had not been approved by the Commissioner, in violation of 22 G.C.A. §18501,

CYFRED, LTD et al. Plaintiffs v. FIRST AMERICAN TITLE INSURANCE COMPANY et al, Defendants
FIRST AMENDED CLASS ACTION COMPLAINT.
District Court Civil Case No. 07-00024
Case 1:07-cv-00024   Document 11   Filed 11/02/2007   Page 29 of 46   Page 29

and to obtain a license to sell insurance in Guam by filing, yearly, false affidavits of compliance with the Commissioner. The defendants agreed that these illegal insurance premiums and illegal insurance policies would be issued through First American General Agents who would use the United States Mail and telephones to sell said illegal policies and collect said illegal premiums.

126.     Defendants and each of them, by engaging in the actions alleged herein, at all times relevant herein, participated in the operation or management of the racketeering enterprise and played a part in directing the affairs of the enterprise.

127.     Defendants and each of them, by engaging in the actions alleged herein, agreed to conduct their illegal activities through corporations acting as general agents to First American to wit: PATCO, TGOG and Security Tile, or through groups associated in fact and committed to achieving the agreed illegal objectives of the association (hereinafter collectively refereed to as the "Racketeering Enterprise"). The Racketeering Enterprise, alleged herein, is an ongoing structure of persons or legal entities associated through time, extending over more then a decade, joined in their illegal purpose of selling illegal insurance policies and collecting illegal insurance premiums, and is organized in a hierarchical manner with First American at its head directing and controlling the Racketeering Enterprise's activities. Within the Racketeering Enterprises, various individuals and entities were, and are tasked with differentiated roles in perpetrating the objectives of the Racketeering Enterprise.

128.     Defendants and each of them, by engaging in the actions alleged herein, agreed that one (1) or more of the defendants would perform two (2) or more related predicate acts, consisting of wire fraud and mail fraud, in furtherance of the goals of the

CYFRED, LTD et al. Plaintiffs v. FIRST AMERICAN TITLE INSURANCE COMPANY et al, Defendants
**FIRST AMENDED CLASS ACTION COMPLAINT.**
District Court Civil Case No. 07-00024
Case 1:07-cv-00024    Document 11    Filed 11/02/2007    Page 30 of 46    Page 30

Racketeering Enterprise, and committed over a period of ten (10) years, and that such predicate acts are continuing unlawful activity of the Racketeering Enterprise. The predicate acts alleged have been varied and undertaken over a long period of time, and were, and are, being perpetrated against hundreds of victims who purchased unapproved insurance policies or paid unapproved insurance premiums in separate schemes to defraud and cheat the hundreds of title insurance customers to whom First American issued illegal title insurance policies and the Racketeering Enterprise used the United States mail and telephones to do so, and for each policy issued on or about each time and date a policy was issued. First American conducted and continues to conduct business in this manner as part of its regular business activities and which business activities are conducted through First American General Agents and defendant Melwani.

129.     The defendants and each of them agreed that the following acts, constituting predicate offenses, would be undertaken consisting of mail fraud and wire fraud, in furtherance of the Racketeering Enterprise:

a.   On or about April 6th 1998 First American caused an Affidavit of Compliance to be put in the United States Mail and addressed to one of its general agents in Guam for filing with the Commissioner's office in order to renew First American's license to sell insurance and to allow First American to continue to sell unapproved illegal insurance policies and collect unapproved illegal insurance premiums from Plaintiff and the Class. First American knew that its assertion in

CYFRED, LTD et al. Plaintiffs  v. FIRST AMERICAN TITLE INSURANCE COMPANY et al, Defendants
**FIRST AMENDED CLASS ACTION COMPLAINT.**
District Court Civil Case No. 07-00024

Case 1:07-cv-00024     Document 11     Filed 11/02/2007     Page 31 of 46     Page 31

the Affidavit of Compliance that it was in compliance with all applicable provisions of the Insurance Law was false and fraudulent.

b. On or about March 26th 1999 First American caused an Affidavit of Compliance to be put in the United States Mail and addressed to one of its general agents in Guam for filing with the Commissioner's office, in order to renew First American's license to sell insurance, and to allow First American to continue to sell unapproved illegal insurance policies and collect unapproved illegal insurance premiums from Plaintiff and the Class. First American knew that its assertion in the Affidavit of Compliance that it was in compliance with all applicable provisions of the Insurance Law was false and fraudulent.

c. On or about March 21st 2000 First American caused an Affidavit of Compliance to be put in the United States Mail and addressed to one of its general agents in Guam for filing with the Commissioner's office in order to renew First American's license to sell insurance, and to allow First American to continue to sell unapproved illegal insurance policies, and collect unapproved illegal insurance premiums from plaintiff and the Class. First American knew that its assertion in the Affidavit of Compliance that it was in compliance with all applicable provisions of the Insurance Law was false and fraudulent.

d. On or about March 19th 2001 First American caused an Affidavit of Compliance to be put in the United States Mail and addressed to one

CYFRED, LTD et al. Plaintiffs v. FIRST AMERICAN TITLE INSURANCE COMPANY et al, Defendants
**FIRST AMENDED CLASS ACTION COMPLAINT.**
District Court Civil Case No. 07-00024

Case 1:07-cv-00024   Document 11   Filed 11/02/2007   Page 32 of 46   Page 32

of its general agents in Guam for filing with the Commissioner's office in order to renew First American's license to sell insurance, and to allow First American to continue to sell unapproved insurance policies, and collect unapproved illegal insurance premiums from plaintiff and the Class. First American knew that its assertion in the Affidavit of Compliance that it is in compliance with all applicable provisions of the Insurance Law was false and fraudulent.

e. On or about March 20th 2002 First American caused an Affidavit of Compliance to be put in the United States Mail and addressed to one of its general agents in Guam for filing with the Commissioner's office, in order to renew First American's license to sell insurance, and to allow First American to continue to sell unapproved illegal insurance policies and collect unapproved illegal insurance premiums to Plaintiff and the Class. First American knew that its assertion in the Affidavit of Compliance that it was in compliance with all applicable provisions of the Insurance Law was false and fraudulent.

f. On or about March 12th 2003 First American caused an Affidavit of Compliance to be put in the United States Mail and addressed to one of its general agents in Guam for filing with the Commissioner's office, in order to renew First American's license to sell insurance, and to allow First American to continue to sell unapproved illegal insurance policies and collect unapproved illegal insurance premiums from Plaintiff and the Class. First American knew that its assertion in

CYFRED, LTD et al. Plaintiffs v. FIRST AMERICAN TITLE INSURANCE COMPANY et al, Defendants
**FIRST AMENDED CLASS ACTION COMPLAINT.**
District Court Civil Case No. 07-00024

Case 1:07-cv-00024   Document 11   Filed 11/02/2007   Page 33 of 46   Page 33

the Affidavit of Compliance that it was in compliance with all applicable provisions of the Insurance Law was false and fraudulent.

g. On or about March 8th 2004 First American caused an Affidavit of Compliance to be put in the United States Mail and addressed to one of its general agents in Guam for filing with the Commissioner's office in order to renew First American's license to sell insurance and to allow First American to continue to sell unapproved illegal insurance policies and collect unapproved illegal insurance premiums from Plaintiff and the Class. First American knew that its assertion in the Affidavit of Compliance that it was in compliance with all applicable provisions of the insurance law was false and fraudulent.

h. On or about March 25th 2003 First American caused an Affidavit of Compliance to be put in the United States Mail and addressed to one of its general agents in Guam for filing with the Commissioner's office in order to renew First American's license to sell insurance and to allow First American to continue to sell unapproved illegal insurance policies and collect unapproved illegal insurance premiums from Plaintiff and the Class. First American knew that its assertion in the Affidavit of Compliance that it is in compliance with all applicable provisions of the Insurance Law was false and fraudulent.

i. On April 19th 2004, at approximately 10:49 a.m. First American caused its general agent TGOG to send by facsimile transmission a Settlement Statement to plaintiff Cyfred in order for TGOG to sell

CYFRED, LTD et al. Plaintiffs v. FIRST AMERICAN TITLE INSURANCE COMPANY et al, Defendants
**FIRST AMENDED CLASS ACTION COMPLAINT.**
District Court Civil Case No. 07-00024

Case 1:07-cv-00024 Document 11 Filed 11/02/2007 Page 34 of 46 Page 34

Cyfred a First American lenders policy No. 140182 G-22184 issued to Cyfred by TGOG on behalf of First American on April 19th 2004 at 2:09 p.m.

j.  On April 19th 2004, at approximately 10:49 a.m. First American caused its general agent TGOG to send by facsimile transmission a Settlement Statement to plaintiff Cyfred in order for TGOG to sell Cyfred a First American lenders policy No. 140182 G-22184 issued to Cyfred by TGOG on behalf of First American on April 19th 2004 at 2:09 p.m. which policy form or premium charged was not approved by the Commissioner.

k.  On April 15th 2004, at approximately 11:10 a.m. First American caused its general agent TGOG to send by facsimile transmission a Settlement Statement to plaintiff Cyfred in order for TGOG to sell Cyfred a First American lenders policy No. 110566 G-22185 issued to Cyfred by TGOG on behalf of First American on April 19th 2004 at 3:32 p.m. which policy form or premium charged was not approved by the Commissioner.

130.  Defendant First American issued and caused the issuance of unapproved illegal title insurance policy forms and/or charged unapproved illegal title insurance premiums to Plaintiff and the Class on the date and time, by the agent issuing said policies and to the person to whom said title insurance policies were issued, as part of the objectives of the Racketeering Enterprise, holding out said policies to whom they were issued, as approved and in conformance with the Insurance Law, when it knew

CYFRED, LTD et al. Plaintiffs v. FIRST AMERICAN TITLE INSURANCE COMPANY et al, Defendants
**FIRST AMENDED CLASS ACTION COMPLAINT.**
District Court Civil Case No. 07-00024

Case 1:07-cv-00024    Document 11    Filed 11/02/2007    Page 35 of 46    Page 35

they were not, and, used or caused its agents, on or about the date each policy was issues, to use the mails and wires, used in interstate commerce, to issue said illegal policies and collect said illegal insurance premiums all as part of and in promotion of the objectives of the Racketeering Enterprise.

131.    Defendant PATCO, on behalf of First American and to further the objectives of the Racketeering Enterprise did issue unapproved illegal insurance policies and/or unapproved illegal insurance policy forms to Plaintiff and the Class on the date, time and to the person each of said title insurance policies were issued, and on or about the date each policy was issued, to use the mails and wires, used in interstate commerce, to issue said illegal policies and collect said illegal title insurance premiums on behalf of First American.

132.    Defendant Manu Melwani, on behalf of First American and to further the objectives of the Racketeering Enterprise did supervise, manage and control the activities of PATCO causing it to issue unapproved illegal insurance policy forms and/or charge unapproved illegal insurance premiums to Plaintiff and the Class on the date, time and to the person each of said title insurance policies were issued, and on or about the date each policy was issued, and caused supervised managed and controlled PATCO instructing it to use the mails and wires, used in interstate commerce, to issue said illegal policies and collect said illegal insurance premiums on behalf of First American.

133.    Defendants and each of them have contributed to and supported First American in its efforts to perpetrate this continuing racketeering enterprise to cheat hundreds of

CYFRED, LTD et al. Plaintiffs v. FIRST AMERICAN TITLE INSURANCE COMPANY et al, Defendants
**FIRST AMENDED CLASS ACTION COMPLAINT.**
District Court Civil Case No. 07-00024.

Case 1:07-cv-00024     Document 11     Filed 11/02/2007     Page 36 of 46     Page 36

Guam consumers, the Plaintiff and the Class, and are therefore jointly and severally responsible for all the injury and damages caused by them to Plaintiff and the Class.

134.    Defendants have willfully engaged in the above racketeering activities against Plaintiff and the Class over a significant period of time, and have profited greatly from their activities and inflicted much economic suffering on the entire community of Guam, on Plaintiff and the Class from their activities. Therefore the trebling of any damages caused by Defendants is warranted, along with an award of attorney's fees and costs that should be jointly and severally paid by defendants.

135.    Wherefore Plaintiff and the Class pray for judgment as herein below stated.

## CONSPIRACY TO ENGAGE IN RACKETEERING

136.    Plaintiff and the Class re-allege and incorporate by reference the allegations set forth in each of the preceding paragraphs of this Class Action Complaint.

137.    The Defendants and each of them agreed to maintain an interest in or control of an enterprise described hereinabove, or to participate in the affairs of an enterprise described hereinabove, through a pattern of racketeering described hereinabove, and, the defendants and each of them further agreed that individuals and entities in the Racketeering Enterprise would use the United States Mail and telephones to sell illegal title insurance polices and collect illegal title insurance premiums from Plaintiff and the Class in violation of the laws of Guam and the United States, and the defendants and each of them agreed that someone would perform performed as overt acts and predicate acts alleged herein, in furtherance of said conspiracy and the acts as alleged herein, in furtherance of the objectives of the Racketeering Enterprise and all proximately causing injury and damages to Plaintiff and the Class.

CYFRED, LTD et al. Plaintiffs v. FIRST AMERICAN TITLE INSURANCE COMPANY et al, Defendants
**FIRST AMENDED CLASS ACTION COMPLAINT.**
District Court Civil Case No. 07-00024

Case 1:07-cv-00024    Document 11    Filed 11/02/2007    Page 37 of 46    Page 37

138. Defendants have willfully engaged in the above conspiracy to engage in racketeering activities against Plaintiff and the Class over a significant period of time, and have profited greatly from their activities, and inflicted much economic suffering on the entire community of Guam and Plaintiffs and the Class from their activities. Therefore the trebling of any damages caused by Defendants is warranted along with an award of attorney's fees and costs that should be jointly and severally paid by defendants.

139. Wherefore Plaintiff and the Class pay for judgment as herein below stated.

## EMPLOYMENT IN A RACKETEERING ENTERPRISE

140. Plaintiff and the Class re-allege and incorporate by reference the allegations set forth in each of the preceding paragraphs of this Class Action Complaint.

141. Various shareholders, directors, officers, of First American and some of the Doe defendants including but not limited to Doe Defendant One (1) and Two (2) and their affiliated or related businesses, have controlled, directed or managed the Racketeering Enterprise and criminal activities alleged herein, which has proximately caused damages and injury to Plaintiff and the Class.

142. First American, Melwani, PATCO and all other Doe defendants engaged in the predicate acts of racketeering alleged herein, received income from the racketeering activities alleged herein and used the income earned in their operations and businesses.

143. Defendants, and each of them, have willfully been employed in a racketeering enterprise or benefited from it, and have been engaged in racketeering activities perpetrated against Plaintiff and the Class over a significant period of time, and have profited greatly from their activities and inflicted much economic suffering on the

CYFRED, LTD et al. Plaintiffs v. FIRST AMERICAN TITLE INSURANCE COMPANY et al, Defendants
**FIRST AMENDED CLASS ACTION COMPLAINT.**
District Court Civil Case No. 07-00024
Case 1:07-cv-00024    Document 11    Filed 11/02/2007    Page 38 of 46    Page 38

entire community of Guam, Plaintiff and the Class from their activities. Therefore the trebling of any damages caused by Defendants is warranted along with an award of attorneys' fees and costs that should be jointly and severally paid by defendants.

144. Wherefore Plaintiff and the Class pray for judgment as herein below stated.

### INVESTMENT OF RACKETEERING PROFITS

145. Plaintiff and the Class re-allege and incorporate by reference the allegations set forth in each of the preceding paragraphs of this Class Action Complaint.

146. Defendants and each of them have invested income derived from a pattern of racketeering activities they have perpetrated against Plaintiff and the Class, as said activities are described herein, and have earned significant annual returns from said investments and compounded their earnings by reinvesting said proceeds for a period of years to acquire or maintain an interest in or control of an enterprise engaged in a pattern of racketeering activities.

147. Said illegal income and profits and any benefits derived by the defendants from their racketeering income should be disgorged and paid to Plaintiff and to the Class.

148. Wherefore Plaintiff and the Class pray for judgment as herein below stated.

### ELEVENTH CAUSE OF ACTION
### BREACH OF CONTRACT
#### Asserted by the Plaintiff

149. Plaintiff re-alleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this Class Action Complaint.

CYFRED, LTD et al. Plaintiffs v. FIRST AMERICAN TITLE INSURANCE COMPANY et al, Defendants
FIRST AMENDED CLASS ACTION COMPLAINT.
District Court Civil Case No. 07-00024
Case 1:07-cv-00024    Document 11    Filed 11/02/2007    Page 39 of 46    Page 39

150. Defendant First American was contractually obligated, under the Cyfred Insurance Policy, to provide Cyfred with title insurance coverage as requested by Cyfred in its tender of defense and request for indemnity for the Sananap Action.

151. First American failed and refused to perform its obligations set forth in the Cyfred Insurance Policy in that First American, knowing trial was imminent in the Sananap Action and that Cyfred was incurring significant defense costs, haphazardly investigated Cyfred's claim and delayed responding to the claims for defense and indemnity, and ultimately unreasonably refused to provide Cyfred with a defense as Cyfred had requested for the Sananap Action.

152. As a direct and proximate result of First American's breach of its contractual duties, Cyfred has incurred defense costs that are continuing and which costs have made it impossible for Cyfred to adequately litigate the claims in the Sananap Action exposing Cyfred to the risk of incurring significant judgments against Cyfred, or impairing Cyfred's ability to challenge the existing judgment against Cyfred in the Sananap Action, and has exposed Cyfred to other actual and consequential damages.

153. Wherefore Plaintiff prays for judgment as herein below stated.

### TWLEFTH CAUSE OF ACTION
### BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING
### Asserted by the Plaintiff

154. Plaintiff re-alleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this Class Action Complaint.

155. Defendant First American, at all material times stated herein, had a duty to act fairly, reasonably and in good faith to Cyfred in carrying out its responsibilities under the Cyfred Insurance Policy.

CYFRED, LTD et al. Plaintiffs v. FIRST AMERICAN TITLE INSURANCE COMPANY et al, Defendants
**FIRST AMENDED CLASS ACTION COMPLAINT.**
District Court Civil Case No. 07-00024

Case 1:07-cv-00024   Document 11   Filed 11/02/2007   Page 40 of 46   Page 40

156. Implicit in defendant First American's obligations to act fairly, reasonably and in good faith to Cyfred, was its obligation to sell Cyfred an insurance policy and charge Cyfred insurance premiums approved by the Commissioner, and to ensure that the Cyfred Insurance Policy should have otherwise complied with Guam law.

157. First American had a further duty of good faith and fair dealing implicit in the Cyfred Insurance Policy to fairly, comprehensively and reasonably investigate the claim for insurance coverage made by Cyfred for a defense and for indemnity.

158. First American breached its implicit duty of good faith and fair dealing owed to Cyfred by: a. Failing to promptly, adequately, fairly and reasonably investigate and provide fair coverage for the Sananap Action and before denying Cyfred's tender of defense and request for indemnity, even though First American knew that the Cyfred Insurance Policy was not in compliance with 22 G.C.A. § 18501 and 22 G.C.A. § 18308 and the Insurance Law of Guam, and that the Cyfred Insurance Policy terms were unfair and the premiums paid by Cyfred for said insurance policies were unfair and illegal and that Cyfred expected and should have been provided title insurance coverage; and b. By failing to promptly respond to Cyfred's communications and to its tender of defense and request for indemnity in an effort to delay, impede, discourage and thwart Cyfred from pressing its claims for a defense and for indemnity to which it was entitled under the Cyfred Insurance Policy; and c. By leading Cyfred to believe that First American, after initially and summarily denying its tender of defense and request for indemnity on December 7th 2006, was fairly and fully investigating the facts in good faith in the Sananap Action when in fact, First American was delaying and devising a pretext that it was investigating fairly all in a ruse and charade to

CYFRED, LTD et al. Plaintiffs v. FIRST AMERICAN TITLE INSURANCE COMPANY et al, Defendants
FIRST AMENDED CLASS ACTION COMPLAINT.
District Court Civil Case No. 07-00024

Case 1:07-cv-00024    Document 11    Filed 11/02/2007    Page 41 of 46    Page 41

attempt to limit First American's liability to Cyfred and to deter Cyfred from pressing its claims for insurance coverage from First American.

159.    As a direct and proximate result of First American's breaches of its obligations of good faith and fair dealing owed to Cyfred, it has suffered actual and consequential damages.

160.    In committing the acts alleged herein First American has acted with oppression, fraud, unconscionability and with malicious intent and purpose. All the alleged acts were performed or ratified by First American's managerial employees or its agents and all of whom acted with knowledge that they would cause harm to Cyfred and intended to do so. Cyfred is therefore entitled to an award of punitive damages to be assessed against First American in a sufficient amount to deter and prevent it from engaging in future similar egregious unconscionable conduct.

161.    Wherefore Plaintiff Cyfred prays judgment as herein below stated.

### THIRTEENTH CAUSE OF ACTION
### BREACH OF IMPLIED COVENANT OF
### GOOD FAITH AND FAIR DEALING
### Asserted by the Class

162.    The Class re-alleges and incorporate by reference the allegations set forth in each of the preceding paragraphs of this Class Action Complaint.

163.    First American at all material times stated herein, had a duty to act fairly and in good faith to each member of the Class.

164.    Implicit in defendant First American's obligations to act fairly and in good to each member of the Class were its obligation to sell each member of the Class insurance policies and charge insurance premiums to them approved by the

CYFRED, LTD et al. Plaintiffs v. FIRST AMERICAN TITLE INSURANCE COMPANY et al, Defendants
**FIRST AMENDED CLASS ACTION COMPLAINT.**
District Court Civil Case No. 07-00924

Case 1:07-cv-00924    Document 11    Filed 11/02/2007    Page 42 of 46    Page 42

Commissioner, and which insurance policies should have otherwise complied with Guam law. First American breached this duty of good faith and fair dealing by issuing the Class members who bought insurance policies from First American, title insurance policies and charged them premiums that were unfair and in violation of the laws of Guam.

165. First American had a further duty of good faith and fair dealing implicit to the Denied Claim Subclass to fairly, comprehensively and reasonably investigate claims made by the Denied Claims Subclass for compensation, for indemnity and for a defense.

166. First American breached the implicit duty of good faith and fair dealing owed by them to the Denied Claims Subclass by denying their claims for compensation, tender of defense, request for indemnity and for reimbursement of attorney's fees and costs by First American enforcing what it knew were illegal policies that were unfair to the Denied Claims Subclass and by, the Class believes, in some instances, requiring the Denied Claims Subclass to reimburse First American for attorneys fees and costs First American incurred to enforce denial of benefits by enforcing the terms and conditions of coverage of illegal and unfair policy terms.

167. As a direct and proximate result of First American's breaches of its obligations owed to the Class and the Denied Claims Subclass they have suffered actual and consequential damages.

168. As a direct and proximate result of First American's breaches of its obligations owed to the Denied Claims Subclass they have suffered additional damages and injuries aggravated by First American's illegal conduct, including but not limited to,

CYFRED, LTD et al. Plaintiffs v. FIRST AMERICAN TITLE INSURANCE COMPANY et al, Defendants
FIRST AMENDED CLASS ACTION COMPLAINT.
District Court Civil Case No. 07-00024   Case 1:07-cv-00024   Document 11   Filed 11/02/2007   Page 43 of 46   Page 43

attorney's fees and costs incurred and some members of the Denied Claims Subclass, and some members of the Denied Claims Subclass have been required to pay judgments or other amounts they should not have been required to pay, and which should have been indemnified by First American, for all of which the affected Denied Claims Subclass is entitled to reimbursement and compensation in addition to other actual and consequential damages caused proximately caused to the Class and Denied Claims Subclass by First American.

169.    In committing the acts alleged herein, First American acted with oppression, unconscionability, fraud and malice. All the acts alleged herein were committed by First American's managerial employees or with their knowledge, and they acted knowing that their actions would cause harm to the Class and with enhanced harm and injury to the Denied Claims Subclass.

170.    Wherefore Plaintiff the Class and the Denied Claims Subclass pray judgment as herein below stated.

**WHEREFORE**, Plaintiff, the Class the Denied Claims Subclass and the Deceptive Acts Subclass pray judgment from this Court as follows:

1.  For monetary damages, including but not limited compensatory damages, incidental or consequential damages commensurate with proof at trial owed to Plaintiff, the Class, the Deceptive Acts Subclass the Denied Claims Subclass; and

2.  For treble the compensatory damages owed to Plaintiff, the Class, the Deceptive Acts Subclass and the Denied Claims Subclass and according to proof presented at trial; and

CYFRED, LTD et al. Plaintiffs v. FIRST AMERICAN TITLE INSURANCE COMPANY et al, Defendants
**FIRST AMENDED CLASS ACTION COMPLAINT.**
Case 1:07-cv-00024    Document 11    Filed 11/02/2007    Page 44 of 46    Page 44
District Court Civil Case No. 07-00024

3. For an order enjoining defendants from failing and refusing to make full restitution of all moneys wrongfully obtained by them and money wrongfully obtained by them from reinvesting their ill gotten gains as such ill gotten gains has been compounded since 1994 to the present and which the defendants obtained as a result of the conduct described herein and to the extent consistent with enforcement of the contracts of title insurance First American issued to Plaintiff and the Denied Claims Subclass; and

4. For the imposition of an asset freeze and constructive trust over all moneys unlawfully obtained through defendants unfair, unlawful, deceptive, fraudulent, racketeering activities which, if defendants are allowed to retain, would unjustly enrich them and only to the extent consistent with enforcement of the title insurance policy contracts issued by First American to Plaintiff and the Denied Claims Subclass; and

5. An order that Defendants must make full restitution to Plaintiff, the Class, the Denied Claims Subclass, and the Deceptive Acts Subclass of all their ill gotten gains including any reinvestment profits compounded since 1994, all according to proof presented at trial and only to the extent consistent with enforcement of the title insurance policies purchased by the Plaintiff and the Denied Claims Subclass; and

6. For punitive damages in accordance with proof at trial in such an amount as will deter defendants from such similar future egregious and unconscionable conduct; and

7. For an award of attorneys fees; and

8. For an award of costs and disbursements; and

9. For such other and further relief deemed appropriate, just and proper by this Court.

///

///

CYFRED, LTD et al. Plaintiffs v. FIRST AMERICAN TITLE INSURANCE COMPANY et al, Defendants
**FIRST AMENDED CLASS ACTION COMPLAINT.**
District Court Civil Case No. 07-00024

Case 1:07-cv-00024    Document 11    Filed 11/02/2007    Page 45 of 46    Page 45

## DEMAND FOR JURY TRIAL

Plaintiff, the Class, the Deceptive Acts Subclass and the Denied Claims Subclass demand a jury trial in this action for all claims so triable.

Dated this 1st day of November 2007.

THE VANDEVELD LAW OFFICES, P.C.

CURTIS C. VAN DE VELD
Counsel for Plaintiff, for the Class,
for the Deceptive Acts Subclass, for the
Denied Claim Subclass

CYFRED, LTD et al. Plaintiffs v. FIRST AMERICAN TITLE INSURANCE COMPANY et al, Defendants
FIRST AMENDED CLASS ACTION COMPLAINT.
District Court Civil Case No. 07-00024
Case 1:07-cv-00024    Document 11    Filed 11/02/2007    Page 46 of 46    Page 46