DOOLEY ROBERTS & FOWLER LLP
Suite 201, Orlean Pacific Plaza
865 South Marine Corps Drive
Tamuning, Guam 96913
Telephone No. (671) 646-1222
Facsimile No. (671) 646-1223

Attorneys for Defendant
First American Title Insurance Company

**FILED**
DISTRICT COURT OF GUAM

NOV 1 4 2007

JEANNE G. QUINATA
Clerk of Court

## IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| CYFRED, LTD., for itself and on behalf of other similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>FIRST AMERICAN TITLE INSURANCE COMPANY, PATCO, MANU MELWANI and DOES 1-298, inclusive,<br><br>Defendants. | CIVIL CASE NO. 07-00024<br><br><br>**MEMORANDUM REGARDING SCHEDULING ORDER** |

The parties were unable to agree upon a Scheduling Order. Given the disparity between the dates suggested by Plaintiff Cyfred and Defendant, First American Title Insurance Company ("First American") submits the following memorandum concerning an appropriate Scheduling Order in this case.

### CYFRED'S PROPOSED SCHEDULING ORDER
### SHOULD NOT BE ADOPTED

Federal Rule 16 states, in relevant part:

> ... The judge, or magistrate when authorized by District Court Rule, shall ... enter a scheduling order that limits the time

> 1. To join other parties and to amend the pleadings;

      2. To file and hear motions; and

      3. To complete discovery. (Rule 16(b).

The obvious purpose of the Scheduling Order is to establish timetables by which the case will proceed. (See 6(A) Wright & Miller, "Federal Practice and Procedure" §1522.1.)

While Cyfred's proposed Scheduling Order does suggest various unrealistic and impractical deadlines, it also goes far beyond the scope of an appropriate scheduling order by arguing various points that should be raised, if anywhere, in discovery, class certification or dispositive motions. As an example, the proposed scheduling order states that Cyfred believes it will be required to file a motion or motions to compel production of all documents. (See pages 5-6 of Cyfred's Proposed Scheduling Order). Not only are these unsupported contentions lacking a factual basis, but the argumentative nature and tone thereof is at odds with the Federal Rules of Civil Procedure and local practice regarding scheduling orders. The Court should therefore reject Cyfred's Proposed Scheduling Order.

## A SCHEDULING ORDER IS PREMATURE

1.     <u>The pleadings have not closed</u>. Cyfred recently filed an amended complaint, apparently adding two new defendants. The answers or other responsive pleadings of all defendants will not be due until after the Scheduling Conference. The Court should continue the scheduling conference until the pleadings have closed.

2.     <u>Not all parties have had input as to the proposed scheduling orders</u>. The First Amended Complaint may have added two new parties, although they were not identified as such in the caption or the section captioned "I. <u>PARTIES</u>." Certainly PATCO and Mr. Melwani's input into a scheduling order would be appropriate before issuing a scheduling order governing this

complicated civil litigation. The Court should at least allow PATCO and Mr. Melwani to enter their

appearance in the lawsuit and to provide their input regarding the scheduling order.

## CLASS ACTION LITIGATION IS DIFFERENT AND MORE COMPLICATED THAN INDIVIDUAL CIVIL LITIGATION, THUS REQUIRING EXTENDED DEADLINES

Defendant submitted reasonable scheduling deadlines for the class certification issues.

Cyfred, in contrast, simply states that it intends to file a motion to certify the class and to appoint

Curtis Van de Veld as counsel. No class certification-related deadlines are contained in Cyfred's

proposed scheduling order.

Attached hereto are scheduling orders and related documents issued in various United States

District Courts and state courts. See Exhibits A-D. As shown therein, a regular procedure for

deciding class actions is to first conduct discovery and motion practice regarding the Class

certification issues. Again, Cyfred's purported scheduling order does not establish such a schedule

but merely states that, at the whim of Mr. Van de Veld, such a motion will be filed. This is clearly

inappropriate. Instead, the prosecution of the case should be divided in two phases. The first phase

will involve the class certification issues and the appointment of counsel. See generally FRCP

23(b), (c), (d), and (g). The second phase will concern merits issues.

The United States Supreme Court requires that District Courts must conduct a rigorous

analysis to determine whether the Rule 23 certification requirements are satisfied. General Tel. Co.

of Southwest v. Falcon, 457 U.S. 147, 160 (1982).

Cyfred purport to represent two sub-classes. They are:

  a.  Deceptive Act sub-class; and

  b.  Denied claims sub-class.

As to each putative class, Cyfred has the burden to satisfy the pre-requisites of FRCP 23. See Becnel v. KPMG, 229 FRD 592, 595 (W.D. Arkansas 2005). The Court will need to resolve at least the following questions when deciding class certification:

1. Is the proposed class as defined by Cyfred ascertainable?

2. Is there commonality among the putative class members?

3. Are Cyfred's claims typical of the putative class members' purported claims?

4. Do common questions predominate? Several of the causes of action are personal claims of Cyfred. This raises the question of whether the issues are common to the putative class, or whether Cyfred is merely presenting its own claims.

5. Is Cyfred an adequate and appropriate representative of the class?

6. Are the claims subject to arbitration?

7. Are the claims barred by the applicable statute of limitations?

In addition to issues pertaining to class certification, the Court must also resolve issues pertaining to appointment of class counsel pursuant to Rule 23(g). Because these questions must all be resolved before deciding whether to certify a class, a scheduling order needs to allow sufficient time for discovery and briefing related to class certification. Cyfred's proposal ignores this aspect of the litigation and instead raises specious arguments regarding the merits that are irrelevant to a scheduling order.

## CYFRED'S PROPOSED DATES ARE UNREASONABLE

Cyfred's proposed scheduling order seeks to cut-off discovery by December 31, 2007. (See paragraph 7 of Cyfred's proposed Scheduling Order). But, the parties cannot even initiate discovery at this time because they have not completed the prediscovery requirements of LR 26-2. Even if

discovery were to commence on November 16, immediately after the Scheduling Conference, all discovery would have to be completed by December 31, 2007 or in a period of 6 ½ weeks. Cyfred's suggested dates make a mockery of the scheduling process.

Cyfred's proposed Scheduling Order also indicates that Cyfred intends to "conduct more than ten (10) depositions and" will seek an order "to allow each deposition not to exceed a cumulative 21 hours in length and not more than 7 hours per day." Cyfred does not identify how many more depositions it actually wishes to take. Cyfred's proposed Scheduling Order does not take into account any discovery to be undertaken by the Defendant. Cyfred provides no explanation or reason why the parties should take this number of lengthy depositions or complete discovery within such a short time period. In many class actions, the discovery period is a minimum of six months and very often close to a year. For that matter, Cyfred's Proposed Scheduling Order may be a mathematical impossibility. While Cyfred has not said how many more depositions than ten it intends to take, if one assumes that Cyfred will take 20 depositions at 3 days per deposition, that works out to 60 working days of depositions. Sixty working days translates to approximately 75 calendar days. Seventy-five calendar days from November 16 means that depositions will be undertaken through the end January if one assume that depositions begin on November 19. Obviously, this is well past the December 31 discovery deadline suggested by Cyfred.

In short, Cyfred proposes a completely unreasonable schedule for this lawsuit.

## CYFRED'S SCHEDULING ORDER FAILS TO TAKE INTO ACCOUNT CIVIL CASE NO. 07-00023.

At the same time that Cyfred insists upon taking 60 hours of deposition testimony in the above-captioned matter, Cyfred similarly seek to take the same number of depositions in Civil Case No. 07-00023, <u>Cyfred, Ltd. v. Stewart Title Guaranty Co.</u> In that case, Cyfred proposes a cut-off date for discovery of December 24, 2007. This means that, at the same time that Cyfred is taking more than 10 depositions at 21 hours each of witnesses in the above-captioned matter, Cyfred will also have to be conducting the same amount of discovery in Civil Case No. 07-00023. The discovery cut-off dates suggested by Cyfred are simply impossible.

## CONCLUSION

First American respectfully requests that this Court issue a reasonable schedule that is manageable for the parties and the Court. First American submitted a proposed scheduling order that allows a reasonable amount of time for the class certification part of the case and contemplates an orderly process and time period for the merits phase as well. In contrast, Cyfred proposed a schedule that fails to provide sufficient time for litigating a complex class action and utterly ignores a schedule for the class certification phase. As a result, Cyfred's Proposed Scheduling Order should be rejected.

DOOLEY ROBERTS & FOWLER LLP

Date: *November 14, 2007*     By: *Seth Forman*

                                  *for* **DAVID W. DOOLEY**
                                   Attorneys for Defendant
                                   First American Title Insurance Company

# IN THE UNITED STATE DISTRICT COURT FOR THE MIDDLE DISTRICT OF GEORGIA COLUMBUS DIVISION

| | | |
|---|---|---|
| KIMBERLY M. ADAMS, Individually and on behalf of a class of persons similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION FILE NO: 4:05CV132 |
| v. | ) ) | |
| MONUMENTAL GENERAL CASUALTY COMPANY, a corporation, | ) ) ) | ) ) |
| Defendant. | ) | |

## SCHEDULING ORDER

### I.  STATEMENT OF THE CASE

This is a proposed class action seeking refunds of unearned premiums on single premium credit insurance contracts (including GAP, credit life and credit disability insurance), sold by Monumental General Casualty Company ("Monumental") due to early termination of the loans. Monumental has stated in its Answer that GAP, which provides casualty coverage not credit insurance, is the only product alleged by plaintiff that it sells.

## II.   GENERAL INFORMATION

The following are lead counsel for the parties:

Counsel for the Plaintiff
Charles A Gower
1425 Wynnton Road
Post Office Box 5509
Columbus, Ga 31906
(706) 324-5685

Ben B. Philips, Esq.
Post Office Box 2808
Columbus, Georgia 31902
(706) 323-6461

Counsel for Defendant W, G.
Scrantom, Jr., Esq.
Post Office Box 1199
Columbus, Georgia 31902
(706) 324-0251

Joel S. Feldman
Gerald L. Angst
Melanie Jo Triebel
Sidley Austin LLP
One S. Dearborn Street
Chicago, Illinois 60603
Tel (312) 853-7000
Fax (312) 853-7036

## III.   Rule 16(B)

1)      The Complaint was filed on November 21, 2005. The answer was filed on

January 6, 2006.

2)      The parties shall complete fact and expert discovery on all matters relating to

class certification by July 15, 2006 and all matters in the case by September 1, 2006.  The parties

have agreed to give priority to discovery on matters relating to class certification and reserve the

right to request the Court to provide additional time to complete discovery after it rules on class

certification, if needed.

2

3)     Any motions to amend the pleadings, including motions to join additional parties, shall be filed by April 1, 2006.

4)     The parties must provide Initial Disclosures under Rule 26(a) by April 1, 2006.

5)     Plaintiff shall file her motion for class certification and any supporting brief and materials by September 1, 2006.

6)     Defendant shall file its brief and any other materials in opposition to Plaintiff's Motion for Class Certification by October 2, 2006.

7)     Plaintiff has until October 16, 2006 to file a reply.

8)     A hearing on the Motion for Class Certification shall be held on

_____.

9)     Dispositive motions shall be filed within 45 days following the Court's ruling on class certification.

## IV.   PROPOSED PLAN AND SCHEDULE OF DISCOVERY

1)     Written Discovery.

The parties may engage in any written discovery authorized by the Federal Rules of Civil Procedure. The parties are allowed up to 35 interrogatories and 25 requests to produce. The parties reserve the right to request leave to serve additional interrogatories and requests to produce, if needed.

2)     Depositions. The following persons may be deposed at a convenient time and place: (a) Plaintiff; and (b) Rule 30(b)(6) Representative(s) of the Defendant. Both parties agree and acknowledge that certain additional witnesses, both lay and expert, may be identified as the process of discovery continues. Each party agrees (if requested) to the taking of each

3

witness's deposition so identified, if appropriate, upon reasonable notice of the opposite party, prior to the close of discovery. In additional each party reserves the right to take depositions for the preservation of testimony after discovery closes, so as not to delay trial.

3) The Court's rule 16 and 26 Order sets forth deadlines by which the parties must identify experts. The parties are unable to identify experts at this time because the issues are not delineated as of yet to know what area of testimony might be needed, if any.

4) At the present time there are no limitations necessary to be placed on discovery, other than those contained in the Federal Rules of Civil Procedure and the local rules of this Court.

5) The Court will set additional deadlines as necessary following its ruling on class certification.

This 24th day of February, 2006.

Respectfully submitted:

Post Office Box 5509
Columbus, Georgia 31906
(706) 324-5685

_____
CHARLES A. GOWER
Georgia Bar No.: 303500
Attorney for Plaintiffs

Post Office Box 1199
Columbus, Georgia 31902
(706) 324-0251

_____
W.G. SCRANTOM, Jr., Esq.
Georgia Bar No.: 632700
Attorney for Defendant

4

## ORDER

The above shall constitute the Scheduling Order in the above-captioned case.

SO ORDERED this _____ day of _____, 2006

_____
CLAY LAND, Judge
United States District Court

5

**STATE OF NEW MEXICO**
**COUNTY OF SANTA FE**
**FIRST JUDICIAL DISTRICT COURT**

CHARLES G. BERRY ,
for himself and all others similarly situated,

         Plaintiffs,                 Case No. D-0101-CV-2000-2603

v.

JACKSON NATIONAL LIFE INSURANCE
COMPANY, a Michigan corporation,

         Defendant.

## PRE-TRIAL SCHEDULING ORDER FOR CLASS CERTIFICATION

    The Court, upon stipulation of the parties and being fully advised in the premises,

ORDERS that the Pretrial Scheduling Order entered on January 17, 2006, shall be amended and

modified as follows:

    1.    **DISCOVERY:**  Discovery directed at the propriety of certifying the proposed

class shall be completed on or before December 4, 2006.  Written Class Certification discovery

requests shall be served in sufficient time to allow response before the close of class discovery.

All motions relating to Class Certification discovery shall be filed within one week after the

close of Class Certification discovery.  Such deadlines do not operate to bifurcate discovery, and

the parties shall not be precluded from conducting merits discovery at the same time Class

Certification discovery is conducted.

    2.    **AMENDMENT OF PLEADINGS:** Plaintiff Charles Berry filed his Second

Amended Complaint on April 10, 2006. No other amendments are contemplated at this time.

    3.    **WITNESSES:**  The parties shall file a list of their fact witnesses for Class

Certification on or before November 3, 2006.

The parties shall file a list of their expert witnesses for Class Certification on the following schedule: (1) on or before September 22, 2006, plaintiff shall provide to defendant his list of expert witnesses and provide substantive responses and responsive documents to defendant's discovery requests relating to plaintiff's experts; (2) within 21 days of plaintiff's disclosure of his expert witnesses, defendant shall depose these witnesses; (3) within 14 days thereafter, defendant shall disclose to plaintiff its expert witnesses as well as provide substantive responses and responsive documents to plaintiff's discovery requests relating to defendant's experts; (4) within 21 days of defendant's disclosure of its expert witnesses, plaintiff shall depose these witnesses.

If plaintiff does not disclose any expert witnesses for Class Certification, plaintiff shall so notify defendant on or before September 22, 2006; within 21 days thereafter, defendant shall disclose its expert witnesses for Class Certification and otherwise provide substantive responses to plaintiff's discovery requests relating to defendant's experts, and plaintiff shall depose such expert witnesses within 21 days of defendant's disclosure. Within 14 days after deposing defendant's expert witnesses, plaintiff shall have the right to disclose any rebuttal expert witnesses and shall at that time also provide substantive responses to defendant's discovery requests relating to plaintiff's disclosure. All disclosed witnesses shall be promptly made available for deposition by the other party.

All affidavits, depositions and other documentary evidence submitted pursuant to Rule 1-007.1(C) NMRA 2006 shall be attached to the Class Certification briefs or included in appendices filed contemporaneously therewith. No affidavit, deposition, or other documentary evidence shall be received on Class Certification unless attached to the Class Certification briefs or included in contemporaneously-filed appendices. If any such witness affidavits or

2

documentary evidence submitted by either party raises new issues, the submitting party shall immediately make the appropriate witness available for deposition by the other party. No affidavit, deposition or documentary evidence shall be attached to the Class Certification briefs or included in accompanying appendices unless the witness or the documentary evidence has been disclosed to the other party within the periods set forth herein. If either party believes that live witnesses should be heard at the Class Certification hearing, such party shall, not later than September 22, 2006, file a motion seeking leave of Court to call live witnesses. Such motion shall identify any proposed live witnesses, state the substance of their anticipated testimony, and state why live testimony as opposed to deposition, affidavit or other documentary evidence is necessary for the Court to decide class certification issues. Response and reply briefs shall be filed according to the time periods set out in Rule 1-007.1 NMRA 2006.

4. **EXHIBITS:** The parties shall file no later than 7 days prior to the Class Certification hearing a list of all exhibits expected to be submitted at the Class Certification hearing. No exhibits will be admitted on Class Certification unless they have been attached to the briefs on class certification.

5. **CLASS CERTIFICATION BRIEFING:** Plaintiff shall file his brief supporting Class Certification on December 22, 2006. Defendant shall file its Response brief on January 29, 2007, and Plaintiff shall file his reply brief on February 28, 2007. Page limits for the opening and response briefs filed pursuant to this paragraph shall be limited to 35 pages, not including exhibits. The reply brief shall be limited to 20 pages.

6. **CLASS CERTIFICATION HEARING:** The hearing on Plaintiffs' motion for class certification is set for one day on _____ ___, 2007, beginning at ____ _.m., at the Steve

3

Herrera Judicial Complex. The evidence presented at the hearing shall be limited to contested issues of fact regarding certification of Plaintiff's proposed class.

_____
Timothy L. Garcia,
District Judge, Division V

List of Counsel Served:

John M. Eaves, Esq.
Karen S. Mendenhall, Esq.
EAVES & MENDENHALL, P.A.
Post Office Box 35670
Albuquerque, New Mexico 87176

Alan Konrad, Esq.
1619 Arcadian Trail NW
Albuquerque, NM 87107
(505) 345-0467 / FAX: (505) 348-7310

McCARY, WILSON & PRYOR
Floyd D. Wilson, Esq.
Alan R. Wilson, Esq.
6707 Academy, N.E.
Albuquerque, NM 87109
(505) 857-0001 / FAX: (505) 857-0008

Dennis M. McCary, Esq.
McCARY, WILSON & PRYOR
Post Office Box 67188
Albuquerque, NM 87193-7188
(505) 792-1664

Faith Kalman Reyes, Esq.
Thomas A. Simons IV, Esq.
SIMONS & SLATTERY
Post Office Box 5333
Santa Fe, New Mexico 87502-5333
(505) 988-5600
(505) 982-0185 (fax)

4

Joel S. Feldman, Esq.
Bruce Braverman, Esq.
SIDLEY AUSTIN, LLP
One South Dearborn Street
Chicago, Illinois 60603
(312) 853-7000
(312) 853-7036 (fax)

F:\CLIENT\In14\010 - Jackson\drafts\SchedOrd

5

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN MIMS, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 3-07-CV-1078-N |
| | § | |
| STEWART TITLE GUARANTY | § | |
| COMPANY, | § | |
| | § | |
| Defendant. | § | |

## ORDER REQUIRING CLASS CERTIFICATION
## STATUS AND SCHEDULING CONFERENCE

Plaintiffs' agreed motion to extend time to file for class certification is denied.
Pursuant to the Federal Rules of Civil Procedure, the Local Rules of this Court, and the Civil
Justice Expense and Delay Reduction Plan for the Northern District of Texas, the Court
issues this Order to facilitate early consideration of settlement and entry of a scheduling order
under Rule 16(b).

1.     The requirement of Local Rule 23.2 that a motion for class certification be filed
within ninety (90) days of filing of a class action complaint is suspended in this case pending
further order of the Court.

2.     The parties are directed to confer within 14 days of the date of this Order
regarding the following matters, and report to the Court within 14 days after the conference
the parties' position:

a.     a <u>brief</u> statement of the nature of the case and the contentions of the parties;

ORDER – PAGE 1

**EXHIBIT C**

b.     a description of the proposed class, including an estimate of the size;

c.     identification of other litigation involving the same or similar subject matter, including style, cause number, court, and the date filed;

d.     the status of settlement discussions (excluding any discussion of amounts);

e.     possible joinder of additional parties;

f.     any anticipated preliminary motions, including motions to dismiss, transfer, consolidate, or for summary judgment, and whether those motions should be resolved before proceeding with class discovery or filing a motion for class certification; and

g.     discovery, including the following:

i. stay of merits discovery pending a decision on class certification;

ii. any discovery needed for preliminary motions;

iii. any discovery needed for class certification;

iv. length of time needed for discovery for class certification; and

v. any proposed limits on class certification discovery.

3.     The parties are directed to hold the conference required by Rule 26(f) within 14 days of the date of this Order and report to the Court as required by that Rule.

4.     The parties' Rule 26(f) report does not need to include suggested discovery deadlines. The Court's scheduling order will include default scheduling deadlines. The scheduling order provides that the parties are free to alter those deadlines by written agreement, to conform to any agreed discovery plan under Rule 26(f) or otherwise, without the necessity of motion or order.

ORDER – PAGE 2

5.    The reports required by paragraphs 2 and 3 of this Order should be contained in a single document. Upon receipt of that report, the Court will enter a scheduling order without the necessity of a scheduling conference with the Court, unless otherwise ordered. Requests for extension of the deadlines contained in this Order are unlikely to be granted due to the time constraints of Rule 16(b).

Signed October 26, 2007.

David C. Godbey
United States District Judge

ORDER – PAGE 3

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| BEZALEL CHESNER, ET AL., )<br><br>Plaintiffs, )<br><br>vs. )<br><br>STEWART TITLE GUARANTY<br>COMPANY, )<br><br>Defendant. ) | CASE NO. 1: 06CV0476<br><br>JUDGE CHRISTOPHER A. BOYKO<br><br><br>**JOINT MOTION TO EXTEND<br>DEADLINES** |

Plaintiffs Bezalel Chesner and Lia Chesner and Defendant Stewart Title Guaranty Company, by and through undersigned counsel, hereby move this Honorable Court to extend the previously agreed to deadlines in accordance with the following schedule. The parties to this statewide class action case have diligently sought to work through complex discovery issues involving a stipulated protective order, compilation of computer data from a variety of sources and computer systems, compilation of written discovery responses and documents for inspection and a series of depositions. The timetable set by the parties at the June 2, 2006 Case Management Conference has proven to be overly optimistic. The parties have conferred and determined that an extension of all deadlines leading up to a hearing on class certification is

appropriate at this time.[1]  Given the circumstances described herein, and seriousness of the claims and defenses to class certification, the parties now jointly move this Honorable Court to extend the previously set deadlines to the following schedule:

| | |
|---|---|
| Discovery Cutoff | February 15, 2007 |
| Plaintiffs' Expert Report Due | February 15, 2007 |
| Plaintiffs' Class Action Brief Due | March 15, 2007 |
| Defendant's Expert Report Due | March 15, 2007 |
| Defendant's Class Action Brief Due | April 15, 2007 |

This Motion is not filed for purposes of delay.  Over the past several months, the parties have completed significant discovery, and are scheduled to complete all of the relevant fact witness depositions on December 20-21, 2006 and January 10-13, 2007.  In addition, Plaintiffs have reviewed Defendant's computer database and have identified several hundred sample transaction files for review.  Defendant is in the process of gathering these files.  It is anticipated that the file review will readily be completed by mid-February 2007.

In the event this Court wishes further explanation or to discuss this proposed schedule or other issues in this case, counsel are available at the Court's convenience for a telephone or in-person status conference.

## CONCLUSION

For the foregoing reasons, the parties jointly move this Honorable Court to extend the deadlines previously set pursuant to the suggested new schedule.

---

[1] In November 2006, the parties prepared and planned to file a Joint Motion to Extend Discovery Deadline, seeking leave of Court to continue class certification discovery to January 15, 2007.  Unfortunately, due to a clerical error by Plaintiffs' counsel's office, the Motion was inadvertently not filed with the Court, although counsel for the parties thought it had been.

Respectfully submitted,


/s/ Mark R. Koberna
MARK R. KOBERNA (0038985)
RICK D. SONKIN (0038771)
MARK E. OWENS (0068335)
MARGARET M. METZINGER (0065624)
3401 Enterprise Parkway, Suite 400
Cleveland, Ohio 44122
(216) 514-8300
(216) 514-4467 (facsimile)
mark@sonkinkoberna.com
rick@sonkinkoberna.com
marko@sonkinkoberna.com
mmmetz@sonkinkoberna.com
*Attorney for Plaintiffs*
*Bezalel Chesner, et al*


/s/ David D. Yeagley per telephone consent
David D. Yeagley, Esq. (0042433)
Shannon L. Katz (0079348)
Ulmer & Berne, LLP
1100 Skylight Office Tower
660 West 2nd Street
Cleveland, Ohio 44113
(216) 583-7216
(216) 583-7217
dyeagley@ulmer.com
skatz@ulmer.com
*Attorneys for Plaintiffs*

Of Counsel:

Donna L. Wilson, Esq.
Andrew S. Wein, Esq.
Marla H. Kanemitsu, Esq.
GILBERT HEINTZ & RANDOLPH LLP
1100 New York Avenue, Suite 700
Washington, D.C. 20005

3

William H. Narwold, Esq.
Suzanne Lafleur Klok, Esq.
Ingrid L. Moll, Esq.
MOTLEY RICE, LLC
28 Bridgeside Boulevard
Mt. Pleasant, South Carolina 29465

MOTLEY RICE, LLC
One Corporate Center
20 Church Street, 17th Floor
Hartford, CT 06103

/s/ Deborah A. Coleman per telephone consent
Deborah A. Coleman, Esq.
Hahn Loeser & Parks LLP
3300 BP Tower
200 Public Square
Cleveland, OH 44114
dacoleman@hahnlaw.com

/s/ Jeffrey E. Crane per telephone consent
Jeffrey E. Crane, Esq.
Sidney Austin LLP
One South Dearborn Street
Chicago, IL 60603
jcrane@sidley.com
*Attorneys for Defendant Stewart Title
Guaranty Company*

4