BERMAN O'CONNOR & MANN
Suite 503, Bank of Guam Building
111 Chalan Santo Papa
Hagatna, Guam 96910
Telephone (671) 477-2778
Facsimile (671) 477-4366



**FILED**
**DISTRICT COURT OF GUAM**

NOV 2 6 2007

**JEANNE G. QUINATA**
**Clerk of Court**

Attorneys for Defendants
Pacific American Title Insurance & Escrow Company, Inc.
and Manu Melwani

## IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| CYFRED, LTD., for itself and on behalf of other similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> FIRST AMERICAN TITLE INSURANCE COMPANY, PATICO, MANU MELWANI and DOES 1-298, inclusive, <br><br> Defendants. | CIVIL CASE NO. 07-00024 |

## MEMORANDUM OF POINTS AND AUTHORITIES
## IN SUPPORT OF MOTION TO DISMISS

ORIGINAL

# TABLE OF CONTENTS

**Page**

I.    **INTRODUCTION** ..................................................................................... 1

II.   **FACTS AND PROCEDURAL BACKGROUND** ...................................... 2

     A.    **Cyfred's Transaction** ................................................................................ 2

     B.    **Guam Insurance Law Provides an Administrative Remedy for Remedy for Insurance Grievances** ................................................................. 3

III.   **LEGAL STANDARD** ............................................................................ 4

IV.   **LEGAL ARGUMENT** ............................................................................ 5

     A.    **Cyfred's Claims Should Be Dismissed Because It Has Failed To Exhaust Its Administrative Remedies** ................................. 5

         1.    **The Doctrine Of Exhaustion Of Administrative Remedies** ........................................................................................... 5

             a.    **Failure to Exhaust Administrative Remedies Is Grounds for Dismissal Under FED. R. CIV. P. 12(b)(1)** .............................................. 6

             b.    **Failure To Exhaust Administrative Remedies Is Grounds For Dismissal Under FED. R CIV. P. 12(b)(6)** .............................................. 7

         2.    **There Are Administrative Remedies Available To Cyfred Under Guam Law** ............................................................. 7

         3.    **Cyfred Must Exhaust Its Administrative Remedies Before Filing Suit In This Court** ....................................................... 8

     B.    **Cyfred Has Failed to Plead Fraud Properly** ................................................. 9

         1.    **Cyfred Has Failed To Plead Fraud With Sufficient Particularity In The First And Second Causes Of Action** .................................................................................................. 9

         2.    **Cyfred Has Failed To Plead Damages Relating To The Allegedly Illegal Policies With Particularity In The First Cause of Action** ................................................................. 12

i

C.  Cyfred's Thirteenth Cause Of Action For Breach Of Duty
    Of Good Faith And Fair Dealing Fails To State A Claim
    Because It Is Not A Separate Cause Of Action .......................................... 14

D.  Cyfred's Claim In The Fifth Cause Of Action For Unjust
    Enrichment Fails Because Its Claim Is Based On
    Alleged Contracts And Because It Has An Adequate
    Remedy at Law .......................................................................................... 15

    1.  Cyfred's Claim In The Fifth Cause Of Action For
        Unjust Enrichment Fails Because Its Claim Is
        Based On Alleged Contracts ............................................................ 15

    2.  Cyfred's Claim In The Fifth Cause Of Action For
        Unjust Enrichment Fails Because Cyfred Has An
        Adequate Remedy at Law ................................................................ 16

    3.  Unjust Enrichment Is Not a Separate Cause of Action ................. 17

V.  CONCLUSION ...................................................................................................... 18

# TABLE OF AUTHORIES

**Page(s)**

**Cases**

422 W. 15th St., Inc. v. Estate of Johnson, 258 A.D. 227, 16 N.Y.S. 2d 283 (1939) ............................................................................................................... 12

A & A Metal Bldgs. v. I-S, Inc., 274 N.W. 2d 183, 189 (N.D. 1978) ................................... 16

Abelleira v. District Court of Appeal, 17 Cal. 2d 280, 109 P. 2d 942 (1941) ......................... 5

Alaska Sales & Service, Inc. v. Millet, 735 P.2d 743 (Alaska 1987) ..................................... 17

Allstate Insurance Co. v. Morgan Guarantee Trust Co. of N.Y., 1994 U.S. Dist. LEXIS 1570 (N.D. Ill.) ............................................................................... 17

Amoco Production Co. v. Smith, 946 S.W.2d 162 (Tex. App. 1997) .................................... 17

Autrey v. Chemtrust Industries Corp., 362 F. Supp. 1085 (D. Del. 1973) ........................ 4, 10

Beck v. Cantor, Fitzgerald & Co., 621 F. Supp. 1547 (E.D. Ill. 1985) ................................. 11

Bell. Atl. Corp. v. Twombly, 127 S. Ct. 1955 (2007) ............................................................... 4

Borsellino v. Goldman Sachs Group, Inc., 477 F. 3d 502 (7th Cir. 2007) ............................. 10

Carlson v. Perez, 2007 Guam 6 ..................................................................................... 6, 7, 9

Castro v. NYT Television, 851 A.2d 88, 98 (N.J. Super. App. Div. 2004) ........................... 17

Cholla Ready Mix, Inc. v. Civish, 382 F. 3d 969 (9th Cir. 2004) ............................................. 4

Commerce Park at DFW Freeport v. Mardian Construction Co., 729 F. 2d 334 (5th Cir. 1984) ............................................................................................... 13

Coonly v. Rotan Mosle, Inc., 630 F. Supp. 404 (W.D. Tex. 1985) ....................................... 13

County of Santa Clara v. Astra United States, Inc., 428 F. Supp. 2d 1029 (N.D. Cal. 2006) ............................................................................................................ 11

Creager v. Yoshimoto, 2007 U.S. Dist. LEXIS 77309 (N.D. Cal.) ....................................... 17

Criscuolo v. Shaheen, 736 A. 2d 947 (Super. Ct. 1999) ........................................... 12, 13, 14

iii

**Cases (Continued)**

Daspit v. Alexandria, 342 So. 2d 683 (La. App. 1977), cert. denied,
344 So. 2d 1056 (La. 1977) ................................................................................ 16

Deluna v. Guam Memorial Health Plan, D. Guam App. Div. No.
CV 96-0025A (Opinion, May 28, 1998) ............................................................ 14

Economopoulos v. Kolaitis, 259 Va. 806, 528 S.E. 2d 714 (2000) ....................... 12

Erwin v. State, 7 OTR 539, 1978 Ore. Tax LEXIS 34 (1978) ................................. 7

First National Bank v. First Maryland Leasecorp., 582 F. Supp.
853 (E.D. La. 1984) .......................................................................................... 16

Granholm ex rel. Michigan Department of Natural Resources v. FERC,
336 App. D.C. 343, 180 F. 3d 278 (1999) .......................................................... 6

Hayduk v. Lanna, 775 F. 2d 441 (1st Cir. 1985) ................................................... 11

Heldenfels Bros. v. City of Corpus Christi, 832 S.W. 2d 39 (Tex. 1992) ............... 15

Helfant v. Louisiana & Southern Life Insurance Co., 459 F. Supp. 720
(E.D.N.Y. 1978) ............................................................................................. 4, 10

Hemlani v. Flaherty, 2003 Guam 17 .................................................................... 12

Holmin v. TRW, Inc., 330 N.J. Super. 30, 748 A. 2d 1141 (App. Div. 2000),
aff'd, 167 N.J. 205, 770 A. 2d 283 (2001).................................................... 12, 14

Humbert v. Castro Valley Fire Protection District, 214 Cal. App. 2d
1, 29 Cal. Rptr. 158 (1963) ................................................................................ 6

Indy Lube Invs., L.L.C. v. Wal-Mart Stores, Inc., 199 F. Supp. 2d 1114
(D. Kan. 2002) ................................................................................................ 12

International Patrol and Detective Agency, Inc. v. Aetna
Casualty & Surety Co., 396 So. 2d 774 (Fla. App. 1981) ...................................... 8

Jepson, Inc. v. Makita Corp., 34 F. 3d 1321 (7th Cir. 1994) ................................. 10

Kanazawa v. Sound, Unlimited, 440 F.2d 1239 (9th Cir. 1971) ............................ 14

## Cases (Continued)

Kazmaier Supermarket, Inc. v. Toledo Edison Co., 61 Ohio St.
3d 147, 573 N.E. 2d 655 (1991) .......................................................................................... 5-6

Khan Air, LLC v. United States Aircraft Insurance Group,
2005 U.S. Dist. LEXIS 27524 (W.D. Wash.) ....................................................................... 12

Kilduff v. Adams, Inc., 219 Conn. 314, 593 A. 2d 478 (1991) ........................................ 12, 13

Lakota Local Sch. Dist. Bd. of Educ. v. Brickner, 108 Ohio App.
3d 637, 671 N.E. 2d 578 (1996) ............................................................................................ 15

Landau v. Wolverine Hotel, 33 F. Supp. 705 (N.D. Ill. 1940) ................................................ 7

Lopez v. Civil Service Commission, 232 Cal. App. 3d 307, 283
Cal. Rptr. 447 (1991) ............................................................................................................... 6

Marley v. Drexel Burnham Lambert, Inc., 566 F. Supp. 333
(N.D. Tex. 1983) ................................................................................................................. 13-14

Maryland Reclamation Assocs. v. Hartford County, Maryland,
382 Md. 348, 855 A. 2d 351 (App. 2004) ............................................................................... 5

McKesson HBOC, Inc. v. New York State Common Retirement Fund,
339 F. 3d 1087 (9th Cir. 2003) ............................................................................................. 16

Melchior v. New Line Productions, Inc., 106 Cal.App.4th 779,
131 Cal. Rptr. 2d 347 (2003) ................................................................................................. 17

Midcoast Aviation, Inc. v. Gen. Elec. Credit Corp., 907 F. 2d 732 (7th Cir. 1990) ............. 15

Midwest Commerce Banking Co. v. Elkhart City Ctr., 4 F.3d 521 (7th Cir. 1993) ............... 14

Minyard v. Curtis Products, Inc., 251 La. 624, 205 So. 2d 422 (1967) .................................. 17

Morales v. Trans World Airlines, Inc., 504 U.S. 374, 112 S. Ct. 2301 (1992) ..................... 16

Navarro v. Block, 250 F. 3d 729 (9th Cir. 2001) ...................................................................... 4

New Image Laboratories, Inc. v. Stephan Co., 34 Fed. Appx. 338 (9th Cir. 2002) .............. 15

In re One Bancorp Sec. Litigation, 135 F.R.D. 9 (D. Me. 1991) ........................................... 11

**Cases (Continued)**

Pitten v. Jacobs, 903 F. Supp. 937 (D.S.C. 1995) .................................................................... 10

Quichocho v. Macy's West Inc., Guam Super. Ct. CV0209-04
(D & O, Apr. 17, 2006) ...................................................................................................... 16-17

Richardson v. American Home Shield of Texas, Inc.,
2006 U.S. Dist. LEXIS 31794 (S.D. Tex.) ........................................................................... 10

Rizzo Pool Co. v. Del Grosso, 232 Conn. 666, 657 A. 2d 1087 (1995) ........................... 12, 13

Salvation Army v. Blue Cross & Blue Shield of Northern Ohio,
92 Ohio App. 3d 571, 636 N.E. 2d 399 (1993) ....................................................................... 8

Seattle Pacific Industries v. Melmarc Products, 2007 U.S. Dist.
LEXIS 7547 (W.D.Wash. 2007) ........................................................................................... 12

Shaw v. Hyatt Int'l Corp., 461 F. 3d 899 (7th Cir. 2006) ...................................................... 15

Simpson v. AOL Time Warner Inc., 452 F. 3d 1040 (9th Cir. 2006) ........................................ 4

Snyder v. Lincoln General Insurance Co., 1997 Ohio App.
LEXIS 2011, app. dismissed, 684 N.E. 2d 89 (Ohio 1997) ................................................... 12

Tanaguchi-Ruth + Assocs. v. MDI Guam Corp., 2005 Guam 7 ............................................ 15

Thompson v. American Home Shield of Texas, Inc., 2006
U.S. Dist. LEXIS 31794 (S.D. Tex. 2006) ............................................................................ 10

Thompson v. Columbia/HCA Healthcare Corp., 125 F.3d
899, 903 (5th Cir. 1997)........................................................................................................ 11

Trans Pac. Exp. Co. v. Oka Towers Corp., 2000 Guam 3 ...................................................... 12

Triton Lines, Inc. v. Steamship Mutual Underwriting Association,
707 F. Supp. 277 (S.D. Tex. 1989) ....................................................................................... 13

United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.,
125 F. 3d 899 (5th Cir. 1997) .............................................................................................. 11

Waters v. Churchill, 511 U.S. 661, 114 S. Ct. 1878 (1994) ................................................... 14

vi

## Cases (Continued)

Westinghouse Elec. Corp. v. County of Los Angeles,
42 Cal. App. 3d 32, 116 Cal. Rptr. 742 (1974), app. dismissed,
422 U.S. 1001 (1975) ........................................................................................... 7

Westlake Community Hospital v. Superior Court, 17 Cal. 3d
465, 131 Cal. Rptr. 90, 551 P. 2d 410 (1976)........................................................ 6, 9

Whitehead v. Zurich American Insurance Co., 348 F. 3d 478 (5th Cir. 2003) ........................ 7

Wilkinson v. Jones, 2004 Guam 14 ........................................................................... 12

Wilkinson v. Norcal Mutual Insurance Co., 98 Cal. App. 3d 307,
159 Cal. Rptr. 416 (1979) ..................................................................................... 8-9

Zicklin v. Breuer, 534 F. Supp. 745 (S.D.N.Y. 1982) ............................................... 11


## Statutes, Rules and Constitutional Provisions

Fed. R. Civ. P. 9(b) ................................................................................... 2, 4, 9, 10, 11

Fed. R. Civ. P. 12(b) .................................................................................... 4

Fed. R. Civ. P. 12(b)(1) .................................................................................. 1, 6

Fed. R. Civ. P. 12(b)(6) ........................................................................... 1, 2, 4, 7, 12

12 GAR § 1119(a) ......................................................................................... 4, 7

12 GAR § 1128 ............................................................................................ 4

5 GCA §32104(c) ......................................................................................... 13

11 GCA § 103102 ......................................................................................... 3

11 GCA § 103102(a) ..................................................................................... 3

11 GCA § 103102(f) ..................................................................................... 3

11 GCA § 103103 ......................................................................................... 3

## Statutes, Rules and Constitutional Provisions (Continued)

11 GCA § 103103(a)(4)(ii) .......................................................................................... 3

11 GCA § 103103(f) .................................................................................................... 3

11 GCA § 13105 .......................................................................................................... 3

11 GCA § 13107 .......................................................................................................... 3

22 GCA § 18308 .......................................................................................................... 5

22 GCA § 18501 .......................................................................................................... 5

9 U.S.C. §1 ................................................................................................................. 14

9 U.S.C. §2 ................................................................................................................. 13

15 USC § 1011 ............................................................................................................. 9

15 USC § 1012(a) ........................................................................................................ 9

15 USC § 1012(b) ........................................................................................................ 9

15 USC § 1015 ............................................................................................................. 9

## Treatises and Miscellaneous

Couch Cyclopedia of Insurance Law § 21:17 (2d ed. rev. 1984) ............................... 8

## I.    INTRODUCTION

Plaintiff Cyfred, Ltd. ("Cyfred") filed its first Class Action Complaint on August 27, 2007, and named First American Title Insurance Co. ("First American") as the only party defendant. Therein Cyfred claimed that First American violated Guam insurance law related to the approval of policy forms and rates. Cyfred alleged that in 2002 Cyfred purchased one mortgage title insurance policy through First American's agent Pacific American Title Insurance & Escrow Co. ("PATICO") to insure its security interest in one lot in Yigo, paying First American a premium for the policy. Cyfred claimed that First American did not obtain approval for its forms or rates from the Guam Insurance Commissioner in violation of Guam law. Cyfred further claimed that First American officers conspired to file fraudulent Affidavits of Compliance with the Commissioner to maintain its license to sell title insurance in Guam.

On November 2, 2007, Cyfred filed its First Amended Class Action Complaint ("FACAC") and for the first time named as party defendants PATICO and Manu Melwani in his individual capacity. Therein Cyfred, as pertains to PATICO and Manu Melwani, alleged that they essentially served as the General Agent for First American for the wrongful sale of title insurance policies and for the wrongful collection of premiums on said title insurance policies. As part of this same alleged wrongful conduct of PATICO and Manu Melwani, Cyfred also alleged that they both violated the Racketeering Influenced and Corrupt Organization Act ("RICO").

Under Guam law, administrative procedures and remedies exist for violations of the laws concerning insurance. Rather than pursuing these remedies, as required, Cyfred filed this action. PATICO and Manu Melwani thus move to dismiss Cyfred's FACAC pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) for failure to exhaust administrative remedies or, in the alternative, for failure to plead facts that excuse such failure. In addition, Cyfred fails to plead fraud properly. Thus

PATICO and Manu Melwani move pursuant to Fed. R. Civ. P.12(b)(6) and 9(b) to dismiss the First and Second Causes of Action in the FACAC due to failure to plead fraud with the required particularity and further moves to dismiss the First Cause of Action due to failure to plead damages. PATICO and Manu Melwani also move pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the "Twlefth [sic] Cause of Action" (hereinafter referred to as "Twelfth Cause of Action") because "breach of good faith and fair dealing" is not a separate cause of action, but is merged into Cyfred's breach of contract claim. Finally, PATICO and Manu Melwani move pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the Fifth Cause of Action because an unjust enrichment claim cannot be maintained when a contract governs the relationship of the parties or when a plaintiff has an adequate remedy at law.

## II. FACTS AND PROCEDURAL BACKGROUND[1]

### A. Cyfred's Transactions

Cyfred alleges that, on February 26, 2002, it purchased a mortgage title insurance policy to insure its security interests in a lot in Yigo, Guam, paying First American a premium for every policy. FACAC ¶19. Cyfred alleges that PATICO sold the policies to Cyfred on First American's behalf. FACAC ¶ 20.

Cyfred alleges that First American did not obtain approval from the Guam Insurance Commissioner for its insurance forms that constituted Cyfred's insurance policies or for other policies sold on Guam. FACAC ¶¶ 14, 21. Cyfred further alleges that First American did not obtain approval from the Commissioner for the insurance premiums charged to Cyfred. FACAC ¶ 22. Also, Cyfred alleges that First American did not obtain the Commissioner's approval for its rate schedules, rate plans, and method of computing rates for Cyfred's policies or other policies issued on Guam. FACAC ¶¶ 15, 23. Cyfred claims that First American's officers knew that First

---

[1] PATICO and Manu Melwani accept, for purposes of their motion only, the truth of all arguably well-pled allegations of the FACAC. In fact, the FACAC is materially incorrect in a number of respects.

American was not in compliance with Guam Insurance Law, but filed fraudulent Affidavits of Compliance in order to conceal its purported wrongdoing. FACAC ¶¶ 24, 26. Finally, Cyfred alleges that PATICO served as First American's general agent for these purposes. FACAC ¶¶ 8, 9, 10, 20 and 22. Cyfred also alleges that Manu Melwani participated in directing and controlling the activities of PATICO. FACAC ¶ 3.

## B.    Guam Insurance Law Provides an Administrative Remedy for Insurance Grievances.

The position of Banking and Insurance Commissioner is created by 11 GCA § 103102. The Commissioner is the primary regulator of Guam insurance institutions, with all powers expressly conferred or reasonably implied by statute. 11 GCA § 103102(a). The Commissioner's powers "extend to any and all insurance entities" and the Commissioner may "hold such hearings as are specifically provided for in this Title or as are reasonably necessary for the proper discharge of his duties." 11 GCA § 103102(f). The Banking and Insurance Board is created by 11 GCA § 103103. The Board may "[i]nstitute such actions or other lawful proceedings as it may deem necessary for the enforcement of provisions of this Title and other laws regulating insurance on Guam or any order or action made or taken by the Commissioner in pursuance of law". 11 GCA § 103103(a)(4)(ii). In addition, "[t]he Board may, on petition of any interested person and after hearing, issue a declaratory order with respect to the applicability to any person, property or state of facts of this Title or a rule issued by the Board." 11 GCA § 103103(f). The Commissioner may issue orders. 11 GCA § 13105. If an insurer does not comply with an order of the Commissioner, the Commissioner may apply to the Superior Court for injunctive relief to enforce the order. 11 GCA § 13107.

The Guam Administrative Rules and Regulations provide that any person may file a complaint with the Commissioner alleging violations of the insurance law. 12 GAR § 1119(a). The Commissioner may hold a hearing and issue an order containing findings of fact and conclusions of law and setting forth action to be taken. 12 GAR § 1128.

## III. LEGAL STANDARD

A Rule 12(b)(6) motion tests the legal sufficiency of a complaint. Navarro v. Block, 250 F. 3d 729, 732 (9th Cir. 2001). As the United States Supreme Court has recently clarified, to survive a Rule 12(b)(6) motion, a complaint must contain "factual allegations" that are "enough to raise a right to relief above the speculative level." Bell. Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007). The Supreme Court in Twombly found that a plaintiff has an "obligation to provide the 'grounds' of his entitle[ment] to relief [which] requires more than labels and conclusions, and the formulaic recitation of the elements of a cause of action will not do." Id. at 1964-65. Plaintiff cannot avoid dismissal by presenting bare assertions as legal conclusions. Cholla Ready Mix, Inc. v. Civish, 382 F. 3d 969, 973 (9th Cir. 2004).

Furthermore, in all averments of fraud, the circumstances constituting fraud must be stated with particularity. Fed. R. Civ. P. 9(b); Simpson v. AOL Time Warner Inc., 452 F. 3d 1040, 1046 (9th Cir. 2006). Claims which fail to comply with this requirement may be dismissed. Helfant v. Louisiana & Southern Life Insurance Co., 459 F. Supp. 720, 726 (E.D.N.Y. 1978); Autrey v. Chemtrust Industries Corp., 362 F. Supp. 1085, 1093 (D. Del. 1973).

If Cyfred raises matters outside the FACAC in response to this motion and the Court chooses to treat the motion as a motion for summary judgment, PATICO and Manu Melwani should be given the opportunity to present all material that would be relevant to such a motion. Fed. R. Civ. P. 12(b).

## IV. LEGAL ARGUMENT

### A. Cyfred's Claims Should Be Dismissed Because It Has Failed To Exhaust Its Administrative Remedies.

All of Cyfred's claims relate to alleged violations of the "Insurance Law of Guam." In particular, the claims relate to the alleged failure to comply with administrative requirements for approval of policy forms, as required by 22 GCA § 18308, and of premiums and rates, as required by 22 GCA § 18501. In the FACAC, Cyfred makes the bare assertion, "Cyfred has no administrative remedies for the allegations contained herein, or, pursuing said remedies would be futile." FACAC ¶ 18. This allegation is, at least implicitly, an admission that Cyfred has not exhausted its administrative remedies. The first half of that statement is an incorrect legal opinion. Guam law provides administrative procedures and remedies for violations of the laws concerning insurance. The second half of that statement is a formulaic recitation unsupported in the FACAC by any facts that would excuse Cyfred's failure to exhaust those remedies. Cyfred must first exhaust its administrative remedies before it can bring this action.

### 1. The Doctrine Of Exhaustion Of Administrative Remedies.

The doctrine of the exhaustion of administrative remedies has been described as follows:

> This is the doctrine of "exhaustion of administrative remedies." In brief, the rule is that where an administrative remedy is provided by statute, relief must be sought from the administrative body and this remedy exhausted before the courts will act. . . .
>
> The rule itself is settled with scarcely any conflict. It is not a matter of judicial discretion, but is a fundamental rule of procedure laid down by courts of last resort, followed under the doctrine of stare decisis, and binding upon all courts.

Abelleira v. District Court of Appeal, 17 Cal. 2d 280, 292-93, 109 P. 2d 942, 949 (1941). See also Maryland Reclamation Assocs. v. Hartford County, Maryland, 382 Md. 348, 358-59, 855 A. 2d 351, 361-62 (App. 2004); Kazmaier Supermarket, Inc. v. Toledo Edison Co., 61 Ohio St. 3d 147,

153, 573 N.E. 2d 655, 659-60 (1991). The rule's application is not limited to situations where an administrative procedure is expressly required by statute. Exhaustion of administrative remedies is required whenever an administrative remedy is permitted or authorized by statute or by rule of the administrative agency involved. Lopez v. Civil Service Commission, 232 Cal. App. 3d 307, 314, 283 Cal. Rptr. 447, 451 (1991). The Guam Supreme Court has wholeheartedly endorsed the doctrine, explaining as follows:

> There are several reasons for the exhaustion of remedies doctrine. The basic purpose, as Judge Unpingco recognized, is to "lighten the burden of overworked courts in cases where administrative remedies are available." Morton v. Sup. Ct., 9 Cal. App. 3d 977, 88 Cal. Rptr. 533, 536 (1977). A second justification for upholding the doctrine of exhaustion of administrative remedies is revealed in Westlake Community Hospital v. Superior Court, 17 Cal. 3d 465, 131 Cal. Rptr. 90, 551 P. 2d 410, 416 (Cal. 1976), where it was recognized that even where the administrative remedy may not provide the specific relief sought by a party or resolve all the issues, exhaustion is preferred because agencies have the specialized personnel, experience and expertise to unearth relevant evidence and provide a record which a court may review.

Carlson v. Perez, 2007 Guam 6, ¶70.

### a. Failure to Exhaust Administrative Remedies Is Grounds for Dismissal Under Fed. R. Civ. P. 12(b)(1).

A motion to dismiss for lack of jurisdiction must be granted when a plaintiff has failed to exhaust all required administrative remedies. See Granholm ex rel. Michigan Department of Natural Resources v. FERC, 336 App. D.C. 343, 180 F. 3d 278 (1999). When administrative remedies are available, exhaustion of administrative remedies is a condition of jurisdiction. Humbert v. Castro Valley Fire Protection District, 214 Cal. App. 2d 1, 29 Cal. Rptr. 158, 160 (1963).

///

///

### b. Failure To Exhaust Administrative Remedies Is Grounds For Dismissal Under FED. R CIV. P. 12(b)(6).

If this matter is not dismissed on jurisdictional grounds, it may be dismissed for failure to state a claim upon which relief may be granted due to Plaintiff's failure to exhaust, or even plead exhaustion of administrative remedies. See Whitehead v. Zurich American Insurance Co., 348 F. 3d 478, 480-81 (5th Cir. 2003). Exhaustion of remedies is a condition precedent to Plaintiff's claims, and failure to plead a condition precedent is grounds for dismissal. See Landau v. Wolverine Hotel, 33 F. Supp. 705, 705 (N.D. Ill. 1940). Thus failure to plead such exhaustion is grounds for dismissal. See Westinghouse Elec. Corp. v. County of Los Angeles, 42 Cal. App. 3d 32, 37, 116 Cal. Rptr. 742, 746 (1974), app. dismissed, 422 U.S. 1001 (1975); Erwin v. State, 7 OTR 539, 545, 1978 Ore. Tax LEXIS 34, *8-*9 (1978). It is the plaintiff's burden to plead that it exhausted its administrative remedy "or that facts exist which excuse that action." Westinghouse, *supra*, 116 Cal. Rptr. at 745. Cyfred's failure to plead either exhaustion or facts that excuse exhaustion thus provides ground for dismissal under FED. R. CIV. P. 12(b)(6).

### 2. There Are Administrative Remedies Available To Cyfred Under Guam Law.

As stated above, there are administrative remedies available in Guam to a person with a grievance against an insurer. The Guam Administrative Rules and Regulations provide that any person may file a complaint with the Commissioner charging violations of the insurance law. 12 GAR § 1119(a). It is therefore clear that Cyfred has an administrative remedy under Guam law. Furthermore, this is a remedy which would "lighten the burden of overworked courts" and allow an agency with "specialized personnel, experience and expertise to unearth relevant evidence and provide a record which a court may review." Carlson, supra, 2007 Guam 6 at ¶ 70.

/ / /

### 3. Cyfred Must Exhaust Its Administrative Remedies Before Filing Suit In This Court.

"When a matter lies initially within the jurisdiction of the state [insurance] commissioner it is necessary that the remedy before him be availed of and exhausted before application for redress or relief may be made to the courts." Couch Cyclopedia of Insurance Law § 21:17 (2d ed. rev. 1984). See also Salvation Army v. Blue Cross & Blue Shield of Northern Ohio, 92 Ohio App. 3d 571, 636 N.E. 2d 399 (1993) (affirming dismissal of breach of contract claim for failure to exhaust administrative remedies, namely appeal to Ohio Superintendent of Insurance). This rule has been applied in situations that are analogous to Cyfred's claims.

For example, in International Patrol and Detective Agency, Inc. v. Aetna Casualty & Surety Co., 396 So. 2d 774 (Fla. App. 1981), an employer alleged that Aetna had improperly calculated rates for its workers compensation insurance. The appellate court affirmed summary judgment for the insurers on the ground that the employer had failed to exhaust its administrative remedies because it failed to ask the Department of Insurance to investigate his complaint and order a refund.

In addition, Wilkinson v. Norcal Mutual Insurance Co., 98 Cal. App. 3d 307, 159 Cal. Rptr. 416 (1979), reached a similar conclusion. Wilkinson involved a physician who brought suit against his malpractice insurer. Dr. Wilkinson filed a complaint against Norcal seeking damages because of conditions imposed by his policy. The published decision does not fully elaborate upon the "conditions imposed," but the main complaint appears to have been excessive premiums due to allegedly grievous rating plans and systems and underwriting rules. The court held that Dr. Wilkinson had to exhaust his administrative remedies before the Insurance Commissioner, rejecting Dr. Wilkinson's argument that the administrative remedies were inadequate because he could not recover damages in the administrative proceedings. The court held that, even though an absence of a damage remedy in the administrative procedure made ultimate resort to the courts inevitable,

exhaustion was still required. Id., 159 Cal. Rptr. at 422. Through incorporation by reference of an earlier decision, the Wilkinson court noted that, even if the matter ultimately ended up back in court for litigation over damages, application of the exhaustion doctrine would serve salutary purposes by promoting judicial efficiency, unearthing relevant evidence, providing the court a record to review, and allowing the court to avail itself of the administrative authority's expertise. Id. (citing Westlake Community Hospital v. Superior Court, 17 Cal. 3d 465, 476-77, 131 Cal. Rptr. 90, 551 P. 2d 410 (1976)).

As noted above, the Guam Supreme Court has followed the 1976 Westlake decision. Carlson, supra, 2007 Guam 6 at ¶ 70. Cyfred's claims are premised upon violations of laws administered by the Banking and Insurance Commissioner. Deference to Guam administrative authorities and exhaustion of Guam administrative remedies is especially appropriate when a plaintiff seeks to litigate issues involving the regulation of insurance in federal court. See 15 USC § 1011 (declaration of Congressional policy that continued regulation of the business of insurance by the States is in the public interest); 15 USC § 1012(a) (business of insurance shall be subject to state law relating to regulation and taxation); 15 USC § 1012(b) (no act of Congress shall be construed to invalidate, impair, or supersede any State law for the purpose of regulating the business of insurance); 15 USC § 1015 (as used in McCarran-Ferguson Act, the term "State" includes Guam). Cyfred's complaint raises issues that should first be submitted to the experience and expertise of the Guam Banking and Insurance Commissioner.

**B.      Cyfred Has Failed To Plead Fraud Properly.**

> **1.      Cyfred Has Failed To Plead Fraud With Sufficient Particularity In The First And Second Causes Of Action.**

In all averments of fraud, the circumstances constituting fraud must be stated with particularity. Fed. R. Civ. P. 9(b). Claims which fail to comply with this requirement may be

dismissed. Helfant, supra, 459 F. Supp. at 726; Autrey, supra, 362 F. Supp. at 1093. The requirements of Rule 9(b) apply to all cases where the gravamen of the claim is fraud even though the theory supporting the claim is not technically termed fraud. Pitten v. Jacobs, 903 F. Supp. 937, 951 (D.S.C. 1995). See also Borsellino v. Goldman Sachs Group, Inc., 477 F. 3d 502, 507 (7th Cir. 2007) ("Although claims of interference with economic advantage, interference with fiduciary duty relationship, and civil conspiracy are not by definition fraudulent torts, Rule 9(b) applies to 'averments of fraud," not claims of fraud, so whether the rule applies will depend upon plaintiffs' factual allegations."). The requirements of particularity compel a plaintiff to state the identity of the person who made the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff. Jepson, Inc. v. Makita Corp., 34 F. 3d 1321, 1327 (7th Cir. 1994); Richardson v. American Home Shield of Texas, Inc., 2006 U.S. Dist. LEXIS 31794, *12 (S.D. Tex.). These requirements apply to class actions. See Thompson v. American Home Shield of Texas, Inc., 2006 U.S. Dist. LEXIS 31794, *12 (S.D. Tex. 2006). In its First Cause of Action, in addition to alleging fraudulent omissions, Cyfred has vaguely alleged that fraudulent misstatements were made, but it has not set forth the particulars of a single instance of any such statement. See FACAC ¶¶ 54, 55. At most, Cyfred has made very general allegations on information and belief as to the content of such affirmative misrepresentations to customers, without identifying the person making the misrepresentation, the time and place of the misrepresentation, and the method by which the misrepresentation was communicated to the customer. See FACAC ¶ 54, 55. Cyfred's claims, insofar as they incorporate allegations of affirmative misstatements, fail to comply with Fed. R. Civ. P. 9(b) requirements for particularity and should be dismissed. . See Jepson, 34 F. 3d at 1327; Richardson, 2006 U.S. Dist. LEXIS 31794, at *12.

In its Second Cause of Action, Cyfred is equally vague. Cyfred alleges that in some instances First American "procured by deceit and fraud . . . reimbursement of attorneys fees and costs and partial or general releases of liability." FACAC at ¶ 67. Cyfred provides no particulars of a single instance in which this allegedly happened. Cyfred alleges that First American initiated and prosecuted actions for declaratory relief. FACAC at ¶ 68. Again, Cyfred provides no particulars of a single instance in which this allegedly happened. Statements made on information and belief are too insubstantial a foundation to meet the pleading requirements of Rule 9(b). Zicklin v. Breuer, 534 F. Supp. 745, 748 (S.D.N.Y. 1982). Allegations of fraudulent conduct based on information and belief must at least set forth supporting facts on which the belief is founded. United States ex rel. Thompson v. Columbia/HCA Healthcare Corp., 125 F.3d 899, 903 (5th Cir. 1997); Hayduk v. Lanna, 775 F.2d 442, 444 (1st Cir. 1985); County of Santa Clara v. Astra United States, Inc., 428 F. Supp. 2d 1029, 1036 (N.D. Cal. 2006); In re One Bancorp Sec. Litigation, 135 F.R.D. 9, 13 (D. Me. 1991). Pure speculation and mere conclusory allegations are insufficient to meet Rule 9(b) requirements. See Columbia/HCA Healthcare Corp., supra, 125 F.3d at 903; County of Santa Clara, 428 F. Supp.2d at 1036; One Bancorp, supra, 135 F.R.D. at 13; Beck v. Cantor, Fitzgerald & Co., 621 F. Supp. 1547, 1552 (E.D. Ill. 1985). This is true even when the fraud relates to matters peculiarly within the knowledge of the defendant. Columbia/HCA Healthcare Corp., supra, 125 F. 3d at 903; Hayduk, supra, 775 F.2d at 444. In any event, if First American has in fact filed declaratory judgment actions, the existence of such actions would be a matter of public record and Cyfred could identify one or more such actions which it believed to fit within the pure speculation and conclusory allegations in the FACAC. Cyfred has not identified a single such action.

/ / /

/ / /

### 2. Cyfred Has Failed To Plead Damages Relating To The Allegedly Illegal Policies With Particularity In The First Cause Of Action.

In order to state a claim of fraud which can withstand a Rule 12(b)(6) motion and upon which relief can be granted, Cyfred must allege with particularity all of the elements of fraud. Seattle Pacific Industries v. Melmarc Products, 2007 U.S. Dist. LEXIS 7547, *7 (W.D. Wash. 2007); Khan Air, LLC v. United States Aircraft Insurance Group, 2005 U.S. Dist. LEXIS 27524, *4-*6 (W.D. Wash.); Indy Lube Invs., L.L.C. v. Wal-Mart Stores, Inc., 199 F. Supp. 2d 1114, 1119 (D. Kan. 2002). Failure to plead any one element makes all the other elements immaterial. Cf. Seattle Pacific Industries, supra, 2007 U.S. Dist. LEXIS 27524 at *8. One of the essential elements of a fraud claim is damages. See Seattle Pacific Industries, supra, 2007 U.S. Dist. LEXIS 7547 at *7; Khan Air, supra, 2005 U.S. Dist. LEXIS 27524 at *4; Indy Lube, supra, 100 F. Supp. 2d at 1119; Rizzo Pool Co. v. Del Grosso, 232 Conn. 666, 683, 657 A. 2d 1087, 1095 (1995); Kilduff v. Adams, Inc., 219 Conn. 314, 329-330, 593 A. 2d 478, 487 (1991); Criscuolo v. Shaheen, 736 A. 2d 947, 950-51 (Super. Ct. 1999); Wilkinson v. Jones, 2004 Guam 14, ¶18; Hemlani v. Flaherty, 2003 Guam 17, ¶9; Trans Pac. Exp. Co. v. Oka Towers Corp., 2000 Guam 3, ¶23; Holmin v. TRW, Inc., 330 N.J. Super. 30, 35, 748 A. 2d 1141, 1145 (App. Div. 2000), aff'd, 167 N.J. 205, 770 A. 2d 283 (2001); 422 W. 15th St., Inc. v. Estate of Johnson, 258 A.D. 227, 228, 16 N.Y.S. 2d 283, 284 (1939); Snyder v. Lincoln General Insurance Co., 1997 Ohio App. LEXIS 2011, *5-*6, app. dismissed, 684 N.E. 2d 89 (Ohio 1997); Economopoulos v. Kolaitis, 259 Va. 806, 813, 528 S.E. 2d 714, 719 (2000). Thus a plaintiff must plead damages with particularity in order to state a fraud claim upon which relief may be granted. Khan Air, supra, 2005 U.S. Dist. LEXIS 27524 at *4. See also Criscuolo, supra, 736 A. 2d at 951. Cyfred has not done so.

Cyfred bases its claims of fraud upon two alleged omissions. Cyfred contends that First American failed to obtain government approval for its rates, and failed to obtain approval for the

language of its policies. As to the rates, Cyfred has not identified the premium that it or any other insured paid for a First American policy. Cyfred has not said what, but for the alleged failure to obtain government approval, the rates should have been for itself or any other insured. Even if the allegations concerning rates at least imply some unspecified monetary damage to insureds, the allegations concerning the failure to obtain approval for policy forms do not.

While Cyfred alleges failure to obtain approval of policy forms, with one exception noted below the FACA does not hint at why this would damage First American's insureds. Cyfred does not mention any unusual exclusions found in the First American policies, or any alleged omissions from standard title insurance coverage. Even if the policies were not submitted to a government functionary, if the insureds received the expected typical title insurance coverage, they sustained no damage. Cyfred may argue some sort of disappointment at learning that an otherwise standard policy, providing the expected coverage, does not have the GovGuam equivalent of a Good Housekeeping Seal of Approval. However, "[n]ominal damages are not awarded in deceit, and there can be no recovery if the plaintiff is none the worse off for the misrepresentation, however flagrant it may have been." Criscuolo, supra, 736 A. 2d at 950 (quoting W. Prosser & W. Keeton, Torts §110 (5th ed. 1984)). "A plaintiff who has not suffered damage or injury cannot pursue an action at law or in equity for nominal damages resulting from fraudulent actions." Rizzo Pool, supra, 657 A. 2d at 1095; Kilduff, supra, 593 A. 2d at 487.

The one objection that Cyfred articulates to the First American policies is that the policies allegedly contain "an illegal arbitration clause".[2] FACAC ¶14. Cyfred baldly asserts that First

---

[2] Cyfred does not provide details about the arbitration clause or explain why it is "illegal". Left to guess, First American anticipates that Cyfred will contend there is a standard arbitration clause which violates 5 GCA §32104(c), an anti-arbitration provision in Guam's Deceptive Trade Practices/Consumer Protection Act ("DTP/CPA"). This Guam statute is preempted by 9 U.S.C. §2, a provision in the Federal Arbitration Act upholding the validity of arbitration clauses. See Commerce Park at DFW Freeport v. Mardian Construction Co., 729 F. 2d 334, 338 (5th Cir. 1984); Triton Lines, Inc. v. Steamship Mutual Underwriting Association, 707 F. Supp. 277, 279 (S.D. Tex. 1989); Coonly v. Rotan Mosle, Inc., 630 F. Supp. 404, 406 (W.D. Tex. 1985); Marley v. Drexel Burnham

American illegally used the arbitration provision to deny valid claims for coverage. Id. However, Cyfred does not give a single example of an instance in which First American invoked the allegedly illegal arbitration clause. All that can be inferred from the FACAC is that First American did not, or at least has not yet, sought to invoke the clause against Cyfred, as if it had Cyfred would presumably have alleged this in the FACAC. Thus Cyfred has failed to plead any damage from this allegedly fraudulent clause with particularity. Cyfred may assert that the existence of such a clause creates the possibility that it may be invoked. Damages in a fraud action must not be speculative or contingent. Criscuolo, supra, 736 A. 2d at 950 (quoting W. Prosser & W. Keeton, Torts §110 (5th ed. 1984). Until Cyfred or some other identifiable class member has allegedly suffered damage by First American's invocation of the allegedly illegal clause, Cyfred cannot maintain a suit for damages based on fraud because the cause of action has not yet accrued. Holmin, supra, 748 A. 2d at 1145. "Damages are for people who have been harmed. You cannot seek an award of damages for fraud, therefore, before the fraud has harmed you." Midwest Commerce Banking Co. v. Elkhart City Ctr., 4 F.3d 521, 526 (7th Cir. 1993). Accord Criscuolo, supra, 736 A. 2d at 950.

## C. Cyfred's Twelfth Cause Of Action For Breach Of Duty Of Good Faith And Fair Dealing Fails To State A Claim Because It Is Not A Separate Cause Of Action.

Cyfred alleges that First American breached the implicit duty of good faith and fair dealing by breaching a duty to act fairly, reasonably and in good faith in carrying out First American's responsibilities under Cyfred's insurance policy. FACAC ¶158. However, it is well-established that there is no separate cause of action for breach of the duty of good faith and

---

Lambert, Inc., 566 F. Supp. 333 (N.D. Tex. 1983). The Federal Arbitration Act applies to Guam. Kanazawa v. Sound, Unlimited, 440 F.2d 1239, 1240-41 (9th Cir. 1971); 9 U.S.C. §1. Cyfred may rely upon the unpublished decision in Deluna v. Guam Memorial Health Plan, D. Guam App. Div. No. CV 96-0025A (Opinion, May 28, 1998), where the Court held that an arbitration clause could not be enforced under the Guam DTP/CPA. The Deluna opinion did not mention the issue of federal preemption. "[C]ases cannot be read as foreclosing an argument that they never dealt with." Waters v. Churchill, 511 U.S. 661, 678, 114 S. Ct. 1878, 1889 (1994).

fair dealing. New Image Laboratories, Inc. v. Stephan Co., 34 Fed. Appx. 338, 341 (9th Cir. 2002) (citing Burger King Corp. v. Weaver, 169 F.3d 1310, 1317 (11th Cir. 1999)); Lakota Local Sch. Dist. Bd. of Educ. v. Brickner, 108 Ohio App. 3d 637, 646, 671 N.E. 2d 578, 584 (1996). Instead, a claim for a breach of this duty is part of a breach of contract claim. Lakota Local Sch. Dist. Bd. Of Educ., supra, 671 N.E. 2d at 584. In this case, any claim for a breach of the duty of good faith and fair dealing is merged into Cyfred's breach of contract claim and cannot be maintained as a separate cause of action. Id., 671 N.E. 2d at 584.

**D.**     **Cyfred's Claim In The Fifth Cause Of Action For Unjust Enrichment Fails Because Its Claim Is Based On Alleged Contracts And Because It Has An Adequate Remedy at Law.**

**1.**     **Cyfred's Claim In The Fifth Cause Of Action For Unjust Enrichment Fails Because Its Claim Is Based On Alleged Contracts.**

To state an unjust enrichment claim, Cyfred must demonstrate the performance of services by Plaintiff, the receipt of the benefit of those services by First American, and the unjustness of First American's retention of that benefit without compensating Cyfred. Tanaguchi-Ruth + Assocs. v. MDI Guam Corp., 2005 Guam 7, ¶¶ 26-27 (citing Midcoast Aviation, Inc. v. Gen. Elec. Credit Corp., 907 F. 2d 732, 737 (7th Cir. 1990)); Heldenfels Bros. v. City of Corpus Christi, 832 S.W. 2d 39, 41 (Tex. 1992). Unjust enrichment is not an appropriate remedy "merely because it might appear expedient or generally fair that some recompense be afforded an unfortunate loss to the claimant, or because benefits sought to be charged amount to a windfall." Heldenfels Bros., *supra*, 832 S.W. 2d at 41.

A claim for unjust enrichment is unavailable where "a specific contract governs the relationship of the parties." Shaw v. Hyatt Int'l Corp., 461 F. 3d 899, 902 (7th Cir. 2006) (citation omitted). Cyfred alleges the existence of a title insurance contract. FACAC ¶ 19. As the subject matter of Cyfred's claim is governed by express contract, Cyfred cannot maintain a cause of action

for unjust enrichment. For these reasons, Cyfred's unjust enrichment claim, like its other claims, fails as a matter of law.

### 2. Cyfred's Claim In The Fifth Cause Of Action For Unjust Enrichment Fails Because Cyfred Has An Adequate Remedy at Law.

Cyfred asserts both a claim under the Guam Deceptive Trade Practices-Consumer Protection Act ("DTP/CPA") and a claim for unjust enrichment. One necessary element of an unjust enrichment claim is the lack of an adequate remedy at law. If Cyfred's factual allegations are true (and if it has properly pled its DTP/CPA claim), Cyfred has an adequate remedy at law under the DTP/CPA, as well as perhaps other causes of action it has asserted. Therefore, Cyfred's unjust enrichment claim is lacking a requisite element and must be dismissed.

Judge Maraman of the Guam Superior Court addressed the same situation in <u>Quichocho v. Macy's West Inc.</u>, Guam Super. Ct. CV0209-04 (D & O, Apr. 17, 2006).[3] The plaintiff in a class action alleged both a DTP/CPA claim and an unjust enrichment claim. Judge Maraman stated that when there is unjust enrichment, the injured person can seek restitution. <u>Id.</u> at 10. The court in <u>Quichocho</u> held, "However, if there is also an adequate remedy at law, an unjust enrichment claim is not permitted." <u>Id.</u> (citing <u>Morales v. Trans World Airlines, Inc.</u>, 504 U.S. 374, 381, 112 S. Ct. 2301 (1992), and <u>McKesson HBOC, Inc. v. New York State Common Retirement Fund</u>, 339 F. 3d 1087, 1093 (9th Cir. 2003)). <u>See also</u> <u>First National Bank v. First Maryland Leasecorp.</u>, 582 F. Supp. 853, 856 (E.D. La. 1984); <u>Daspit v. Alexandria</u>, 342 So. 2d 683, 690 (La. App. 1977), <u>cert. denied</u>, 344 So. 2d 1056 (La. 1977); <u>A & A Metal Bldgs. v. I-S, Inc.</u>, 274 N.W. 2d 183, 189 (N.D. 1978). Therefore, the <u>Quichocho</u> plaintiff's equitable remedies in her unjust enrichment claim were barred because of the existence of the DTP/CPA remedies and the unjust enrichment claim was

---

[3] The <u>Quichocho</u> case is currently on appeal before the Guam Supreme Court.

E:\Christine\MJB\PATICO v Cyfred\Motion to Dismiss.doc

16

Case 1:07-cv-00024    Document 25    Filed 11/26/2007    Page 25 of 27

dismissed. Id. The holding in Quichocho is equally applicable to Cyfred's unjust enrichment claim in this action.

### 3. Unjust Enrichment Is Not a Separate Cause of Action.

Cyfred's unjust enrichment claim should be dismissed for the independent reason that there is no such cause of action. The concept of a separate cause of action based on the doctrine of "unjust enrichment" is derived from the French Civil Code, not the common law. Minyard v. Curtis Products, Inc., 251 La. 624, 651, 205 So. 2d 422, 432 (1967) (citing 19th century French authority). Many American jurisdictions have declined to recognize "unjust enrichment" as a cause of action. See, e.g., Creager v. Yoshimoto, 2007 U.S. Dist. LEXIS 77309, *13-*14 (N.D. Cal.) (under California law, unjust enrichment in not an independent legal claim and there is no cause of action for unjust enrichment); Allstate Insurance Co. v. Morgan Guarantee Trust Co. of N.Y., 1994 U.S. Dist. LEXIS 1570, *10 (N.D. Ill.) (under Illinois law, claim for unjust enrichment not recognized as independent cause of action; term "unjust enrichment" is not descriptive of conduct that, standing alone, justifies an action for recovery); Alaska Sales & Service, Inc. v. Millet, 735 P.2d 743, 746 (Alaska 1987) ("[U]njust enrichment is not in and of itself a theory of recovery."); Melchior v. New Line Productions, Inc., 106 Cal.App.4[th] 779, 793, 131 Cal. Rptr. 2d 347, 357 (2003) (unjust enrichment not a theory of recovery, but a general principle underlying various legal doctrines and remedies); Castro v. NYT Television, 851 A.2d 88, 98 (N.J. Super. App. Div. 2004) ("The Restatement of Torts does not recognize unjust enrichment as an independent tort cause of action."); Amoco Production Co. v. Smith, 946 S.W.2d 162, 164 (Tex. App. 1997) ("Unjust enrichment is not an independent cause of action . . . ."). Because Guam is a common law jurisdiction that does not look to the Napoleonic Code,

there is no independent claim for "unjust enrichment," and Cyfred's Fifth Cause of Action should be dismissed.

## V.    CONCLUSION

Cyfred has failed to pursue or exhaust administrative remedies that are available under Guam law which regulates the insurance industry.  Several causes of action in the First Amended Class Action Complaint are not pled with sufficient particularity or otherwise fail to state a claim. For the foregoing reasons, PATICO and Manu Melwani respectfully request that the Court grant their motion to dismiss.

**BERMAN O'CONNOR & MANN**

Date:  11/26/07                    By:    Minnan | Qh

**MICHAEL J. BERMAN**
Attorneys for Defendants
Pacific American Title Insurance & Escrow
Company, Inc. and Manu Melwani