DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | |
|---|---|
| CYFRED, LTD., for itself and others similarly situated,<br><br>Plaintiffs<br><br>vs.<br><br>FIRST AMERICAN TITLE INSURANCE COMPANY, PACIFIC AMERICAN TITLE INSURANCE & ESCROW COMPANY, MANU MELWANI, and DOES 1-298,<br><br>Defendants. | CIVIL CASE NO. 07-00024<br><br>**SCHEDULING ORDER**<br>**and**<br>**DISCOVERY PLAN** |

Because the parties were unable to agree upon the terms of the Scheduling Order and Discovery Plan prior to the December 10, 2007, Scheduling Conference, the court hereby issues the following Scheduling Order and Discovery Plan, pursuant to Fed. R. Civ. P. 16 and local rules LR 16.1 and 16.2. The court believes that in order to promote the orderly and efficient development of this case, it would be best to first address the issues related to class certification. Accordingly, a subsequent scheduling conference shall be held after a class is certified herein to schedule the matter for trial, if necessary.

**A.   The nature of the case is as follows:** In this proposed class action, the Plaintiff alleges the Defendants illegally sold and conspired to sell insurance policies and charged title insurance premiums in violation of Guam law since such actions were done without approval from the Guam Banking and Insurance Commissioner. Additionally, the complaint alleges that

claims for insurance coverage under the purportedly unapproved policies were illegally denied or denied in bad faith. Causes of action asserted include fraud, fraudulent deceit, conspiracy to defraud, involuntary trust from fraud, unjust enrichment, negligent failure to comply with insurance law, negligent misrepresentation, violations of the Deceptive Trade Practices - Consumer Protection Act of Guam and conspiracies to commit such violations, RICO violations, breach of contract, and breach of implied covenant of good faith and fair dealing.

**B. The posture of the case is as follows:** On August 27, 2007, the Plaintiff initiated this case by filing a Complaint. (Docket No. 1.) In response, Defendant First American Title Insurance Company ("First American") filed a Motion to Dismiss or Quash Return of Service of Summons.[1] (Docket No. 4.) Thereafter, Cyfred filed a First Amended Complaint. (Docket No. 11.) None of the named defendants filed an answer to the Complaint. Rather, on November 20, 2007, First American filed a Motion to Dismiss. (Docket No. 21.) Defendants Pacific American Title Insurance & Escrow Company ("PATICO") and Manu Melwani filed a similar Motion to Dismiss on November 26, 2007. (Docket No. 24.) Briefing on the motion has been completed, and, following referral of said motions, the below-signed Magistrate Judge has scheduled a hearing on said motions for January 7, 2008, at 10:00 a.m.

As of the December 10, 2007, Scheduling Conference, no discovery has been initiated by either party.

**C. Discovery Plan:** The court declines to stay discovery pending the determination of the pending motions to dismiss, however, the Court will limit discovery to matters relating to class certification issues. In the event discovery sought pertains to class certification and other issues, then said discovery must be provided to the appropriate party. The following description and schedule of all pre-certification discovery shall govern the parties:

    1. <u>Initial Disclosures</u>: Initial disclosures with regard to class certification issues shall be provided on or before January 10, 2008.

---

[1] The District Judge Referred said motion to the below-signed Magistrate Judge. A Report & Recommendation was subsequently issued recommending the District Judge deny the motion as it was moot.

  2. <u>Depositions</u>. The parties shall cooperate in good faith with regard to the scheduling of depositions. Unless otherwise agreed by the parties, the limitations set forth in the Federal Rules of Civil Procedure shall govern the taking of depositions.

  3. <u>Written Discovery</u>. Each party may propound interrogatories and requests to produce and requests for admissions as they relate to class certification issues within the limits set by the Federal Rules of Civil Procedure. If either party determines that it needs to propound more discovery than permitted by the Rules, the parties shall confer in good faith to accommodate reasonable discovery requests prior to the filing of any motion relating to a discovery dispute.

  4. <u>Expert Witnesses</u>. With regard to class certification issues, the disclosure of expert testimony and designation of rebuttal expert testimony shall be completed before the discovery cut-off date.

**D.**  **Scheduling Order:** The Court establishes the following dates and deadlines:

1. All motions to add parties and claims shall be filed no later than January 31, 2008;
2. All motions to amend the pleadings shall be filed no later than January 31, 2008;
3. The discovery cut-off date, defined as the last day to file responses to discovery, shall be April 30, 2008;
4. Cyfred shall file a motion to certify the class no later than June 30, 2008;
5. Any opposition to the motion to certify the class shall be filed no later than 30 days after receipt of the motion to certify class;
6. Cyfred may file a reply brief to any opposition within 15 days from receipt of said opposition; and

///
///

7. Another scheduling conference shall be held after a class is certified to schedule further discovery, if necessary, a trial date and associated pretrial dates and deadlines.

IT IS SO ORDERED.



/s/ Joaquin V.E. Manibusan, Jr.
**U.S. Magistrate Judge**
**Dated: Dec 14, 2007**