THE VAN DE VELD LAW OFFICES, P.C.
Second Floor
123 Hernan Cortes Avenue
Hagåtña, Guam 96910
Office: (671) 472-4396
Facsimile: (671) 472-2561

*Attorney for Plaintiffs:*
   Cyfred, Ltd., Class,
   Deceptive Acts Subclass
   Denied Claims Subclass.

**FILED**
DISTRICT COURT OF GUAM
JAN 17 2008
JEANNE G. QUINATA
Clerk of Court

## IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| CYFRED, LTD for itself and other similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>FIRST AMERICAN TITLE INSURANCE COMPANY, PACIFIC AMERICAN TITLE INSURANCE AND ESCROW COMPANY, MANU MELWANI and DOES One (1) through Two Hundred and Ninety-Eight (298), inclusive,<br><br>    Defendants. | Civil Case No. 07-00024<br><br>**CYFRED, LTD.'S MEMORANDUM OF POINTS AND AUTHORITES re: JURISDICTION OF THE DISTRICT COURT OF GUAM.** |

COMES NOW Plaintiff, CYFRED, LTD. ("Cyfred"), and the proposed Class, by and through their counsel THE VANDEVELD LAW OFFICES, P.C., by Curtis C. Van de veld, who, pursuant to the request of the Court, files this Memorandum re: Jurisdiction of the District Court of Guam over the allegations made in this action, as follows:

### MEMORANDUM OF POINTS AND AUTHORITIES

### I. RELEVANT FACTS

Cyfred filed the Class Action Complaint on August 27th 2007 against Defendant First American Title Insurance & Escrow Company. Thereafter, on November 2nd 2007, Cyfred

1

CYFRED, LTD. et al., Plaintiffs v. FIRST AMERICAN TITLE INSURANCE COMPANY et al., Defendants
CYFRED, LTD.'S MEMORANDUM OF POINTS AND AUTHORITES re: JURISDICTION OF THE DISTRICT COURT OF GUAM
Civil Case No. 07-00024

Case 1:07-cv-00024     Document 38     Filed 01/17/2008     Page 1 of 14

ORIGINAL

filed a First Amended Class Action Complaint ("Complaint"). The Complaint designated Manu Melwani and Pacific American Title and Escrow Company ("PATCO") as Doe defendants in the action.

Cyfred asserted that the District Court of Guam had original jurisdiction (Complaint ¶ 4) and diversity jurisdiction over the matters alleged (Complaint ¶ 5). The Complaint alleged that more then $5,000,000 was at issue in the action. (Complaint ¶ 6). Cyfred alleged that defendants had caused injury to "hundreds" of plaintiffs. (Complaint ¶¶ 128 & 133).

Federal RICO allegations were central allegations in the Complaint encompassing much of the proof supporting the allegations based on Guam law. (Complaint, Tenth Cause of Action, pp. 29-39). The RICO allegations in the Complaint are focused on the defendants' association in an enterprise to engage in racketeering activities in a continuing scheme to collect illegal insurance premiums from Guam insureds. As part of this scheme, plaintiffs alleged that the defendants engaged in eleven (11) specifically pled predicate acts constituting federal wire fraud and mail fraud. (Complaint, pp. 31-35).

## II. LEGAL ANALYSES

The above facts establish the District Court of Guam's jurisdiction over the allegations in Complaint through either, federal question subject matter jurisdiction under 48 U.S.C. § 1424 and 28 U.S.C. § 1330, or diversity jurisdiction under the Class Action Fairness Act (hereinafter "CAFA") defined in 28 U.S.C. § 1332.

### A. THE DISCTRICT COURT OF GUAM HAS DIVERSITY JURISDICTION

The District Court of Guam has diversity jurisdiction in this action under the Class Action Fairness Act ("CAFA"). 28 U.S.C. § 1332(d)(2). The relevant section of law states:

> The district courts shall have original jurisdiction of any civil
> action in which the matter in controversy exceeds the sum or value

2

CYFRED, LTD. et al., Plaintiffs v. FIRST AMERICAN TITLE INSURANCE COMPANY et al., Defendants
CYFRED, LTD.'S MEMORANDUM OF POINTS AND AUTHORITES re: JURISDICTION OF THE DISTRICT COURT OF GUAM
Civil Case No.07-00024

Case 1:07-cv-00024     Document 38     Filed 01/17/2008     Page 2 of 14

of $5,000,000, exclusive of interest and costs and is a class action[1] in which ----

    (A) any member of a class of plaintiffs is a citizen of a State different from any defendant;
    (B) any member of a class of plaintiffs is a foreign state or a citizen or subject of a foreign state and any defendant is a citizen of a State; or
    (C) any member of a class of plaintiffs is a citizen of a State and any defendant is a foreign state or a citizen or subject of a foreign state.

28 U.S.C. § 1332(d)(2).

To invoke CAFA jurisdiction, the following factors must be present: (1) there must be at least one hundred (100) members of the putative class; (2) any class member is diverse from any defendant; and (3) the aggregate amount in controversy exceeds $5,000,000, exclusive of the interest and costs. *Brook v. UnitedHealth Group Incorporated*, 2007 WL 2827808 * 2 (Slip Copy) (S.D.N.Y.2007).

The burden of establishing CAFA jurisdiction rests with the proponent of jurisdiction. *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir.2007). While the burden of establishing the applicability of an exception to the exercise of CAFA jurisdiction rests with the party advocating the exception. *Id* at 1024. Thus, Cyfred bears the burden of establishing a prima facie case for CAFA jurisdiction under section 1332(d)(2), and thereafter, the defendants opposing jurisdiction have the burden of presenting evidence to establishing an exception to the exercise of jurisdiction.

---

[1] "[T]he terms "class action" means any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more reprehensive persons as a class action." 28 U.S.C.A. § 1332(d)(1)(B). This suit is brought in a representative capacity by Cyfred under Rule 23, and is therefore a class action for CAFA purposes.

3

CYFRED, LTD. et al., Plaintiffs v. FIRST AMERICAN TITLE INSURANCE COMPANY et al., Defendants
CYFRED, LTD.'S MEMORANDUM OF POINTS AND AUTHORITES re: JURISDICTION OF THE DISTRICT COURT OF GUAM
Civil Case No.07-00024

Case 1:07-cv-00024     Document 38     Filed 01/17/2008     Page 3 of 14

CAFA favors the exercise of federal jurisdiction over class actions, and exceptions thereto are to be narrowly construed with all doubts resolved in favor of exercising jurisdiction. *Brook*, supra at *4.

**1. There are at Least One Hundred (100) Members in the Proposed Class.** The racketeering enterprise to defraud plaintiffs occurred over more then a decade involving millions of dollars of illegally charged and collected insurance premiums. Plaintiffs have alleged that these illegal activities have caused injury to "hundreds of victims." (Complaint ¶¶ 128, 31:4; 133, 36:24). Allegations that hundreds of victims have been injured are sufficient to establish that more then one hundred (100) persons are included in the putative class. *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 59 (2nd Cir.2006).

**2. Any Class Member is Diverse From any Defendant.** Diversity of citizenship under CAFA exists when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). A corporation is deemed a citizen of the state where it is incorporated and where is maintains its principal place for doing business. Id. Cyfred is a Guam corporation and is therefore a Guam citizen. (Complaint ¶ 1). First American is incorporated outside of Guam. (Complaint ¶ 2). First American has reported its "home address" as Santa Ana, California, to the Office of the Banking and Insurance Commissioner. (*See*: Declaration of Curtis Van de veld in support hereof). Therefore Cyfred's citizenship is diverse from First American's.

**3. The Aggregate Amount in Controversy Exceeds $5,000,000.** For diversity jurisdiction under CAFA the amount in controversy must exceed $5,000,000. 28 U.S.C.A. § 1332(d)(6). This amount may be aggregated from the injuries allegedly incurred by all the plaintiffs in the action. *Id.* Individual plaintiffs need not meet any threshold amount; the solitary requirement being that the aggregate claims in the action exceed $5,000,000. *Lowery v. Alabama Power Company*, ___F3d ___, 2007 WL 1062769 (11Cir.2007). To determine the

4

CYFRED, LTD. et al., Plaintiffs v. FIRST AMERICAN TITLE INSURANCE COMPANY et al., Defendants
**CYFRED, LTD.'S MEMORANDUM OF POINTS AND AUTHORITES re: JURISDICTION OF THE DISTRICT COURT OF GUAM**
Civil Case No.07-00024

Case 1:07-cv-00024     Document 38     Filed 01/17/2008     Page 4 of 14

amount of in controversy the court may rely on the good faith allegations made in the Complaint.

> The allegations of the complaint determine the amount in controversy if made in good faith. St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288-289, 58 S.Ct. 586, 82 L.Ed. 845 (1938). To justify dismissal for lack of a jurisdictional amount, it must appear to a legal certainty that the claim is really for less than the jurisdictional amount. *Id.* Moreover, the jurisdictional minimum may be satisfied by claims of general and specific damages, attorney's fees, and by punitive damages. Simmons v. PCR Technology, 209 F.Supp.2d 1029, 1031 (N.D.Cal.2002).

*Wolk v. Green*, 516 F.Supp.2d 1121, 1127 (N.D.Cal.2007).

The Complaint alleged that the damages caused by defendants exceed five million dollars ($5,000,000.00). (Complaint ¶ 6). Given the extensive period of time over which these injuries were inflicted, the number of plaintiffs in the action, and the substantial injuries incurred by Cyfred, plaintiffs' allegation of damages exceeding five million dollars ($5,000,000.00) is made in good faith, and satisfies CAFA's amount in controversy requirement.

Based on the above facts and law, Cyfred has made a prima facie case for this court to exercise jurisdiction over this action. *Blockbuster*, supra. The burden now shifts to any party contesting CAFA jurisdiction to establish that one of the enumerated exceptions to jurisdiction apply. *Id.* These exceptions are narrowly construed, and any doubt is resolved in favor of exercising federal jurisdiction over class actions. *Id.*

### B. THE DISTRICT COURT OF GUAM HAS FEDERAL QUESTION JURISDICTION AND SUPPLEMENTAL JURISDCITION OVER THE CLAIMS IN THIS ACTION.

The Organic Act of Guam extends to the District Court of Guam the same jurisdiction as a district court of the United States. 48 U.S.C. 1424(b). "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the

5

CYFRED, LTD. et al., Plaintiffs v. FIRST AMERICAN TITLE INSURANCE COMPANY et al., Defendants
CYFRED, LTD.'S MEMORANDUM OF POINTS AND AUTHORITES re: JURISDICTION OF THE DISTRICT COURT OF GUAM
Civil Case No.07-00024

Case 1:07-cv-00024    Document 38    Filed 01/17/2008    Page 5 of 14

United States." 28 U.S.C. § 1331. To invoke federal jurisdiction a plaintiff need only assert a colorable claim under federal law. *Keniston v. Roberts*, 717 F.2d 1295, 1298 (9th Cir.1983).

> Let us remember that the standard for establishing federal jurisdiction is even less stringent than that required to state a claim under Fed.R.Civ.P. 12(b)(6). As we have explained, "Any non-frivolous assertion of a federal claim suffices to establish federal question jurisdiction, even if that claim is later dismissed on the merits." Bollard v. Calif. Province of the Soc'y of Jesus, 196 F.3d 940, 951 (9th Cir.1999); *see also Cement Masons Health and Welfare Trust Fund for N. Calif. v. Stone,* 197 F.3d 1003, 1008 (9th Cir.1999).

*Churchill Village, L.L.C. v. General Electric*, 361 F.3d 566, 574 (9th Cir.2004).

The district courts of the United States have "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the case or controversy under Article III of the United States Constitution. ...". 28 U.S.C. § 1367(a).

> The jurisdictional basis of the state claims is pendent jurisdiction. Pendent jurisdiction exists where there is a sufficiently substantial federal claim to confer federal jurisdiction, and a common nucleus of operative fact between the state and federal claims. *Phelps v. Continental Illinios Nat'l Bank and Trust Co. (In re Nucorp Energy Sec. Litig.)*, 772 F.2d 1486, 1490 (9thCir.1985). The facts giving rise to the pendent state claims for breach of the PGA director's fiduciary duties are identical to those which give rise to Karsten's and the professional plaintiffs' antitrust claims and thus arise out of a common nucleus of operative facts.
> A federal claim is insubstantial if it is absolutely devoid of merit or obviously frivolous. *Id.* The ultimate lack of merit of the federal claim does not mean that such claim was not substantial for purposes of conferring jurisdiction. *Id.; Mackey v. Pioneer Nat'l Bank*, 867 F.2d 520, 523 (9thCir.1998).

*Gilder v. PGA Tour, Inc.* 936 F.2d 417, 421 (9th Cir.1991).

**1. Plaintiffs Have Alleged Substantial Federal Claims.** Plaintiffs have alleged that the defendants conducted a racketeering enterprise, based on a common nucleus of facts, in

6

CYFRED, LTD. et al., Plaintiffs v. FIRST AMERICAN TITLE INSURANCE COMPANY et al., Defendants
CYFRED, LTD.'S MEMORANDUM OF POINTS AND AUTHORITES re: JURISDICTION OF THE DISTRICT COURT OF GUAM
Civil Case No.07-00024

Case 1:07-cv-00024    Document 38    Filed 01/17/2008    Page 6 of 14

violation of The Racketeer Influenced and Corrupt Organizations ("RICO") Act, passed in 1970 as Title IX of the Organized Crime Control Act (codified at 18 U.S.C. §§ 1961-1968). (Complaint Tenth Cause of Action, pp. 29-39). The RICO statues are to be broadly and liberally construed to effectuate its remedial purpose. *Odom v. Microsoft Corp.*, 486 F.3d 541, 546 (9th Cir.2007)(*en banc*).

"To state a claim under §1962, a plaintiff must allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. Sedima, 473 U.S. at 496, 105 S.Ct. 3275 [473 U.S. 479, 105 S.Ct. 3275 (1985] (footnote omitted)." *Odom*, 486 F.3d at 547.

Plaintiffs have alleged sufficient facts to allege a substantial RICO claim.

a. Conduct. Plaintiffs have alleged that the defendants have conducted a racketeering enterprise over a substantial period of time consisting of First American's effort to sell illegal insurance policies and collect illegal insurance premiums from plaintiffs. (Complaint ¶ 125).

b. An Enterprise. Plaintiffs have alleged that, alternatively, a formal structure and an informal structure, was established by First American to sell illegal insurance policies, and to collect illegal insurance premiums for these policies. (Complaint ¶ 127). The Ninth Circuit, in a recent decision while sitting *en banc,* resolved conflicting opinions on the proof required to sufficiently allege a RICO enterprise.

> The definition of "enterprise" in the text of RICO is fairly straightforward. In its entirety, the definition is as follows: "'enterprise' includes any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). As is evident from the text, this definition is not very demanding. A single "individual" is an enterprise under RICO. Similarly, a single "partnership," a single "corporation," a single "association," and a single "other legal entity" are all enterprises. At issue in this case is the last kind of enterprise listed in the definition-a "group of individuals associated in fact." It is undisputed that a corporation can be an "individual" for purposes

7

CYFRED, LTD. et al., Plaintiffs v. FIRST AMERICAN TITLE INSURANCE COMPANY et al., Defendants
CYFRED, LTD.'S MEMORANDUM OF POINTS AND AUTHORITES re: JURISDICTION OF THE DISTRICT COURT OF GUAM
Civil Case No.07-00024

Case 1:07-cv-00024    Document 38    Filed 01/17/2008    Page 7 of 14

> of an associated-in-fact enterprise. What is disputed is the manner
> in which a group must be associated.

*Odom v. Microsoft Corp.*, 486 F.3d 541, 548 (9th Cir.2007).

Cyfred has sufficiently alleged that the defendants were engaged in a RICO enterprise.

c. Pattern. Plaintiffs have alleged that defendants sold hundreds of illegal insurance policies extending over a period of more then a decade. (Complaint ¶ 128). Plaintiffs alleged, and stated with particularity, eleven (11) predicate acts of wire and mail fraud perpetrated by defendants to promote their racketeering enterprise. (Complaint ¶ 129-139).

> The defendants assert that "Plaintiffs' allegations of a 'pattern of racketeering activity' must fail because they do not meet the continuity requirement." Docket No. 79, at 13. A pattern of racketeering activity "is proved by evidence of the requisite number of acts of racketeering committed by the participants in the enterprise." *Odom*, 486 F.3d at 549.. And as the defendants point out, "[a] pattern of activity lasting only a few months does not reflect the long term criminal conduct to which RICO was intended to apply." Releigious Tech. Ctr. V. Wollersheim, 971 F.2d 364, 367 (9th Cir. 1992). (per curiam) (internal quotation marks omitted) (holding that a period of six months was not "substantial" enough to establish continuity).
> There must be "at least two acts of racketeering activity" within ten years of one another in order to constitute a "pattern." 18 U.S.C. 1961 (5). "A 'pattern' of racketeering activity also requires proof that the racketeering predicates are [1] related and [2] ... 'amount to or pose a threat of continued criminal activity.' " Turner v. Cook, 362 F.3d 1219, 1229 (9th Cir.2004) (quoting H.J. Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229, 239, 109 S.Ct. 2893, 106 L.Ed. 2d 195 (1989)).

*Best Deals on TV, Inc. v. Naveed*, 2007 WL 2825652 * 5 (Slip Copy) (N.D.Cal.2007).

Cyfred has stated far more then a colorable case establishing a pattern of continuing racketeering activity by defendants.

///

///

8

CYFRED, LTD. et al., Plaintiffs v. FIRST AMERICAN TITLE INSURANCE COMPANY et al., Defendants
**CYFRED, LTD.'S MEMORANDUM OF POINTS AND AUTHORITES re: JURISDICTION OF THE DISTRICT COURT OF GUAM**
Civil Case No.07-00024

Case 1:07-cv-00024    Document 38    Filed 01/17/2008    Page 8 of 14

d. Racketeering Activity.

Additionally Cyfred has sufficiently alleged that defendants have engaged in racketeering activities. These activities centered on defendants use of the mail and telephones to sell illegal insurance policies and to collect illegal insurance premiums. (Complaint ¶¶ 128 & 129).

> The enterprise is an entity, for present purposes a group of persons associated together for a common purpose of engaging in a course of conduct. The pattern of racketeering activity is, on the other hand, a series of criminal acts as defined by the statute. The former is proved by evidence of an ongoing organization, formal or informal, and by evidence that the various associates function as a continuing unit. The latter is proved by evidence of the requisite number of acts of racketeering committed by the participants in the enterprise.

*Odom,* 486 F.3d at 549.

Cyfred has alleged sufficient facts to establish a colorable federal RICO claim.

**2. The Court Has Supplemental Jurisdiction Over the Guam Claims.** Given that Cyfred has sufficiently alleged the RICO claims in the Complaint, the court has supplemental or pendent jurisdiction over the claims in the Complaint that are based on violations of Guam law. 28 U.S.C. § 1367.

> Pendent jurisdiction, in the sense of judicial power, exists whenever there is a claim 'arising under (the) Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority * * *,' U.S.Const., Art. III, s 2, and the relationship between that claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional 'case.' (Fn omitted). The federal claim must have substance sufficient to confer subject matter jurisdiction on the court. *Levering & Garrigues Co. v. Morrin,* 289 U.S. 103, 53 S.Ct. 549, 77 L.Ed. 1062. The state and federal claims must derive from a common nucleus of operative fact. But if, considered without regard to their federal or state character, a plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding, then, assuming substantiality of the federal

9

CYFRED, LTD. et al., Plaintiffs v. FIRST AMERICAN TITLE INSURANCE COMPANY et al., Defendants
**CYFRED, LTD.'S MEMORANDUM OF POINTS AND AUTHORITES re: JURISDICTION OF THE DISTRICT COURT OF GUAM.**
Civil Case No.07-00024

Case 1:07-cv-00024    Document 38    Filed 01/17/2008    Page 9 of 14

issues, there is power in federal courts to hear the whole.(Fn omitted).

*United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 86 S.Ct. 1130, 1138 (1966).

The Ninth Circuit has applied the principles of pendent or supplemental jurisdiction, to claims arising out of a common nucleus of facts as those supporting the federal RICO claim in this action. *Brady v. Brown*, 51 F.3d 810, 816 (9th Cir.1995). The standard to invoke supplemental jurisdiction, in relation to federal a RICO claim, is whether proof of some or all of the state claims are necessary elements of proof to establish the federal RICO claim.

> The common nucleus of operative facts that binds the RICO and non-RICO claims together is pleaded in paragraph 12, which is incorporated by reference into each claim for relief. To prove the predicates for RICO that allegedly occurred in this country, the Republic will have to prove theft, the acceptance of bribes, extortion, conspiracy, and similar acts in the Marcoses' conduct of the government in the Philippines. For example, to prove that stolen money was unlawfully transported in the United States, the Republic will have to prove theft in the Philippines. The operative facts necessary as part of the proof of the RICO claim are also the facts necessary to prove the theft. **The RICO claims cannot be proved without getting deeply into the pendent claims and proving some or all of them.** Because the acts charged, if proved, support both the RICO and the non-RICO claims, the district court has subject matter jurisdiction over all claims in the Republic's complaint. (Emphasis added).

*Republic of the Philippines v. Marcos*, 862 F.2d 1355, 1359 (9th Cir. 1988).

The holding in Marcos emphasizes the point that once a non-frivolous federal question is at issue, the district court has jurisdiction over cases or controversies and not merely individual claims. *Schultz v. American Family Mut. Ins. Co.*, 2005 WL 5909003 * 6 (Slip Copy) (N.D.Ill.2005).

Even where a non-frivolous federal question is alleged, invoking supplemental jurisdiction is discretionary under specific circumstances. None of those circumstances are

10

Case 1:07-cv-00024　　Document 38　　Filed 01/17/2008　　Page 10 of 14

present here. Moreover, a movant seeking to deprive the Court of jurisdiction has the burden of establishing the circumstances and facts that deprive the court of supplemental jurisdiction. *Blockbuster*, supra.

### 3. There are no Facts That Would Lead to the Court to Decline Supplemental Jurisdiction.

While the exercise of pendent jurisdiction is discretionary, it is rarely declined when a non-frivolous federal question is presented to the court.

> " 'Jurisdictional dismissals in cases premised on federal-question jurisdiction are exceptional, and must satisfy the requirements specified in *Bell v. Hood.*' " *Roberts v. Corrothers*, 812 812 F.2d 1173, 1177 (9th Cir.1987). "Under *Bell v. Hood*, 327 U.S. 678, 681, 66 S.Ct. 773, 775, 90 L.Ed. 939 (1946), jurisdiction exists if the complaint is 'drawn so as to claim a right to recover under the Constitution and laws of the United States.' " (citations omitted).

*Independent Union of Flight Attendants v. Pan American World Airways, Inc.*, 923 F.2d 678, 680 (9th Cir. 1991).

In specific circumstances, the district court may decline supplemental jurisdiction. However, in this suit these circumstances are not present. The circumstances wherein the district court may decline to exercise supplemental jurisdiction are that: (1) the claims in the complaint raises novel issues of state law; (2) the state claims predominate over the federal claims; (3) the district court has dismissed all claims over which it had original jurisdiction, or (4) other exceptional or compelling circumstances to decline jurisdiction. *Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 743 (11th Cir.2006).

a. The Claims in the Complaint do not Raise Novel or Complex Issues of State Law. The Non-RICO claims in the complaint are tort claims. Tort claims are not ordinarily considered novel or complex legal issues since they have been fully litigated in state courts with a well recognized body of state law applicable to them. *Parker*, 468 F.3d at 743-744.

11

CYFRED, LTD. et al., Plaintiffs v. FIRST AMERICAN TITLE INSURANCE COMPANY et al., Defendants
**CYFRED, LTD.'S MEMORANDUM OF POINTS AND AUTHORITES re: JURISDICTION OF THE DISTRICT COURT OF GUAM.**
Civil Case No.07-00022    Case 1:07-cv-00024    Document 38    Filed 01/17/2008    Page 11 of 14

b. The State Claims do not Predominate over the Federal Claims. Some or all of the Guam claims in this action are necessary parts, and form the proof required to prove the federal RICO claims in the Complaint. The *Gibbs* court, once again, was the seminal decision establishing the parameters for deciding the issue of predominance.

> Similarly, if it appears that the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals. There may, on the other hand, be situations in which the state claim is so closely tied to questions of federal policy that the argument for exercise of pendent jurisdiction is particularly strong.

Gibbs, supra, 383 U.S. at 726-727.

Applying the Gibbs factors to the facts in this case, it is clear that the proof for the RICO offenses in the Complaint incorporates a substantial part of the same proof required to establish the Guam claims. The remedies available to plaintiffs under the federal RICO statutes are similar, or more comprehensive, then that available to plaintiffs for the Guam claims. This case presents a situation where the federal RICO claims are intricately interwoven into the same fabric of facts establishing the Guam claims. RICO remedies are especially well suited to situations where large multinational insurance companies engages in a substantial illegality extending over a significant period of time, through using the United States Mail, federally insured banks and wires of interstates commerce to accomplish its illegal purposes. Therefore there are strong federal policy interests in the action. Undoubtedly the parties expect the issues and facts in this case to be tried in a single action.

Therefore, the Guam claims do not predominate over the federal claims in the action.

12

CYFRED, LTD. et al., Plaintiffs v. FIRST AMERICAN TITLE INSURANCE COMPANY et al., Defendants
CYFRED, LTD.'S MEMORANDUM OF POINTS AND AUTHORITES re: JURISDICTION OF THE DISTRICT COURT OF GUAM.

Case 1:07-cv-00024 Document 38 Filed 01/17/2008 Page 12 of 14

c. The District Court Has not Dismissed All the Original Jurisdiction Causes of Action. The Court has not dismissed the claims of original jurisdiction in this action and therefore this basis for declining jurisdiction is inapplicable.

d. There is No Extraordinary or Exceptional Circumstances that Require Declining Supplemental Jurisdiction. There are no extraordinary circumstances warranting dismissal of the Guam claims. To the contrary, there are extraordinary circumstances that warrant the exercise of supplemental jurisdiction. There is a case filed by Cyfred against Stewart Title Guaranty in *Cyfred, Ltd. et al. v. Stewart Title Guaranty Company et al.*, District Court of Guam Case No. CIV07-00023 with similar issues to those in this case. Stewart is before the Court on the basis of diversity jurisdiction and is therefore likely to be reviewed and tried by this Court. Due to the similarity of issues between Stewart and this case, it is more judicially economical for this Court to exercise supplemental jurisdiction over the Guam law claims in this case as well. This also avoids the possibility of contradictory and inconsistent judicial rulings over similar facts and issues.

> Judicial economy, the essential policy behind the modern doctrine of pendent jurisdiction which *Gibbs* created, supports the retention of pendent jurisdiction in any case where substantial judicial resources have already been committed, so that sending the case to another court will cause a substantial duplication of effort. See Rosado v. Wyman, 397 U.S. 397, 405, 90 S.Ct. 1207, 1214 L.Ed. 442 (1970).

*Graf v. Elgin, Joliet and Eastern Ry. Co.*, 790 F.2d 1341, 1347-1348 (7th Cir.1986).

The factors of convenience and fairness to the parties, outlined by the US Supreme Court in *Gibbs* for exercising pendent jurisdiction, militate in favor of exercising supplemental jurisdiction and not against it. It would be extremely inconvenient to the parties, and unfair to Cyfred in particular, to require the parties to undertake two separate

13
CYFRED, LTD. et al., Plaintiffs v. FIRST AMERICAN TITLE INSURANCE COMPANY et al., Defendants
CYFRED, LTD.'S MEMORANDUM OF POINTS AND AUTHORITES re: JURISDICTION OF THE DISTRICT COURT OF GUAM.
Case Case 1:07-cv-00024 Document 38 Filed 01/17/2008 Page 13 of 14

simultaneous trials of the same facts. Therefore, Cyfred respectfully submits that there is no basis for the Court to decline supplemental jurisdiction in this action.

### III. CONCLUSION

For all the above reasons, the District Court has jurisdiction over this action.

Dated this 18th day of January 2008.

THE VANDEVELD LAW OFFICES, P.C.

_____
Curtis C. Van de veld, Esq.
Attorney for Plaintiffs

14

CYFRED, LTD. et al., Plaintiffs v. FIRST AMERICAN TITLE INSURANCE COMPANY et al., Defendants
CYFRED, LTD.'S MEMORANDUM OF POINTS AND AUTHORITES re: JURISDICTION OF THE DISTRICT COURT OF GUAM.

Case 1:07-cv-00024    Document 38    Filed 01/17/2008    Page 14 of 14