**Attorney for Plaintiffs:**
  Cyfred, Ltd., Class,
  Deceptive Acts Subclass
  Denied Claims Subclass.



**FILED**
DISTRICT COURT OF GUAM

JAN 3 1 2008

JEANNE G. QUINATA
Clerk of Court

# IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| CYFRED, LTD for itself and other similarly situated, | Civil Case No.07-00024 |
| Plaintiffs, | **PLAINTIFF CYFRED, LTD.'S REPLY TO FIRST AMERICAN TITLE INSURANCE CO., MANU MELWANI & PACIFIC AMERICAN TITLE INSURANCE CO.'S RESPONSE re: JURISDICTION OF THE DISTRICT COURT OF GUAM** |
| vs. | |
| FIRST AMERICAN TITLE INSURANCE COMPANY, et al., | |
| Defendants. | |

COMES NOW Plaintiff, CYFRED, LTD. ("Cyfred"), and the proposed class, by and through their counsel **THE VANDEVELD LAW OFFICES, P.C.**, by Curtis C. Van de veld, who files this Reply to First American Tile Insurance Co. ("First American"), Manu Melwani and Pacific American Title Insurance Co.'s ("PATCO") (hereinafter jointly referred to as the "Named Defendants") Response Memorandum re: Jurisdiction of the District Court of Guam as follows:

## I. INTRODUCTION

The Named Defendants argued that this Court does not have diversity jurisdiction under the Class Action Fairness Act ("CAFA") due to the 'local controversy exception' to CAFA jurisdiction, and the 'home state controversy exception' to CAFA jurisdiction. The Named Defendants erroneously argued that plaintiffs have the burden of proving that an exception to CAFA jurisdiction applies.

Secondly, the Named Defendants erroneously argued that the Court has discretion to decline jurisdiction over the federal RICO allegations in the First Amended Class Action Complaint ("Complaint"), and urged the Court to exercise its discretion to decline federal supplemental jurisdiction over the Guam based claims, because the "primary issues in this case

CYFRED, LTD. et al., Plaintiffs v. FIRST AMERICAN TITLE INSURANCE COMPANY et al., Defendants
PLAINTIFF CYFRED, LTD.'S REPLY TO DEFENDANT FIRST AMERICAN et al.'S RESPONSE re: JURISDICTION
Civil Case No.07-00024
Page 1

Case 1:07-cv-00024   Document 55   Filed 01/30/2008   Page 1 of 10

are issues of local law and local concern." (*See*: Named Defendants Memo. p. 1). The Court has no discretion to decline jurisdiction over a well pled federal RICO claim, and it should not exercise its discretion to decline jurisdiction over the Guam claims supplement to the federal RICO allegations. All the Guam allegations derive from a common nucleus of operative fact to the federal RICO allegations, and federal RICO allegations are usually extensively intertwined with violations of State law.

## II. ANALYSES

The Named Defendants have the burden of proving an exception to CAFA. They have failed to present a preponderance of the evidence establishing an exception to CAFA jurisdiction. Moreover, the Named Defendants have not established facts necessary to support their request that this Court should abstain from exercising its jurisdiction over this action. This Court cannot decline jurisdictions over well pled federal question allegations. Finally, this Court should not decline federal supplemental jurisdiction over the asserted Guam claims.

### A. THE NAMED DEFENDANTS HAVE THE BURDEN OF PROVING THAT AN EXCEPTION TO CAFA JURISDICTION APPLIES

The Named Defendants argued that plaintiffs have the burden of proof to establish diversity jurisdiction. (See: Named Defendants Memo. p. 3). None of the cases cited by the Named Defendants define the respective burdens, of the advocating and opposing parties, to establish CAFA jurisdiction, and exceptions to CAFA jurisdiction.

> The appeal to the home state exception necessarily raises the issue as to which party bears the burden of proof. The argument of the McMorris class rests solely on one recent case from the Central District of California. See Mot. Hr'g Tr. at 9:10-10:1; <u>Lao v. Wickes Furniture Co., Inc., 455 F.Supp.2d 1045 (C.D.Cal.2006)</u>. In <u>Lao v. Wickes Furniture Co., Inc.,</u> the district court held that <u>28 U.S.C. § 1332(d)(4)</u> did not constitute an exception to CAFA's jurisdictional sweep, but simply provided additional criteria that must affirmatively be shown by the party seeking to establish CAFA jurisdiction in the first instance. <u>455 F.Supp.2d at 1059.</u> <u>Lao</u> has, however, been overruled by a subsequent decision by the Ninth Circuit Court of Appeals. See <u>Serrano v. 180 Connect, Inc., 478 F.3d 1018, 1023 (9th Cir.2007)</u>. In <u>Serrano,</u> the Ninth Circuit declined plaintiff's argument that the <u>Lao</u> reasoning was applicable and held that the party seeking remand of a case removed under CAFA bears the burden of establishing the home state exception. <u>Id.</u> Similarly, this Court is not persuaded by the reasoning in <u>Lao.</u> First and foremost, <u>Lao's</u> result is inconsistent with the plain language of CAFA. As noted above, <u>sections 1332(d)(4)(A) and (B)</u> require federal courts, despite having jurisdiction under <u>section 1332(d)(2)</u>, to "decline to exercise jurisdiction" when the criteria set forth in those provisions are met. Subsections (d)(4)(A) and (B) are, therefore, not part of the prima facie elements of jurisdiction but exceptions to such jurisdiction. As the proponent of the

CYFRED, LTD. et al., Plaintiffs v. FIRST AMERICAN TITLE INSURANCE COMPANY et al., Defendants
PLAINTIFFS' REPLY TO DEFENDANT FIRST AMERICAN's RESPONSE TO JURISDICTION  Page 2 of 10
Civil Case No.07-00024                                                                                          Page 2

exception, the McMorris class bears the burden.
This Court gives significant weight to the fact that every other federal court that has considered this issue has held that the burden of showing that a statutory exception applies falls on the party moving to remand. *See, e.g., Preston,* 485 F.3d at 801 (stating that the parties moving to remand must prove that a CAFA exception to federal jurisdiction apply); *Hart v. FedEx Ground Package Sys. Inc.,* 457 F.3d 675, 679-680 (7th Cir.2006) (analogizing the structure of CAFA to that of the general removal statute, which places the burden on the opponent of removal to show express exceptions to removability); *Frazier v. Pioneer Americas LLC,* 455 F.3d 542, 546 (5th Cir.2006) (noting that district court properly placed the burden on plaintiffs to show statutory exclusions); *Evans v. Walter Indus., Inc.,* 449 F.3d 1159, 1164 (11th Cir.2006) (holding that when a party seeks to avail itself of an express statutory exception to CAFA, that party bears the burden of proof with regard to that exception); *Martin v. Lafon Nursing Facility of the Holy Family, Inc.,* No. 06-5108, 2007 WL 162813, at *2-*3 (E.D.La. Jan.18, 2007) (ruling that the burden of proving citizenship of a putative class, and therefore the applicability of CAFA exception, rests with plaintiff).

*McMorris v. TJX Companies, Inc.,* 493 F.Supp.2d 158, 164-165 (D.Mass.2007).

The Ninth Circuit, as noted in *McMorris*, requires the advocate of a CAFA exception to prove it applies. *Serrano v. 180 Connect, Inc.,* 478 F.3d 1018, 1023 (9th Cir.2007).

**B. NO EXCEPTIONS TO CAFA JURISDICTION APPLY TO THIS ACTION**

The Named Defendants argued that the "local controversy exception" to CAFA jurisdiction applies. 28 U.S.C. § 1332(d)(4)(A); (Named Defendants Memo pp.4-6). Named Defendants also seemed to argue that the "home state controversy exception" to CAFA jurisdiction also applies. *id.* 28 U.S.C. § 1332(d)(4)(B).

**1. The Named Defendants Have Not Proved That More Than Two-Thirds of the Plaintiff Class are Guam Citizens.** As a prerequisite to invoking the 'local controversy exception' to CAFA jurisdiction, the Named Defendants were required to establish, by a preponderance of the evidence, that two-thirds or more of the plaintiff class are citizens of the "State in which the action was originally filed …". 28 U.S.C. § 1332(d)(4)(A). Furthermore, as a prerequisite to invoking the "home state controversy exception' to CAFA jurisdiction, the Named Defendants were required to prove, that two-thirds or more of the proposed plaintiff class "and the primary defendants, are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(B). Assuming, for the moment, that the on of the "primary" defendants in this action is not First American, the Named Defendants have failed to establish that more

then two-thirds of the members of the plaintiff class are citizens of Guam, the 'home state' of Defendants PATCO and Melwani.

The Named Defendants concede that the relevant period for determining citizenship for CAFA purposes is the commencement date of the action. (*See*: Named Defendants Memo. p. 2). To meet their burden of proving the Guam citizenship of the plaintiff class, the Named Defendants wrote: "Sara C. Pangelinan, who has been an Escrow Officer from PATCO since 1992, states that the overwhelming majority of persons who purchased title insurance from PATCO, 96.72% in a random sample from the years at issue in this action, **were Guam residents**." (Emphasis added; Named Defendants Memo. p. 3).

This "proof" is wholly inadequate. The Named Defendants present no evidence of the proposed plaintiff class's current citizenship, as opposed to their past addresses. Despite maintaining a Guam domicile, many potential class members who purchased real estate in Guam could have been citizens of other States, or of foreign countries. Named Defendants admit the transient nature of Guam's population. (*See*: Named Defendants Memo. p. 2). The transient portion of Guam's population is more likely, than the permanent residents, to purchase and sell real estate in Guam, as they move in and out of Guam. It is more likely then not that more than 5,000 individuals in the potential plaintiff class, estimated to be 15,000 policy holders, have moved off Guam in the relevant 13 year period. The Named Defendants' unscientific "random sample" does not sufficiently establish proof of citizenship of the potential plaintiff class by a preponderance of the evidence. Similar proof, as that tendered by the Named Defendants here, has been rejected as inadequate in other federal courts.

> Since the McMorris class must shoulder the burden of proof, the question becomes whether that burden has been satisfied. In this case, the McMorris class simply asserts that all the named plaintiffs are citizens of Massachusetts and "it is clear that at least two-thirds ... of the members of the putative class are citizens of Massachusetts." Pls.' Mem. at 9. This Court rules that such a bare assertion cannot sustain the burden of proof. *See, e.g., Evans*, 449 F.3d at 1166 (concluding that evidence of interviewing numerous potential class members residing in the forum state presented by plaintiffs was inadequate to qualify for a CAFA exclusion); *Nichols v. Progressive Direct Ins. Co.*, No. 06-146-DLB, 2007 WL 1035014, at *3 (E.D.Ky. Mar.31, 2007) (denying motion to remand under CAFA's home state exception, and noting that when a proposed class period spans several years, it is "sheer speculation" to conclude putative class members "remained citizens of the state"); *Musgrave v. Aluminum Co. of America, Inc.*, No. 3:06-cv-0029- RLY-WGH, 2006 WL 1994840, at *2-*3 (S.D.Ind. July 14, 2006) (holding that a mere allegation that potential class members lived in the forum state was insufficient to meet CAFA's exception); *Schwartz*, 2006 WL 487915, at *6 (refusing to remand action under CAFA

CYFRED, LTD. et al., Plaintiffs v. FIRST AMERICAN TITLE INSURANCE COMPANY et al., Defendants
PLAINTIFF CYFRED, LTD.'S REPLY TO DEFENDANT FIRST AMERICAN'S RESPONSE TO JURISDICTION
Civil Case No.07-00024
Page 4 of 10
Page 4

exception on the basis that the evidence of the class members' residences was not sufficient to establish that two-thirds or more of class members were citizens of the forum state). Indeed, other courts have held that even supplying a list of the home addresses of the putative class members does not suffice to establish citizenship. *See, e.g.,* Preston, 485 F.3d at 801.

*McMorris,* 493 F.Supp.2d at 165-166.

Therefore, the Named Defendants have failed to present the necessary poof to establish that two-thirds, or more, of the members of the proposed plaintiff class were citizens of Guam when the action commenced. Absent this proof, the Named Defendants cannot invoke either the 'local controversy exception' or the 'home state controversy exception' to CAFA jurisdiction.

**2. The Named Defendants Have Not Established a Local Controversy.** "'CAFA's language favors federal jurisdiction over class actions and CAFA's legislative history suggests that Congress intended the local controversy exception to be a narrow one, with all doubts resolved 'in favor of exercising jurisdiction over the case.' Evans, 449 F.3d at 1163 (quoting S.Rep. No. 109-14 at 42, U.S.Code Cong. & Admin. News 3, 40)." *Brook v. UnitedHealth Group Incorporated* , , 2007 WL 2827808 * 4 (Slip Copy) (S.D.N.Y.2007). In order to invoke the 'local controversy exception' the Named Defendants must establish that there has not been a similar class actions as this one, brought in other jurisdictions against First American, within three (3) years of the commencement of this action. 28 U.S.C. § 1332(4)(20(A)((ii). First American filed no affidavits from its Chief Legal Officer describing each class action filed against First American in the three (3) years preceding this action which would allow the Court, and plaintiffs, to determine which class actions, if any, allege similar factual allegations as the action here. Bare assertions by First American's counsel are insufficient to establish that no such class actions have been filed against First American. *McMorris,* 493 F.Supp.2d at 165. Moreover, a cursory review of the record indicates that there may have been class actions filed against First American for illegal or improper rate charges within three (3) years of the commencement of this action. *Lewis v. First American Title Ins. Co.*, 2007 WL 2815041 * 1(Slip Copy) (D.Idaho2007) ( allegation of illegal rate charges and other similar allegations as have been made in this action); *Scott v. First American Title Ins. Co.*, 2007 WL 135909 (Slip Copy) (D.N.H.2007) (illegal rates collected, breach of contract and unjust enrichment).

**3. The Named Defendants have not Established that the Home State Controversy Exception to CAFA Jurisdiction Applies.** Establishing the 'home state controversy

CYFRED, LTD. et al., Plaintiffs v. FIRST AMERICAN TITLE INSURANCE COMPANY et al., Defendants
PLAINTIFF CYFRED, LTD.'S REPLY TO DEFENDANT FIRST AMERICAN's RESPONSE TO JURISDICTION Page 5 of 10
Civil Case No.07-00024                                                                                                    Page 5

exception' to CAFA jurisdiction requires proof that more then two-thirds of the plaintiff class are citizens of the same State as the citizens of **all** the primary defendants in the action. The Named Defendants assert that two-thirds of all the plaintiff class are Guam citizens, but have not established that all the primary defendants in the action are Guam citizens.

> However, as "evident from the statute's use of the phrase *"the* primary defendants" rather than *"a* primary defendant", "the plain language of the statute requires remand only when *all* of the primary defendants are residents of the same state in which the action was originally filed'. <u>Robinson v.. Cheetah Transportation, Civ.A.No. 06-0005, 2006 WL 3322580, at *3 (W.D.La. Nov. 14, 2006)</u> (emphasis in original).

*Anthony v. Small Tube Mfg. Corp*, 2007 WL 2844819 *8 (Slip Copy) (E.D.Pa.2007).

The named Defendants have admitted that First American is not a citizen of Guam, and there is little doubt that First American is a primary defendant in the action. The *Anthony* Court described a "primary defendant" under CAFA as follows:

> I next consider the law governing the identification of "primary defendants" under the home-state controversy exception. Despite burgeoning CAFA jurisprudence, few courts have opined on the home-state controversy requirement with respect to the definition of "primary defendants". <u>28 U.S.C. § 1332(d)(4)(B)</u>. ...
> Most courts have construed "primary defendants" by relying on a construction of an analogous provision of the Multiparty, Multiforum, Trial Jurisdiction Act of 2002, <u>28 U.S.C. § 1369</u>, offered in <u>Passa v. Derderian, 308 F.Supp.2d 43, 61-64 (D.R.I.2004)</u>. The Passa court indicated that there is a settled judicial understanding of the term "primary defendants" borrowed from tort law. <u>Kitson v. Bank of Edwardsville, Civ.A.No. 06-528, 2006 WL 3392752, at * 13-17 (S.D.Ill. Nov. 22, 2006)</u> (holding, inter alia, that settled legal definitions are properly considered as part of congressional understanding).
> I follow the decisions of those courts which have adopted the definition of "the primary defendants" expressed in Passa as it is used in <u>28 U.S.C. § 1332(d)(4)</u>. As expressed by the Kitson court, the definition of primary defendants is as follows:
> Ultimately the [Passa] court concluded that "primary defendants"... are "those parties that are allegedly directly liable to the plaintiffs, while 'secondary' defendants are ... those parties sued under theories of vicarious liability or joined for purposes of contribution or indemnification." ... Thus, the court held, "the most appropriate definition of 'primary defendants'... must include those parties facing direct liability in the instant litigation." ... The court explained that "all defendants sued directly in a cause of action maintain a dominant relationship to the subject matter of the controversy, while those parties sued under theories of vicarious liability, or joined for purposes of indemnification or contribution, maintain an indirect or 'secondary' relationship to the litigation." ... The court noted that its interpretation of the term "primary defendants" for purposes of the statute was the definition most consistent not only with traditional legal concepts but also judicial economy and fairness to parties, because "it does not require the Court to make a pre-trial determination of liability or culpability, but rather requires only a review of the complaint to determine which defendants are sued directly." (Citations omitted).

CYFRED, LTD. et al., Plaintiffs v. FIRST AMERICAN TITLE INSURANCE COMPANY et al., Defendants
PLAINTIFF CYFRED, LTD.'S REPLY TO DEFENDANT FIRST AMERICAN, et al's RESPONSE TO JURISDICTION
Civil Case No.07-00024
Case 1:07-cv-00024     Document 60     Filed 04/15/2008     Page 6 of 10
Page 6

*Anthony v. Small Tube Mfg. Corp*, 2007 WL 2844819 *8-9 (Slip Copy) (E.D.Pa.2007).

Plaintiffs allege that First American is primarily and directly liable to them for the damages caused by the racketeering activities alleged in the Complaint.

Though, as noted by the *Anthony* court, there is a split between federal circuits as to the definition of a "primary" defendant. *Anthony*, 2007 WL 2844819 at * 9. In some federal circuits a primary defendant has been defined as the defendant with the deepest pockets in the litigation. *Evans v. Walter Industries, Inc.*, 449 F.3d 1159, 1167 (11th Cir.2006). First American has the deepest pocket in the action and is best able to pay any potential judgment. First American declared its assets in 2005 to the Banking and Insurance Commissioner to be $2,119,968,165. (*See*: Declaration of Curtis C. Van de veld). First American is a primary defendant in the action.

## C. THE COURT SHOULD NOT ABSTAIN FROM EXERCISING JURISDICTION OVER THIS MATTER

The Named Defendants, relying on *Tafflin v. Levitt*, 493 U.S. 455, 110 S.Ct. 792 (1990), argued the Court should abstain its jurisdiction. The issue decided in *Tafflin* was whether federal courts have exclusive jurisdiction over federal RICO claims sufficient to "oust" the State court of federal RICO jurisdiction. *Id*.

> The concept of pendent jurisdiction recognized in *Gibbs* has been codified in 28 U.S.C. § 1367 under the title of "Supplemental jurisdiction." That section contains no express language which would permit this court to decline to exercise jurisdiction over the federal RICO claim. The Supreme Court in *Tafflin v. Levitt*, 493 U.S. 455, 110 S.Ct. 792, 107 L.Ed.2d 887 (1990) did not authorize remand of federal claims, and simply held that state and federal courts have concurrent jurisdiction over RICO claims. The fact that federal and state courts have concurrent jurisdiction over RICO claims does not provide a basis for defeating defendants' right to remove the action to federal court. *Di Loreto*, 1991 WL 137269, p. 3 n. 3, citing *DiAntonio v. Pennsylvania State Univ.*, 455 F.Supp. 510 (M.D.Pa.1978).

*Kabealo v. Davis*, 829 F.Supp. 923, 927 (S.D.Ohio1993).

The Named Defendants also rely on *Bodenner v. Graves*, 828 F. Supp. 516 (W.D. Mich. 1993) to support their theory of abstention. But, federal courts have disagreed with *Bodenner*.

> This court is aware that other courts have concluded that 28 U.S.C. § 1367(c) authorizes remand of federal claims along with pendent state claims. *See e.g., Administaff, Inc. v. Kaster*, 799 F.Supp. 685 (W.D.Tex.1992); <u>*Bodenner v. Graves, 828 F.Supp. 516 (W.D.Mich.*</u>1993). This court disagrees with the reasoning in those cases. *Cohill* [484

CYFRED, LTD. et al., Plaintiffs v. FIRST AMERICAN TITLE INSURANCE COMPANY et al., Defendants
PLAINTIFF CYFRED, LTD.'S REPLY TO DEFENDANT FIRST AMERICAN's RESPONSE TO JURISDICTION Page 7 of 10
Civil Case No.07-00024                                                                                                          Page 7

U.S. 343(1988)] does not stand for the proposition that remand of a federal claim along with pendent state claims is permissible, since in *Cohill,* the federal claim had been dismissed by the time the court declined to hear the state claims. Likewise, there is nothing in the language of § 1367(c) which suggests this authority.
While § 1367 does not permit dismissal of federal claims, it does allow the court to decline to exercise supplemental jurisdiction over a state claim if the claim raises a novel or complex issue of state law or predominates over the federal claim, if all federal claims have been dismissed, or, in exceptional circumstances, if there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c). However, none of these factors have been shown to apply in this case. The state law claims and the RICO claim are based upon the same series of events or circumstances. In particular, proof of plaintiff's claim under § 2923.32, the Ohio "RICO" statute, will be similar in many ways to the proof required for plaintiff's federal claim. These claims are sufficiently intertwined to make this an appropriate case for the exercise of supplemental jurisdiction. See *Clark,* 813 F.Supp. at 434. At this point in the proceedings, remanding the state claims to the state court would result in a needless duplication of expense and judicial resources.

*Kabealo,* 829 F.Supp. at 927-928.

The United States Supreme Court has also ruled that a well pled federal cause of action should, absent narrow excepting circumstances, be litigated in federal court.

Our cases have long supported the proposition that federal courts lack the authority to abstain from the exercise of jurisdiction that has been conferred. For example: "We have no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not given. The one or the other would be treason to the Constitution." *Cohens v. Virginia,* 6 Wheat. 264, 404, 5 L.Ed. 257 (1821). " '[T]he courts of the United States are bound to proceed to judgment and to afford redress to suitors before them in every case to which their jurisdiction extends. They cannot abdicate their authority or duty in any case in favor of another jurisdiction.' " *Chicot County v. Sherwood,* 148 U.S. 529, 534, 13 S.Ct. 695, 697, 37 L.Ed. 546 (1893) (citations omitted). "When a Federal court is properly appealed to in a case over which it has by law jurisdiction, it is its duty to take such jurisdiction.... The right of a party plaintiff to choose a Federal court where there is a choice cannot be properly denied." *Willcox v. Consolidated Gas Co.,* 212 U.S. 19, 40, 29 S.Ct. 192, 195, 53 L.Ed. 382 (1909) (citations omitted). Underlying these assertions is the undisputed constitutional principle that Congress, and not the Judiciary, defines the scope of federal jurisdiction within the constitutionally permissible bounds. *Kline v. Burke Construction Co.,* 260 U.S. 226, 234, 43 S.Ct. 79, 83, 67 L.Ed. 226 (1922).

*New Orleans Public Service, Inc. v. Council of City of New Orleans,* 491 U.S. 350, 358-359, 109 S.Ct. 2506, 2513 (1989).

### D. THE COURT SHOULD NOT DECLINE SUPPLEMENTAL JURISDICTION

**1. The Guam Claims Do not Predominate Over the Federal Claims.** The Court should not decline supplemental jurisdiction. The Named Defendants simply count the number of

allegations in the Complaint and conclude that since there are more causes of action in the Complaint based on violations Guam law, then, Guam claims predominate. This approach is faulty. Supplemental jurisdiction is exercised over cases or controversies and not claims – the number of comparative claims alleged under State law compared with those alleged to have violated federal law is irrelevant. What is relevant is whether the causes of action in the complaint assert claims arising out of a common nucleus of operative fact that can be expected to be tried in a single action.

> The plain language of section 1367 extends supplemental jurisdiction to "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a); *see Brazinski v. Amoco Petroleum Additives Co.*, 6 F.3d 1176, 1181-82 (7th Cir.1993) ("If a [state] claim is close enough to the ... claim that confers federal jurisdiction to be part of the same case, there is no constitutional bar to the assumption of federal jurisdiction over the claim, because Article III confers federal jurisdiction over cases or controversies rather than over claims ...."). State and federal claims are part of the same case or controversy if they "derive from a common nucleus of operative fact." *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 500 (7th Cir.1999) (quotation omitted).

*Schultz v. American Family Mut. Ins. Co.*, 2005 WL 5909003 * 6 (Slip Copy) (N.D.Ill.2005).

Moreover, Congress anticipated federal RICO claims to be based on violations of State law. Justice White, in his concurring opinion in *Tafflin*, noted this close relationship: "RICO is an unusual federal criminal statute. It borrows heavily from state law; racketeering activity is defined in terms of numerous offenses chargeable under state law, 18 U.S.C. § 1961(1)(A), as well as various federal offenses." *Tafflin*, 493 U.S. at 468.

**2. The Guam Claims Do Not Raise Novel Issues of Guam Law.** The Named Plaintiffs asserted that novel issues are at stake in this litigation, since this Court may be required to determine whether First American's illegal conduct voided the insurance policies at issue. The consequences of First American's illegal conduct are not novel issues of Guam law. While the Guam Supreme Court is a young court, it has ruled that decisional law from other jurisdictions, interpreting identical statutes adopted by Guam, is persuasive in Guam. *Taitano v. Lujan*, 2005 WL 3579088, 2005 Guam 26 (Guam Terr.2005). The codes applicable to unlawful contracts have been adopted from California. 18 G.C.A Chapter 28, et. seq. Moreover, there is an extensive library of decisions by the Guam Superior Court and the Ninth Circuit Court, sitting as

CYFRED, LTD. et al., Plaintiffs v. FIRST AMERICAN TITLE INSURANCE COMPANY et al., Defendants
PLAINTIFF CYFRED, LTD.'S REPLY TO DEFENDANT FIRST AMERICAN, et al.'S RESPONSE TO JURISDICTION Page 9 of 10
Civil Case No.07-00024                                                                                   Page 9

Guam's appellate court, from which this Court can draw.[1] Any alternative conclusion will require this court to decline supplemental jurisdiction in Guam, for decades to come, since, under the standard advocated by Named Defendants, hardly a case before this Court will not have some "novel" issue of Guam law not yet decided by the Guam Supreme Court.

**3. Plaintiffs' RICO Allegations Are Well Pled.** The Named Defendants mistakenly relied on the holding in *Riverwoods v. Chappaqua Corp. v. Marine Midland Bank*, 30 F.3d 339 (2nd Cir.1994) to argue that plaintiffs have not properly alleged a separate enterprise to sustain their RICO allegations. However, the *Riverwoods* complaint did not allege an enterprise between corporations, but rather, alleged the existence of an enterprise within a corporation. In other words, the alleged enterprise in *Riverwoods* composed of the corporation and its employees. The *Riverwoods* court ruled that the corporation and its employees were a single entity for RICO purposes. Here, the enterprise is alleged as an extensive association in fact and by formal agreement enterprise consisting of several different corporations and individuals. Regardless, the *Riverwoods* holding has been overturned by *Cedric Kushner Promotions, Ltd. v. King*, 533 U.S. 158, 121 S.Ct. 2087, 150 L.Ed.2d 198 (2001) on the issue of whether corporate employees are distinct persons from their corporate employer for RICO purposes. Thus *Riverwoods* is inapplicable to the facts here. (*See also: Bessette v. Avco Financial Services, Inc.* 279 B.R. 442, 453 (D.R.I.2002) (recognizing *Riverwoods* is overturned) *and see also: Odom v. Microsoft Corp.* 486 F.3d 541(9th Cir.2007)(*en banc*) (defining necessary allegations for association in fact enterprise contradicting *Riverwoods*).

### III. CONCLUSION

For all the above reasons the Court should retain jurisdiction over this matter.

Dated this 30st day of January 2008.

Curtis C. Van de veld, Esq.
Attorney for Plaintiffs

---

[1] Named Defendants made cryptic allusions to missing records, and the unreliability of using the Banking and Insurance Commissioner's records to show that First American did not get its insurance forms and rates approved. (Named Defendants Memo. pp. 12 & 13). If First American is conceding that it has no proof that it was authorized to use the insurance forms and charge the premiums it charged, but it argues it is nevertheless plaintiffs' obligation to prove First American's non-compliance, these issues, relating to the evidentiary burden of the respective parties in proving compliance with Guam's Insurance Law, can be resolved by applying the Federal Rules of Evidence and other laws and rules of evidence. This is not a "novel" State issue.

CYFRED, LTD. et al., Plaintiffs v. FIRST AMERICAN TITLE INSURANCE COMPANY et al., Defendants
PLAINTIFF CYFRED, LTD.'S REPLY TO DEFENDANT FIRST AMERICAN's RESPONSE ON JURISDICTION Page 10 of 10
Civil Case No.07-00024                                                                                    Page 10