THE VANDEVELD LAW OFFICES, P.C.
Historical House, Second Floor
123 Hernan Cortes Avenue
Hagåtña, Guam 96910
Office:    (671) 472-4396/488-0888
Facsimile: (671) 472-2561

*Attorney for Plaintiff:*
    Cyfred, Ltd., Class,
    Deceptive Acts Subclass
    Denied Claims Subclass

**FILED**
DISTRICT COURT OF GUAM

MAR 0 7 2008 🅡🅓,

**JEANNE G. QUINATA**
**Clerk of Court**

# IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| CYFRED, LTD for itself and other similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> FIRST AMERICAN TITLE INSURANCE & ESCROW COMPANY, PACIFIC AMERICAN TITLE INSURANCE & ESCROW COMPANY, MANU MELWANI and DOES One (1) through Three Hundred and ninety-eight (298), Inclusive, <br><br> Defendants. | Civil Case No.07-00024 <br><br> **PLAINTIFFS' MOTION FOR CLASS CERTIFICATION** <br><br> (Hearing Requested) <br><br> [Fed R. Civ. P. Rule 23(a), 23(b)(1) & 23(b)(3)] |

## MOTION

COMES NOW Plaintiffs, Cyfred, Ltd. ("Cyfred"), and the proposed class, by and through their counsel THE VANDEVELD LAW OFFICES, P.C., by Curtis C. Van de veld Esq. who hereby moves the Court to Certify the Class and Subclasses, as stated in the accompanying Memorandum of Point and Authorities. This Motion is made based on the moving papers and all other documents and pleadings on file herein.

///

///

**ORIGINAL**

CYFRED, LTD. et al., Plaintiffs v. FIRST AMERICAN TITLE INSURANCE COMPANY et al., Defendants
PLAINTIFFS' MOTION FOR CLASS CERTIFICATION
Civil Case No.07-00024
Page 1

Case 1:07-cv-00024    Document 61    Filed 03/07/2008    Page 1 of 15

Dated this ___ day of February 2008.

THE VANDEVELD LAW OFFICES, P.C.

_____
Curtis C. Van de veld, Esq.
Attorney for Cyfred, Ltd., and
Prospective Class Members

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

First American Title Insurance Company ("First American") failed or refused to obtain approvals from the Banking and Insurance Commissioner ("Commissioner") for the title insurance policy forms First American sold in Guam to Cyfred, and to members of the proposed Class, in violation of 22 G.C.A. § 18308. First American also failed to obtain approvals from the Commissioner for the premiums, rates, rate schedules, rate plans, and methods of computing rates for the insurance polices it sold to Cyfred, and the proposed Class, in violation of 22 GC.A. § 18501. First American failed to inform Cyfred, and the Class, that the Commissioner had not approved the insurance policy forms and premiums for the policies First American sold them, at the time First American issued the policies to them though its agents in Guam. First American sold Cyfred and each member of the Proposed Class title insurance polices holding those policy forms out to be legal and approved. First American charged Cyfred and the Proposed Class insurance premiums for the title insurance they purchased holding out said premiums to be legally authorized and approved for the title policies purchased. These facts and the law applicable to them are virtually identical for each member of the Proposed Class.

CYFRED, LTD. et al., Plaintiffs v. FIRST AMERICAN TITLE INSURANCE COMPANY et al., Defendants
PLAINTIFFS' MOTION FOR CLASS CERTIFICATION
Civil Case No.07-00024
Case 1:07-cv-00024    Document 61    Filed 03/07/2008    Page 2 of 15
Page 2

The Complaint listed the title insurance policy purchased by Cyfred from First American's title agent in Guam. (*See:* First Amended Class Action Complaint hereinafter "Complaint" ¶ 19). Other members of the Proposed Class purchased title insurance polices from First American through First American's title agents in Guam. Neither Cyfred nor any member of the Proposed Class were informed that the title insurance polices they purchased were illegal and not approved by the Commissioner or that the rates charged were not approved by the Commissioner.

The Second Cause of Action in the Complaint is for Fraudulent Deceit, asserted by the proposed Denied Claims Subclass. This claim is based on common facts to Cyfred and the Denied Claims Subclass. Both Cyfred and the Denied Claims Subclass were denied insurance coverage under the terms of illegal insurance policies.

The Eighth and Ninth Causes of Action allege violations of the Deceptive Trade Practices-Consumer Protection Act made by the Deceptive Acts Subclass. Cyfred is a consumer of insurance policies as defined in the Deceptive Trade Practices-Consumer Protection Act as is all the members of the Proposed Deceptive Acts Subclass. Cyfred and all members of the Deceptive Acts Subclass alleged that by First American engaged in deceptive acts against Cyfred and the Deceptive Acts Subclass in violation of the Deceptive Trade Practices-Consumer Protection Act. (*See*: Complaint ¶¶ 106 to 116).

The Tenth Cause of Action alleges that First American conducted a Racketeering Influenced and Corrupt Organization Act ("RICO") enterprise. At its essence, the RICO allegations state that First American established a racketeering enterprise to sell illegal title insurance policies not approved under sections 18308 and 18501 to Cyfred and to each member of the proposed Class in an ongoing criminal enterprise. The Complaint alleges that

CYFRED, LTD. et al., Plaintiffs v. FIRST AMERICAN TITLE INSURANCE COMPANY et al., Defendants
PLAINTIFFS' MOTION FOR CLASS CERTIFICATION
Civil Case No.07-00024
Page 3

Case 1:07-cv-00024   Document 61   Filed 03/07/2008   Page 3 of 15

First American used its title agents in Guam to perpetrate and accomplish its illegal activities and used the "United States mail and telephones in order to sell First American's illegal title insurance policies and collect said illegal premiums." (*See:* Complaint ¶ 125). This alleged racketeering enterprise was common to Cyfred and all other members of the Proposed Class.

The Complaint further alleged that from on or about April 1998 and each year thereafter First American filed a false affidavit of compliance with the Commissioner stating that First American was in Compliance with the Insurance Law. (*See* Complaint ¶ 129).

These yearly affidavits of compliance affected Cyfred and each member of the Proposed Class. The affidavits of compliance allowed First American to renew their certificate of authority to underwrite title insurance in Guam for each succeeding year that First American conducted business in Guam, and thereby, allowed First American to issue illegal tile policies and collect illegal premiums while holding said policies out to be legally authorized and approved by the Commissioner.

Thus in all the class counts of the Complaint the Proposed Class alleges a scheme to by First American to collect illegal insurance premiums by issuing illegal title insurance policies and charging and collecting illegal insurance premiums. This scheme was perpetrated by First American through a common course of conduct applicable to all the members of the Proposed Class. Each member was required to pay illegal premiums to First American for title insurance issued through illegal title insurance policies. Moreover, First American concealed its illegal conduct from the Proposed Class in a similar manner and by taking similar steps to conceal its wrongdoing from all members of the Proposed Class and Cyfred.

## II. THE PROPOSED CLASS

Plaintiffs ask the Court to certify the following proposed class and subclasses:

CYFRED, LTD. et al., Plaintiffs v. FIRST AMERICAN TITLE INSURANCE COMPANY et al., Defendants
PLAINTIFFS' MOTION FOR CLASS CERTIFICATION
Civil Case No.07-00024                                                                                         Page 4

Case 1:07-cv-00024     Document 61     Filed 03/07/2008     Page 4 of 15

## CLASS

Plaintiff Cyfred seeks to bring this case as a class action on behalf of itself and all other persons or entities who, from 1994, were issued a title insurance policy or who were denied coverage under a title insurance policy issued by First American through First American General Agents, and which title insurance policies and the premiums charged for them had not been approved by the Commissioner as required by either 22 G.C.A. § 18308 or 22 G.C.A. § 18501 ("Class").

## SUBCLASSES

The above Class contains two subclasses: a. All members of the Class who made claims for insurance coverage to First American and which claims were denied and which claims were never settled. ("Denied Claims Subclass"); and b. All members of the Class who are defined as consumers under the provisions of the Deceptive Trade Practices-Consumer Protection Act ("Deceptive Acts Subclass").

## CLASS EXCLUSIONS

Excluded from the class are: a. Each of the Defendants, their subsidiaries, parent companies and affiliates, officers, directors and employees; and b. Francis Gill; and c. Persons or other entities who have settled with and validly released one or more of the defendants in a separate non-class legal proceeding which release was based on the conduct alleged herein or their claims were judicially decided to a final judgment..

## ALLEGATIONS MADE BY THE PROPOSED CLASS AND SUBCLASSES

The class alleges claims against First American in the First, Third, Fourth, Fifth, Sixth, Seventh, Tenth and Thirteenth Causes of Action of the Complaint.

CYFRED, LTD. et al., Plaintiffs v. FIRST AMERICAN TITLE INSURANCE COMPANY et al., Defendants
PLAINTIFFS' MOTION FOR CLASS CERTIFICATION
Civil Case No.07-00024    Page 5

Case 1:07-cv-00024   Document 61   Filed 03/07/2008   Page 5 of 15

The Denied Claim Subclass alleges claims against First American in the Second Cause of Action of the Complaint.

The Deceptive Acts Subclass alleges claims against First American in the Eighth and Ninth Causes of Action of the Complaint.

### III. THIS COURT SHOULD GRANT CLASS CERTIFICATION FOR THE CAUSES OF ACTION ALLEGED BY THE CLASS IN THE CLASS ACTION COMPLAINT

The class method is a procedural device that allows economical litigation of issues affecting all class members. *General Tel. Co. of Southwest v. Falcon*, 457 U.S. 147, 155 (1982).

> The class action is seen as a means of inducing socially and ethically responsible behavior on the part of large and wealthy institutions which will be deterred from carrying out policies or engaging in activities harmful to large numbers of individuals. Absent the class action lawsuit these institutions will be permitted to operate virtually unchecked because the injured potential plaintiffs frequently are damaged in a small sum [and] our legal system inhibits the bringing of suits based upon small claims.

*In re Coordinated Title Ins. Cases*, 2 Misc.3d 1007(A), 784 N.Y.S.2d 919 (Table), 2004 WL 690380 * 2 (N.Y.Sup.), 2004 (N.Y. Slip Op. 50171(U)).[1]

In determining whether to certify the class, the allegations of the Complaint are accepted as true and courts must refrain from conducting an examination on the merits. *Blackie v. Barrack*, 524 F.2d 891, 901 (9th Cir. 1975). Liberal construction of the requirements of Rule 23 is followed since the court may alter the scope of the defined class later in the litigation. Doubts about whether the requirements of class certification are met should be resolved in favor of certifying the class. *Hoffman Elec., Inc. v. Emerson Elec. Co.*,

---

[1] *In re Coordinated Title Ins. Cases* consolidated several cases alleging the collection of illegal title insurance premiums in New York. First American as well as Stewart Title Insurance Co. were defendants in that action.

CYFRED, LTD. et al., Plaintiffs v. FIRST AMERICAN TITLE INSURANCE COMPANY et al., Defendants
PLAINTIFFS' MOTION FOR CLASS CERTIFICATION
Civil Case No.07-00024
Page 6

Case 1:07-cv-00024  Document 61  Filed 03/07/2008  Page 6 of 15

754 F.Supp. 1070, 1075 (W.D.Pa.1991); *Sharif v. New York State Edu. Dep't*, 127 F.R.D. 84, 87 (S.D.N.Y.1989).

A class may be certified if the prerequisites of Rule 23(a) are satisfied and if the class meets <u>any</u> one of the three subsections of Rule 23(b). Fed. R. Civ. P. Rule 23(b); *see also*, *Anchem Prods, Inc. v. Windsor*, 521 U.S. 591, 614 (1997). The question is not whether the plaintiffs will prevail on the merits but rather whether the requirements of Rule 23 are met. *Eisen v Carlisle & Jacquelin*, 417 U.S. 156, 178 (1974). In this action, all requirements of Rule 23(a) are met and those of Rule 23(b)(1)(A), Rule 23(b)(1)(B) and alternatively, Rule 23(b)(3) are met.

### A. ALL THE PREREQUISITES FOR CLASS CERTIFICATION UNDER RULE 23(a) ARE SATISFIED

The prerequisite requirements for class certification are: "(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class." Fed.R.Civ.P. Rule 23(a); *Dukes v. Wal-Mart, Inc.*, 509 F.3d 1168, 1176 (9th Cir. 2007). Though Plaintiffs have the burden of showing that all the requirements for establishing a class has been met, that burden is not onerous. *Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 597-598 (2nd Cir.1986).

**1. The Class is so Numerous that Joinder of All Members is Impracticable.**

First American has conceded that it issued thousands of title insurance policies in Guam between January 1994 and the present time.[2] A class may be certified on the basis of estimates as to the size of the proposed class. *Lewis v. Gross*, 633 F.Supp. 1164, 1169

CYFRED, LTD. et al., Plaintiffs v. FIRST AMERICAN TITLE INSURANCE COMPANY et al., Defendants
PLAINTIFFS' MOTION FOR CLASS CERTIFICATION
Civil Case No.07-00024
Page 7

Case 1:07-cv-00024   Document 61   Filed 03/07/2008   Page 7 of 15

(E.D.N.Y.1986). "It is also important to note that Plaintiffs need not know the exact size of the class but where general knowledge and common sense would indicate that it is large, the numerosity requirement is satisfied." *Mitchell-Tracey v. United General Title Ins. Co.*, 237 F.R.D. 551, 556 (D.Md.2006). The Court can refer to facts in the record to determine whether the proposed class is sufficiently numerous. *Kornick v. Talley*, 86 F.R.D. 715, 718 (N.D. Ga 1980).

Plaintiffs need not show that joinder is impossible and need only show that it is difficult or inconvenient. *Wehner v. Syntex Corp.*, 117 F.R.D. 641, 643 (N.D.Cal.1987). The Ninth Circuit has suggested an absolute minimum of fifteen members are required in a decision denying class certification where a subclass would contain seven members. *Hank v. Cal. Teachers' Ass'n*, 326 F.3d 1042 (9th Cir. 2003).

**2. There Are Questions of Law or Fact Common to the Class.**

Rule 23(a)(2) requires that there be at least one question of law or of fact common to the class. *Baby Neal v. Casey*, 43 F.3d 48, 56 (3rd Cir. 1994). Commonality exists where the plaintiffs challenge the same conduct of the defendant. *Marisol v. Giuliani*, 126 F.3d 372, 376 (2nd Cir.1997). Commonality is satisfied if the named plaintiff shares at least one question of fact or law with the grievances of the proposed class. *Baby Neal*, supra. It is not necessary to prove that all class members suffered actual injury only that all class members were exposed to the same harm. *Id.* Courts have found commonality where illegal title insurance premiums were charged: "[T]he commonality standard of Rule 23(a)(2) is not a high bar; it does not require identical claims or facts among class members, as 'the commonality requirement will be satisfied if the named plaintiffs share at least one question of law or fact

---

[2] First American's oral argument re: Motion to Dismiss and re: Jurisdiction

CYFRED, LTD. et al., Plaintiffs v. FIRST AMERICAN TITLE INSURANCE COMPANY et al., Defendants
PLAINTIFFS' MOTION FOR CLASS CERTIFICATION
Civil Case No.07-00024　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 8

Case 1:07-cv-00024　　Document 61　　Filed 03/07/2008　　Page 8 of 15

with the grievances of the prospective class." *Alberton v. Commonwealth Land Title Ins. Co.*, --- F.Supp.2d ----, 2008 WL 269490 * 5 (E.D.Pa.2008). Moreover, commonality exists when standardized practices and forms are used when charging illegal insurance premiums. "Defendants allegedly utilized standardized forms, processes and practices. The existence of routine and standardized practices giving rise to numerous claims weigh in favor of finding commonality, as well as typicality." *Mitchell-Tracey*, 237 F.R.D. at 557.

### 3. The Claims of the Representative Party are Typical of the Claims of the Class.

The typicality requirement is met when the named plaintiff's claims are essentially the same as those of the class and arise from the same course of conduct supporting the class claims. *Appleyard v. Wallace*, 754 F.2d 955, 958 (11th Cir. 1985). Typicality does not require that a class representative's claims be identical with those of the class members. Rather, typicality is established when the class representative's claims rest on the same legal theories as other class members. "The 'typicality' requirement focuses less on the relative strengths of the named and unnamed plaintiffs' cases than on the similarity of the legal and remedial theories behind their claims." (citation omitted). *Jenkins v. Raymark Industries*, 782 F.2d 468, 472 reh'g en banc denied, 785 F.2d 1034 (5th Cir. 1986).

The typicality requirement is met despite relatively pronounced factual distinctions between the claims of the class representative and claims of the general class if there is a similarity of legal theories between them. *Baby Neal*, supra. "Typicality "does not mean that the claims of the class representative[s] must be identical or substantially identical to those of the absent class members." (citation omitted). *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir.2003). "The named plaintiff's claims are typical if they stem from the same event, practice, or course of conduct that forms the basis of class claims and are based on the same

CYFRED, LTD. et al., Plaintiffs v. FIRST AMERICAN TITLE INSURANCE COMPANY et al., Defendants
PLAINTIFFS' MOTION FOR CLASS CERTIFICATION
Civil Case No.07-00024
Case 1:07-cv-00024 Document 61 Filed 03/07/2008 Page 9 of 15
Page 9

legal theories." *Walco v. Invs., Inc. v. Thenen*, 168 F.R.D. 315, 326-327 (S.D.Fla.1996) (certified class in securities case where plaintiffs invested in different securities funds). Finally, a finding of typicality will not be defeated by the fact that different remedies are available to members of the class in comparison with the named plaintiff. *McDermott v. Hollander*, 60 F.R.D. 643 (E.D. La. 1973).

**4. The Representative Party Will Fairly and Adequately Protect the Interests of the Class.** The final requirement of Rule 23(a) is that "the representative parties will fairly and adequately represent the class." Fed. R. Civ. P. Rule 23(a)(4). This requirement entails an inquiry into whether the attorney and class representative will act diligently on the class's behalf. *Staton*, 327 F.3d at 957. Such diligence requires two factors. First, the plaintiffs' attorney must be qualified, experienced, and generally able to conduct the proposed litigation, and second, that the named plaintiff must not have interests antagonistic to the class. *Id.*

**a) The Attorney is Qualified and Able to Conduct the Litigation.** In this case Plaintiffs are represented by Cutis Van de veld with significant litigation experience. He has conducted, over approximately twenty years of practice, approximately five jury trials, on average, per year. In addition, Mr. Van de veld has been appointed as class co-counsel in a significant class action suit in the District Court of Guam. (*See*: Van de veld Declaration in Support hereof). Class counsel is therefore competent and sufficiently experienced to litigate this case.

**b) The Named Plaintiff Has No Interests Antagonistic To The Class.** "In demonstrating a class representative's adequacy, the burden is not a heavy one." (Citation omitted). *In re CBS Cos., Inc. Collection Letter Litig*, 181 F.R.D. 380, 382 (N.D. Ill. 1998).

CYFRED, LTD. et al., Plaintiffs v. FIRST AMERICAN TITLE INSURANCE COMPANY et al., Defendants
PLAINTIFFS' MOTION FOR CLASS CERTIFICATION
Civil Case No.07-00024                                                                                                  Page 10

Case 1:07-cv-00024   Document 64   Filed 03/07/2008   Page 10 of 15

The interests of a named plaintiff are not considered antagonistic to those of the class unless the way in which these respective interests are antagonistic directly relates to the matter in controversy. *Marshall v. Holiday Magic, Inc.*, 550 F.2d 1173, 1177 (9th Cir. 1977). "[T]he fact that individual plaintiffs may have interests which go beyond interests of the class, but are at least co-extensive with the class interest, will not defeat the class." *First Am. Corp. v. Foster*, 51 F.R.D. 248, 250 (N.D. Ga. 1970). Cyfred has been equally mistreated by First American as First American has mistreated other proposed class members. Cyfred has shown it intends to vigorously prosecute this action to its ultimate conclusion, and Cyfred has no interests antagonistic to the class in this litigation.

## B. THE REQUIREMENTS OF RULE 23(b)(1)(A) ARE SATISFIED

Rule 23(b)(1)(A) is satisfied when "the prosecution of separate actions by or against individual members of the class would create a risk of ... inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class." Fed. R. Civ. P. Rule 23(b)(1)(A).

> Rule 23(b)(1) serves to guard against the risk of inconsistent or varying adjudication with respect to individual members of the class, thereby establishing incompatible standards of conduct; or where such individual adjudications would serve to be dispositive of the interest of other members or impede or impair their ability to protect their interest if they are not parties to the particular adjudication. Fed.R.Civ.P. 23(b)(1).
> Here, Plaintiffs seek to enforce duties and obligations owed to all members of the proposed class. The causes of action brought by the named Plaintiffs on behalf of all class members are based on an alleged pattern of repeated behavior by the Defendants and can be most effectively adjudicated by a class action so as to avoid inconsistent outcomes.

*Mitchell-Tracey*, 237 F.R.D. at 559.

The Situation in Mitchell is similar to the facts here. First American has acted in the same illegal manner as to all the plaintiffs. A decision concerning that conduct should be

CYFRED, LTD. et al., Plaintiffs v. FIRST AMERICAN TITLE INSURANCE COMPANY et al., Defendants
PLAINTIFFS' MOTION FOR CLASS CERTIFICATION
Civil Case No. 07-00024
Page 11

Case 1:07-cv-00024   Document 61   Filed 03/07/2008   Page 11 of 15

issued in a single action. As in *Mitchell* a multiplicity of actions is likely to result in inconsistent or varying adjudications establishing inconsistent standards of conduct for First American.

## C. THE REQUIREMENTS OF RULE 23(b)(1)(B) ARE SATISFIED

Under Rule 23(b)(1)(B) class action certification is appropriate where:

> [T]he prosecution of separate actions by or against individual members of the class would create a risk of … adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

Fed R. Civ. P. Rule 23(b)(1)(B).

Given the nature of the claims in this action and First American's illegal conduct applicable to all members of the Proposed Class adjudications in this action, as a practical matter, is likely to be dispositive of all persons who purchased title insurance in Guam underwritten by First American. Therefore it is clear that this action meets the requirements for certification under Rule 23(b)(1)(B) as well. *Id.*

## D. THE REQUIREMENTS OF RULE 23(b)(3) ARE SATISFIED

Rule 23(b)(3) requires that "common questions of law or fact common to the members of the class predominate over any questions affecting only individual members and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. Rule 23(b)(3). Rule 23(b)(3) establishes less stringent requirements for class certification than Rule 23(b)(1) or (b)(2). *Smilouv v. Northwestern Bell Mobile Systems, Inc.*, 323 F.3d 32, 41, 2003 WL 834892 * 7 (1st Cir. 2003).

**1. Common Questions of Law of Fact Predominate to Meet the Predominance Standard.** Common questions of law and fact need not be the only matters at issue in the

CYFRED, LTD. et al., Plaintiffs v. FIRST AMERICAN TITLE INSURANCE COMPANY et al., Defendants
PLAINTIFFS' MOTION FOR CLASS CERTIFICATION
Civil Case No.07-00024
Case 1:07-cv-00024    Document 61    Filed 03/07/2008    Page 12 of 15
Page 12

litigation. Courts have routinely found predominance where claims relate to a common course of conduct.

> Rule 23(b)(3) requires that "questions of law or fact common to the members of the class predominate over any questions affecting only individual members." Fed.R.Civ.P. 23(b)(3).(fn omitted). "The Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997) (citation omitted).
> In contrast to Rule 23(a)(2), Rule 23(b)(3) focuses on the relationship between the common and individual issues. When common questions present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication, there is clear justification for handling the dispute on a representative rather than on an individual basis. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1022 (9th Cir.1998) (internal quotation omitted).

*Local Joint Executive Bd. of Culinary/Bartender Trust Fund v. Las Vegas Sands,* 244 F.3d 1152, 1162 (9th Cir.2001).

For instance, predominance was found where the plaintiffs alleged common unlawful conduct and policies by defendants. *Tardiff v. Knox Co,* 2004 WL 758407, *4 (1st Cir. 2004). Actions alleging illegal standardized conduct are appropriate for class certification because the focal point of the analysis is the pattern of conduct by the defendants. *Kleiner v. First Nat'l Bank of Atlanta*, 97 F.R.D. 683 (N.D. Ga. 1983). This is true even if damages may vary between class members. *Id.*

Here, First American's conduct toward Cyfred does not vary significantly between Cyfred and other class members. The claims of the entire class turn on facts relating to First American's efforts to sell Cyfred, and the Proposed Class, title insurance policies and charge title premiums not approved by the Commissioner. Therefore, common questions of law and fact predominate in this action since they are based on a common course of illegal conduct by First American.

**2. The Class Method is Superior to Other Available Methods.** Rule 23(b)(3) lists four factors that must be analyzed to determine if a class action is superior to individual

CYFRED, LTD. et al., Plaintiffs v. FIRST AMERICAN TITLE INSURANCE COMPANY et al., Defendants
PLAINTIFFS' MOTION FOR CLASS CERTIFICATION
Civil Case No.07-00024
Case 1:07-cv-00024    Document 61    Filed 03/07/2008    Page 13 of 15      Page 13

litigation: (1) whether individuals have a strong interest in controlling potentially separate actions; (2) the class action's potential effect on competing litigation involving members of the class; (3) whether resolution in a single forum is desirable; and (4) the potential difficulties that management of a class action presents. Fed. R. Civ. P. Rule 23(b)(3).

In deciding whether a class action is a superior method for proceeding, it is proper for the Court to consider the "inability of the poor or uninformed to enforce their rights, and the improbability that large numbers of class members would possess the initiative to litigate individually." *Haynes v. Logan Furniture Mart, Inc.*, 503 F.2d 1161 (7th Cir. 1974).

Here we have thousands of potentially small claims with no one individual, or set of individuals, motivated to bring separate actions. First American is a well financed large corporation able to hire the best legal help to vigorously defend actions brought against it. There is little doubt, given the facts and claims in this action, that the class action method is superior to litigating separate actions.

Applying these principles to allegations that a title insurance company collected illegal title insurance premiums, a Pennsylvania court determined that the class action method was superior to other methods of proceeding, because relatively small claims were held by a large number of individuals who would find it uneconomical to proceed separately.

> A class action is superior to other available methods of adjudicating the dispute between Commonwealth and the class. Each plaintiff's damages are too small to justify the time and expense of individual litigation. For example, Mr. Alberton's alleged injury is in the amount of around $250. However, without the litigation, defendant stands to retain an enormous, and allegedly unwarranted, profit. A recognized benefit of class actions is that they allow for aggrieved persons to seek redress "[w]here it is not economically feasible to obtain relief within the traditional framework of a multiplicity of small individual suits for damages."(citations omitted). Because the expense of individual actions relative to the possible recovery renders individual actions all but impossible, a class action is the superior method. Realistically, it is the only method by which plaintiffs can pursue these claims. Moreover, the four factors enumerated in Rule 23(b)(3) favor certification.

*Alberton*, 2008 WL 269490 * 11.

CYFRED, LTD. et al., Plaintiffs v. FIRST AMERICAN TITLE INSURANCE COMPANY et al., Defendants
PLAINTIFFS' MOTION FOR CLASS CERTIFICATION
Civil Case No.07-00024
Case 1:07-cv-00024   Document 61   Filed 03/07/2008   Page 14 of 15
Page 14

The facts here are similar to those in *Alberton*. First American has illegally collected, in most cases, a few hundred dollars of premiums from a large number of individuals. Without class certification First American will benefit by its illegal conduct. Without class certification the difficulty and expense of pursuing litigation against First American to recover damages caused by its illegal conduct will not be worth the effort for the individual members of the Proposed Class. Without class certification First American will profit handsomely from its illegal conduct.

## IV. CONCLUSION

For all the above reasons, Plaintiffs' Motion for Class Certification should be granted.

Dated this 7th day of March 2008.

THE VANDEVELD LAW OFFICES, P.C.

_____
**Curtis C. Van de veld, Esq.**
Attorney for Cyfred, Ltd.,
And the Proposed Class Members

CYFRED, LTD. et al., Plaintiffs v. FIRST AMERICAN TITLE INSURANCE COMPANY et al., Defendants
PLAINTIFFS' MOTION FOR CLASS CERTIFICATION
Civil Case No. 07-00024
Case 1:07-cv-00024   Document 61   Filed 03/07/2008   Page 15 of 15   Page 15