DOOLEY ROBERTS & FOWLER LLP
Suite 201, Orlean Pacific Plaza
865 South Marine Corps Drive
Tamuning, Guam 96913
Telephone No. (671) 646-1222
Facsimile No. (671) 646-1223

BRYAN CAVE LLP
One Metropolitan Square
211 North Broadway, Suite 3600
St. Louis, MO 63102-2750
Telephone No. (314) 259-2599
Facsimile No. (314) 552-8599

Attorneys for Defendant
First American Title Insurance Company

**FILED**
DISTRICT COURT OF GUAM

APR 0 7 2008

JEANNE G. QUINATA
Clerk of Court

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| CYFRED, LTD., for itself and on behalf of other similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>FIRST AMERICAN TITLE INSURANCE COMPANY, PACIFIC AMERICAN TITLE INSURANCE & ESCROW COMPANY, MANU MELWANI and DOES 1-298, inclusive,<br><br>Defendants. | CIVIL CASE NO. 07-00024<br><br>**DECLARATION OF DAVID W. DOOLEY** |

**I, David W. Dooley**, declare under penalty of perjury:

1.  I am an attorney representing First American Title Insurance Company ("FATIC").

///

///

**ORIGINAL**

2. As counsel for FATIC, I sent a letter to Cyfred, Ltd.'s counsel, Curtis Van de Veld, in December of 2006, explaining my client's reasons for denying Cyfred's claim for indemnification in the case of *Sananap v. Cyfred, Ltd.*, Case No. CV1448-02.

3. Exhibit A is a true and accurate copy of the letter described in paragraph 2 above.

I declare, pursuant to 28 U.S.C. 1746 and under penalty of perjury that the foregoing is true and correct.

Executed this 7th day of April, 2008 at Tamuning, Guam.

_____
DAVID W. DOOLEY

CONFIRMATION

**DOOLEY ROBERTS & FOWLER LLP**
**ATTORNEYS AT LAW**

| | | |
|---|---|---|
| DAVID W. DOOLEY | SUITE 201, ORLEAN PACIFIC PLAZA | Of Counsel: |
| TIM ROBERTS | 865 SOUTH MARINE CORPS DRIVE | MELINDA C. SWAVELY |
| KEVIN J. FOWLER | TAMUNING, GUAM 96913 | |
| JON A. VISOSKY | TELEPHONE: (671) 646-1222 | |
| SETH FORMAN | FACSIMILE: (671) 646-1223 | Writer's Direct Email: |
| | www.GuamLawOffice.com | Dooley@GuamLawOffice.com |

December 7, 2006

**VIA FACSIMILE TRANSMISSION**

Curtis C. Van de Veld, Esq.
**Van De Veld Shimizu Canto & Fisher**
Suite 101, De La Corte Building
167 East Marine Corp. Drive
Hagatna, Guam 96910
*Facsimile:    (671) 472-2886*

      RE:    YOUR CLIENT: CYFRED, LTD.;
             MY CLIENT: FIRST AMERICAN TITLE INSURANCE COMPANY

Dear Curtis:

      As I advised you previously, this office represents First American Title Insurance Company. First American has asked that I respond to your request that First American defend and indemnify Cyfred, Ltd. ("Cyfred") from the claims of Alex and Felisa Ruben in Civil Case No. CV1448-02. This letter will provide you with First American's position regarding Cyfred's tender of defense.

      Cyfred purchased Policy No. CW2289610 from First American Title Insurance effective February 26, 2002. The policy of title insurance insured the mortgage of Alex H. Ruben and Felisa B. Ruben.

      I understand that the Rubens were added as Plaintiffs to Civil Action CV1448-02 in May 2006. Cyfred has asserted that First American is required to defend and indemnify Cyfred from the Rubens' claims contained in the first and third causes of action. On behalf of First American, I must advise you that First American does not agree that it has any obligation to defend and/or indemnify Cyfred. This letter will provide you with our analysis of the situation.

      The first cause of action in the Ruben complaint seeks a declaration that Cyfred breached its obligation under contract to install utilities and seeks damages for Cyfred's breach of contract. First, the complaint doesn't allege a defect in the mortgage. And, even if it pled such a defect, the policy of title insurance purchased by Cyfred specifically has the following exclusion:

**Exhibit A**

Curtis C. Van de Veld, Esq.
December 7, 2006
Page 2

> The following matters are expressly excluded from the coverage of this policy and the Company will not pay loss or damage, costs, attorneys' fees or expenses which arise by reason of :
>
> ...
>
> 3. Defects, liens, encumbrances, adverse claims or other matters:
>
>   a. Created, suffered, assumed, or agreed to by the insured claimant;

It seems rather clear to First American that the adverse claims of the Rubens arise out of matters which were created, suffered, or assumed by Cyfred. It was Cyfred that apparently promised to install utilities. It was Cyfred that apparently decided not to install the utilities. It was Cyfred, therefore, that created the claim that has been made by the Rubens.

The third cause of action alleges a claim for damages under the Guam Deceptive Practices Act. The deception alleged is that Cyfred misrepresented its agreement to install utilities. Again, this claim arises out of Cyfred's conduct which created the alleged liability. Thus, it is our belief that the policy of title insurance does not apply to this situation.

It would appear that the government has also threatened eviction of the residents at the Gill Baza Subdivision. To the extent that the Rubens' claim arises out of a violation of the law, First American must point out that the following is also excluded:

> The following matters are expressly excluded from the coverage of this policy and the Company will not pay loss or damage, costs, attorneys' fees or expenses which arise by reason of:
>
> 1.a. Any law, ordinance or government regulation (including but not limited to building and zoning laws, ordinances, or regulations) restricting, regulating, prohibiting or relating to (1) the occupancy, use or enjoyment of the land ... or (iv) environmental protection, or the effect of any violation of these laws, ordinances, or governmental regulations, except to the extent that notice of the enforcement thereof re notice of a defect, lien or encumbrance

**Exhibit A**

Curtis C. Van de Veld, Esq.
December 7, 2006
Page 3

       resulting from a violation or alleged violation affecting the land
       has been recorded in the public records at Date of Policy.

My review of the court file indicates that there may, in fact, be violations of ordinances and/or environmental laws which permeate the litigation against Cyfred. The violations are excluded from coverage. And, no enforcement notices were of record as of the date of the policy. To the extent that Plaintiffs are alleging violations of ordinances or environmental laws, First American declines coverage.

Finally, the file reflects that the Rubens' mortgage was foreclosed last month. Therefore, Cyfred has not, and cannot, suffer a loss as a result of any alleged defects in its mortgage with the Rubens.

Of course, I may be mistaken regarding some of the facts of the case. If so, please correct any errors that I may have made. And, please feel free to provide me with any additional legal analysis which you feel might assist in a re-evaluation of this claim. We will, of course, consider any issues which you may raise. However, based upon our current understanding of the situation, it is First American's position that there is no coverage for any claims which have been filed by the Rubens. First American therefore declines to defend and/or indemnify Cyfred from the claims of Mr. and Mrs. Ruben.

                Sincerely,

                DOOLEY ROBERTS & FOWLER LLP

                *David W. Dooley*

DWD/fad f:\documents\ddooley\fl03 first american\fl03.106 (sananap)\fl03-106.van de veld 002.doc
cc:    Robert Hull (HO#06-115-1169)

**Exhibit A**