THE VANDEVELD LAW OFFICES, P.C.
Historical House, Second Floor
123 Hernan Cortes Avenue
Hagåtña, Guam 96910
Office: (671) 472-4396/488-0888
Facsimile: (671) 472-2561

*Attorney for Plaintiffs:*
   Cyfred, Ltd., Class,
   Deceptive Acts Subclass
   Denied Claims Subclass.

FILED
DISTRICT COURT OF GUAM
JUL 31 2008
JEANNE G. QUINATA
Clerk of Court

## IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| CYFRED, LTD for itself and other similarly situated,<br><br>   Plaintiffs,<br><br>vs.<br><br>FIRST AMERICAN TITLE INSURANCE COMPANY, PACIFIC AMERICAN TITLE INSURANCE & ESCROW COMPANY, MANU MELWANI and DOES One (1) through Three Hundred and ninety-eight (298), inclusive,<br><br>   Defendants. | Civil Case No.07-00024<br><br>**NOTICE OF INTERVENING LAW** |

COMES NOW Plaintiff, CYFRED, LTD. ("Cyfred"), and the proposed class by and through their counsel **THE VANDEVELD LAW OFFICES, P.C.**, by Curtis C. Van de veld, Esq. who hereby notifies the Court of relevant intervening law in the form of a recent decision by the Guam Supreme Court in *Dorothea Quichocho et al. v. Macy's Department Store Inc.*, 2008 Guam 9.

First American Title Insurance Company's ("First American"), Motion to Dismiss currently pending before this Court, argued that Cyfred's claims for unjust enrichment were not recognized under Guam law. First American argued that "Cyfred's unjust enrichment

CYFRED, LTD. et al., v. FIRST AMERICAN TITLE INSURANCE COMPANY et al., Defendants
NOTICE OF INTERVENING LAW
Civil Case No.07-00024
Page 1

Case 1:07-cv-00024   Document 104   Filed 07/31/2008   Page 1 of 3

claim should be dismissed for the independent reason that there is no such cause of action. ... Because Guam is a common law jurisdiction that does not look to the Napoleonic Code, there is no independent claim for 'unjust enrichment,' and Cyfred's Fifth Cause of Action should be dismissed." (*See*: FA Memo of P&A in Support of Motion to Dismiss p. 16 & 17).

The Guam Supreme Court recently ruled otherwise, holding that unjust enrichment is a valid cause of action in Guam. The Court held that:

> [54] The lower court dismissed Plaintiffs' unjust enrichment claim on a motion to dismiss because a plaintiff may not recover under the equitable theory of unjust enrichment where there is an adequate remedy at law. ER, p. 20 (Decision & Order) (citing *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 381 (1992); *McKesson HBOC, Inc. v. N.Y. State Common Retirement Fund*, 339 F.3d 1087, 1093 (9th Cir. 2003)). [Foot note 11: Macy's asserts that unjust enrichment is not an independent cause of action in Guam. Appellee's Brief, p. 53. Most states permit unjust enrichment claims, and Guam cases have allowed recovery on an unjust enrichment theory. *See, e.g., Tanaguchi-Ruth & Assocs. v. MDU Guam Corp.*, 2005 Guam 7. While some courts have stated that unjust enrichment is "not a cause of action," they have indicated that, "[r]ather, it is an element of an action for restitution." *Barnett v. Coppell N. Tex. Court, Ltd.*, 123 S.W.3d 804, 817 (Tex. App. 2003); *see also McBride v. Boughton*, 123 Cal. App. 4th 379, 388 (2004) ("[W]e construe [plaintiffs] purported cause of action for unjust enrichment as an attempt to plead a cause of action giving rise to a right to restitution."). Plaintiffs here requested restitution, ER, p. 16 (Second Am. Compl.), and it would be inappropriate to affirm the lower court's ruling on the grounds that there is no cause of action for unjust enrichment. *Quichocho v. Macy's Dep't Stores, Inc.*, Opinion Page 24 of 25]
>
> [55] Even if the court determines that Plaintiffs cannot prevail on both the DTPA and unjust enrichment claims, Rule 8(e)(2) of the Guam Rules of Civil Procedure explicitly allows alternative pleading of inconsistent claims. Rule 8(e)(2) states that "[a] party may set forth two or more statements of a claim or defense alternately or hypothetically," and that "[a] party may . . . state as many separate claims or defenses as the party has regardless of consistency and whether based on legal or equitable grounds." Guam R. Civ. P. 8(e)(2). Federal courts construing the corresponding federal Rule 12 have specifically permitted unjust enrichment claims to be pleaded in the alternative. *See S. Broward Hosp. Dist. v. MedQuist*, 516 F. Supp. 2d 370, 386 (D.N.J. 2007) ("At this [motion to dismiss] stage in the litigation, the Court will allow Plaintiffs' equitable claim[] for . . . unjust enrichment to go forward [along with their legal claims].") (citing Fed. R. Civ. P. 8(e)(2)); *United States ex rel. Purcell v. MWI Corp.*, 254 F. Supp. 2d 69 (D.D.C. 2003) (permitting pleading under Fed. R. Civ. P. 8(e)(2) of both unjust enrichment and legal claims at the motion-to-dismiss stage); *United*

CYFRED, LTD. et al., v. FIRST AMERICAN TITLE INSURANCE COMPANY et al., Defendants
NOTICE OF INTERVENING LAW
Civil Case No.07-00024

Case 1:07-cv-00024   Document 104   Filed 07/31/2008   Page 2 of 3

Page 2

*States v. Kensington Hosp.*, 760 F. Supp. 1 120, 1 135 (E.D. Pa. 1991) (denying motion to dismiss unjust enrichment claim despite claim for contract remedies because the rules permit alternative pleading).
[56] We find that Plaintiffs may plead claims in the alternative, and the dismissal of Plaintiffs' unjust enrichment claims must be reversed.

*Dorothea Quichocho et al. v. Macy's Department Store Inc.*, 2008 Guam 9 ¶¶ 54-57.

Additionally, the Quichocho case establishes the elements for stating a claim under Guam's Deceptive Trade Practices-Consumer Protection Act, and is therefore also relevant to determine whether Cyfred has properly pled deceptive acts perpetrated by First American against unsuspecting Guam consumers of its title insurance policies.

Dated this 30th day of July 2008.

THE VANDEVELD LAW OFFICES, P.C.

_____
Curtis C. Van de veld, Esq.
Attorney for Cyfred, Ltd and for the
Proposed Class

CYFRED, LTD. et al., v. FIRST AMERICAN TITLE INSURANCE COMPANY et al., Defendants
NOTICE OF INTERVENING LAW
Civil Case No.07-00024
Case 1:07-cv-00024 Document 104 Filed 07/31/2008 Page 3 of 3
Page 3