THE VANDEVELD LAW OFFICES, P.C.
Historic House, Second Floor
123 Hernan Cortes Avenue
Hagåtña, Guam 96910
Office: (671) 472-4396/488-0888
Facsimile: (671) 472-2561

**Attorney for Plaintiff:**
   Cyfred, Ltd., Class,
   Deceptive Acts Subclass
   Denied Claims Subclass.

FILED
DISTRICT COURT OF GUAM

AUG 0 1 2008 P.D

JEANNE G. QUINATA
Clerk of Court

## IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| CYFRED, LTD for itself and other similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> FIRST AMERICAN TITLE INSURANCE COMPANY, PACIFIC AMERICAN TITLE INSURANCE & ESCROW COMPANY, MANU MELWANI and DOES One (1) through Three Hundred and ninety-eight (298), inclusive, <br><br> Defendants. | Civil Case No.07-00024 <br><br> **CYFRED, LTD.'S OPPOSITION TO FIRST AMERICAN TITLE INSURANCE COMPANY'S MOTION TO COMPEL** |

COMES NOW Plaintiff, CYFRED, LTD. ("Cyfred"), and the proposed class ("Class"), by and through their counsel **THE VANDEVELD LAW OFFICES, P.C.**, by Curtis C. Van de veld Esq. who hereby files this Opposition to First American Title Insurance Company's ("First American") Motion to Compel.

### MEMORANDUM OF POINTS AND AUTHORITIES

#### I. <u>RELEVANT FACTS</u>

**Cyfred's Responses to Interrogatories**: First American propounded interrogatories to Cyfred on March 25th 2008 ("Interrogatories"). (*See*: Decl. of Curtis Van de veld Ex. 6).

CYFRED, LTD. et al., v. FIRST AMERICAN TITLE INSURANCE COMPANY et al., Defendants
**CYFRED, LTD.'S OPPOSITION TO FIRST AMERICAN TITLE INSURANCE COMPANY'S MOTION TO COMPEL**
Civil Case No.07-00024     Page 1

Case 1:07-cv-00024    Document 105    Filed 08/01/2008    Page 1 of 5

Cyfred responded to said interrogatories up to the maximum authorized number of inquiries on April 24th 2008 ("Responses to Interrogatories"). (Id at Ex. 7). Despite the fact that the Interrogatories exceed the maximum allowed, Cyfred has agreed to respond to the remaining inquiries. (Id at Ex. 1). Therefore, the only remaining issue relative to the dispute concerning Cyfred's Response to the Interrogatories, is whether Cyfred properly supplemented its response to the Interrogatories by referring to documents previously provided to First American as part of Cyfred's initial disclosures, and in response to First American's Request for Production of Documents. (Id at Ex. 1.1)

**Cyfred's Deposition**: On April 18th 2008 First American noticed Cyfred's deposition for April 30th 2008.[1] On April 24th 2008 Ms. Darci F. Madden notified Cyfred's counsel that she would be "participating" in Cyfred's deposition telephonically. (*See*: Van de veld Decl. Ex. 4). First American had not sought leave of court to participate in Cyfred's deposition telephonically and had not obtained Cyfred's stipulation to do so. On that same date Cyfred's counsel was notified by Stewart Title Insurance Company's ("Stewart") counsel that he intended to participate telephonically in a "joint" deposition of Cyfred. (Id at Ex. 3). On April 24th 2008 Cyfred's counsel informed First American and Stewart's off-island counsel that he objected to Stewart's participation in Cyfred's deposition and objected to First American's off-island counsel taking Cyfred's deposition telephonically, especially when First American had local counsel to conduct Cyfred's deposition. Without further discussion, on April 28th 2008, First American unilaterally postponed Cyfred's deposition. When First American noticed Cyfred's deposition, there was insufficient time to prepare and review a transcript for

---

[1] This discovery cutoff date for class certification issues was April 30th 2008. (*See*: Scheduling Order filed December 14th 2007). This discovery cutoff was "defined as the last day to file responses to discovery..". Id at ¶ D3.

CYFRED, LTD. et al., v. FIRST AMERICAN TITLE INSURANCE COMPANY et al., Defendants
**CYFRED, LTD.'S OPPOSITION TO FIRST AMERICAN TITLE INSURANCE COMPANY'S MOTION TO COMPEL**
Civil Case No.07-00024
Page 2

Case 1:07-cv-00024  Document 105  Filed 08/01/2008  Page 2 of 5

this deposition before the discovery cutoff date. Despite these legitimate objections Cyfred has agreed to sit for deposition in one (1) seven (7) hour sitting, provided Stewart's off island counsel is not allowed to participate telephonically. (Id at Ex. 1). Since, First American has agreed that Stewart's off island counsel will not participate in Cyfred's deposition, and Cyfred has agreed to designate a deponent for one sitting of not more than seven (7) hours of deposition, there are no further issues for the court to resolve with respect to Cyfred's deposition.

**Francis Gill's Deposition**: On April 18th 2008 First American noticed Francis Gill's deposition. On April 28th 2008 First American unilaterally postponed Francis Gill's deposition. Francis Gill is a non-party to this action. First American never subpoenaed Francis Gill to appear for deposition on April 29th 2008. First American has agreed it is not currently entitled to take Francis Gill's deposition. (*See*: Van de veld Decl. Ex 1.1).

## II. DISCUSSION

### A. REMAINING ISSUE

The remaining issue for the Court relative to the pending discovery dispute is whether Cyfred's responses to Interrogatory 1 through 11 are sufficient?

### B. CYFRED HAS PROPERLY RESPONDED TO DISCOVERY

First American's interrogatories contain broad questions relating to the merits of the action. Whenever First American made specific detailed inquiries in its interrogatories, Cyfred responded in detail. Cyfred supplemented these detailed responses with references to documents it had previously produced.

As part of its initial disclosures Cyfred provided First American in excess of 30,000 pages of documents. These documents were provided on an easily searchable CD-Rom which

CYFRED, LTD. et al., v. FIRST AMERICAN TITLE INSURANCE COMPANY et al., Defendants
**CYFRED, LTD.'S OPPOSITION TO FIRST AMERICAN TITLE INSURANCE COMPANY'S MOTION TO COMPEL**
Civil Case No.07-00024

Case 1:07-cv-00024   Document 105   Filed 08/01/2008   Page 3 of 5

**Page 3**

specified the categories of documents on the disk. Cyfred is allowed to provide specific answers and to supplement them with a CD-Rom describing categories of documents that is easily searchable by First American. *O'Connor v. Boeing North American, Inc.*, 185 F.R.D. 272, 276 ¶ 6. (C.D.Cal.1999). Moreover, it is equally burdensome for Cyfred to search this database for appropriate information as it so for First American to do so. *Daiflon, Inc. v. Allied Chemical Corp.*, 534 F.2d 221 (C.A.Okl.1976) *discussing* Fed. R. Civ. P. Rule 33(d) (current version) allowing responses to interrogatories by reference to business records. Furthermore, Cyfred provided additional documents to First American in response to its Request for Production of Documents all of which provide First American with a full and complete catalogue of the evidence to be presented by Cyfred at trial. Fed. R. Civ. P. 26(a) advisory committee's note (1993) discusses the interdependence between initial disclosures and subsequent interrogatories. The disclosures by Cyfred required First American to present more focused interrogatories rather than the broad inquiries it made.

Moreover, much of the discovery sought by First American relates to the merits of the action rather than to issues of class certification. Cyfred objected to the Interrogatories on grounds that they exceeded that allowable under the Federal Rules of Civil Procedure. (*See*: General Objections at ¶ 9). First American urged the bifurcation of discovery between discovery related to class certification issues and those related to the merits of the case. The Court agreed with First American and exercised its power pursuant to the Federal Rules of Civil Procedure by issuing a Scheduling Order that established a bifurcated discovery procedure limiting pre-class certification discovery to issues related to Rule 25 class certification. First American's Interrogatories ignore these limits and seek merits discovery.

CYFRED, LTD. et al., v. FIRST AMERICAN TITLE INSURANCE COMPANY et al., Defendants
**CYFRED, LTD.'S OPPOSITION TO FIRST AMERICAN TITLE INSURANCE COMPANY'S MOTION TO COMPEL**
Civil Case No.07-00024

Case 1:07-cv-00024   Document 105   Filed 08/01/2008   Page 4 of 5

**Page 4**

For this sole reason, the Interrogatories are impermissibly broad at this stage of the litigation. *In re Urethane Antitrust Litigation*, 2006 WL 2620347 2006 (Not reported in F.Supp).

Finally, what First American seeks through its motion to compel Cyfred to identify each part of each document that may be responsive to its inquiries is Cyfred's litigation strategy and its counsel's work product and mental impressions. Cyfred has objected to the Interrogatories on these grounds. (*See*: General Objections at ¶ 2 incorporated into each of Cyfred's responses at ¶ 18).

### III. CONCLUSION

Cyfred has done all it can to cooperate in good faith with First American. It has provided First American with thousands of pages of discovery. It has answered its interrogatories. It has provided additional documents in response to First Americans request for production of additional documents. It has placed these documents in an electronic format on a CD-Rom that is easily searchable and transportable. It responded to tardy discovery requests. It agreed to a tardily noticed deposition. At each turn First American has taken advantage of Cyfred's leniency and cooperation in providing First American with a full understanding of the evidence against it. Simply stated First American is engaged in a strategy of running up Cyfred's expenses in an attempt to deter Cyfred from prosecuting its claims and to delay its day in court. It should not be allowed to do so. Its motion should be denied.

Dated this 1st day of August 2008.

THE VANDEVELD LAW OFFICES, P.C.

_____
Curtis C. Van de veld, Esq.
Attorney for Cyfred, Ltd and the
Proposed Class

CYFRED, LTD. et al., v. FIRST AMERICAN TITLE INSURANCE COMPANY et al., Defendants
**CYFRED, LTD.'S OPPOSITION TO FIRST AMERICAN TITLE INSURANCE COMPANY'S MOTION TO COMPEL**
Civil Case No.07-00024

Case 1:07-cv-00024   Document 105   Filed 08/01/2008   Page 5 of 5

Page 5