1
**THE VANDEVELD LAW OFFICES, P.C.**
Historic House, Second Floor
2   123 Hernan Cortes Avenue
Hagåtña, Guam 96910
3   Office: (671) 472-4396/488-0888
Facsimile: (671) 472-2561
4



**FILED**
**DISTRICT COURT OF GUAM**

AUG 0 1 2008 ₽-Ɖ

**JEANNE G. QUINATA**
**Clerk of Court**

5   *Attorney for Plaintiffs:*
Cyfred, Ltd., Class,
Deceptive Acts Subclass
6   Denied Claims Subclass.
7

8   ## IN THE DISTRICT COURT OF GUAM

9   CYFRED, LTD., for itself and on behalf of )   Civil Case No. 07-00024
other similarly situated,                  )
10                                          )
)
11              Plaintiffs,                 )
)
12      vs.                                 )   **DECLARATION OF CURTIS C. VAN**
)   **DE VELD IN SUPPORT OF CYFRED,**
13                                          )   **LTD.'S OPPOSITION TO FIRST**
FIRST AMERICAN TITLE INSURANCE )   **AMERICAN TITLE INSURANCE**
14  COMPANY, PACIFIC AMERICAN TITLE )   **COMPANY'S MOTION TO COMPEL**
INSURANCE & ESCROW COMPANY,     )
15  MANU MELWANI and DOES One (1)   )
through Three Hundred and ninety-eight )
16  (298), inclusive,                      )
)
17              Defendants.                 )
)
18  _____)

19      COMES NOW Curtis C. Van de veld, Esq. who states the following under penalty of

20  perjury under the laws of Guam all as follows:

21      1.   I am over the age of twenty-one (21) years old and am competent to testify to the

22          matters contained herein based on my personal knowledge, or on my information

23          and belief, and that the stated facts are true and correct;

24      2.   I am counsel for the plaintiffs in this action;

25

CYFRED, LTD., et al., Plaintiffs v. FIRST AMERICAN TITLE INSURANCE COMPANY et al., Defendants
**DECLARATION OF CURTIS C. VAN DE VELD IN SUPPORT OF CYFRED, LTD.'S OPPOSITION TO FIRST**
**AMERICAN TITLE INSURANCE COMPANY'S MOTION TO COMPEL**
Civil Case No.07-00024                                                                      Page 1

Case 1:07-cv-00024   Document 106   Filed 08/01/2008   Page 1 of 48

3.  Attached hereto and incorporated herein by this reference as Exhibit "1.1" is a true and correct copy of a letter dated July 31st 2008 sent by facsimile transmission by David Dooley, Esq. counsel for First American Title Insurance Company ("First American") to me;

4.  Attached hereto and incorporated herein by this reference as Exhibit "1" is a true and correct copy of a letter dated July 29th 2008 sent by me through facsimile transmission to David Dooley, Esq.;

5.  Attached hereto and incorporated herein by this reference as Exhibit "2" is a true and correct copy of a letter dated July 29th 2008 sent by facsimile transmission by David Dooley, Esq. to me;

6.  Attached hereto and incorporated herein by this reference as Exhibit "3" is a true and correct copy of an email exchange dated April 24th 2008 between me and Mr. Gerard Kelly off island counsel for Stewart Title Insurance;

7.  Attached hereto and incorporated herein by this reference as Exhibit "4" is a true and correct copy of an email exchange dated April 24th 2008 between me and Ms. Darci Madden off island counsel for First American;

8.  Attached hereto and incorporated herein by this reference as Exhibit "5" is a true and correct copy of an email exchange dated April 24th 2008 between me and Ms. Marci Madden off island counsel for First American;

9.  Attached hereto and incorporated herein by this reference as Exhibit "6" is a true and correct copy of First American title Insurance Company's First Set of Interrogatories Directed to Plaintiff;

CYFRED, LTD., et al., Plaintiffs  v. FIRST AMERICAN TITLE INSURANCE COMPANY et al., Defendants
DECLARATION OF CURTIS C. VAN DE VELD IN SUPPORT OF CYFRED, LTD.'S OPPOSITION TO FIRST
AMERICAN TITLE INSURANCE COMPANY'S MOTION TO COMPEL
Civil Case No.07-00024

Case 1:07-cv-00024     Document 108     Filed 08/01/2008     Page 2 of 48
Page 2

10. Attached hereto and incorporated herein by this reference as Exhibit "7" is a true and correct copy of Plaintiff Cyfred, Ltd.'s Response to Defendant First American Title Insurance Company's First Set of Interrogatories;

FURTHER YOUR DECLARANT SAYETH NAUGHT this 31st day of July 2008 under penalty of perjury of the laws of Guam pursuant to 6 G.C.A. §4308 swearing and affirming that the foregoing is true and correct to the best of my personal knowledge and belief. I further declare that as to all matters stated herein to be based on belief that I believe those matters to be true.

Curtis C. Van de veld Esq.
Counsel for Cyfred, Ltd. and the
Proposed Class

CYFRED, LTD., et al., Plaintiffs v. FIRST AMERICAN TITLE INSURANCE COMPANY et al., Defendants
DECLARATION OF CURTIS C. VAN DE VELD IN SUPPORT OF CYFRED, LTD.'S OPPOSITION TO FIRST
AMERICAN TITLE INSURANCE COMPANY'S MOTION TO COMPEL
Civil Case No.07-00024

Case 1:07-cv-00024     Document 108     Filed 08/01/2008     Page 3 of 48
Page 3

# DOOLEY ROBERTS & FOWLER LLP

### facsimile transmittal sheet

| To: Curtis Van de veld, Esq.<br>The Vandeveld Law Offices, P.C. | From: David W. Dooley, Esq. |
|---|---|
| Cc: | Date: July 31, 2008 |
| Fax number: (671) 472-2561 | Total no. of pages including cover: 3 |
| Re: <u>Cyfred, Ltd. v. First American Title Insurance Company, et al.</u> District Court of Guam Civil Case No. 07-00024 | Sender's reference number: F103.106A |

☐ urgent ☐ for review ☐ please comment ☐ please reply ☐ please recycle

**Important Note:** This facsimile is confidential and may be covered by legal professional privilege. It must not be read, copied, disclosed or used by any person other than the above-named addressee. Unauthorized use, disclosure or copying is strictly prohibited and may be unlawful. If you have received this facsimile in error, please contact us immediately. Thank you

**MESSAGE:**

Please see the attached letter dated July 31, 2008.

SUITE 201, ORLEAN PACIFIC PLAZA
865 SOUTH MARINE CORPS DRIVE
TAMUNING, GUAM 96913
TELEPHONE NO.: (671) 646-1222
FASCIMILE NO.: (671) 646-1223
WRITER'S DIRECT EMAIL ADDRESS: DOOLEY@GuamLawOffice.com

# DOOLEY ROBERTS & FOWLER LLP
## ATTORNEYS AT LAW

| | | |
|---|---|---|
| DAVID W. DOOLEY<br>TIM ROBERTS<br>KEVIN J. FOWLER<br>JON A. VISOSKY<br>SETH FORMAN | SUITE 201, ORLEAN PACIFIC PLAZA<br>865 SOUTH MARINE CORPS DRIVE<br>TAMUNING, GUAM 96913<br>TELEPHONE: (671) 646-1222<br>FACSIMILE: (671) 646-1223<br>www.GuamLawOffice.com | Of Counsel:<br>MELINDA C. SWAVELY<br><br>Writer's Direct Email:<br>Dooley@GuamLawOffice.com |

July 31, 2008

**VIA FACSIMILE TRANSMISSION**
**(671) 472-2561**

Curtis C. Van de veld, Esq.
**The Vandeveld Law Offices, P.C.**
Second Floor, Historical Bldg.
123 Hernan Cortez Avenue
Hagatna, Guam 96910

> Re:    *Cyfred, Ltd. v. First American Title Insurance Company et al.*
>        *District Court of Guam Civil Case No. 07-00024*

Dear Curtis:

Thank you for your letter of July 29, 2008. This letter shall serve as First American's response thereto.

1.    We appreciate your agreement to allow Darci Madden to participate in the deposition via telephone. Thus, this issue is resolved.

2.    We agree to sign whatever you request in order to confirm that no off-island counsel for Stewart Title will participate in the deposition. Therefore, this issue is resolved.

3.    The scope of the Rule 30(b)(6) deposition of Cyfred obviously remains an open question. We will attempt to redraft the notice and hopefully reach an agreement with you.

4.    We agree to take Francis Gill's deposition after the class certification issues are resolved. Therefore, the issue regarding Francis Gill's deposition is resolved.

5.    We appreciate your agreement to answer all of the interrogatories submitted by First American. And, we agree that your answers will be due on August 21, 2008. Therefore, the issue over the answers to interrogatories is resolved.

Curtis C. Van de veld, Esq.
**The Vandeveld Law Offices, P.C.**
July 31, 2008
Page 2

    6.    It appears that we will not be able to reach an agreement regarding the document production. I therefore believe that it is necessary for you to prepare your statement of agreed upon issues to be submitted to the Court. Please forward the statement to me. I can then format your statement into the pleading which I previously forwarded to you. I can also revise First American's statement in order to delete the issues which we previously raised but which have now been resolved through our discussions.

    I also ask that you submit a pleading which waives your objection to the number of interrogatories propounded by First American. I will try to get a revised 30(b)(6) notice to you in the next day or two.

               Sincerely,

               DOOLEY ROBERTS & FOWLER LLP

               **David W. Dooley**

cc:    Darci F. Madden, Esq.

F103.106a-L043006

# THE VANDEVELD LAW OFFICES, P.C.

*Mr. Curtis C. Van de veld, Esq.*

ATTORNEY AT LAW

July 29th 2008

**VIA FACSIMILE**
(671) 646-1223

David Dooley, Esq.
Dooley Roberts & Fowler, LLP.
Suite 201, Orleans Pacific Plaza
865 South Marine Drive
Tamuning, Guam 96931

**RE:** *Cyfred Ltd. et al. v. First American Title Insurance & Escrow Co.*, District Court of Guam
Case No. CIV07-00024 – Motion to Compel

Dear Dave:

As I informed you during our meeting on the 28th of July 2008, I here provide Cyfred's written position relative to the outstanding discovery dispute between Cyfred and First American Title Insurance Company ("First American").

CYFRED'S DEPOSITION

As I stated in our meeting, Cyfred did not object to its deposition scheduled for April 29th 2008 even though the issue of class certification was fully briefed by that date. You informed me several days prior to Cyfred's scheduled deposition date that First American's off-island counsel, and counsel for Stewart Title Guaranty Company ("Stewart") would telephonically participate in Cyfred's deposition. Cyfred objected to Stewart's counsel participating telephonically. You then indicated that Darci Mc Fadden would conduct the deposition telephonically without Stewart's participation and I indicated that my client Cyfred would go forward with the deposition but the questions would need to be propounded by counsel present locally. I made no representation as to the deposition of Francis Gill. In response, First American unilaterally cancelled both Cyfred's and Mr. Gill's scheduled depositions. At no time had First American made service of a deposition subpoena on Mr. Gill and I was advised of the unilateral cancellation.

Rule 30(b)(4) states that "[t]he parties may stipulate – or the court may order – that a deposition may be taken by telephone or other remote means." Fed.R.Civ.P. Rule 30(b)(4). First American did not obtain my stipulation or make a timely motion to the court to obtain its order permitting First American and Stewart's off-island counsels to participate telephonically in Cyfred's deposition. There is no provision in the Federal Rules of Civil Procedure that allows a party to unilaterally demand that its multiple counsels and counsel for non-litigants be telephonically allowed to take depositions, especially when local counsel is available to conduct

the deposition and the deponent is willing to submit to deposition by local counsel. Cyfred could have been deposed by First American's local counsel on the scheduled date and the local rules suggest that this is the proper procedure. First American has therefore incorrectly stated that Cyfred was unwilling to proceed with its deposition. Cyfred objected to the last minute notification that off-island counsel and counsel for Stewart would telephonically take Cyfred's depsotion.

Since First American unilaterally called off Cyfred's deposition without justification, and given the fact that the discovery cut-off date relative to class certification issues has passed, First American has no current right to depose Cyfred on class certification issues.

However, in the interest of resolving this matter, Cyfred agrees to submit to deposition in one sitting not to exceed seven (7) hours. First American may designate one of its off-island counsels to attend the deposition telephonically. First American must agree that neither Stewart, nor any of its off-island counsels, will participate telephonically or otherwise in Cyfred's deposition. Additionally, First American must more particularly define the areas for examination. This will allow Cyfred to designate a suitable person(s) who can familiarize themselves with the relevant facts in order to adequately respond to the examination.

## FRANCIS GILL'S DEPSOTION
Francis Gill is not a party to this action. First American did not subpoena him to appear for deposition. Mr. Gill was not obligated to appear for deposition on April 30th 2008 and will not do so now.

## INTERROGATORIES
It is Cyfred's position that First American's interrogatories exceed the maximum limits allowed and inquire into matters relating to the underlying merits of the action rather than to issues relating to class certification. However, in the interest of resolving this dispute, Cyfred will respond to the remaining interrogatories by August 21st 2008.

## DESIGNATING DOCUMENTS
Cyfred has provided in excess of 30,000 pages of documents to First American as part of its initial disclosures and in response to First American's Request for Production of Documents. Cyfred properly designated these documents when responding to broad questions relating to the merits of the action contained in First American's interrogatories. It would take weeks of effort for Cyfred to go through each document and describe its relevance to each interrogatory propounded by First American. Therefore, First American's position is designed to create an undue burden on Cyfred without providing corresponding clarity to First American of Cyfred's evidence establishing class certification. Moreover, such an effort would divulge Cyfred's litigation strategy and the mental impressions of its counsel, and therefore cannot be compelled without violating Cyfred's attorney client privilege. Given the broad merits based interrogatories propounded by First American, all the documents produced by Cyfred are or could be relevant in response to each of the interrogatories propounded by First American where indicated by Cyfred. Cyfred stands by that position.

Please let me know if Cyfred's compromise position stated herein settles the current discovery dispute between First American and Cyfred. If not, Cyfred will provide the further

discovery without implying any duty to do so and will further file its objections on Friday as stipulated.

Sincerely,

Curtis Van de veld, Esq.

# DOOLEY ROBERTS & FOWLER LLP

---

### facsimile transmittal sheet

---

| To: Curtis Van de veld, Esq. The Vandeveld Law Offices, P.C. | From: David W. Dooley, Esq. |
|---|---|

| Cc: | Date: July 29, 2008 |
|---|---|

| Fax number: (671) 472-2561 | Total no. of pages including cover: 5 |
|---|---|

| Re: **Cyfred, Ltd. v. First American Title Insurance Company, et al.** District Court of Guam Civil Case No. 07-00024 | Sender's reference number: F103.106A |
|---|---|

---

☐ urgent      ☐ for review      ☐ please comment      ☐ please reply      ☐ please recycle

---

**Important Note:** This facsimile is confidential and may be covered by legal professional privilege. It must not be read, copied, disclosed or used by any person other than the above-named addressee. Unauthorized use, disclosure or copying is strictly prohibited and may be unlawful. If you have received this facsimile in error, please contact us immediately. Thank you

**MESSAGE:**

Please see the attached letter dated July 29, 2008 with enclosure.

---

SUITE 201, ORLEAN PACIFIC PLAZA
865 SOUTH MARINE CORPS DRIVE
TAMUNING, GUAM 96913
TELEPHONE NO.: (671) 646-1222
FASCIMILE NO.: (671) 646-1223
WRITER'S DIRECT EMAIL ADDRESS: DOOLEY@GuamLawOffice.com



EXHIBIT "2"

# DOOLEY ROBERTS & FOWLER LLP
## ATTORNEYS AT LAW

DAVID W. DOOLEY
TIM ROBERTS
KEVIN J. FOWLER
JON A. VISOSKY
SETH FORMAN

SUITE 201, ORLEAN PACIFIC PLAZA
865 SOUTH MARINE CORPS DRIVE
TAMUNING, GUAM 96913
TELEPHONE: (671) 646-1222
FACSIMILE: (671) 646-1223
www.GuamLawOffice.com

Of Counsel:
MELINDA C. SWAVELY

Writer's Direct Email:
Dooley@GuamLawOffice.com

July 29, 2008

**VIA FACSIMILE TRANSMISSION**
**(671) 472-2561**

Curtis C. Van de veld, Esq.
**The Vandeveld Law Offices, P.C.**
Second Floor, Historical Bldg.
123 Hernan Cortez Avenue
Hagatna, Guam  96910

> Re:   *Cyfred, Ltd. v. First American Title Insurance Company et al.*
> *District Court of Guam Civil Case No. 07-00024*

Dear Curtis:

This letter will serve as a follow up to our meet and confer conference of yesterday.  I wish to summarize our discussions and wish to make some suggestions as to how we can proceed.

First, you indicated that Cyfred will answer all of the remaining interrogatories.  I would appreciate it if you could, therefore, withdraw the objections regarding the numerousity of the interrogatories.

You also indicated that you would try to have answers to the interrogatories within two weeks.  However, since you do not know Francis' travel schedule, I understand that two weeks is merely a goal and not a deadline.  After you have had a chance to talk to Francis, please advise me of when you believe the answers to the interrogatories will be delivered to me.

We also discussed the requests for production of documents.  You stated that two of your main objections were:

1.    The discovery goes to the merits of the claims rather than being limited to class action issues; and
2.    The requests are burdensome and overbroad.

I reviewed Cyfred's objections. Quite frankly, I cannot find those specific objections contained in the responses to the requests to produce. As you know, in order to prepare the joint statement of issues for submission to the Court, you must specifically identify the objections which have been made and which are the subject of the dispute. Since you did not raise these objections, I do not believe that you can argue them at this time. I ask that you reconsider.

You also indicated that our cases regarding the scope of the attorney work product privilege are distinguishable. Your main assertion seemed to be that because there are so many documents involved in the case, it would be unreasonable to force Cyfred to respond on a category by category basis as such a response would impinge upon the attorney work product privilege. I can find no case law to support such an assertion. I again ask that you reconsider this issue.

We then discussed the depositions of Francis Gill and Cyfred. You began the discussion by stating that you have not been provided with the order which admitted Darci Madden to practice pro hac vice in this matter. You indicated that without that order, you felt that it would be inappropriate for Darci to participate in the deposition.

Of course, that was not the basis on which you objected to her participation in the deposition. Instead, you based your objection on some sort of speculation that attorneys from the office of Sidley Austin might participate in the deposition. At no time did you suggest that Ms. Madden was not admitted to practice.

In any event, I showed you the proof of service of process regarding the order appointing Darci Madden to practice pro hac vice. I also now enclose a copy of the order which admitted Ms. Madden, Mr. Newman and Mr. King. As you will see, the order was issued well in advance of the date of the attempted depositions of Cyfred and Mr. Gill.

Based upon your refusal to allow Ms. Madden to participate in the depositions, we continued them until we resolved your asserted objections that Sidley Austin might participate in the deposition. I have assured you that Ms. Madden and I will not allow Sidley Austin to participate. If you wish some sort of a stipulated order, we would be glad to sign it.

You next asserted that the 30(b)(6) notice of deposition to Cyfred was overbroad. However, you did not file an objection to the notice. Again, because the rules regarding discovery disputes require that specific objections had to have been made prior to the discovery dispute, I can see no basis for you to assert that the notice of deposition of Cyfred is overbroad. I again asked that you withdraw your objection.

Curtis C. Van de veld, Esq.
**The Vandeveld Law Offices, P.C.**
July 29, 2008
Page 3


Finally, you indicated that Francis Gill was not properly subpoenaed to appear at his deposition. However, because you told me that no one would participate in the deposition if Darci Madden was to participate telephonically, I advised you that the deposition of Francis Gill would also be continued. The time for filing and serving a subpoena upon Mr. Gill had not yet expired by the time that the deposition was continued due to your assertion that no one would participate if Darci Madden conducted the deposition. Thus, there is no basis at this time to claim that the subpoena had not been properly served as you objected to the deposition on other grounds. Since it was apparent that neither you, nor Cyfred nor Mr. Gill would attend the depositions, we felt that it would be a waste of your time and your clients' money to go through the formality of calling the deposition only to have it adjourned pending a motion to compel your clients' attendance.

As I advised you, Darci Madden's participation in the depositions is nonnegotiable. She is admitted pro hac vice and is authorized to take any and all actions on the behalf of First American in this matter.

I look forward to hearing from you soon regarding this matter.


Sincerely,

DOOLEY ROBERTS & FOWLER LLP

David W. Dooley


Enclosure

cc:    Darci F. Madden, Esq.


F103.106a-L08002

DOOLEY ROBERTS & FOWLER LLP
Suite 201, Orlean Pacific Plaza
865 South Marine Corps Drive
Tamuning, Guam 96913
Telephone No. (671) 646-1222
Facsimile No. (671) 646-1223

Attorneys for Defendant
First American Title Insurance Company

### THE DISTRICT COURT OF GUAM

| | | |
|---|---|---|
| CYPRED, LTD., for itself and on behalf of other similarly situated, | ) ) | CIVIL CASE NO. 07-00024 |
| | ) | |
| Plaintiffs, | ) ) | |
| | ) | |
| vs. | ) ) | **ORDER** |
| | ) | **Granting *Pro Hac Vice* Applications** |
| FIRST AMERICAN TITLE INSURANCE COMPANY, PACIFIC AMERICAN TITLE INSURANCE & ESCROW COMPANY, MANU MELWANI and DOES 1-298, inclusive, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

This matter having come before the court on the *pro hac vice* applications of Douglas W. King, Charles A. Newman, and Darci F. Madden, and for good cause shown,

IT IS ORDERED that the *pro hac vice* applications are granted and that said individuals are authorized to appear and practice before the court in this matter.



/s/ Joaquin V.E. Manibusan, Jr.
U.S. Magistrate Judge
Dated: Apr 02, 2008

 Windows Live¨

## Re: Cyfred
From: **Kelly, Gerard D.** (gkelly@Sidley.com)
Sent: Thu 4/24/08 9:04 PM
To: curtisguamlawyer@hotmail.com; Dooley@guamlawoffice.com; dfmadden@bryancave.com

Curtis,

I tried to call you at your office, not on your cell phone.

My suggestion of a joint deposition, to which I know you are not required to agree, was only made to avoid an unnecessary dispute. I understand that you do not agree to such an arrangement.

As you know, I disagree with the substance of the rest of your e-mail as it pertains to Cyfred's case against Stewart, other than your reference to our efforts to maintain a civil discourse between counsel. Of course, I leave to counsel for First American the logistics of their deposition of Cyfred and Mr. Gill.

Thanks,

Gerard
--------------------------
Sent from my BlackBerry Wireless Handheld


----- Original Message -----
From: Curtis Vandeveld <curtisguamlawyer@hotmail.com>
To: Kelly, Gerard D.; dooley@guamlawoffice.com <dooley@guamlawoffice.com>; dfmadden@bryancave.com <dfmadden@bryancave.com>
Sent: Thu Apr 24 22:00:26 2008
Subject: RE: Cyfred

Mr. Kelly:

    I received your letter dated April 24, 2008, however my cellular phone has no record of having received a call from outside of Guam today. (I really don't want to receive a further correspondence concerning how hard it is for you to contact me, so please don't waste either your or my time with such a communication.) I have in the past asked that all communications to me or my office be transmitted through local counsel and by this response do not alter that position. I feel only compelled to respond to communications from your local counsel. However, due to the fact that David Dooley and Seth Forman are unavailable, and because I have tried to be respectful of your need for urgent communication when it is possible for me to do so, and lastly, because while we are at odds over the legal issues, both you and I have tried to be civil to each other in the past, I am responding via email to you as quickly as possible.

    Depositions are not public proceedings. My Client has alleged that both Stewart and First American conspired to set policy rates for title insurance on Guam that were never approved by an Insurance Commissioner all to the detriment of Guam consumers. Because my client desires to keep these matters separate to the greatest extent possible, I am not willing to engage in joint depositions. My understanding concerning the depositions scheduled in Guam in the First American case is that all participants will be participating in person. If this is not correct, than I will object to the process and notice and those depositions may not proceed as scheduled. I note that under the present order, the discovery cut-offs are discovery completion dates, matters that already raise issues of non-compliance with the scheduling orders as the time to allow the witness to correct the deposition transcript is thirty (30) days, well beyond the discovery cut-off.

    I am more than willing to litigate the present discovery disputes. In the past Stewart has demonstrated such substantial bad faith in complying with its discovery obligations, I do not believe it will prevail in court. First Stewart provide false information in its initial disclosures, at the time of its deposition, it produced two witnesses, Mr. Salisbury and Mr. Burns both of whom indicated a lack of knowledge about the matters identified in the deposition notice and then after that you offered a further witness who was only available during dates I was at trial in another matter. I hardly believe that such "compliance" with your discovery duties will garner favor from the court. So, to summarize my position, I will not agree to your request.

cordially, Curtis C. Van de veld, Esq.

_____

    Subject: Cyfred
    Date: Thu, 24 Apr 2008 17:30:06 -0500

Exhibit "3"

From: gkelly@Sidley.com
To: curtisguamlawyer@hotmail.com
CC: dfmadden@bryancave.com; Dooley@guamlawoffice.com; Forman@guamlawoffice.com

Curtis,
Please see the attached letter.
Thanks,
Gerard
Gerard D. Kelly
  Sidley Austin LLP
  One South Dearborn Street
  Chicago, Illinois 60603
  ph: (312) 853-2068
  fax: (312) 853-7036
  gkelly@sidley.com


  <<Untitled.pdf>>

Sidley Austin LLP mail server made the following annotations on 04/24/08, 17:30:11:
--------------------------------------------------------------------------------------------
IRS Circular 230 Disclosure: To comply with certain U.S. Treasury regulations, we inform you
that, unless expressly stated otherwise, any U.S. federal tax advice contained in this
communication, including attachments, was not intended or written to be used, and cannot be
used, by any taxpayer for the purpose of avoiding any penalties that may be imposed on such
taxpayer by the Internal Revenue Service. In addition, if any such tax advice is contained or referred
to by other parties in promoting, marketing or recommending any partnership or other entity,
investment plan or arrangement, then (i) the advice should be construed as written in connection
with the promotion or marketing by others of the transaction(s) or matter(s) addressed in this
communication and (ii) the taxpayer should seek advice based on the taxpayer's particular
circumstances from an independent tax advisor.

****************************************************************************************************
This e-mail is sent by a law firm and may contain information that is privileged or confidential.
If you are not the intended recipient, please delete the e-mail and any attachments and notify us
immediately.


****************************************************************************************************



In a rush? Get real-time answers with Windows Live Messenger. <http://www.windowslive.com/messenger/overview.html?
ocid=TXT_TAGLM_WL_Refresh_realtime_042008>

Sidley Austin LLP mail server made the following annotations on 04/24/08, 23:04:42:
--------------------------------------------------------------------------------------------
IRS Circular 230 Disclosure: To comply with certain U.S. Treasury regulations, we inform you
that, unless expressly stated otherwise, any U.S. federal tax advice contained in this
communication, including attachments, was not intended or written to be used, and cannot be
used, by any taxpayer for the purpose of avoiding any penalties that may be imposed on such
taxpayer by the Internal Revenue Service. In addition, if any such tax advice is used or referred
to by other parties in promoting, marketing or recommending any partnership or other entity,
investment plan or arrangement, then (i) the advice should be construed as written in connection
with the promotion or marketing by others of the transaction(s) or matter(s) addressed in this
communication and (ii) the taxpayer should seek advice based on the taxpayer's particular
circumstances from an independent tax advisor.

****************************************************************************************************
This e-mail is sent by a law firm and may contain information that is privileged or confidential.
If you are not the intended recipient, please delete the e-mail and any attachments and notify us
immediately.

****************************************************************************************************


Windows Live™

---

**RE: Cyfred**
From: **David Dooley** (Dooley@guamlawoffice.com)
Sent: Thu 4/24/08 8:38 PM
To: Curtis Vandeveld (curtisguamlawyer@hotmail.com); Kelly, Gerard D. (gkelly@sidley.com); dfmadden@bryancave.com

---

Curtis,

Just to clarify, counsel for First American, Darci Madden, will be participating telephonically.

---

From: Curtis Vandeveld [mailto:curtisguamlawyer@hotmail.com]
Sent: Friday, April 25, 2008 1:00 PM
To: Kelly, Gerard D.; David Dooley; dfmadden@bryancave.com
Subject: RE: Cyfred

Mr. Kelly:

I received your letter dated April 24, 2008, however my cellular phone has no record of having received a call from outside of Guam today. (I really don't want to receive a further correspondence concerning how hard it is for you to contact me, so please don't waste either your or my time with such a communication.) I have in the past asked that all communications to me or my office be transmitted through local counsel and by this response do not alter that position. I feel only compelled to respond to communications from your local counsel. However, due to the fact that David Dooley and Seth Forman are unavailable, and because I have tried to be respectful of your need for urgent communication when it is possible for me to do so, and lastly, because while we are at odds over the legal issues, both you and I have tried to be civil to each other in the past, I am responding via email to you as quickly as possible.

Depositions are not public proceedings. My Client has alleged that both Stewart and First American conspired to set policy rates for title insurance on Guam that were never approved by an Insurance Commissioner all to the detriment of Guam consumers. Because my client desires to keep these matters separate to the greatest extent possible, I am not willing to engage in joint depositions. My understanding concerning the depositions scheduled in Guam in the First American case is that all participants will be participating in person. If this is not correct, than I will object to the process and notice and those depositions may not proceed as scheduled. I note that under the present order, the discovery cut-offs are discovery completion dates, matters that already raise issues of non-compliance with the scheduling orders as the time to allow the witness to correct the deposition transcript is thirty (30) days, well beyond the discovery cut-off.

I am more than willing to litigate the present discovery disputes. In the past Stewart has demonstrated such substantial bad faith in complying with its discovery obligations, I do not believe it will prevail in court. First Stewart provide false information in its initial disclosures, at the time of its deposition, it produced two witnesses, Mr. Salisbury and Mr. Burns both of whom indicated a lack of knowledge about the matters identified in the deposition notice and then after that you offered a further witness who was only available during dates I was at trial in another matter. I hardly believe that such "compliance" with your discovery duties will garner favor from the court. So, to summarize my position, I will not agree to your request.

cordially, Curtis C. Van de veld, Esq.

---

Subject: Cyfred
Date: Thu, 24 Apr 2008 17:30:06 -0500
From: gkelly@sidley.com
To: curtisguamlawyer@hotmail.com
CC: dfmadden@bryancave.com; Dooley@guamlawoffice.com; Forman@guamlawoffice.com

Curtis,
Please see the attached letter.
Thanks,
Gerard
**Gerard D. Kelly**
 Sidley Austin LLP

EXHIBIT 4

One South Dearborn Street
Chicago, Illinois 60603
ph: (312) 853-2068
fax: (312) 853-7036
gkelly@sidley.com

<<Untitled.pdf>>

Sidley Austin LLP mail server made the following annotations on 04/24/08, 17:30:11:

------------------------------------------------------------------------------------------------

IRS Circular 230 Disclosure: To comply with certain U.S. Treasury regulations, we inform you

that, unless expressly stated otherwise, any U.S. federal tax advice contained in this

communication, including attachments, was not intended or written to be used, and cannot be

used, by any taxpayer for the purpose of avoiding any penalties that may be imposed on such

taxpayer by the Internal Revenue Service.  In addition, if any such tax advice is used or referred

to by other parties in promoting, marketing or recommending any partnership or other entity,

investment plan or arrangement, then (i) the advice should be construed as written in connection

with the promotion or marketing by others of the transaction(s) or matter(s) addressed in this

communication and (ii) the taxpayer should seek advice based on the taxpayer's particular

circumstances from an independent tax advisor.


*********************************************************************************************

This e-mail is sent by a law firm and may contain information that is privileged or confidential.

If you are not the intended recipient, please delete the e-mail and any attachments and notify us

immediately.


*********************************************************************************************

In a rush? Get real-time answers with Windows Live Messenger.



**RE: Cyfred**
From: **Madden, Darci** (dfMadden@bryancave.com)
Sent: Thu 4/24/08 8:34 PM
To: Curtis Vandeveld (curtisguamlawyer@hotmail.com); Kelly, Gerard D. (gkelly@sidley.com); dooley@guamlawoffice.com

Mr. van de Veld,

I have no interest in getting in the middle of this discovery dispute, but advise you that I will be conducting next week's depositions by telephone. The court reporter will be present in person, at Mr. Dooley's office.

Darci F. Madden
Bryan Cave LLP
211 N. Broadway, Suite 3600
St. Louis, MO 63102
(314) 259-2366 (direct dial)
(314) 552-8366 (facsimile)

---

From: Curtis Vandeveld [mailto:curtisguamlawyer@hotmail.com]
Sent: Thursday, April 24, 2008 10:00 PM
To: Kelly, Gerard D.; dooley@guamlawoffice.com; Madden, Darci
Subject: RE: Cyfred

Mr. Kelly:

I received your letter dated April 24, 2008, however my cellular phone has no record of having received a call from outside of Guam today. (I really don't want to receive a further correspondence concerning how hard it is for you to contact me, so please don't waste either your or my time with such a communication.) I have in the past asked that all communications to me or my office be transmitted through local counsel and by this response do not alter that position. I feel only compelled to respond to communications from your local counsel. However, due to the fact that David Dooley and Seth Forman are unavailable, and because I have tried to be respectful of your need for urgent communication when it is possible for me to do so, and lastly, because while we are at odds over the legal issues, both you and I have tried to be civil to each other in the past, I am responding via email to you as quickly as possible.

Depositions are not public proceedings. My Client has alleged that both Stewart and First American conspired to set policy rates for title insurance on Guam that were never approved by an Insurance Commissioner all to the detriment of Guam consumers. Because my client desires to keep these matters separate to the greatest extent possible, I am not willing to engage in joint depositions. My understanding concerning the depositions scheduled in Guam in the First American case is that all participants will be participating in person. If this is not correct, than I will object to the process and notice and those depositions may not proceed as scheduled. I note that under the present order, the discovery cut-offs are discovery completion dates, matters that already raise issues of non-compliance with the scheduling orders as the time to allow the witness to correct the deposition transcript is thirty (30) days, well beyond the discovery cut-off.

I am more than willing to litigate the present discovery disputes. In the past Stewart has demonstrated such substantial bad faith in complying with its discovery obligations, I do not believe it will prevail in court. First Stewart provide false information in its initial disclosures, at the time of its deposition, it produced two witnesses, Mr. Salisbury and Mr. Burns both of whom indicated a lack of knowledge about the matters identified in the deposition notice and then after that you offered a further witness who was only available during dates I was at trial in another matter. I hardly believe that such "compliance" with your discovery duties will garner favor from the court. So, to summarize my position, I will not agree to your request.

cordially, Curtis C. Van de veld, Esq.

---

Subject: Cyfred
Date: Thu, 24 Apr 2008 17:30:06 -0500
From: gkelly@Sidley.com
To: curtisguamlawyer@hotmail.com
CC: dfmadden@bryancave.com; Dooley@guamlawoffice.com; Forman@guamlawoffice.com

Curtis,
Please see the attached letter.
Thanks,
Gerard
**Gerard D. Kelly**
Sidley Austin LLP
One South Dearborn Street
Chicago, Illinois 60603
ph: (312) 853-2068

EXHIBIT ___"5"___

fax: (312) 853-7036
gkelly@sidley.com

<<Untitled.pdf>>

Sidley Austin LLP mail server made the following annotations on 04/24/08, 17:30:11:
---------------------------------------------------------------------------------
IRS Circular 230 Disclosure: To comply with certain U.S. Treasury regulations, we inform you
that, unless expressly stated otherwise, any U.S. federal tax advice contained in this
communication, including attachments, was not intended or written to be used, and cannot be
used, by any taxpayer for the purpose of avoiding any penalties that may be imposed on such
taxpayer by the Internal Revenue Service.  In addition, if any such tax advice is used or referred
to by other parties in promoting, marketing or recommending any partnership or other entity,
investment plan or arrangement, then (i) the advice should be construed as written in connection
with the promotion or marketing by others of the transaction(s) or matter(s) addressed in this
communication and (ii) the taxpayer should seek advice based on the taxpayer's particular
circumstances from an independent tax advisor.

*****************************************************************************************************
This e-mail is sent by a law firm and may contain information that is privileged or confidential.
If you are not the intended recipient, please delete the e-mail and any attachments and notify us
immediately.

*****************************************************************************************************

---

In a rush? Get real-time answers with Windows Live Messenger.

This electronic message is from a law firm. It may contain confidential or privileged information. If you received this transmission in error,
please reply to the sender to advise of the error and delete this transmission and any attachments.

IRS Circular 230 Disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice
contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose
of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction
or matter addressed herein.

DOOLEY ROBERTS & FOWLER LLP
Suite 201, Orlean Pacific Plaza
865 South Marine Corps Drive
Tamuning, Guam 96913
Telephone No. (671) 646-1222
Facsimile No. (671) 646-1223

Attorneys for Defendant
First American Title Insurance Company

IN THE DISTRICT COURT OF GUAM

| | | |
|---|---|---|
| CYFRED, LTD., for itself and on behalf of other similarly situated, | ) ) ) | CIVIL CASE NO. 07-00024 |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | **FIRST AMERICAN TITLE INSURANCE COMPANY'S FIRST SET OF** |
| FIRST AMERICAN TITLE INSURANCE COMPANY, PACIFIC AMERICAN TITLE INSURANCE & ESCROW COMPANY, MANU MELWANI and DOES 1-298, inclusive, | ) ) ) ) ) | **INTERROGATORIES DIRECTED TO PLAINTIFF** |
| Defendants. | ) ) ) | |

Defendant First American Title Insurance Company, pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, requests that plaintiff Cyfred, Ltd., answer the following interrogatories, under oath, within thirty (30) days.

## DEFINITIONS AND INSTRUCTIONS

1.      "First American" means First American Title Insurance Company and any of its subsidiaries, divisions, predecessors or successors, and all present and former officers, directors, employees, trustees, principals, agents, and representatives of First American, as well as any person acting or purporting to act on its behalf.

"6"

ORIGINAL

2. "Cyfred," "Plaintiff," "you," or "your" means Cyfred, Ltd. and any of its subsidiaries, divisions, predecessors or successors, and all present and former officers, directors, employees, trustees, principals, agents, and representatives of Cyfred, Ltd., as well as any person acting or purporting to act on its behalf.

3. "PATCO" means Pacific American Title Insurance & Escrow Company and any of its subsidiaries, divisions, predecessors or successors, and all present and former officers, directors, employees, trustees, principals, agents, and representatives of Cyfred, Ltd., as well as any person acting or purporting to act on its behalf.

4. "TGOG" means Title Guaranty of Guam, Inc. and any of its subsidiaries, divisions, predecessors or successors, and all present and former officers, directors, employees, trustees, principals, agents, and representatives of Cyfred, Ltd., as well as any person acting or purporting to act on its behalf.

5. "Security" means Security Title, Inc. and any of its subsidiaries, divisions, predecessors or successors, and all present and former officers, directors, employees, trustees, principals, agents, and representatives of Cyfred, Ltd., as well as any person acting or purporting to act on its behalf.

6. "Complaint" refers to the Class Action Complaint in this action and to all other subsequent amendments.

7. "Class" refers to the putative class of persons who are plaintiffs in this action as defined in the Complaint.

8. "Claim" refers to your request for indemnification and tender of defense in the Sananap Action, referenced in the Complaint.

9. "Gill-Baza Subdivision" refers to the property located at Tract 63004,

Yigo, Guam.

10.     "Ruben Property" refers to the property located at Lot No. 19, Block No. 1, Tract 63004, Yigo, Guam, which is referenced in the Complaint.

11.     "Title Insurance Transaction" refers to the purchase of a First American title insurance policy on the Property on February 26, 2002, as described in the Complaint.

12.     The term "document" means any written or recorded matter of every kind or description, however produced or reproduced, whether draft or final, original or reproduction, in the custody or control of you or your attorneys, agents, representatives or assigns. This shall include, but not be limited to, all retrievable information in computer storage, photographs, letters, e-mails, correspondence, contracts, agreements, teletype messages, notes, reports, mechanical and electronic sound recordings or transcripts thereof, memoranda or minutes of telephone or personal conversations or minutes of conferences in the possession and/or control of you or your attorneys or agents or known by you to exist.

13.     The term "communications" means all occasions on which information was conveyed from one person to another (a) by means of a document, or (b) verbally, including by means of a telephone or other mechanical device.

14.     The term "person" shall include, wherever appropriate, not only a natural person but also a corporation, partnership, unincorporated association, joint venture, sole proprietorship, firm or business enterprise, and any other artificial business, association of persons or legal entity, as well as all divisions, subdivisions, bureaus, offices or other units thereof. However, an interrogatory requesting the identification of a person having knowledge of facts or custody of a document shall be construed to refer to a natural person.

15.     The term "agent" means each person employed by you or working under

your supervision, direction or control, including but not limited to attorneys, paralegals, investigators, outside consultants, accountants, and employees.

16. The term "Sananap Action" means the lawsuit captioned *Kini Sananap et al. v. Cyfred Ltd. et al.*, Superior Court of Guam, Civil Case Number CV1448-02, which is described in the Complaint.

17. The terms "concerning" or "relating" or "pertaining" mean commenting on, referring to, pertinent to, discussing, tending to support, or relevant in any way.

18. Wherever appropriate, the singular form of a word should be interpreted in the plural.

19. "And" as well as "or" should be construed either conjunctively or disjunctively as necessary to bring within the scope of each interrogatory any information which might otherwise be construed as outside its scope.

20. A response to an interrogatory requesting that you "identify" a document shall be sufficient if the individual having custody of the document is identified by name and address, and the document is identified or described by: (a) the date; (b) the author; (c) the addressee(s); (d) the type of document; (e) the subject matter; and (f) the number of pages. In lieu of identifying a document, you may attach a copy of such document or documents to your answer to the interrogatory.

21. A request to "identify" a person shall be construed as a request for: (a) the name of such person; (b) the present employer of such person; (c) the present office or business address and business telephone number of such person; and (d) the present residential address and residential telephone number of such person. If you do not know or cannot determine the present address, telephone number or present employer of any person referred to in your answers

to an interrogatory, please give the last known address, telephone number or employer.

22.    The phrase "describe in detail" means: (a) describe fully by reference to underlying facts rather than by ultimate facts or conclusions of fact or law; and (b) particularize as to (1) time, (2) place, (3) manner, and (4) identification of persons involved.

23.    In answering these interrogatories, you are required to furnish all information that is available to you or subject to your reasonable inquiry, including information in possession of your agents, representatives, advisors, attorneys (unless privileged), or other persons directly or indirectly employed by or connected with you or your attorneys, and anyone else otherwise subject to your control.

24.    If you object to any interrogatory on the grounds that it calls for disclosure of information which you claim is privileged, then answer such interrogatory or subpart as follows: (a) furnish all information and facts called for by such interrogatory to which you do not assert a claim of privilege; and (b) for each communication, recommendation, fact or advice which you claim is privileged, state the basis for your claim of privilege.

## INTERROGATORIES

1.    Identify all persons who assisted in preparation of your answers to these interrogatories, and all documents used in preparation of your answers to these interrogatories, or which evidence, refer, or relate to these interrogatories.

**RESPONSE:**

2.    Identify in detail and state the names and addresses of any and all persons who have knowledge of any of the occurrences and/or contentions alleged in the Complaint. Describe in detail the substance of each person's knowledge.

**RESPONSE:**


3.      Describe in detail the circumstances of your acquisition of the Gill-Baza Subdivision, including: (1) when you acquired the Gill-Baza Subdivision, (2) from whom you acquired the Gill-Baza Subdivision, (3) the price you paid for the Gill-Baza Subdivision, (4) the purpose for which you acquired the Gill-Baza Subdivision, (5) any inspections or investigations you conducted regarding the Gill-Baza Subdivision (including the title to same) in connection with your purchase, and (6) any transactions to refinance your mortgage on the Gill-Baza Subdivision.

**RESPONSE:**


4.      Describe in detail your Title Insurance Transaction, including but not limited to: (1) a description of the policy or policies purchased (policy number, type of policy, policy date, etc.), (2) who chose First American to provide the title insurance, (3) how First American was chosen, (4) who paid for the title insurance, and (5) how the cost of the title insurance was allocated (if paid by more than one person).

**RESPONSE:**


5.      Describe in detail all of your efforts to sell the Ruben Property, including but not limited to (a) the sale to David San Nicolas, and (b) the rescission of the sale to David San Nicolas.

**RESPONSE:**

6.      Describe in detail any communications, whether oral or written, between you and First American or PATCO or TGOG or Security regarding your Title Insurance Transaction or the Ruben Property. With respect to each such communication, please state the following: the date of the communication; the location of the communication; the manner of the communication; the identity of all persons involved in the communication; the person who initiated the communication and the reason(s) for doing so; the substance of the communication; the identity of all documents referring, reflecting, or relating to the communication; and a summary of the communication.

**RESPONSE:**

7.      Describe in detail any communications, whether oral or written, between you and First American or PATCO or TGOG or Security regarding your Claim. With respect to each such communication, please state the following: the date of the communication; the location of the communication; the manner of the communication; the identity of all persons involved in the communication; the person who initiated the communication and the reason(s) for doing so; the substance of the communication; the identity of all documents referring, reflecting, or relating to the communication; and a summary of the communication.

**RESPONSE:**

8.    Provide the basis for your contention that the Sananap Action implicates the title to the Ruben Property and that First American is required to indemnify you and/or provide you a defense in that action, including but not limited to the specific paragraphs of the pleadings in the Sananap Action and the specific language of the title insurance policy on which you rely.

**RESPONSE:**


9.    Do you contend that First American has an obligation to indemnify you in any other lawsuit or threatened lawsuit relating to the Gill-Baza subdivision?  If so, identify any other litigation and explain the basis for your contention.

**RESPONSE:**


10.    Please identify any title insurance company, other than First American, from which you have ever purchased title insurance, or from which you have considered purchasing title insurance.  With respect to each such title insurance company, please state and describe in detail the following:  the representative with whom you communicated; the date on which you purchased title insurance, or considered purchasing title insurance; the reason(s) for deciding to purchase title insurance from that company, or the reason(s) for considering purchasing title insurance from that company and for not purchasing title insurance from that company; the rate paid for title insurance that you purchased; the address of the property the title

of which was insured by that title insurance; and the date of the transaction.

**RESPONSE:**

11.  Provide an itemized statement of each and every type of actual and compensatory damages sought by you in this litigation, or any other damages sought by you in this litigation.

**RESPONSE:**

12.  Describe in the details the facts that show that your February 26, 2002 transaction involved a federally related mortgage loan within the meaning of the Real Estate Settlement Procedures Act and identify the documents necessary to evidence those facts.

**RESPONSE:**

13.  Describe in detail the circumstances of your discovery that First American allegedly failed to obtain approval of its policy forms and rates, rate schedules, rate plans and methods of computing rates, including but not limited to: (1) when you discovered this, (2) how you discover it, and (3) a description of any documents that reflect this discovery.

**RESPONSE:**

14.     Describe in detail the basis for your contention that you and the Class could not have discovered earlier that First American failed to obtain approval of its policy forms and rates, rate schedules, rate plans and methods of computing rates.

**RESPONSE:**


15.     Describe in detail the basis for your contention that First American owed to you and the Class fiduciary duties, including a description of the fiduciary duties allegedly owed.

**RESPONSE:**


16.     Describe in detail the exact manner in which you assert that your claims are typical of the claims of other putative class members, including the following information: the names and addresses of all persons possessing personal knowledge of the class certification issues in this case; the names and addresses of each prospective member of the putative class of whom you are aware and how you obtained this information; the efforts you have undertaken to identify putative class members; and a description of the questions of law and fact that you allege are common to the putative class.

**RESPONSE:**

17.   State whether you have communicated with any members of the putative class, including attorneys representing them, regarding your intention to file this lawsuit or the pendency of this lawsuit. If your answer is in the affirmative: describe in detail the manner in which you communicated with each prospective member of the putative class; identify all documents that refer, reflect, or relate to such communication; and describe in detail any communications you received from any member of the class, regardless of whether such communication was in response to any communication identified in this interrogatory.

**RESPONSE:**

18.   State whether you (including any of your officers) have ever been a party to any lawsuit or legal proceeding (including any criminal proceeding) or asserted any claim. If so, state separately for each suit or proceeding: the style of the case, the identity and location of the court, the agency or body before which the case was instituted, and the cause number of the case; whether you were a plaintiff or a defendant, or had some other status in the suit or proceeding; whether the suit or proceeding was a class action or other representative proceeding, and, if so, whether you acted as a lead plaintiff or in any representative capacity on behalf of other plaintiffs or individuals; the general nature or subject matter of the suit or proceeding; and the date on which the suit or proceeding was initiated, and, if it has been concluded, the date on which the lawsuit or proceeding was concluded.

**RESPONSE:**

19.    State whether you have received any information from any third party, including but not limited to, any federal, state or local authority, trade association, or consumer interest group that relates, in whole or in part, to the allegations in the Complaint. If your answer is in the affirmative, please state the following: the identity of the third party; the date of the communication; the identity of all documents referring, reflecting, or relating to the communication; and a summary of the information and/or the documents received from the third party.

**RESPONSE:**

20.    Identify all persons from whom you have sought to gather information or preserve testimony in connection with this action, and for each such person describe in detail or identify the nature and subject matter of the information and testimony and all documents memorializing or relating to the information or testimony.

**RESPONSE:**

21.    Identify each person whom you expect to offer expert or any opinion testimony in this action. For each person identified, please provide the following information: the qualifications of the opinion witness and/or expert; the subject matter on which the opinion witness and/or expert is expected to testify; the substance of the facts and opinion to which the opinion witness or expert is expected to testify; a summary of the grounds for each opinion to

which the opinion witness or expert is expected to testify; and all reports of the opinion witness or expert.

**RESPONSE:**

22.     Please provide the following corporate information for Cyfred, Ltd: (1) officers, (2) directors, (3) shareholders, (4) any licenses or registrations made and the state from which such licenses or registrations were completed, and (5) whether Cyfred is in good standing with the territory of Guam.

**RESPONSE:**

23.     If your answer to any of the requests to admit served herewith is anything other than an unqualified admission, please describe in detail the reasons why you dispute each such request to admit.

**RESPONSE:**

Dated: March 25 , 2008.

DOOLEY ROBERTS & FOWLER LLP

By: _____
David W. Dooley
Attorneys for Defendant
First American Title Insurance Company

## CERTIFICATE OF SERVICE

I, **David W. Dooley**, hereby declare that on March 25, 2008, I caused a copy of

Defendant First American Title Insurance Company's First Set of Interrogatories Directed to

Plaintiff, to be served upon the following via hand delivery:

Curtis C. Van de Veld, Esq.
The Van de Veld Law Office, P.C.
2nd Floor, Historical House
123 Hernan Cortes Ave.
Hagåtña, Guam 96910

Wilfred R. Mann, Esq.
Berman, O'Connor & Mann
Bank of Guam Bldg., Suite 503
111 Chalan Santo papa
Hagåtña, Guam 96910

Date: March 25, 2008.

David W. Dooley

**THE VANDEVELD LAW OFFICES, P.C.**
*Mr. Curtis C. Van de veld, Esq.*
Second Floor
123 Hernan Cortes Avenue
Hagatna, Guam 96910
Office: (671) 472-4396
Facsimile: (671) 472-2561

Attorneys for Plaintiff:
    Cyfred, Ltd., Class,
    Deceptive Acts Subclass
    Denied Claims Subclass.



## IN THE DISTRICT COURT OF GUAM

### HAGATNA, GUAM

| | |
|---|---|
| CYFRED, LTD., for itself and on behalf of other similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> FIRST AMERICAN TITLE INSURANCE COMPANY, PACIFIC AMERICAN TITLE INSURANCE & ESCROW COMPANY, MANU MELWANI and DOES 1-298, inclusive, <br><br> Defendants. | CIVIL CASE NO. 07-00024 <br><br> PLAINTIFF CYFRED, LTD'S RESPONSE TO DEFENDANT FIRST AMERICAN TITLE INSURANCE COMPANY'S FIRST SET OF INTERROGATORIES |

    Plaintiff, Cyfred, Ltd., by and through its undersigned counsel, hereby submits this Response to Defendant First American Title Insurance Company's First Set of Interrogatories.

### GENERAL OBJECTIONS

    1.    Cyfred, Ltd. objects to the Interrogatories to the extent that they seek information otherwise not subject to discovery under the applicable Federal Rules of

**"7"**

Civil Procedure, and/or seek to impose a greater burden upon Cyfred, Ltd. as to the manner in which information is requested to be provided than the manner required under the applicable Federal Rules of Civil Procedure.

2. Cyfred, Ltd. objects to the Interrogatories to the extent that they call for information or documents protected by the attorney-client privilege, work product doctrine, self-evaluation privilege, and/or accountant-client privilege. By making a response to any such Interrogatory, or as to any other Interrogatory, Cyfred, Ltd. does not waive the attorney-client privilege, work product doctrine, self-evaluation privilege, and/or accountant-client privilege as to that Interrogatory, or as to any other Interrogatory or future interrogatory or request. Further, to the extent that Cyfred, Ltd. inadvertently produces any information that, in whole or in part, contains information protected by the attorney-client privilege, work product doctrine, self-evaluation privilege, and or accountant-client privilege, such a disclosure does not waive the protection of the attorney-client privilege, work product doctrine, self-evaluation privilege, and/or accountant-client privilege.

3. Cyfred, Ltd. objects to the Interrogatories to the extent that they purport to require Cyfred, Ltd. to identify documents, or to summarize information in documents, that have been or will be produced by Cyfred, Ltd. or that are or have been in Defendant First American Title Insurance Company's possession, custody, or control.

4. Cyfred, Ltd. answers these Interrogatories without conceding the relevancy or materiality of the subject matter of an Interrogatory, and without prejudice to any objections to competency and admissibility of any information provided.

2

5. Cyfred, Ltd. objects to the Interrogatories to the extent that they seek information or documents that constitute or disclose confidential and/or proprietary information concerning Cyfred, Ltd., its business, and/or its business practices.

6. Cyfred, Ltd. objects to the Interrogatories to the extent that they purport to require Cyfred, Ltd. to produce information or documents that are public records conveniently and inexpensively available to First American Title Insurance Company.

7. By providing any information in response to any Interrogatory, Cyfred, Ltd. does not waive nor intends to waive, but rather intends to preserve and hereby preserves (i) all rights to object, on any ground, to the use of any of these objections, answers, and/or information or documents provided in response to these Interrogatories in any subsequent proceedings in this or any other case, action or proceeding and (ii) all rights to object on any grounds to any Interrogatory for further responses to these Interrogatories or any other interrogatories.

8. Cyfred, Ltd.'s investigation is continuing. Cyfred, Ltd. therefore reserves the right to supplement or amend its Responses as appropriate and provided by law.

9. Cyfred, Ltd. objects to the Interrogatories, including the instructions and definitions portions of Defendant First American Title Insurance Company's Interrogatories, to the extent that they purport to impose any obligations on Cyfred, Ltd. that are beyond the scope of discovery permitted by the applicable Federal Rules of Civil Procedure. Cyfred, Ltd. will respond to the Interrogatories only within the limits set forth in the Federal Rules of Civil Procedure.

3

10.     Cyfred, Ltd. objects to the Interrogatories to the extent that they are unrelated to, and do not lead to, the discovery of admissible evidence pursuant to the Federal Rules of Civil Procedure.

11.     Cyfred, Ltd. objects to the Interrogatories to the extent that they seek information with respect to persons or entities not parties to this action. Such Interrogatories are overly broad and seek irrelevant information not reasonably calculated to lead to the discovery of admissible evidence.

12.     Cyfred, Ltd. reserves until the time of trial all objections as to the relevance or admissibility of any information or documents produced in response to these Interrogatories.  The supplying of any information or document does not constitute an admission by Cyfred, Ltd. that such information or document is relevant or admissible.

13.     Cyfred, Ltd. objects to each Interrogatory to the extent that it seeks a description of oral communications between Cyfred, Ltd., or its representatives, and others on the grounds that such Interrogatories are overly broad, unduly burdensome, oppressive and, as a practical matter, impossible to answer.

14.     Cyfred, Ltd. objects to the Interrogatories insofar as they are overly broad and/or call for the production of documents that are neither relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

15.  Cyfred, Ltd. objects to the Interrogatories to the extent that they purport to require Cyfred, Ltd. to produce documents that constitute or disclose confidential and/or proprietary information concerning Cyfred, Ltd., its business, and/or its business practices.

4

16. In the event that Cyfred, Ltd. discovers that all responsive documents have not been located and identified, Cyfred, Ltd. reserves the right to assert additional objections to production as appropriate.

17. Cyfred, Ltd. objects to the Interrogatories to the extent they seek documents or information with respect to persons or entities not parties to this action. Such Interrogatories are overly broad and seek irrelevant documents or information not reasonably calculated to lead to the discovery of admissible evidence.

18. Cyfred, Ltd. expressly incorporates each of these General Objections into its specific Responses and objections set forth below, which are all expressly made subject to Cyfred, Ltd.'s General Objections.

19. Plaintiff generally objects to these interrogatories as being in violation of Local Rules of the District Court of Guam, Rule LR33.1(a), which limits interrogatories and all its subparts to 25 interrogatories. Without waiving this general objection and all other objections set forth above, Plaintiff responds as hereinafter set forth.

## RESPONSES AND SPECIFIC OBJECTIONS TO INTERROGATORIES

**RESPONSE TO INTERROGATORY NUMBER ONE (1):** Francis L. Gill.

**RESPONSE TO INTERROGATORY NUMBER TWO (2):** Plaintiff objects to the interrogatory as being overly burdensome in that some of the information requested is included in the Initial Disclosures filed by Plaintiff all of which are incorporated herein by this reference, and further objects on the basis that the interrogatory is ambiguous and overbroad. Without waiving these objections, Plaintiff answers by incorporating all the same information contained in the Initial Disclosures previously provided to Defendant First American Title Insurance Company (hereinafter "FATIC").

5

**RESPONSE TO INTERROGATORY NUMBER THREE (3):** Plaintiff objects to this interrogatory as being not reasonably calculated to lead to the discovery of relevant information, that the request ask for information which is a matter of public record of the Department of Land Management of the government of Guam, or the Clerk of Court of the Superior Court of Guam, and equally available to Defendant FATIC which it can obtain from the public record and the production of which through Plaintiff is unduly burdensome. Further, much of the information sought is contained in the initial disclosures made by Plaintiff as well as in the documents submitted to Defendant FATIC when Plaintiff submitted its claim for coverage of the claims against title in the matter of Kini B. Sananap and Iowana M. Sananap vs. … Cyfred, Ltd., Superior Court of Guam Civil Case No. CV1448-02.

3.1 Without waiving these objections, Plaintiff states that the acquisition of the property occurred on a date in August 1998 that Plaintiff cannot recall which acquisition occurred by delivery of a deed from sellers to Plaintiff Cyfred, Ltd., however, the acquisition further became complete when the title to the property vested in the hands of the Sellers in November 1999, by the recording of the Partition map and Deed in the Department of Land Management, government of Guam.

3.2 The property now known as the Gill-Baza subdivision was acquired from Eleanor Baza Perez and Enrique M. Baza, Jr. (deceased).

3.3 The price paid for the Gill-Baza Subdivision was $1.5 million.

3.4 The purpose of the acquisition of the real property now known as the Gill-Baza Subdivision was to subdivide the property and sell the subdivided lots.

6

3.5 Plaintiff is unable to recall which inspections or investigations were conducted concerning the Gill-Baza Subdivision in connection with the purchase of the property by Cyfred, Ltd.

3.6 Cyfred, Ltd. has not undertaken any transaction to refinance the mortgage on the Gill-Baza Subdivision.

**RESPONSE TO INTERROGATORY NUMBER FOUR (4):** Plaintiff objects to this interrogatory as being overly broad, ambiguous and not reasonably calculated to discover relevant information. Without waiving these objections, Cyfred, Ltd., responds:

4.1 The policy purchased is described in detail in Policy No. CW2289610, the content of which is incorporated herein by this reference.

4.2 The policy type is believed to be known as a "Lender's Policy."

4.3 The policy date is shown as February 26, 2002.

4.4 The terms of the policy are contained within the policy.

4.5 Cyfred believes that the Title Agent of FATIC, Pacific American Title Insurance & Escrow Company ("PATIEC") selected which title insurer that it would use to place the title insurance as PATIEC represented as Title Agent more than one title insurer.

4.6 Cyfred, Ltd. is unaware how or why PATIEC chose FATIC to issue the policy.

4.7 Cyfred paid for the insurance policy.

4.8 Not applicable by the terms of the question.

7

4.9 Due to the over-breadth of the interrogatory, Plaintiff Cyfred, Ltd. is unable to answer in further detail to provide a description of the Title Insurance Transaction.

**RESPONSE TO INTERROGATORY NUMBER FIVE (5):** Plaintiff objects that this interrogatory is not reasonably calculated to discover relevant information concerning the matters at issue in this litigation. Plaintiff further objects on the basis of privacy of the transaction and credit information of Alex Ruben, Felisi Ruben and/or David San Nicolas as protected by law. Plaintiff further objects that the information concerning the efforts to sell is a trade secret of Plaintiff Cyfred. Without waiving the objections, Plaintiff incorporates here all the information set forth in the documents provided in response to the request for production.

**RESPONSE TO INTERROGATORY NUMBER SIX (6):** Plaintiff objects to this interrogatory as being overly-broad, ambiguous and not reasonably calculated to lead to the discovery of relevant information.

6.1 Without waiving objection, Plaintiff responds to the interrogatory by incorporating all the information set forth in the written communications of the parties provided in response to the request for production as though fully set forth here. As to oral or telephonic conversation, Plaintiff incorporates such information set forth in the documents provided in response to the request for production as though fully set forth here, and indicates that plaintiff lacks further recollection of the oral or telephonic communications at this time.

8

6.2 The dates of the individual communications, if known, are within the respective documents provided and incorporated herein.

6.3 The location of the documents known to Cyfred, Ltd., are within the records of Cyfred, Ltd. at 123 Hernan Cortes Avenue, Hagatna, Guam and elsewhere as may be gleaned from a review of the respective documents produced in response to the request for production.

6.4 The manner of each of the respective communications is evident from the documents provided.

6.5 The identity of the respective persons involved in each of the respective communications is evident from the respective documents of each of the individual communications incorporated herein.

6.6 The person who initiated the respective communication is evident from the documents incorporated herein.

6.7 The substance of the communication is evident from the communications reflected in the documents incorporated herein to this response.

6.8 The documents incorporated herein provide for each respective communication the substance of the communication;

6.9 The identity of any and all documents referring, reflecting or relating to the individual communications, if known, will be discerned from the individual communications provided in the response to the request to produce and incorporated herein.

6.10 The substance of the documents can be determined from the respective documents incorporated herein. Plaintiff objects to the request for a

9

summary of the content of each respective document as calling for a request for Attorney Work Product.

**RESPONSE TO INTERROGATORY NUMBER SEVEN (7):** Plaintiff objects to this interrogatory as being overly-broad, not reasonably calculated to lead to the discovery of relevant information, ambiguous and unduly burdensome.

    7.1 Without waiving any objection, Plaintiff incorporates by this reference all the documents included in the disks of documents produced in the initial disclosures that conform to the substance of this interrogatory and the information therein set forth.

    7.2 For the date of the communication see the incorporated documents.

    7.3 For the location of the communication, the documents are maintained at the premises of Cyfred, Ltd., 123 Hernan Cortes Avenue, Hagatna, Guam and such other locations as may be gleaned from a review of the respective documents provided in response to the request for production.

    7.4 The manner of each of the respective communications is evident from the documents provided.

    7.5 The identity of the respective persons involved in each of the respective communications is evident from the respective documents of each of the individual communications incorporated herein.

    7.6 The person who initiated the respective communication is evident from the documents incorporated herein.

    7.7 The substance of the communication is evident from the communications reflected in the documents incorporated herein to this response.

7.8 The documents incorporated herein provide for each respective communication the substance of the communication;

7.9 The identity of any and all documents referring, reflecting or relating to the individual communications, if known, will be discerned from the individual communications provided in the response to the request to produce and incorporated herein.

7.10 The substance of the documents can be determined from the respective documents incorporated herein. Plaintiff objects to the request for a summary of the content of each respective document as calling for a request for Attorney Work Product.

**RESPONSE TO INTERROGATORY NUMBER EIGHT (8):** Plaintiff Cyfred objects to this interrogatory as being overly burdensome in that Plaintiff Cyfred has provided to Defendant FATIC numerous documents and letters in submitting Cyfred's tender of its claims for defense and indemnification from loss for claims made in Superior Court of Guam Civil Case No. CV1448-02, all of which to describe herein will require the reproduction and summary of thoughts and impressions of the thousands of documents thus far already provided to Defendant FATIC. Without waiving any objection, Plaintiff Cyfred, Ltd. responds that Plaintiff Cyfred, Ltd. has provided to Defendant FATIC in its submission of its tender of the defense of this action numerous documents and letters which are incorporated herein by this reference and in the Initial Disclosures which Plaintiff also incorporates herein by this reference. In further response without waiving any objection, Plaintiff Cyfred provides a very cursory summary in response to this interrogatory by stating that in

11

the First Amended Complaint and Answer To Counterclaim, as well as in numerous pleadings submitted throughout the case, the testimony at trial and in briefs and argument to the Supreme Court of Guam on the appeal of denial of injunctive relief CVA07-06, the plaintiffs have alleged that they made claims for damages for being denied good and marketable title based on the failure to include in the documents of transfer a verbatim statement of various provisions of the Agricultural Subdivision Survey Map of the Gill-Baza Subdivision recorded in the Department of Land Management, government of Guam and that the title insurance they received did not provide good and marketable title and all matters set forth in the incorporated documents.

**RESPONSE TO INTERROGATORY NUMBER NINE (9):** Plaintiff Cyfred objects to this interrogatory as being overly burdensome in that Plaintiff Cyfred has provided to Defendant FATIC numerous documents and letters in submitting Cyfred's tender of its claims for defense and indemnification from loss for claims made in UPIC et al. v. Gill et al., Superior Court of Guam Civil Case No. CV1511-06 all of which to describe herein will require the reproduction and summary of thoughts and impressions of the thousands of documents thus far already provided to Defendant FATIC. Without waiving any objection, Plaintiff Cyfred, Ltd. responds that Plaintiff Cyfred, Ltd. has provided to Defendant FATIC in its submission of its tender of the defense of this action numerous documents and letters which are incorporated herein by this reference and in the Initial Disclosures which Plaintiff also incorporates herein by this reference.

12

**RESPONSE TO INTERROGATORY NUMBER TEN (10):** Plaintiff objects that this interrogatory is overly-broad, requests information that is not reasonably calculated to lead to the discovery of relevant information, and is unduly burdensome. Without waiving any objection, Cyfred, Ltd. has purchased title insurance from TICOR and Stewart Title Guaranty Company through title agents PATIEC, TGOG and Security. Other than as disclosed in the documents provided in the Initial Disclosures and other discovery responses, which Plaintiff incorporates herein by this reference, Plaintiff is unable to recall the information requested by this interrogatory.

10.1 As to whom Plaintiff communicated, see contents of incorporated documents.

10.2 As to the date on which the policy of insurance was purchased or considered to be purchased, see contents of incorporated documents.

10.3 As to the reasons for deciding to purchase from that company, see contents of incorporated documents, however, the selection of the title insurer was usually determined by the escrow company – Title Agent, with which Cyfred, Ltd., placed the closing of escrow on the transaction. The selection of the escrow company was a matter of negotiation with the other party to the transaction or selected by Plaintiff based on reasons Cyfred is not able to recall.

10.4 The rate paid is reflected in the escrow documents and policies purchased, some of which are incorporated herein.

10.5 The address of the property is not included in the title insurance policy and is unknown to Plaintiff.

13

10.6   The transaction date is included in the title insurance policy some of which
       are incorporated herein.

**RESPONSE TO INTERROGATORY NUMBER ELEVEN (11):** Plaintiff objects to
the interrogatory as being vague and ambiguous. Without waiving any objection, Plaintiff
answers by incorporating the prayer and allegations of the Complaint, the Initial
Disclosures, and all other discovery responses of Plaintiff. Plaintiff further responds
without waiving objection, to state that the damages include the amount of the insurance
premium charged for the policy of the policies for which the rate and policy were not
approved by an Insurance Commissioner of Guam prior to the sale of the policy, the cost
of a replacement policy not yet known, punitive damages equal to three times the
damages otherwise incurred, damages under the Deceptive Trade Practices Act (5 GCA
Chapter 32) at treble the actual loss amount, Attorney's fees, costs of suit, costs of
defense of the tendered suits and losses incurred therein under that suit, and such other
and further relief not specifically identified herein that the court upon hearing the matter
determines that it is just and proper to award to Plaintiff.

**RESPONSE TO INTERROGATORY NUMBER TWELVE (12):**   As plaintiff has
answered 51 interrogatories and subparts of those interrogatories thus far, well in excess
of the limits set forth in LR33.1(a), Plaintiff refuses to answer interrogatories 12 through
23.

Dated this 23nd day of April, 2008.

THE VANDEVELD LAW OFFICES, P.C.

Curtis C. Van de veld, Esq.
Attorney for Plaintiffs

14