DOOLEY ROBERTS & FOWLER LLP
Suite 201, Orlean Pacific Plaza
865 South Marine Corps Drive
Tamuning, Guam 96913
Telephone No. (671) 646-1222
Facsimile No. (671) 646-1223

BRYAN CAVE LLP
One Metropolitan Square
211 North Broadway, Suite 3600
St. Louis, MO 63102-2750
Telephone No. (314) 259-2599
Facsimile No. (314) 552-8599

Attorneys for Defendant
First American Title Insurance Company

**FILED**
DISTRICT COURT OF GUAM

AUG 0 8 2008 R-D.

**JEANNE G. QUINATA**
**Clerk of Court**

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| CYFRED, LTD., for itself and on behalf of all other similarly situated,<br><br>                 Plaintiff,<br>v.<br><br>FIRST AMERICAN TITLE INSURANCE COMPANY, PACIFIC AMERICAN TITLE INSURANCE & ESCROW COMPANY, MANU MELWANI and DOES 1-298, inclusive,<br><br>                 Defendants. | CIVIL CASE NO. 07-00024 |

### REPLY IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL FURTHER RESPONSES TO INTERROGATORIES AND DEPOSITIONS

After months of foot-dragging, Plaintiff Cyfred, Ltd. ("Cyfred") has finally agreed to participate in limited discovery by sitting for a Rule 30(b)(6) deposition. Cyfred could and should have agreed to the Rule 30(b)(6) deposition months ago, without forcing Defendant First American Title Insurance Company ("First American") to incur the expense of drafting and

filing a motion, or to make countless efforts to schedule meetings with Mr. Van de Veld.[1] First American has appropriately asked Cyfred – a plaintiff seeking to represent a broad-ranging class – to explain the bases of its claims. While Cyfred has agreed to sit for a deposition on these issues, it continues to refuse to answer interrogatories in advance of that deposition, flouting the federal rules.

### First American's Interrogatories

Instead of answering interrogatories, Cyfred offered three excuses for why it does not need to answer: (1) First American asked too many interrogatories, (2) Cyfred's previous production of 30,000 undifferentiated, unindexed documents somehow satisfies its obligation to respond to interrogatories, and (3) the interrogatories are improper merits discovery in the class certification phase of the case. Cyfred has now withdrawn the first objection, and the remaining two claims offer no relief from Cyfred's obligations.

The requirements for answering interrogatories with reference to documents (pursuant to Fed. R. Civ. P. 33(d)) is accurately and succinctly set forth in the very case cited in Cyfred's opposition brief – a case that demonstrates how inadequate Cyfred's responses have been. O'Connor v. Boeing North American, Inc, 185 F.R.D. 272 (C. D. Cal. 1999) explains that "Rule 33(d) is not satisfied by the wholesale dumping of documents," as Cyfred did here. Id. at 277. Instead, "a responding party has the duty to specify, by category and location, the records from which answers to interrogatories can be derived." Id. (citing Rainbow Pioneer No. 44-18-04A v. Hawaii-Nevada Investment Corp., 711 F.2d 902, 906 (9th Cir.1983)). The O'Connor court went

---

[1] Plaintiff spends an inordinate amount of its brief and supporting documents mischaracterizing its efforts to avoid the filing of this motion. Contrary to its assertions, Cyfred has not "done all it can to cooperate in good faith with First American." Doc. 105 p. 5. In fact, it has consistently obstructed First American's efforts to meet and confer regarding this dispute. The actual chronology of events is detailed in the attached Declaration of David Dooley. Mr. Van de Veld's unreasonable conduct in this matter is directly relevant to his claim to be adequate as class counsel.

2

on to explain "when voluminous documents are produced under Rule 33(d), they must be accompanied by indices designed to guide the searcher to the documents responsive to the interrogatories." Id. Cyfred did none of these things. It simply dumped 30,000 pages of documents on First American as part of its initial disclosures and then pointed to the undifferentiated mass in response to each of the interrogatories. It did not identify the records from which each answer to each interrogatory could be derived. The documents were not accompanied by any index, either.

Cyfred states that it provided the 30,000 pages on "an easily searchable CD-ROM, which specified the categories of documents on the disk." Doc. 105 p. 3. This is a misrepresentation. Cyfred provided .pdf files on three CDs, which CDs cannot be electronically searched, and have no index specifying what each file contains. In fact, the .pdf files are not even labeled with anything other than a meaningless number. The only way to find out what a particular file contains is to open that file. These are, essentially, just pictures of documents, and it is as difficult to sort through these documents as it would be if Cyfred had dumped 30,000 hard copies on the undersigned. This falls far short of the obligations imposed on a party to litigation by Rule 33(d) – particularly a plaintiff arguing that it is adequate to prosecute an action on behalf of a class.

Cyfred's objection that Defendant seeks discovery which is related to the merits of the claim was waived. Rule 33(b)(4) states that "any ground not stated in a timely objection is waived." (See FRCP 33(b)(4)). As can be seen from Plaintiff's responses to First American's interrogatories, which are marked as Exhibit 7 to the Declaration of Curtis Van de veld, there is no objection that the interrogatories seek merits discovery as opposed to class certification discovery. Thus, this objection is waived.

3

Even if Cyfred's objection was not waived, Cyfred's position is simply incorrect and, in fact, attempts to turn the notion of bifurcated discovery on its head. Discovery is bifurcated in class action lawsuits like this in order to allow the parties to avoid the expense and effort of engaging in discovery into the individual transactions of *absent class members*, which expenses will be wasted if a class is not certified.

Further, the Court's scheduling order specifically recognizes that there may be some overlap between merits and class discovery. The order states:

> ... In the event discovery sought pertains to class certification and other issues, then said discovery must be provided to the appropriate party ... (See page 2 of this court's scheduling order dated December 14, 2007.)

See e.g., Larson v. Burlington Northern and Santa Fe Railway Co., 210 F.R.D. 663 (D. Minn. 2002) (ordering bifurcated discovery in putative class action, with the first phase encompassing "discovery as to the claims of the four named Plaintiffs, prior to extensive discovery on the merits of the 'class claims'"). The merits of the named plaintiff's claim and the details of the named plaintiff's transaction are always appropriate subjects for class certification discovery because Rule 23 requires the plaintiff to prove that it is an adequate and typical class representative for a class to be certified. Id. ("...[M]erits discovery... and class discovery... could well overlap as to the claims of the named Plaintiffs").

### Depositions

As Cyfred has acknowledged in its opposition brief, the parties have reached an agreement on the deposition that was the subject of this motion (a Rule 30(b)(6) deposition of Cyfred on a variety of topics, and the deposition of Frances Gill, the principal of Cyfred). Cyfred had initially objected to both of the requested depositions, but has now agreed to provide

4

a deponent for each of the noticed 30(b)(6) topics, and to allow First American's Missouri-based counsel to ask questions of the deponent(s) via telephone. Doc. 105 pp. 2-3. First American has agreed, in return, to withdraw its request for the deposition of Frances Gill at this stage of the litigation, but First American must make clear that its agreement to forgo the deposition of Mr. Gill at this time is conditioned upon Cyfred making available a witness with knowledge of each of the noticed Rule 30(b)(6) topics. While Cyfred has an understandable sensitivity about having Mr. Gill deposed (in light of his criminal record and the serious allegations of misconduct that have been made against him in the *Sananap* action and other litigation relating to his conduct in developing the Gill-Baza subdivision), such sensitivity is no justification for Cyfred to avoid offering a witness with knowledge of the requested topics.

Respectfully submitted,

Dated: August 8, 2008

DOOLEY ROBERTS & FOWLER LLP
David W. Dooley, Esq.
Suite 201, Orlean Pacific Plaza
865 South Marine Corps Drive
Tamuning, Guam 96913
Telephone: (671) 646-1222
Facsimile: (671) 646-1223

**BRYAN CAVE LLP**
Charles A. Newman
Douglas King
Darci Madden
One Metropolitan Square
211 N. Broadway, Suite 3600
St. Louis, MO 633102
Telephone: (314) 259-2366
Facsimile: (314) 259-2020

Attorneys for Defendant FIRST AMERICAN TITLE INSURANCE COMPANY

F103.106a-P08002

5

Case 1:07-cv-00024   Document 108   Filed 08/08/2008   Page 5 of 5