DOOLEY ROBERTS & FOWLER LLP
Suite 201, Orlean Pacific Plaza
865 South Marine Corps Drive
Tamuning, Guam 96913
Telephone No. (671) 646-1222
Facsimile No. (671) 646-1223

BRYAN CAVE LLP
One Metropolitan Square
211 North Broadway, Suite 3600
St. Louis, MO 63102-2750
Telephone No. (314) 259-2599
Facsimile No. (314) 552-8599

Attorneys for Defendant
First American Title Insurance Company

**FILED**
DISTRICT COURT OF GUAM

AUG 0 8 2008 R-D.

**JEANNE G. QUINATA**
**Clerk of Court**

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| CYFRED, LTD., for itself and on behalf of other similarly situated, | CIVIL CASE NO. 07-00024 |
| Plaintiffs, | |
| vs. | **DECLARATION OF** |
| | **DAVID W. DOOLEY** |
| FIRST AMERICAN TITLE INSURANCE COMPANY, PACIFIC AMERICAN TITLE INSURANCE & ESCROW COMPANY, MANU MELWANI and DOES 1-129, inclusive, | |
| Defendants. | |

I, DAVID W. DOOLEY, hereby declare and state:

1.     I am a partner in the law firm of Dooley Roberts & Fowler LLP. Said law firm has been retained to represent Defendant First American Title Insurance Company in the above-captioned matter.

**ORIGINAL**

2.      Attached hereto and marked as Exhibit 1 is a true and correct copy of a letter dated April 24, 2008 from Gerard Kelly, counsel for Stewart Title Guaranty Company, to Curtis Van de veld.

3.      Attached hereto and marked as Exhibit 2 is a true and correct copy of my letter of April 28, 2008 to Curtis Van de veld, counsel for Plaintiff in the above-captioned matter.

4.      Attached hereto and marked as Exhibit 3 is a true and correct copy of my letter of April 29, 2008 which confirmed that Mr. Van de veld and I would meet and confer regarding various outstanding discovery disputes. The meeting was to occur on April 30, 2008 at 8:30 a.m.

5.      Mr. Van de veld failed to appear on April 30, 2008.  In response to his nonappearance, I forwarded a letter to him dated April 30, 2008, a true and correct copy of which is attached hereto as Exhibit 4. I also forwarded to Mr. Van de veld a "Joint Stipulation Re: Defendant's Motion to Compel Further Responses to Interrogatories and Depositions Pursuant to Fed. R. Civ. P. 37(a)."

6.      At no time did Mr. Van de veld ever submit "Plaintiff's Position" to be inserted into the Stipulation Re: Defendant's Motion to Compel as required by Local Rule 37.1(b).

7.      On May 5, 2008, Mr. Van de veld met with me in my office in order meet and confer regarding the outstanding discovery issues.  We were unable to resolve those issues.

8.      On May 9, 2008, I again forwarded a letter to Mr. Van de veld along with the draft of the Joint Stipulation Re: Defendant's Motion to Compel Further Responses, a copy of which is attached hereto as Exhibit 5.

9.      In my letter of May 9, 2008, I asked Mr. Van de veld to provide Plaintiff's portion of the joint statement of issues by the close of business on May 12, 2008.  Mr. Van de veld never provided Cyfred's statement to me for insertion into the joint stipulation.

2

10.     Because Plaintiff's counsel failed to submit the joint statement as required by Local Rule 37.1(b), I advised Mr. Van de veld that it would be necessary to file a Motion to Compel Discovery. Attached hereto and marked as Exhibit 6 is a true and correct copy of my letter of May 14, 2008 to Curtis Van de veld suggesting that the motion be heard on June 12, 2008 at 10 a.m.

11.     It was not until May 28, 2008, that Plaintiff's counsel finally responded to the request for a hearing on the motion to compel. A true and correct copy of Curtis Van de veld's letter of May 28, 2008 to me is attached hereto and marked as Exhibit 7. Plaintiff requested an additional two weeks to respond to the motion.

12.     In response to his request, I advised Mr. Van de veld in my letter of May 30, 2008, that I would seek a hearing date after July 4, 2008, in order to accommodate Mr. Van de veld's request, a true and correct copy of my letter of May 30, 2008 is attached hereto and marked as Exhibit 8.

13.     The Court ordered a hearing in this matter to be held on August 14, 2008. In said Order, the Court required the parties to again meet and confer in order to attempt to resolve the discovery issues.

14.     Pursuant to the Order of the Court, I suggested to Mr. Van de veld that we meet in my office on July 18, 2008 at 9 a.m. in order to discuss the outstanding discovery disputes. A true and correct copy of my letter to Mr. Van de veld dated July 8, 2008, is attached hereto and marked as Exhibit 9.

15.     Mr. Van de veld never responded to my letter and did not appear in my office on July 18, 2008.

3

16. It was not until July 24, 2008, that Mr. Van de veld finally contacted me regarding the court mandated meet and confer conference. We met on July 28, 2008.

17. During our earlier meet and confer conference of May 5, 2008, Mr. Van de veld agreed that Cyfred would answer interrogatories 12 through 23. I prepared a stipulation and order to memorialize this agreement. Attached hereto is a true and correct copy of my letter of May 14, 2008, to Curtis Van de veld requesting that he sign such a stipulation. Attached to the letter is a copy of the stipulation and order which is marked as Exhibit 10 and which I proposed that he sign.

18. Mr. Van de veld has never responded to my letter of May 14, 2008, and has never signed the stipulation.

19. Cyfred supplied a computer disc as part of its Rule 26 initial disclosures. The disc contains copies of approximately 30,000 pages of documents. But, there is no ability to search the documents other than to read each page from beginning to end.

20. Attached hereto as Exhibit 11 is the only "index" which I have located on the disc.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 8th day of August, 2008 in Tamuning, Guam.

**DAVID W. DOOLEY**

4



SIDLEY AUSTIN LLP
ONE SOUTH DEARBORN
CHICAGO, IL 60603
(312) 853 7000
(312) 853 7036 FAX

gkelly@sidley.com
(312) 853-2068

| BEIJING | LOS ANGELES |
| BRUSSELS | NEW YORK |
| CHICAGO | SAN FRANCISCO |
| DALLAS | SHANGHAI |
| FRANKFURT | SINGAPORE |
| GENEVA | SYDNEY |
| HONG KONG | TOKYO |
| LONDON | WASHINGTON, D.C. |

FOUNDED 1866

April 24, 2008

**By Facsimile and E-Mail**

Curtis C. Van de veld
The Van de veld Law Offices, P.C.
Second Floor
123 Hernan Cortes Avenue
Hagåtña, Guam 96910

     Re:   *Cyfred v. Stewart*

Dear Curtis:

     I tried to call you a few minutes ago (5:00 p.m. CDT), but with the time difference, I got no answer.

     We understand that First American has noticed the depositions of Cyfred and Mr. Gill for April 29, 2008, in *Cyfred v. First American*. We have been in touch with Darci Madden, counsel for First American, and she would have no objection to our participation, by telephone, as counsel for Stewart in those depositions. We would go after First American, and since many of the issues in the two cases are similar, we would anticipate that we would not have many additional questions. We would propose that the parties to *Cyfred v. Stewart* agree to resolve the current discovery dispute on such a basis, obviating the need for the Court's further involvement.

     Since April 29 in Guam is April 28 here, I would appreciate it if you could let me know your position – by telephone, e-mail or facsimile – at your earliest convenience.

     I look forward to hearing from you.

Very truly yours,

Gerard D. Kelly

Sidley Austin LLP is a limited liability partnership practicing in affiliation with other Sidley Austin partnerships

**DEFENDANT'S EXHIBIT**
1

**SIDLEY** SIDLEY AUSTIN LLP

Curtis C. Van de veld
April 24, 2008
Page 2


GDK:mjt

cc:     Darci Madden
        David Dooley
        Seth Forman

DOOLEY ROBERTS & FOWLER LLP
ATTORNEYS AT LAW

DAVID W. DOOLEY
TIM ROBERTS
KEVIN J. FOWLER
JON A. VISOSKY
SETH FORMAN

SUITE 201, ORLEAN PACIFIC PLAZA
865 SOUTH MARINE CORPS DRIVE
TAMUNING, GUAM 96913
TELEPHONE: (671) 646-1222
FACSIMILE: (671) 646-1223
www.GuamLawOffice.com

Of Counsel:
MELINDA C. SWAVELY

Writer's Direct Email:
Dooley@GuamLawOffice.com

April 28, 2008

VIA FACSIMILE

Curtis C. Van de Veld, Esq.
**The Vandeveld Law Offices, P.C.**
Second Floor
123 Hernan Cortes Avenue
Hagåtña, GU 96910
Facsimile No. 472-2561

APR 2 8 2008

(H) - 2:00PM

**Re:** ***Cyfred, Ltd. v. First American Title Insurance Company, et al.***
***District Court of Guam Civil Case No. 07-00024***

Dear Curtis:

Pursuant to our telephone call earlier today, I understand that you will not allow the deposition of Cyfred and Francis Gill to go forward tomorrow if First American's counsel appears telephonically. You indicated that you had a fear that counsel for Stewart Title may attempt to listen in on the deposition.

Please be advised that your fear is unfounded. Nonetheless, in order to avoid the wasted time and energy which would be incurred if Ms. Madden attempted to participate in the deposition via telephone, we have decided to postpone the depositions and will reschedule them as appropriate.

Sincerely,

DOOLEY ROBERTS & FOWLER LLP

**David W. Dooley**

cc:     Darci F. Madden, Esq.

**DEFENDANT'S
EXHIBIT**
2



DOOLEY ROBERTS & FOWLER LLP
ATTORNEYS AT LAW

DAVID W. DOOLEY
TIM ROBERTS
KEVIN J. FOWLER
JON A. VISOSKY
SETH FORMAN

SUITE 201, ORLEAN PACIFIC PLAZA
865 SOUTH MARINE CORPS DRIVE
TAMUNING, GUAM 96913
TELEPHONE: (671) 646-1222
FACSIMILE: (671) 646-1223
www.GuamLawOffice.com

Of Counsel:
MELINDA C. SWAVELY

Writer's Direct Email:
Dooley@GuamLawOffice.com

April 29, 2008

VIA FACSIMILE

Curtis C. Van de Veld, Esq.
**The Vandeveld Law Offices, P.C.**
Second Floor
123 Hernan Cortes Avenue
Hagåtña, GU 96910
Facsimile No. 472-2561

    **Re:**    *Cyfred, Ltd. v. First American Title Insurance Company, et al.*
        *District Court of Guam Civil Case No. 07-00024*

Dear Curtis:

    Thank you for taking the time to talk with me this afternoon. As we discussed, we will be meeting tomorrow at 8:30 a.m. in order to address First American's concerns arising from Cyfred's recent discovery responses.

    In summary, our problems are:

    1.    Cyfred's answers to interrogatories incorporate by reference documents which were supplied by Cyfred in its initial Rule 26 disclosure. However, as you know, those disclosures contain more than 30,000 pages of documents. We feel that the documents which are being incorporated into Cyfred's answers to interrogatories should be set forth with specificity. It seems unreasonable to me that we have to go through 30,000 pages of documents in order to try to determine which, if any, of the documents are actually relevant to each interrogatory response.

    2.    I understand your position that First American's interrogatories exceeded the limit of twenty-five (25) interrogatories, including subparts. However, as I read our interrogatories, most of them do not actually contain subparts but merely explain the information which is

DEFENDANT'S
EXHIBIT
3

required in order to provide a complete response to each interrogatory. Thus, I do not believe that First American's interrogatories exceeded the twenty-five (25) limit which is contained in the local rules. We request that you provide us with answers to the remaining interrogatories.

3.     We also need to take the depositions of Cyfred and Francis Gill. Your objection to the depositions was that representatives of Stewart Title might somehow listen in to the deposition. Of course, our office serves as counsel for Stewart Title. Therefore a representative of Stewart Title will obviously be listening to the depositions. I understood your complaint to be directed toward Stewart's lawyers in Chicago. I can assure you that Stewart's counsel in the mainland will not be listening to the deposition. Based upon this representation, I would like to reschedule the depositions of Cyfred and Mr. Gill for some time soon after Cyfred has supplemented its answers to interrogatories.

I look forward to meeting with you tomorrow.

Sincerely,

DOOLEY ROBERTS & FOWLER LLP

David W. Dooley

cc:     Darci F. Madden, Esq.
        Robert Hull, Esq.



# DOOLEY ROBERTS & FOWLER LLP
## ATTORNEYS AT LAW

DAVID W. DOOLEY
TIM ROBERTS
KEVIN J. FOWLER
JON A. VISOSKY
SETH FORMAN

SUITE 201, ORLEAN PACIFIC PLAZA
865 SOUTH MARINE CORPS DRIVE
TAMUNING, GUAM 96913
TELEPHONE: (671) 646-1222
FACSIMILE: (671) 646-1223
www.GuamLawOffice.com

Of Counsel:
MELINDA C. SWAVELY

Writer's Direct Email:
Dooley@GuamLawOffice.com

April 30, 2008

<u>VIA FACSIMILE</u>

Curtis C. Van de Veld, Esq.
**The Vandeveld Law Offices, P.C.**
Second Floor
123 Hernan Cortes Avenue
Hagåtña, GU 96910
Facsimile No. 472-2561

**Re:**   *Cyfred, Ltd. v. First American Title Insurance Company, et al.*
       *District Court of Guam Civil Case No. 07-00024*

Dear Curtis:

Enclosed is First American's draft of a "Joint Stipulation Re: Defendant's Motion to Compel Further Responses to Interrogatories and Depositions Pursuant to Fed. R. Civ. P. 37(a)." I had planned to give it to you at our meeting that was scheduled for this morning. But, since the meeting never occurred, I am taking the liberty of faxing it to you.

You will see that the stipulation sets forth First American's position regarding discovery issues which I had planned to discuss with you this morning. Please review the joint stipulation and then give me a call with Cyfred's position. If Cyfred does not agree to supplement its interrogatory responses and/or does not agree to make itself and Mr. Gill available for deposition, please advise me and please insert Cyfred's position on pages 16, 23 and 24. Should Cyfred not agree with our position, I would expect you to complete the revisions by next Tuesday so that we can submit it to court.

On the other hand, if Cyfred agrees to supplement its responses and make itself available for the deposition, please advise me and I will prepare the appropriate stipulation.



DEFENDANT'S EXHIBIT
4

I am also willing to meet and discuss this matter with you. If you would like to meet, please call my office and set up a time as I will be available almost the entire afternoon.

Of course, if you have any questions, please do not hesitate to contact me.

Sincerely,

DOOLEY ROBERTS & FOWLER LLP

**David W. Dooley**

Enclosure

cc:   Darci F. Madden, Esq. (without enclosure)
      Robert Hull, Esq. (without enclosure)

DOOLEY ROBERTS & FOWLER LLP
Suite 201, Orlean Pacific Plaza
865 South Marine Corps Drive
Tamuning, Guam 96913
Telephone No. (671) 646-1222
Facsimile No. (671) 646-1223

BRYAN CAVE LLP
One Metropolitan Square
211 North Broadway, Suite 3600
St. Louis, MO 63102-2750
Telephone No. (314) 259-2599
Facsimile No. (314) 552-8599

Attorneys for Defendant
First American Title Insurance Company

## IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| CYFRED, LTD., for itself and on behalf of other similarly situated,<br><br>                   Plaintiffs,<br><br>      vs.<br><br>FIRST AMERICAN TITLE INSURANCE COMPANY, PACIFIC AMERICAN TITLE INSURANCE & ESCROW COMPANY, MANU MELWANI and DOES 1-298, inclusive,<br><br>                 Defendants. | CIVIL CASE NO. 07-00024<br><br><br><br>**JOINT STIPULATION RE: DEFENDANT'S MOTION TO COMPEL FURTHER RESPONSES TO INTERROGATORIES AND DEPOSITIONS PURSUANT TO FED. R. CIV. P. 37(a)** |

This stipulation relates to the motion of Defendant First American Title Insurance Company pursuant to Rule 37(a) for the issuance of an order compelling Plaintiff's further response to Defendant's First Set of Interrogatories and Depositions.

///

///

# I.    SUMMARY OF ARGUMENT

## A.    Defendant's Position

On March 25, 2008, Defendant served Plaintiff with discovery requests, including Defendant's First Set of Interrogatories. The First Set of Interrogatories consisted of 23 numbered questions. Plaintiff served its responses on April 24, 2008, purporting to answer most of the first 11 interrogatories by incorporating unspecified information from its initial disclosures and previously produced documents—which amount to over 30,000 pages of material. Plaintiff completely refused to answer Interrogatory Numbers 12 through 23, claiming that Interrogatory Numbers 1 through 11 contained subparts that exceeded the numerical limits of Local Rule 33.1. Plaintiff's responses are not full and complete as required by Rule 33, and Defendant respectfully requests the Court to compel further responses pursuant to Rule 37(a)(3)(B)(iii). In addition, First American request that the Court order Cyfred, Ltd. and its principle, Francis Gill, to appear for depositions, at a mutually agreeable time, after Cyfred has fully responded to written discovery. First American requests that its national counsel be permitted to conduct these depositions by telephone.

## B.    Plaintiff's Position




# II.    CONFERENCE REPORT

The parties discussed these issues on April 30, 2008.

///

///

2

## III. SPECIFICATION OF ISSUES AND CONTENTIONS

Plaintiff has served responses to Defendant's First Set of Interrogatories. The issues that remain to be determined are: 1) Whether Plaintiff should be required to fully answer Interrogatory Numbers 2 through 11 in narrative form or by specifically identifying previously produced documents that contain the requested information; 2) Whether Plaintiff should be required to answer Interrogatory Numbers 12 through 23; and 3) Whether First American's national counsel (located in St. Louis, Missouri) should be allowed to conduct depositions of Cyfred, Ltd. and its principle, Francis Gill, by telephone after receiving full and complete answers to interrogatories.

### A. Interrogatory Numbers 2-11

### INTERROGATORY NUMBER TWO (2)

Identify in detail and state the names and addresses of any and all persons who have knowledge of any of the occurrences and/or contentions alleged in the Complaint. Describe in detail the substance of each person's knowledge.

**RESPONSE TO INTERROGATORY NUMBER TWO (2):** Plaintiff objects to the interrogatory as being overly burdensome in that some of the information requested is included in the Initial Disclosures filed by Plaintiff all of which are incorporated herein by this reference, and further objects on the basis that the interrogatory is ambiguous and overbroad. Without waiving these objections, Plaintiff answers by incorporating all the same information contained in the Initial Disclosures previously provided to Defendant First American Title Insurance Company (hereinafter "FATIC").

///

///

3

## INTERROGATORY NUMBER THREE (3)

Describe in detail the circumstances of your acquisition of the Gill-Baza Subdivision, including: (1) when you acquired the Gill-Baza Subdivision, (2) from whom you acquired the Gill-Baza Subdivision, (3) the price you paid for the Gill-Baza Subdivision, (4) the purpose for which you acquired the Gill-Baza Subdivision, (5) any inspections or investigations you conducted regarding the Gill-Baza Subdivision (including the title to same) in connection with your purchase, and (6) any transactions to refinance your mortgage on the Gill-Baza Subdivision.

**RESPONSE TO INTERROGATORY NUMBER THREE (3):** Plaintiff objects to this interrogatory as being not reasonably calculated to lead to the discovery of relevant information, that the request ask for information which is a matter of public record of the Department of Land Management of the government of Guam, or the Clerk of Court of the Superior Court of Guam, and equally available to Defendant FATIC which it can obtain from the public record and the production of which through Plaintiff is unduly burdensome. Further, much of the information sought is contained in the initial disclosures made by Plaintiff as well as in the documents submitted to Defendant FATIC when Plaintiff submitted its claim for coverage of the claims against title in the matter of Kini B. Sananap and Iowana M. Sananap vs. Cyfred, Ltd., Superior Court of Guam Civil Case No. CV 1448-02.

> 3.1   Without waiving these objections, Plaintiff states that the acquisition of the property occurred on a date in August 1998 that Plaintiff cannot recall which acquisition occurred by delivery of a deed from sellers to Plaintiff Cyfred, Ltd., however, the acquisition further became complete when the title to the property vested in the hands of the Sellers in November 1999,

4

by the recording of the Partition map and Deed in the Department of Land Management, government of Guam.

3.2 The property now known as the Gill-Baza subdivision was acquired from Eleanor Baza Perez and Enrique M. Baza, Jr. (deceased).

3.3 The price paid for the Gill-Baza Subdivision was $1.5 million.

3.4 The purpose of the acquisition of the real property now known as the Gill-Baza Subdivision was to subdivide the property and sell the subdivided lots.

3.5 Plaintiff is unable to recall which inspections or investigations were conducted concerning the Gill-Baza Subdivision in connection with the purchase of the property by Cyfred, Ltd.

3.6 Cyfred, Ltd. has not undertaken any transaction to refinance the mortgage on the Gill-Baza Subdivision.

## INTERROGATORY NUMBER FOUR (4)

Describe in detail your Title Insurance Transaction, including but not limited to: (1) a description of the policy or policies purchased (policy number, type of policy, policy date, etc.), (2) who chose First American to provide the title insurance, (3) how First American was chosen, (4) who paid for the title insurance, and (5) how the cost of the title insurance was allocated (if paid by more than one person).

**RESPONSE TO INTERROGATORY NUMBER FOUR (4):** Plaintiff objects to this interrogatory as being overly broad, ambiguous and not reasonably calculated to discover relevant information. Without waiving these objections, Cyfred, Ltd., responds:

5

4.1      The policy purchased is described in detail in Policy No. CW2289610, the content of which is incorporated herein by this reference.

4.2      The policy type is believed to be known as a "Lender's Policy."

4.3      The policy date is shown as February 26, 2002.

4.4      The terms of the policy are contained within the policy.

4.5      Cyfred believes that the Title Agent of FATIC, Pacific American Title Insurance & Escrow Company ("PATIEC") selected which title insurer that it would use to place the title insurance as PATIEC represented as Title Agent more than one title insurer.

4.6      Cyfred, Ltd. is unaware how or why PATIEC chose FATIC to issue the policy.

4.7      Cyfred paid for the insurance policy.

4.8      Not applicable by the terms of the question.

4.9      Due to the over-breadth of the interrogatory, Plaintiff Cyfred, Ltd. is unable to answer in further detail to provide a description of the Title Insurance Transaction.

## INTERROGATORY NUMBER FIVE (5)

Describe in detail all of your efforts to sell the Ruben Property, including but not limited to (a) the sale to David San Nicolas, and (b) the rescission of the sale to David San Nicolas.

**RESPONSE TO INTERROGATORY NUMBER FIVE (5):** Plaintiff objects that this interrogatory is not reasonably calculated to discover relevant information concerning the matters at issue in this litigation. Plaintiff further objects on the basis of privacy of the transaction and credit information of Alex Ruben, Felisi Ruben and/or David San Nicolas as

6

protected by law. Plaintiff further objects that the information concerning the efforts to sell is a trade secret of Plaintiff Cyfred. Without waiving the objections, Plaintiff incorporates here all the information set forth in the documents provided in response to the request for production.

## INTERROGATORY NUMBER SIX (6)

Describe in detail any communications, whether oral or written, between you and First American or PATCO or TGOG or Security regarding your Title Insurance Transaction or the Ruben Property. With respect to each such communication, please state the following: the date of the communication; the location of the communication; the manner of the communication; the identity of all persons involved in the communication; the person who initiated the communication and the reason(s) for doing so; the substance of the communication; the identity of all documents referring, reflecting, or relating to the communication; and a summary of the communication.

**RESPONSE TO INTERROGATORY NUMBER SIX (6):** Plaintiff objects to this interrogatory as being overly-broad, ambiguous and not reasonably calculated to lead to the discovery of relevant information.

6.1    Without waiving objection, Plaintiff responds to the interrogatory by incorporating all the information set forth in the written communications of the parties provided in response to the request for production as though fully set forth here. As to oral or telephonic conversation, Plaintiff incorporates such information set forth in the documents provided in response to the request for production as though fully set forth here, and indicates that plaintiff lacks further recollection of the oral or telephonic communications at this time.

7

6.2     The dates of the individual communications, if known, are within the respective documents provided and incorporated herein.

6.3     The location of the documents known to Cyfred, Ltd., are within the records of Cyfred, Ltd. at 123 Hernan Cortes Avenue, Hagatna, Guam and elsewhere as may be gleaned from a review of the respective documents produced in response to the request for production.

6.4     The manner of each of the respective communications is evident from the documents provided.

6.5 The identity of the respective persons involved in each of the respective communications is evident from the respective documents of each of the individual communications incorporated herein.

6.6     The person who initiated the respective communication is evident from the documents incorporated herein.

6.7     The substance of the communication is evident from the communications reflected in the documents incorporated herein to this response.

6.8     The documents incorporated herein provide for each respective communication the substance of the communication;

6.9     The identity of any and all documents referring, reflecting or relating to the individual communications, if known, will be discerned from the individual communications provided in the response to the request to produce and incorporated herein.

6.10    The substance of the documents can be determined from the respective documents incorporated herein. Plaintiff objects to the request for a

8

summary of the content of each respective document as calling for a request for Attorney Work Product.

## INTERROGATORY NUMBER SEVEN (7)

Describe in detail any communications, whether oral or written, between you and First American or PATCO or TGOG or Security regarding your Claim. With respect to each such communication, please state the following: the date of the communication; the location of the communication; the manner of the communication; the identity of all persons involved in the communication; the person who initiated the communication and the reason(s) for doing so; the substance of the communication; the identity of all documents referring, reflecting, or relating to the communication; and a summary of the communication.

**RESPONSE TO INTERROGATORY NUMBER SEVEN (7):** Plaintiff objects to this interrogatory as being overly-broad, not reasonably calculated to lead to the discovery of relevant information, ambiguous and unduly burdensome.

    7.1    Without waiving any objection, Plaintiff incorporates by this reference all the documents included in the disks of documents produced in the initial disclosures that conform to the substance of this interrogatory and the information therein set forth.

    7.2    For the date of the communication see the incorporated documents.

    7.3    For the location of the communication, the documents are maintained at the premises of Cyfred, Ltd., 123 Hernan Cortes Avenue, Hagatna, Guam and such other locations as may be gleaned from a review of the respective documents provided in response to the request for production.

9

7.4 The manner of each of the respective communications is evident from the documents provided.

7.5 The identity of the respective persons involved in each of the respective communications is evident from the respective documents of each of the individual communications incorporated herein.

7.6 The person who initiated the respective communication is evident from the documents incorporated herein.

7.7 The substance of the communication is evident from the communications reflected in the documents incorporated herein to this response.

7.8 The documents incorporated herein provide for each respective communication the substance of the communication;

7.9 The identity of any and all documents referring, reflecting or relating to the individual communications, if known, will be discerned from the individual communications provided in the response to the request to produce and incorporated herein.

7.10 The substance of the documents can be determined from the respective documents incorporated herein. Plaintiff objects to the request for a summary of the content of each respective document as calling for a request for Attorney Work Product.

**INTERROGATORY NUMBER EIGHT (8)**

Provide the basis for your contention that the Sananap Action implicates the title to the Ruben Property and that First American is required to indemnify you and/or provide you a defense in

10

that action, including but not limited to the specific paragraphs of the pleadings in the Sananap Action and the specific language of the title insurance policy on which you rely.

**RESPONSE TO INTERROGATORY NUMBER EIGHT (8):** Plaintiff Cyfred objects to this interrogatory as being overly burdensome in that Plaintiff Cyfred has provided to Defendant FATIC numerous documents and letters in submitting Cyfred's tender of its claims for defense and indemnification from loss for claims made in Superior Court of Guam Civil Case No. CV 1448-02, all of which to describe herein will require the reproduction and summary of thoughts and impressions of the thousands of documents thus far already provided to Defendant FATIC. Without waiving any objection, Plaintiff Cyfred, Ltd. responds that Plaintiff Cyfred, Ltd. has provided to Defendant FATIC in its submission of its tender of the defense of this action numerous documents and letters which are incorporated herein by this reference and in the Initial Disclosures which Plaintiff also incorporates herein by this reference. In further response without waiving any objection, Plaintiff Cyfred provides a very cursory summary in response to this interrogatory by stating that in the First Amended Complaint and Answer To Counterclaim, as well as in numerous pleadings submitted throughout the case, the testimony at trial and in briefs and argument to the Supreme Court of Guam on the appeal of denial of injunctive relief CVA07-06, the plaintiffs have alleged that they made claims for damages for being denied good and marketable title based on the failure to include in the documents of transfer a verbatim statement of various provisions of the Agricultural Subdivision Survey Map of the Gill-Baza Subdivision recorded in the Department of Land Management, government of Guam and that the title insurance they received did not provide good and marketable title and all matters set forth in the incorporated documents.

///

11

## INTERROGATORY NUMBER NINE (9)

Do you contend that First American has an obligation to indemnify you in any other lawsuit or threatened lawsuit relating to the Gill-Baza subdivision? If so, identify any other litigation and explain the basis for your contention.

**RESPONSE TO INTERROGATORY NUMBER NINE (9):** Plaintiff Cyfred objects to this interrogatory as being overly burdensome in that Plaintiff Cyfred has provided to Defendant FATIC numerous documents and letters in submitting Cyfred's tender of its claims for defense and indemnification from loss for claims made in UPIC et al. v. Gill et al., Superior Court of Guam Civil Case No. CV 1511-06 all of which to describe herein will require the reproduction and summary of thoughts and impressions of the thousands of documents thus far already provided to Defendant FATIC. Without waiving any objection, Plaintiff Cyfred, Ltd. responds that Plaintiff Cyfred, Ltd. has provided to Defendant FATIC in its submission of its tender of the defense of this action numerous documents and letters which are incorporated herein by this reference and in the Initial Disclosures which Plaintiff also incorporates herein by this reference.

## INTERROGATORY NUMBER TEN (10)

Please identify any title insurance company, other than First American, from which you have ever purchased title insurance, or from which you have considered purchasing title insurance. With respect to each such title insurance company, please state and describe in detail the following: the representative with whom you communicated; the date on which you purchased title insurance, or considered purchasing title insurance; the reason(s) for deciding to purchase title insurance from that company, or the reason(s) for considering purchasing title insurance from that company and for not purchasing title insurance from that company; the rate paid for

12

title insurance that you purchased; the address of the property the title of which was insured by that title insurance; and the date of the transaction.

**RESPONSE TO INTERROGATORY NUMBER TEN (10)**: Plaintiff objects that this interrogatory is overly-broad, requests information that is not reasonably calculated to lead to the discovery of relevant information, and is unduly burdensome. Without waiving any objection, Cyfred, Ltd. has purchased title insurance from TICOR and Stewart Title Guaranty Company through title agents PATIEC, TGOG and Security. Other than as disclosed in the documents provided in the Initial Disclosures and other discovery responses, which Plaintiff incorporates herein by this reference, Plaintiff is unable to recall the information requested by this interrogatory.

      10.1   As to whom Plaintiff communicated, see contents of incorporated documents.

      10.2   As to the date on which the policy of insurance was purchased or considered to be purchased, see contents of incorporated documents.

      10.3   As to the reasons for deciding to purchase from that company, see contents of incorporated documents, however, the selection of the title insurer was usually determined by the escrow company – Title Agent, with which Cyfred, Ltd., placed the closing of escrow on the transaction. The selection of the escrow company was a matter of negotiation with the other party to the transaction or selected by Plaintiff based on reasons Cyfred is not able to recall.

      10.4   The rate paid is reflected in the escrow documents and policies purchased, some of which are incorporated herein.

13

10.5    The address of the property is not included in the title insurance policy and is unknown to Plaintiff.

10.6    The transaction date is included in the title insurance policy some of which are incorporated herein.

## INTERROGATORY NUMBER ELEVEN (11)

Provide an itemized statement of each and every type of actual and compensatory damages sought by you in this litigation, or any other damages sought by you in this litigation.

**RESPONSE TO INTERROGATORY NUMBER ELEVEN (11):** Plaintiff objects to the interrogatory as being vague and ambiguous. Without waiving any objection, Plaintiff answers by incorporating the prayer and allegations of the Complaint, the Initial Disclosures, and all other discovery responses of Plaintiff. Plaintiff further responds without waiving objection, to state that the damages include the amount of the insurance premium charged for the policy of the policies for which the rate and policy were not approved by an Insurance Commissioner of Guam prior to the sale of the policy, the cost of a replacement policy not yet known, punitive damages equal to three times the damages otherwise incurred, damages under the Deceptive Trade Practices Act (5 GCA Chapter 32) at treble the actual loss amount, Attorney's fees, costs of suit, costs of defense of the tendered suits and losses incurred therein under that suit, and such other and further relief not specifically identified herein that the court upon hearing the matter determines that it is just and proper to award to Plaintiff.

1.    **Defendant's Position**

The Federal Rules require that each interrogatory must be answered "separately and fully in writing." Fed. R. Civ. P. 33(b)(3). A response to an interrogatory "should be complete in itself and should not refer to . . . other documents. . . ." Anderson v. Fresno County, Human

14

Servs. Sys., 2007 WL 1865657, at *3 (E.D. Cal. June 28, 2007) (slip copy) (citing and quoting Scaife v. Boenne, 191 F.R.D. 590, 594 (N.D. Ind. 2000)) (quotation marks omitted). "When a party propounds an interrogatory that requests an answer to a question, a party responds inappropriately by simply designating documents, because the interrogatory did not call for records." Id. If an answer to an interrogatory may be determined from a party's business records, the party may elect to answer by specifying the records that must be reviewed, but it must do so "in sufficient detail to permit the interrogating party to locate and identify, as readily as the party served, the records from which the answer may be obtained." Rainbow Pioneer #44-18-04A v. Hawaii-Nevada Investment Corp., 711 F.2d 902, 906 (9th Cir. 1983) (quoting Fed. R. Civ. P. 33(c) advisory committee's notes to 1980 amendment); Fed. R. Civ. P. 33(d)(1). When a party purports to answer an interrogatory by identifying documents that contain the responsive information, the party must specify "where in the [documents] the answers could be found." Walt Disney Co. v. DeFabiis, 168 F.R.D. 281, 284 (C.D. Cal. 1996); Cambridge Electronics Corp. v. MGA Electronics, Inc., 227 F.R.D. 313, 323 (C.D. Cal. 2004) (plaintiff's response was insufficient because it failed to identify *where* within its records the answers could be found).

Plaintiff's responses to Interrogatory Numbers 2, 5, 7 and 9 all contain essentially the same "answer": Plaintiff incorporates "all" the information contained in the more than 30,000 pages of documents it has provided to Defendants, such as Plaintiff's initial disclosures and documents provided in response to Defendant's requests for production. Plaintiff also purports to generally incorporate its initial disclosures or previously produced documents in its responses to Interrogatory Numbers 3, 6, 8, 10, and 11. These responses do nothing more than generally refer Defendant to a mass of documents previously produced and thus are insufficient. See Anderson, 2007 WL 1865657, at *4 (ordering Plaintiff to provide full and complete response

where boilerplate reference to documents previously produced left the interrogating party "to divine from the documents" what information might respond to the question; this was "akin to no response at all"). If answers to the disputed interrogatories can be determined from Plaintiff's business records and Plaintiff elects to respond by specifying those records, Plaintiff has not identified them in sufficient detail to permit Defendant to locate the information. To the extent the answers cannot be determined from specific documents, Plaintiff should provide a full narrative response.

Plaintiff effectively asks Defendant to wade through over 30,000 pages of material to find the information requested by Defendant's narrowly tailored interrogatories. This "'default to the documents' approach" to answering interrogatories does not satisfy Plaintiff's obligation to provide specific information "in an explicit, responsive, complete, and candid manner." Anderson, 2007 WL 1865657, at *4. Defendant respectfully requests that Plaintiff be compelled to provide full and complete responses, either in narrative form or by specifically identifying where the requested information can be found in the documents Plaintiff has produced.

        **2.**       **Plaintiff's Position**

**B.**       **Interrogatory Numbers 12-23**

**INTERROGATORY NUMBER TWELVE (12)**

Describe in the details the facts that show that your February 26, 2002 transaction involved a federally related mortgage loan within the meaning of the Real Estate Settlement Procedures Act and identify the documents necessary to evidence those facts.

16

**RESPONSE TO INTERROGATORY NUMBER TWELVE (12):** As plaintiff has answered

51 interrogatories and subparts of those interrogatories thus far, well in excess of the limits set

forth in LR33.1(a), Plaintiff refuses to answer interrogatories 12 through 23.

## INTERROGATORY NUMBER THIRTEEN (13)

Describe in detail the circumstances of your discovery that First American allegedly failed to

obtain approval of its policy forms and rates, rate schedules, rate plans and methods of

computing rates, including but not limited to: (1) when you discovered this, (2) how you

discover it, and (3) a description of any documents that reflect this discovery.

## RESPONSE:

[None]

## INTERROGATORY NUMBER FOURTEEN (14)

Describe in detail the basis for your contention that you and the Class could not have discovered

earlier that First American failed to obtain approval of its policy forms and rates, rate schedules,

rate plans and methods of computing rates.

## RESPONSE:

[None]

## INTERROGATORY NUMBER FIFTEEN (15)

Describe in detail the basis for your contention that First American owed to you and the Class

fiduciary duties, including a description of the fiduciary duties allegedly owed.

## RESPONSE:

[None]

## INTERROGATORY NUMBER SIXTEEN (16)

Describe in detail the exact manner in which you assert that your claims are typical of the claims

17

of other putative class members, including the following information: the names and addresses of all persons possessing personal knowledge of the class certification issues in this case; the names and addresses of each prospective member of the putative class of whom you are aware and how you obtained this information; the efforts you have undertaken to identify putative class members; and a description of the questions of law and fact that you allege are common to the putative class.

**RESPONSE:**

[None]

### INTERROGATORY NUMBER SEVENTEEN (17)

State whether you have communicated with any members of the putative class, including attorneys representing them, regarding your intention to file this lawsuit or the pendency of this lawsuit. If your answer is in the affirmative: describe in detail the manner in which you communicated with each prospective member of the putative class; identify all documents that refer, reflect, or relate to such communication; and describe in detail any communications you received from any member of the class, regardless of whether such communication was in response to any communication identified in this interrogatory.

**RESPONSE:**

[None]

### INTERROGATORY NUMBER EIGHTEEN (18)

State whether you (including any of your officers) have ever been a party to any lawsuit or legal proceeding (including any criminal proceeding) or asserted any claim. If so, state separately for each suit or proceeding: the style of the case, the identity and location of the court, the agency or body before which the case was instituted, and the cause number of the case; whether you were a

18

plaintiff or a defendant, or had some other status in the suit or proceeding; whether the suit or proceeding was a class action or other representative proceeding, and, if so, whether you acted as a lead plaintiff or in any representative capacity on behalf of other plaintiffs or individuals; the general nature or subject matter of the suit or proceeding; and the date on which the suit or proceeding was initiated, and, if it has been concluded, the date on which the lawsuit or proceeding was concluded.

**RESPONSE:**

[None]

## INTERROGATORY NUMBER NINETEEN (19)

State whether you have received any information from any third party, including but not limited to, any federal, state or local authority, trade association, or consumer interest group that relates, in whole or in part, to the allegations in the Complaint. If your answer is in the affirmative, please state the following: the identity of the third party; the date of the communication; the identity of all documents referring, reflecting, or relating to the communication; and a summary of the information and/or the documents received from the third party.

**RESPONSE:**

[None]

## INTERROGATORY NUMBER TWENTY (20)

Identify all persons from whom you have sought to gather information or preserve testimony in connection with this action, and for each such person describe in detail or identify the nature and subject matter of the information and testimony and all documents memorializing or relating to the information or testimony.

///

19

**RESPONSE:**

[None]

**INTERROGATORY NUMBER TWENTY-ONE (21)**

Identify each person whom you expect to offer expert or any opinion testimony in this action. For each person identified, please provide the following information: the qualifications of the opinion witness and/or expert; the subject matter on which the opinion witness and/or expert is expected to testify; the substance of the facts and opinion to which the opinion witness or expert is expected to testify; a summary of the grounds for each opinion to which the opinion witness or expert is expected to testify; and all reports of the opinion witness or expert.

**RESPONSE:**

[None]

**INTERROGATORY NUMBER TWENTY-TWO (22)**

Please provide the following corporate information for Cyfred, Ltd: (1) officers, (2) directors, (3) shareholders, (4) any licenses or registrations made and the state from which such licenses or registrations were completed, and (5) whether Cyfred is in good standing with the territory of Guam.

**RESPONSE:**

[None]

**INTERROGATORY NUMBER TWENTY-THREE (23)**

If your answer to any of the requests to admit served herewith is anything other than an unqualified denial, please describe in detail the reasons why you dispute each such request to admit.

///

20

**RESPONSE:**

[None]

1.    **Defendant's Position**

Local Rule 33.1(a) and Rule 33(a) of the Federal Rules of Civil Procedure provide that a party may serve up to 25 written interrogatories on any other party, plus a greater number if the court grants leave. Defendant's First Set of Interrogatories consisted of 23 interrogatories, well within this numerical limit. Plaintiff's refusal to answer is unjustified.

While the rules provide that subparts of an interrogatory count toward the numerical limit, none of Defendant's interrogatories contains discrete subparts that should be counted as separate questions. Courts count interrogatory "subparts" as *one interrogatory* "if they are logically or factually subsumed within and necessarily related to the primary question." Trevino v. ACB American, Inc., 232 F.R.D. 612, 614 (N.D. Cal. 2006) (citation and quotation marks omitted); see also Safeco of America v. Rawstrom, 181 F.R.D. 441, 445 (C.D. Cal. 1998). That an interrogatory seeking information about a particular topic includes a list of the type of details to be provided does not transform it into multiple interrogatories. See Swackhammer v. Sprint Corp. PCS, 225 F.R.D. 658, 664 (D. Kan. 2004) ("an interrogatory containing subparts directed at eliciting details concerning a 'common theme' should generally be considered a single question"). That an interrogatory uses the word "and" does not automatically convert it into multiple interrogatories. See Kendall v. GES Exposition Servs., Inc., 174 F.R.D. 684, 685-86 (D. Nev. 1997). In particular, "a question asking about communications of a particular type should be treated as a single interrogatory even though it requests that the time, place, persons present, and contents be stated separately." Fed. R. Civ. P. 37(a) advisory committee's note to 1993 amendment.

21

Plaintiff generally objected to the interrogatories as exceeding the numerical limit and, in its response to Interrogatory Number 12, stated generally that it considered the 11 previously enumerated questions to consist of 51 interrogatories without identifying how this calculation was reached. An examination of the specific pieces of information sought by Interrogatory Numbers 1 through 11 reveals that none of them contains discrete subparts amounting to multiple interrogatories. For example, Interrogatory Numbers 6 and 7 seek information about specific communications—such as the "date," "location," "substance," and "identity of all persons involved"—which falls squarely within the advisory committee's note classifying such a question as "a single interrogatory." Fed. R. Civ. P. 37(a) advisory committee's note to 1993 amendment (requests for information about the "time, place, persons present, and contents" of a communication count as a single interrogatory). The same is true for Interrogatory Numbers 17 and 19, which Plaintiff completely failed to answer. Interrogatory Numbers 3, 4, and 5 seek details concerning specific occurrences and, to facilitate a complete answer, list the types of details sought, but these listed details are not discrete subparts that amount to separate interrogatories. See Kendall v. GES Exposition Servs., Inc., 174 F.R.D. 684, 685-86 (D. Nev. 1997) (a question that cannot stand alone is a "genuine subpart" that should not be counted as a separate interrogatory). For example, Interrogatory Number 3 seeks information about "the circumstances of [Plaintiff's] acquisition of the Gill-Baza Subdivision." The enumerated details request specified pieces of information such as when the subdivision was acquired, from whom, the price paid, et cetera. These details are "logically [and] factually subsumed" within, and give specific content to, this primary question. See Trevino, 232 F.R.D. at 614. To the extent any of the remaining interrogatories can be construed to request multiple pieces of information, each

interrogatory nonetheless is limited in scope to a particular topic or theme and accordingly counts as but a single interrogatory.

Defendant propounded only 23 interrogatories, below the numerical limit of 25. None of the interrogatories contains truly discrete subparts that should be counted as separate interrogatories. Plaintiff's refusal to answer Interrogatory Numbers 12 through 23 is unjustified, and Defendant respectfully requests that this Court compel Plaintiff to provide full and complete responses.

### 2. Plaintiff's Position

### C. Depositions

#### 2. Defendant's Position

On April 18, 2008, First American noticed a 30(b)(6) deposition of Cyfred, Ltd. and the individual deposition of Cyfred's principle, Francis Gill. The depositions were scheduled to take place on April 29 and 30. On April 25, counsel for Defendants became aware that Plaintiff's counsel intended not to allow the depositions to go forward if any party participated by telephone. First American's counsel, Darci Madden, advised on April 25 that she would be participating in the deposition by telephone from St. Louis, Missouri (with a court reporter attending in person at David Dooley's office in Guam). On April 28, counsel for First American, David Dooley, contacted Cyfred's counsel, Curtis van de Veld, who confirmed that he would not allow the depositions to go forward under these conditions. There is no basis for objecting to

Ms. Madden's participation by phone.  First American respectfully requests an order compelling Mr. Gill and Cyfred, Ltd. (on the topics previously noticed) to sit  for a deposition, with Ms. Madden participating by telephone, within a reasonable amount of time after Cyfred has supplemented its answers to interrogatories.

2.    **Plaintiff's Position**

DOOLEY ROBERTS & FOWLER LLP

Date: _____        By:    _____

**David W. Dooley**
Attorneys for Defendant
First American Title Insurance Company

THE VANDEVELD LAW OFFICES, P.C.

Date: _____        By:    _____

**Curtis C. Van de veld, Esq.**
Attorney for Plaintiffs
Cyfred, Ltd.

24