

# DOOLEY ROBERTS & FOWLER LLP
## ATTORNEYS AT LAW

DAVID W. DOOLEY
TIM ROBERTS
KEVIN J. FOWLER
JON A. VISOSKY
SETH FORMAN

SUITE 201, ORLEAN PACIFIC PLAZA
865 SOUTH MARINE CORPS DRIVE
TAMUNING, GUAM 96913
TELEPHONE: (671) 646-1222
FACSIMILE: (671) 646-1223
www.GuamLawOffice.com

Of Counsel:
MELINDA C. SWAVELY

Writer's Direct Email:
Dooley@GuamLawOffice.com

May 9, 2008

<u>VIA FACSIMILE</u>

Curtis C. Van de Veld, Esq.
**The Vandeveld Law Offices, P.C.**
Second Floor
123 Hernan Cortes Avenue
Hagåtña, GU 96910
Facsimile No. 472-2561

Re:     *Cyfred, Ltd. v. First American Title Insurance Company, et al.*
        *District Court of Guam Civil Case No. 07-00024*

Dear Curtis:

    This letter shall serve as a follow up to our meeting of May 5 at which time we discussed the outstanding discovery disputes in the above-referenced matter. At the end of the meeting, I asked that you provide me with plaintiff's position to be inserted into the joint stipulation that is required by Local Rule 37.1(b). The joint stipulation must be filed prior to filing a motion to compel.

    I provided a draft joint stipulation to you approximately two weeks ago. At the end of our meeting, you indicated that you would get back to me regarding the stipulation. I have not yet heard from you.

    I have slightly revised the joint stipulation to reflect our discussions of May 5. I enclose a copy for your review. You will see that I have left certain portions blank. If you wish to complete the stipulation, please do so by the end of business on Monday, May 12. Otherwise, I will have it filed on May 13 without your signature.

                            Sincerely,

                            DOOLEY ROBERTS & FOWLER LLP

                            **David W. Dooley**

Enclosure
cc:    Darci F. Madden, Esq. (w/ enclosure)
       Robert Hull, Esq. (w/ enclosure)

DEFENDANT'S EXHIBIT 5

DOOLEY ROBERTS & FOWLER LLP
Suite 201, Orlean Pacific Plaza
865 South Marine Corps Drive
Tamuning, Guam 96913
Telephone No. (671) 646-1222
Facsimile No. (671) 646-1223

BRYAN CAVE LLP
One Metropolitan Square
211 North Broadway, Suite 3600
St. Louis, MO 63102-2750
Telephone No. (314) 259-2599
Facsimile No. (314) 552-8599

Attorneys for Defendant
First American Title Insurance Company

## IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| CYFRED, LTD., for itself and on behalf of other similarly situated, ) | CIVIL CASE NO. 07-00024 |
| ) | |
| Plaintiffs, ) | |
| vs. ) | **DEFENDANT'S ATTEMPTED JOINT** |
| ) | **STIPULATION RE: DEFENDANT'S** |
| FIRST AMERICAN TITLE INSURANCE ) | **MOTION TO COMPEL FURTHER** |
| COMPANY, PACIFIC AMERICAN ) | **RESPONSES TO INTERROGATORIES** |
| TITLE INSURANCE & ESCROW ) | **AND DEPOSITIONS PURSUANT TO FED.** |
| COMPANY, MANU MELWANI and ) | **R. CIV. P. 37(a)** |
| DOES 1-298, inclusive, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This stipulation relates to the motion of Defendant First American Title Insurance Company ("First American") pursuant to Rule 37(a) for the issuance of an order compelling Plaintiff's further response to First American's First Set of Interrogatories and Depositions.

///

///

# I.   SUMMARY OF ARGUMENT

## A.   Defendant's Position

On March 25, 2008, First American served Plaintiff with discovery requests, including First American's First Set of Interrogatories. The First Set of Interrogatories consisted of 23 numbered questions. Plaintiff served its responses on April 24, 2008, purporting to answer most of the first 11 interrogatories by incorporating unspecified information from its initial disclosures and previously produced documents—which amount to over 30,000 pages of material. Plaintiff completely refused to answer Interrogatory Numbers 12 through 23, claiming that Interrogatory Numbers 1 through 11 contained subparts that exceeded the numerical limits of Local Rule 33.1. Plaintiffs have since agreed to provide responses to interrogatories Number 12 through 23 (although such responses will come after the close of class certification discovery). Plaintiff's responses are not full and complete as required by Rule 33 and First American respectfully requests the Court to compel further responses pursuant to Rule 37(a)(3)(B)(iii). In addition, First American requests that the Court order Cyfred, Ltd. and its principal, Francis Gill, to appear for depositions, at a mutually agreeable time, after Cyfred has fully responded to written discovery. First American requests that its national counsel be permitted to conduct these depositions by telephone.

## B.   Plaintiff's Position

Plaintiff asserted that the number of interrogatories, including subparts, which were propounded by First American exceeded the number allowable under the local rules.

# II.   CONFERENCE REPORT

The parties discussed these issues on April 30, 2008. With respect to the interrogatories that Plaintiff refused to answer on grounds that they exceeded the numerical limitations of Local

Rule 33.1 (Interrogatory Numbers 12 through 23), Plaintiff offered to provide further responses by May 30. First American is willing to agree to this tentative resolution of this issue as long as: (1) Plaintiff in fact provides full responses by the promised date, (2) Defendants are afforded the opportunity to depose Mr. Gill and Cyfred, Ltd. after that date, and (3) the class certification hearing is not scheduled until after this discovery is able to be completed.

With respect to Interrogatory Numbers 2 through 11, First American expressed its position that, where a party purports to answer an interrogatory by referencing documents, the responding party must specifically identify where within those documents the answers can be found. Plaintiff refused to specifically identify the documents generally referenced in its responses, invoking the work product privilege.

Plaintiff also refused to produce Cyfred, Ltd. and Francis Gill for telephonic deposition, taking the position that First American's request is untimely in light of the expiration of the deadline for discovery on class certification. First American expressed its position that the deposition notices were timely served and did not go forward only as a result of Plaintiff's meritless objection to the method of deposition and the Plaintiff's unjustified refusal to respond to written discovery needed to prepare for the depositions. The parties have been unable to agree on a resolution for the issues concerning Plaintiff's responses to Interrogatory Numbers 2 through 11 and the production of Plaintiffs' deponents.

Prior to the April 30 conference, First American provided its portion of this joint stipulation to Plaintiff's counsel and asked him to fill in Plaintiff's positions. Plaintiffs' counsel has failed to do so and has failed to advise First American as to when he might provide the requested position. Because these requests are time-sensitive, Defendants are filing their portion of the joint stipulation today, without Plaintiffs' portion.

## III. SPECIFICATION OF ISSUES AND CONTENTIONS

Plaintiff has served responses to Defendant's First Set of Interrogatories. The issues that remain to be determined are: 1) Whether Plaintiff should be required to fully answer Interrogatory Numbers 2 through 11 in narrative form or by specifically identifying previously produced documents that contain the requested information; and 2) Whether First American's national counsel (located in St. Louis, Missouri) should be allowed to conduct depositions of Cyfred, Ltd. and its principal, Francis Gill, by telephone after receiving full and complete answers to interrogatories.[1]

### A. Interrogatory Numbers 2-11

**INTERROGATORY NUMBER TWO (2)**

Identify in detail and state the names and addresses of any and all persons who have knowledge of any of the occurrences and/or contentions alleged in the Complaint. Describe in detail the substance of each person's knowledge.

**RESPONSE TO INTERROGATORY NUMBER TWO (2)**: Plaintiff objects to the interrogatory as being overly burdensome in that some of the information requested is included in the Initial Disclosures filed by Plaintiff all of which are incorporated herein by this reference, and further objects on the basis that the interrogatory is ambiguous and overbroad. Without waiving these objections, Plaintiff answers by incorporating all the same information contained in the Initial Disclosures previously provided to Defendant First American Title Insurance Company (hereinafter "FATIC").

///

---

[1] Because Plaintiff has agreed to supplement its response to Interrogatories Number 12 through 23, First American does not move to compel additional responses to these interrogatories at this time. First American reserves the right, however, to bring an additional motion to compel regarding these interrogatories if the responses are not full and complete upon supplementation.

**INTERROGATORY NUMBER THREE (3)**

Describe in detail the circumstances of your acquisition of the Gill-Baza Subdivision, including: (1) when you acquired the Gill-Baza Subdivision, (2) from whom you acquired the Gill-Baza Subdivision, (3) the price you paid for the Gill-Baza Subdivision, (4) the purpose for which you acquired the Gill-Baza Subdivision, (5) any inspections or investigations you conducted regarding the Gill-Baza Subdivision (including the title to same) in connection with your purchase, and (6) any transactions to refinance your mortgage on the Gill-Baza Subdivision.

**RESPONSE TO INTERROGATORY NUMBER THREE (3):** Plaintiff objects to this interrogatory as being not reasonably calculated to lead to the discovery of relevant information, that the request ask for information which is a matter of public record of the Department of Land Management of the government of Guam, or the Clerk of Court of the Superior Court of Guam, and equally available to Defendant FATIC which it can obtain from the public record and the production of which through Plaintiff is unduly burdensome. Further, much of the information sought is contained in the initial disclosures made by Plaintiff as well as in the documents submitted to Defendant FATIC when Plaintiff submitted its claim for coverage of the claims against title in the matter of Kini B. Sananap and Iowana M. Sananap vs. Cyfred, Ltd., Superior Court of Guam Civil Case No. CV 1448-02.

> 3.1    Without waiving these objections, Plaintiff states that the acquisition of the property occurred on a date in August 1998 that Plaintiff cannot recall which acquisition occurred by delivery of a deed from sellers to Plaintiff Cyfred, Ltd., however, the acquisition further became complete when the title to the property vested in the hands of the Sellers in November 1999,

by the recording of the Partition map and Deed in the Department of Land Management, government of Guam.

3.2     The property now known as the Gill-Baza subdivision was acquired from Eleanor Baza Perez and Enrique M. Baza, Jr. (deceased).

3.3     The price paid for the Gill-Baza Subdivision was $1.5 million.

3.4     The purpose of the acquisition of the real property now known as the Gill-Baza Subdivision was to subdivide the property and sell the subdivided lots.

3.5     Plaintiff is unable to recall which inspections or investigations were conducted concerning the Gill-Baza Subdivision in connection with the purchase of the property by Cyfred, Ltd.

3.6     Cyfred, Ltd. has not undertaken any transaction to refinance the mortgage on the Gill-Baza Subdivision.

**INTERROGATORY NUMBER FOUR (4)**

Describe in detail your Title Insurance Transaction, including but not limited to: (1) a description of the policy or policies purchased (policy number, type of policy, policy date, etc.), (2) who chose First American to provide the title insurance, (3) how First American was chosen, (4) who paid for the title insurance, and (5) how the cost of the title insurance was allocated (if paid by more than one person).

**RESPONSE TO INTERROGATORY NUMBER FOUR (4):** Plaintiff objects to this interrogatory as being overly broad, ambiguous and not reasonably calculated to discover relevant information. Without waiving these objections, Cyfred, Ltd., responds:

4.1     The policy purchased is described in detail in Policy No. CW2289610, the content of which is incorporated herein by this reference.

4.2     The policy type is believed to be known as a "Lender's Policy."

4.3     The policy date is shown as February 26, 2002.

4.4     The terms of the policy are contained within the policy.

4.5     Cyfred believes that the Title Agent of FATIC, Pacific American Title Insurance & Escrow Company ("PATIEC") selected which title insurer that it would use to place the title insurance as PATIEC represented as Title Agent more than one title insurer.

4.6     Cyfred, Ltd. is unaware how or why PATIEC chose FATIC to issue the policy.

4.7     Cyfred paid for the insurance policy.

4.8     Not applicable by the terms of the question.

4.9     Due to the over-breadth of the interrogatory, Plaintiff Cyfred, Ltd. is unable to answer in further detail to provide a description of the Title Insurance Transaction.

**INTERROGATORY NUMBER FIVE (5)**

Describe in detail all of your efforts to sell the Ruben Property, including but not limited to (a) the sale to David San Nicolas, and (b) the rescission of the sale to David San Nicolas.

**RESPONSE TO INTERROGATORY NUMBER FIVE (5):** Plaintiff objects that this interrogatory is not reasonably calculated to discover relevant information concerning the matters at issue in this litigation. Plaintiff further objects on the basis of privacy of the transaction and credit information of Alex Ruben, Felisi Ruben and/or David San Nicolas as

protected by law. Plaintiff further objects that the information concerning the efforts to sell is a trade secret of Plaintiff Cyfred. Without waiving the objections, Plaintiff incorporates here all the information set forth in the documents provided in response to the request for production.

## INTERROGATORY NUMBER SIX (6)

Describe in detail any communications, whether oral or written, between you and First American or PATCO or TGOG or Security regarding your Title Insurance Transaction or the Ruben Property. With respect to each such communication, please state the following: the date of the communication; the location of the communication; the manner of the communication; the identity of all persons involved in the communication; the person who initiated the communication and the reason(s) for doing so; the substance of the communication; the identity of all documents referring, reflecting, or relating to the communication; and a summary of the communication.

**RESPONSE TO INTERROGATORY NUMBER SIX (6):** Plaintiff objects to this interrogatory as being overly-broad, ambiguous and not reasonably calculated to lead to the discovery of relevant information.

> 6.1 Without waiving objection, Plaintiff responds to the interrogatory by incorporating all the information set forth in the written communications of the parties provided in response to the request for production as though fully set forth here. As to oral or telephonic conversation, Plaintiff incorporates such information set forth in the documents provided in response to the request for production as though fully set forth here, and indicates that plaintiff lacks further recollection of the oral or telephonic communications at this time.

6.2     The dates of the individual communications, if known, are within the respective documents provided and incorporated herein.

6.3     The location of the documents known to Cyfred, Ltd., are within the records of Cyfred, Ltd. at 123 Hernan Cortes Avenue, Hagatna, Guam and elsewhere as may be gleaned from a review of the respective documents produced in response to the request for production.

6.4     The manner of each of the respective communications is evident from the documents provided.

6.5     The identity of the respective persons involved in each of the respective communications is evident from the respective documents of each of the individual communications incorporated herein.

6.6     The person who initiated the respective communication is evident from the documents incorporated herein.

6.7     The substance of the communication is evident from the communications reflected in the documents incorporated herein to this response.

6.8     The documents incorporated herein provide for each respective communication the substance of the communication;

6.9     The identity of any and all documents referring, reflecting or relating to the individual communications, if known, will be discerned from the individual communications provided in the response to the request to produce and incorporated herein.

6.10    The substance of the documents can be determined from the respective documents incorporated herein.   Plaintiff objects to the request for a

summary of the content of each respective document as calling for a request for Attorney Work Product.

## INTERROGATORY NUMBER SEVEN (7)

Describe in detail any communications, whether oral or written, between you and First American or PATCO or TGOG or Security regarding your Claim. With respect to each such communication, please state the following: the date of the communication; the location of the communication; the manner of the communication; the identity of all persons involved in the communication; the person who initiated the communication and the reason(s) for doing so; the substance of the communication; the identity of all documents referring, reflecting, or relating to the communication; and a summary of the communication.

**RESPONSE TO INTERROGATORY NUMBER SEVEN (7):** Plaintiff objects to this interrogatory as being overly-broad, not reasonably calculated to lead to the discovery of relevant information, ambiguous and unduly burdensome.

7.1 Without waiving any objection, Plaintiff incorporates by this reference all the documents included in the disks of documents produced in the initial disclosures that conform to the substance of this interrogatory and the information therein set forth.

7.2 For the date of the communication see the incorporated documents.

7.3 For the location of the communication, the documents are maintained at the premises of Cyfred, Ltd., 123 Hernan Cortes Avenue, Hagatna, Guam and such other locations as may be gleaned from a review of the respective documents provided in response to the request for production.

7.4 The manner of each of the respective communications is evident from the documents provided.

7.5 The identity of the respective persons involved in each of the respective communications is evident from the respective documents of each of the individual communications incorporated herein.

7.6 The person who initiated the respective communication is evident from the documents incorporated herein.

7.7 The substance of the communication is evident from the communications reflected in the documents incorporated herein to this response.

7.8 The documents incorporated herein provide for each respective communication the substance of the communication;

7.9 The identity of any and all documents referring, reflecting or relating to the individual communications, if known, will be discerned from the individual communications provided in the response to the request to produce and incorporated herein.

7.10 The substance of the documents can be determined from the respective documents incorporated herein. Plaintiff objects to the request for a summary of the content of each respective document as calling for a request for Attorney Work Product.

## INTERROGATORY NUMBER EIGHT (8)

Provide the basis for your contention that the Sananap Action implicates the title to the Ruben Property and that First American is required to indemnify you and/or provide you a defense in

that action, including but not limited to the specific paragraphs of the pleadings in the Sananap Action and the specific language of the title insurance policy on which you rely.

**RESPONSE TO INTERROGATORY NUMBER EIGHT (8):** Plaintiff Cyfred objects to this interrogatory as being overly burdensome in that Plaintiff Cyfred has provided to Defendant FATIC numerous documents and letters in submitting Cyfred's tender of its claims for defense and indemnification from loss for claims made in Superior Court of Guam Civil Case No. CV 1448-02, all of which to describe herein will require the reproduction and summary of thoughts and impressions of the thousands of documents thus far already provided to Defendant FATIC. Without waiving any objection, Plaintiff Cyfred, Ltd. responds that Plaintiff Cyfred, Ltd. has provided to Defendant FATIC in its submission of its tender of the defense of this action numerous documents and letters which are incorporated herein by this reference and in the Initial Disclosures which Plaintiff also incorporates herein by this reference. In further response without waiving any objection, Plaintiff Cyfred provides a very cursory summary in response to this interrogatory by stating that in the First Amended Complaint and Answer To Counterclaim, as well as in numerous pleadings submitted throughout the case, the testimony at trial and in briefs and argument to the Supreme Court of Guam on the appeal of denial of injunctive relief CVA07-06, the plaintiffs have alleged that they made claims for damages for being denied good and marketable title based on the failure to include in the documents of transfer a verbatim statement of various provisions of the Agricultural Subdivision Survey Map of the Gill-Baza Subdivision recorded in the Department of Land Management, government of Guam and that the title insurance they received did not provide good and marketable title and all matters set forth in the incorporated documents.

///

## INTERROGATORY NUMBER NINE (9)

Do you contend that First American has an obligation to indemnify you in any other lawsuit or threatened lawsuit relating to the Gill-Baza subdivision? If so, identify any other litigation and explain the basis for your contention.

**RESPONSE TO INTERROGATORY NUMBER NINE (9):** Plaintiff Cyfred objects to this interrogatory as being overly burdensome in that Plaintiff Cyfred has provided to Defendant FATIC numerous documents and letters in submitting Cyfred's tender of its claims for defense and indemnification from loss for claims made in UPIC et al. v. Gill et al., Superior Court of Guam Civil Case No. CV 1511-06 all of which to describe herein will require the reproduction and summary of thoughts and impressions of the thousands of documents thus far already provided to Defendant FATIC. Without waiving any objection, Plaintiff Cyfred, Ltd. responds that Plaintiff Cyfred, Ltd. has provided to Defendant FATIC in its submission of its tender of the defense of this action numerous documents and letters which are incorporated herein by this reference and in the Initial Disclosures which Plaintiff also incorporates herein by this reference.

## INTERROGATORY NUMBER TEN (10)

Please identify any title insurance company, other than First American, from which you have ever purchased title insurance, or from which you have considered purchasing title insurance. With respect to each such title insurance company, please state and describe in detail the following: the representative with whom you communicated; the date on which you purchased title insurance, or considered purchasing title insurance; the reason(s) for deciding to purchase title insurance from that company, or the reason(s) for considering purchasing title insurance from that company and for not purchasing title insurance from that company; the rate paid for

title insurance that you purchased; the address of the property the title of which was insured by that title insurance; and the date of the transaction.

**RESPONSE TO INTERROGATORY NUMBER TEN (10)**: Plaintiff objects that this interrogatory is overly-broad, requests information that is not reasonably calculated to lead to the discovery of relevant information, and is unduly burdensome. Without waiving any objection, Cyfred, Ltd. has purchased title insurance from TICOR and Stewart Title Guaranty Company through title agents PATIEC, TGOG and Security. Other than as disclosed in the documents provided in the Initial Disclosures and other discovery responses, which Plaintiff incorporates herein by this reference, Plaintiff is unable to recall the information requested by this interrogatory.

    10.1   As to whom Plaintiff communicated, see contents of incorporated documents.

    10.2   As to the date on which the policy of insurance was purchased or considered to be purchased, see contents of incorporated documents.

    10.3   As to the reasons for deciding to purchase from that company, see contents of incorporated documents, however, the selection of the title insurer was usually determined by the escrow company – Title Agent, with which Cyfred, Ltd., placed the closing of escrow on the transaction. The selection of the escrow company was a matter of negotiation with the other party to the transaction or selected by Plaintiff based on reasons Cyfred is not able to recall.

    10.4   The rate paid is reflected in the escrow documents and policies purchased, some of which are incorporated herein.

10.5    The address of the property is not included in the title insurance policy and is unknown to Plaintiff.

10.6    The transaction date is included in the title insurance policy some of which are incorporated herein.

## INTERROGATORY NUMBER ELEVEN (11)

Provide an itemized statement of each and every type of actual and compensatory damages sought by you in this litigation, or any other damages sought by you in this litigation.

**RESPONSE TO INTERROGATORY NUMBER ELEVEN (11):** Plaintiff objects to the interrogatory as being vague and ambiguous. Without waiving any objection, Plaintiff answers by incorporating the prayer and allegations of the Complaint, the Initial Disclosures, and all other discovery responses of Plaintiff. Plaintiff further responds without waiving objection, to state that the damages include the amount of the insurance premium charged for the policy of the policies for which the rate and policy were not approved by an Insurance Commissioner of Guam prior to the sale of the policy, the cost of a replacement policy not yet known, punitive damages equal to three times the damages otherwise incurred, damages under the Deceptive Trade Practices Act (5 GCA Chapter 32) at treble the actual loss amount, Attorney's fees, costs of suit, costs of defense of the tendered suits and losses incurred therein under that suit, and such other and further relief not specifically identified herein that the court upon hearing the matter determines that it is just and proper to award to Plaintiff.

### 1.    Defendant's Position

The Federal Rules require that each interrogatory must be answered "separately and fully in writing." Fed. R. Civ. P. 33(b)(3). A response to an interrogatory "should be complete in itself and should not refer to . . . other documents. . . ." Anderson v. Fresno County, Human

Servs. Sys., 2007 WL 1865657, at *3 (E.D. Cal. June 28, 2007) (slip copy) (citing and quoting Scaife v. Boenne, 191 F.R.D. 590, 594 (N.D. Ind. 2000)) (quotation marks omitted). "When a party propounds an interrogatory that requests an answer to a question, a party responds inappropriately by simply designating documents, because the interrogatory did not call for records." Id. If an answer to an interrogatory may be determined from a party's business records, the party may elect to answer by specifying the records that must be reviewed, but it must do so "in sufficient detail to permit the interrogating party to locate and identify, as readily as the party served, the records from which the answer may be obtained." Rainbow Pioneer #44-18-04A v. Hawaii-Nevada Investment Corp., 711 F.2d 902, 906 (9th Cir. 1983) (quoting Fed. R. Civ. P. 33(c) advisory committee's notes to 1980 amendment); Fed. R. Civ. P. 33(d)(1). When a party purports to answer an interrogatory by identifying documents that contain the responsive information, the party must specify "where in the [documents] the answers could be found." Walt Disney Co. v. DeFabiis, 168 F.R.D. 281, 284 (C.D. Cal. 1996); Cambridge Electronics Corp. v. MGA Electronics, Inc., 227 F.R.D. 313, 323 (C.D. Cal. 2004) (plaintiff's response was insufficient because it failed to identify *where* within its records the answers could be found).

Plaintiff's responses to Interrogatory Numbers 2, 5, 7 and 9 all contain essentially the same "answer:" Plaintiff incorporates "all" the information contained in the more than 30,000 pages of documents it has provided to First American, such as Plaintiff's initial disclosures and documents provided in response to First American's requests for production. Plaintiff also purports to generally incorporate its initial disclosures or previously produced documents in its responses to Interrogatory Numbers 3, 6, 8, 10, and 11. These responses do nothing more than generally refer First American to a mass of documents previously produced and thus are insufficient. See Anderson, 2007 WL 1865657, at *4 (ordering Plaintiff to provide full and

complete response where boilerplate reference to documents previously produced left the interrogating party "to divine from the documents" what information might respond to the question; this was "akin to no response at all"). If answers to the disputed interrogatories can be determined from Plaintiff's business records and Plaintiff elects to respond by specifying those records, Plaintiff has not identified them in sufficient detail to permit First American to locate the information. To the extent the answers cannot be determined from specific documents, Plaintiff should provide a full narrative response.

Plaintiff effectively asks First American to wade through over 30,000 pages of material to find the information requested by First American's narrowly tailored interrogatories. This "'default to the documents approach" to answering interrogatories does not satisfy Plaintiff's obligation to provide specific information "in an explicit, responsive, complete, and candid manner." Anderson, 2007 WL 1865657, at *4. First American respectfully requests that Plaintiff be compelled to provide full and complete responses, either in narrative form or by specifically identifying where the requested information can be found in the documents Plaintiff has produced.

### 2. Plaintiff's Position

### B. Depositions

### 2. Defendant's Position

On April 18, 2008, First American noticed a 30(b)(6) deposition of Cyfred, Ltd. and the individual deposition of Cyfred's principal, Francis Gill. The depositions were scheduled to take place on April 29 and 30. On April 25, counsel for First American became aware that Plaintiff's counsel intended not to allow the depositions to go forward if any party participated by

telephone. First American's counsel, Darci Madden, advised on April 25 that she would be participating in the deposition by telephone from St. Louis, Missouri (with a court reporter attending in person at David Dooley's office in Guam). On April 28, counsel for First American, David Dooley, contacted Cyfred's counsel, Curtis van de Veld, who confirmed that he would not allow the depositions to go forward under these conditions, and the depositions were necessarily cancelled. In connection with the briefing of this motion, Mr. van de Veld advises that he now also objects to the depositions as untimely. There is no basis for either objection, and First American respectfully requests an order compelling Mr. Gill and Cyfred, Ltd. (on the topics previously noticed) to sit for a deposition, with Ms. Madden participating by telephone, within a reasonable amount of time after Cyfred has supplemented its answers to interrogatories.

First, there is no basis for Plaintiff's refusal to allow the depositions to go forward because one attorney would be participating by phone. The Federal Rules of Civil Procedure permit depositions to be taken by telephone, Fed. R. Civ. P. 30(b)(4), and, in objecting to the method of deposition, Plaintiff offered no good cause for refusing to permit First American's national counsel to participate in the depositions telephonically. In contrast, First American has good cause for Ms. Madden's telephonic participation in the depositions, as she is located in St. Louis, Missouri, and Cyfred, Ltd. and Mr. Gill both are located in Guam. See Cressler v. Neuenschwander, 170 F.R.D. 20, 21 (D. Kan. 1996) (that witness and counsel are in different states and telephonic deposition would save costs are legitimate reasons for conducting the deposition telephonically). The deposition notices were timely served, and Plaintiff's sole objection was meritless. Thus, Plaintiff should be compelled to produce Cyfred, Ltd. and Mr. Gill for deposition at a mutually convenient date after Plaintiff has supplemented its responses to First American's interrogatories, and Ms. Madden should be permitted to conduct the depositions

telephonically. See Robertson v. Vandt, 2007 WL 404896, at *1-*2 (E.D. Cal. Feb. 2, 2007) (not reported) (granting motion to compel plaintiff to appear for deposition by telephonic videoconference and extending scheduling order to permit deposition after cut-off date where defendants were diligent and plaintiff presented "no legally cognizable objection for his opposition" to this method of deposition).

Having delayed the depositions by improper and obstructionist tactics, Plaintiff cannot now be heard to complain that the depositions are untimely. After all, they would have been completed before the deadline for class certification discovery, but for Plaintiff's misconduct. See, e.g., Johnson v. J.B. Hunt Transport, Inc., 280 F.3d 1125, 1132 (7th Cir. 2002) (affirming district court's order imposing sanctions for discovery abuse where a party failed to produce its deponents in response to a timely deposition request and, in response to subsequent requests, argued that the time for discovery had passed); United States v. Hempfling, 2008 WL 703809, at *9 (E.D. Cal. Mar. 13, 2008) (slip copy) (meritless objections were an "invalid[]" attempt to avoid discovery by stalling until expiration of discovery cutoff); see also White v. Cinemark USA, Inc., 2005 WL 1865495, at *2 (E.D. Cal. Aug. 3, 2005) (not reported) (rejecting plaintiff's attempt to use scheduling order as both a "sword" and a "shield"); Hernandez v. 57 Degrees North, LLC, 2007 WL 1866891, at *1 (W.D. Wash. June 27, 2007) (slip copy) (granting motion to compel plaintiff to submit to an independent medical examination "on a mutually convenient date" even though discovery period had closed, because delay was attributable to plaintiff).

The timeliness of the deposition requests is also beyond challenge because Plaintiff still has yet to provide full and complete answers to written discovery. First American is entitled to complete responses to written discovery in order to prepare for Plaintiff's depositions. This is good cause for the court to exercise its broad discretion to permit depositions to be taken after

the class certification discovery deadline. See In re Sulfuric Acid Antitrust Litig., 231 F.R.D. 331, 336 (N.D. Ill. 2005); see also Fed. R. Civ. P. 16(b)(4) (permitting modifications to scheduling order for good cause); Local Rule 16.5 (same).

### 2. Plaintiff's Position

DOOLEY ROBERTS & FOWLER LLP

Date: _____     By: _____
                                 **David W. Dooley**
                                 Attorneys for Defendant
                                 First American Title Insurance Company

THE VANDEVELD LAW OFFICES, P.C.

Date: _____     By: _____
                                 **Curtis C. Van de veld, Esq.**
                                 Attorney for Plaintiffs
                                 Cyfred, Ltd.

## CERTIFICATE OF SERVICE

I, **David W. Dooley**, hereby declare that on May _____, 2008, I caused a copy of Defendant's Attempted Joint Stipulation Re: Defendant's Motion to Compel Further Responses to Interrogatories and Depositions Pursuant to Fed. R. Civ. P. 37(a), to be served upon the following via hand delivery:

Curtis C. Van de Veld, Esq.
The Van de Veld Law Office, P.C.
2nd Floor, Historical House
123 Hernan Cortes Ave.
Hagåtña, Guam 96910

Wilfred R. Mann, Esq.
Berman, O'Connor & Mann
Bank of Guam Bldg., Suite 503
111 Chalan Santo papa
Hagåtña, Guam 96910

Dated: May _____, 2008.

DOOLEY ROBERTS & FOWLER LLP

By: _____
**David W. Dooley**
Attorneys for Defendant
First American Title Insurance Company

 **FAXED**

### DOOLEY ROBERTS & FOWLER LLP
### ATTORNEYS AT LAW

DAVID W. DOOLEY
TIM ROBERTS
KEVIN J. FOWLER
JON A. VISOSKY
SETH FORMAN

SUITE 201, ORLEAN PACIFIC PLAZA
865 SOUTH MARINE CORPS DRIVE
TAMUNING, GUAM 96913
TELEPHONE: (671) 646-1222
FACSIMILE: (671) 646-1223
www.GuamLawOffice.com

Of Counsel:
MELINDA C. SWAVELY

Writer's Direct Email:
Dooley@GuamLawOffice.com

May 14, 2008

<u>VIA FACSIMILE</u>

Curtis C. Van de Veld, Esq.
**The Vandeveld Law Offices, P.C.**
Second Floor
123 Hernan Cortes Avenue
Hagåtña, GU 96910
Facsimile No. 472-2561

    **Re:**    *Cyfred, Ltd. v. First American Title Insurance Company, et al.*
          *District Court of Guam Civil Case No. 07-00024*

Dear Curtis:

    The court has advised me that it can hear our motion to compel on June 12, 2008 at 10:00

a.m. Is this convenient for you?

              Sincerely,

              DOOLEY ROBERTS & FOWLER LLP

              **David W. Dooley**

cc:    Darci F. Madden, Esq.

**DEFENDANT'S EXHIBIT 6**

# THE VANDEVELD LAW OFFICES, P.C.

*Mr. Curtis C. Van de veld, Esq.*
*Attorney and Counselor At Law*

May 28th 2008

<u>**VIA FACSIMILE**</u>
(671) 646-1223

David Dooley, Esq.
Dooley Roberts & Fowler, LLP.
Suite 201, Orleans Pacific Plaza
865 South Marine Drive
Tamuning, Guam 96931

RE: *Cyfred Ltd. et al. v. First American Title Insurance & Escrow Co.*, District Court of Guam
Case No. CIV07-00024 – Your Letter Dated May 14th 2008

Dear Dave:

  I have been off-island and recently returned. I was not able to read the pleadings you served in the above matter to compel production of documents.

  I have therefore not researched and written an opposition to the motion and will need more time to do so. I am also in the process of preparing substantial findings of fact and conclusions of law after a nearly year long trial in *Sananap et al. v. Cyfred, Ltd. et al.*, Superior Court of Guam Civil Case No. CV1448-02.

  As a result, your suggested date for arguing First American's motion to compel, of June 12th 2008, is not convenient for me, and I suggest a two (2) week delay.

  Please let me know if this is acceptable by return facsimile with the new suggested date. I will respond promptly.

Sincerely,

Curtis C. Van de veld, Esq.
Attorney for Cyfred, Ltd. & the
Proposed Class

DEFENDANT'S
EXHIBIT
7

Historical House, Second Floor, 123 Hernan Cortes Avenue, Hagåtña, Guam 96910
Office: 671.488.0888, 671.472.4396 or 671.477.2020; Facsimile: 671.472.2561



DOOLEY ROBERTS & FOWLER LLP
ATTORNEYS AT LAW

DAVID W. DOOLEY
TIM ROBERTS
KEVIN J. FOWLER
JON A. VISOSKY
SETH FORMAN

SUITE 201, ORLEAN PACIFIC PLAZA
865 SOUTH MARINE CORPS DRIVE
TAMUNING, GUAM 96913
TELEPHONE: (671) 646-1222
FACSIMILE: (671) 646-1223
www.GuamLawOffice.com

Of Counsel:
MELINDA C. SWAVELY

Writer's Direct Email:
Dooley@GuamLawOffice.com

May 30, 2008

VIA FACSIMILE

Curtis C. Van de Veld, Esq.
**The Vandeveld Law Offices, P.C.**
Second Floor
123 Hernan Cortes Avenue
Hagåtña, GU 96910
Facsimile No. 472-2561

> Re: *Cyfred, Ltd. v. First American Title Insurance Company, et al.*
> *District Court of Guam Civil Case No. 07-00024*

Dear Curtis:

Pursuant to your request, I can agree to give you an extension until June 11 to respond to our motion to compel. However, that is conditioned upon our having until June 27 to file a reply as my co-counsel will be on vacation during the week of June 16. If this is acceptable, please prepare a stipulation and order.

I will try to obtain a hearing date sometime after July 4. Are there any particular days which are inconvenient for you during that time period?

Sincerely,

DOOLEY ROBERTS & FOWLER LLP

**David W. Dooley**

cc:     Darci F. Madden, Esq.

DEFENDANT'S
EXHIBIT
8



# DOOLEY ROBERTS & FOWLER LLP
## ATTORNEYS AT LAW

DAVID W. DOOLEY
TIM ROBERTS
KEVIN J. FOWLER
JON A. VISOSKY
SETH FORMAN

SUITE 201, ORLEAN PACIFIC PLAZA
865 SOUTH MARINE CORPS DRIVE
TAMUNING, GUAM 96913
TELEPHONE: (671) 646-1222
FACSIMILE: (671) 646-1223
www.GuamLawOffice.com

Of Counsel:
MELINDA C. SWAVELY

Writer's Direct Email:
Dooley@GuamLawOffice.com

July 8, 2008

VIA FACSIMILE

Curtis C. Van de Veld, Esq.
**The Vandeveld Law Offices, P.C.**
Second Floor
123 Hernan Cortes Avenue
Hagåtña, GU 96910
Facsimile No. 472-2561

Re:  *Cyfred, Ltd. v. First American Title Insurance Company, et al.*
     *District Court of Guam Civil Case No. 07-00024*

Dear Curtis:

As you know, the court has ordered us to meet and confer again regarding the discovery dispute between Cyfred and First American. In the event that we cannot resolve the discovery dispute, your brief is due on or before July 25, 2008.

I suggest that we meet in my office on July 18, 2008 at 9:00 a.m. Is this convenient for you?

Sincerely,

DOOLEY ROBERTS & FOWLER LLP

**David W. Dooley**

cc:  Darci F. Madden, Esq.

DEFENDANT'S
EXHIBIT
9

# DOOLEY ROBERTS & FOWLER LLP
## ATTORNEYS AT LAW

DAVID W. DOOLEY
TIM ROBERTS
KEVIN J. FOWLER
JON A. VISOSKY
SETH FORMAN

SUITE 201, ORLEAN PACIFIC PLAZA
865 SOUTH MARINE CORPS DRIVE
TAMUNING, GUAM 96913
TELEPHONE: (671) 646-1222
FACSIMILE: (671) 646-1223
www.GuamLawOffice.com

Of Counsel:
MELINDA C. SWAVELY

Writer's Direct Email:
Dooley@GuamLawOffice.com

May 14, 2008

VIA HAND DELIVERY

Curtis C. Van de Veld, Esq.
**The Vandeveld Law Offices, P.C.**
Second Floor
123 Hernan Cortes Avenue
Hagåtña, GU 96910
Facsimile No. 472-2561

      **Re:**     *Cyfred, Ltd. v. First American Title Insurance Company, et al.*
              *District Court of Guam Civil Case No. 07-00024*

Dear Curtis:

    When we met and conferred on May 5, 2008, you agreed that Plaintiffs would respond to interrogatories 12 through 23. I enclose a copy of a stipulation which memorializes that agreement.

    Please execute the agreement and return it to me. I will thereafter file it in Court.

              Sincerely,

              DOOLEY ROBERTS & FOWLER LLP

              **David W. Dooley**

Enclosure

cc:    Darci F. Madden, Esq. (w/ enclosure)
       Robert Hull, Esq. (w/ enclosure)

MAY 1 4 2008

3:07 p.

DEFENDANT'S
EXHIBIT
10

DOOLEY ROBERTS & FOWLER LLP
Suite 201, Orlean Pacific Plaza
865 South Marine Corps Drive
Tamuning, Guam 96913
Telephone No. (671) 646-1222
Facsimile No. (671) 646-1223

BRYAN CAVE LLP
One Metropolitan Square
211 North Broadway, Suite 3600
St. Louis, MO 63102-2750
Telephone No. (314) 259-2599
Facsimile No. (314) 552-8599

Attorneys for Defendant
First American Title Insurance Company

# IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| CYFRED, LTD., for itself and on behalf of other similarly situated, | ) CIVIL CASE NO. 07-00024 |
| | ) |
| Plaintiffs, | ) |
| vs. | ) **STIPULATION AND ORDER** |
| | ) |
| FIRST AMERICAN TITLE INSURANCE COMPANY, PACIFIC AMERICAN TITLE INSURANCE & ESCROW COMPANY, MANU MELWANI and DOES 1-298, inclusive, | ) |
| | ) |
| Defendants. | ) |
| | ) |

IT IS HEREBY STIPULATED that Plaintiffs will answer interrogatory numbers 12 through 23 on or before May 30, 2008.

Date: _5/14/08_

DOOLEY ROBERTS & FOWLER LLP

By: _____
David W. Dooley
Attorneys for Defendant
First American Title Insurance Company

THE VANDEVELD LAW OFFICES, P.C.


Date: _____     By:     _____

**Curtis C. Van de veld, Esq.**
Attorney for Plaintiffs
Cyfred, Ltd.


## **ORDER**

APPROVED AND SO ORDERED.

Dated: _____.


**HONORABLE JOAQUIN V.E. MANIBUSAN, JR.**
U.S. Magistrate Judge, District Court of Guam

Files Currently on the CD

File and Folder Tasks
Other Places
Details

CYFRED 1  CYFRED 2  CYFRED 3  CYFRED 4  CYFRED 5  CYFRED 6  CYFRED 7  CYFRED 8  CYFRED 9  CYFRED 10  CYFRED 11  CYFRED 12  CYFRED 13
CYFRED 14  CYFRED 15  CYFRED 16  CYFRED 17  CYFRED 18  CYFRED 19  CYFRED 20  CYFRED 21  CYFRED 22  CYFRED 23  CYFRED 24  CYFRED 25  CYFRED 26
CYFRED 27  CYFRED 28  CYFRED 29  CYFRED 30  CYFRED 31  CYFRED 32  CYFRED 33  CYFRED 34  CYFRED 35  CYFRED 36  CYFRED 37  CYFRED 38  CYFRED 39
CYFRED 40  CYFRED 41  CYFRED 42  CYFRED 43  CYFRED 44  CYFRED 45  CYFRED 46  CYFRED 47  CYFRED 48  CYFRED 49  CYFRED 50  CYFRED 51  CYFRED 52
CYFRED 53  CYFRED 54  CYFRED 55  CYFRED 56  CYFRED 57  CYFRED 58  CYFRED 59  CYFRED 60  CYFRED 61  CYFRED 62  CYFRED 63  CYFRED 64  CYFRED 65
CYFRED 66  CYFRED 67  CYFRED 68  CYFRED 69  CYFRED 70  CYFRED 71  CYFRED 72  CYFRED 73  CYFRED 74  CYFRED 75  CYFRED 76  CYFRED 77  CYFRED 78
CYFRED 79  CYFRED 80  CYFRED 81  CYFRED 82  CYFRED 83  CYFRED 84  CYFRED 85  CYFRED 86  CYFRED 87  CYFRED 88  CYFRED 89  CYFRED 90  CYFRED 91
CYFRED 92  CYFRED 93  CYFRED 94  CYFRED 95  CYFRED 96  CYFRED 97  CYFRED 98  CYFRED 99  CYFRED 100  CYFRED 101  CYFRED 102  CYFRED 103  CYFRED 104
CYFRED 105  CYFRED 106  CYFRED 107  CYFRED 108  CYFRED 109  CYFRED 110  CYFRED 111  CYFRED 112  CYFRED 113  CYFRED 114  CYFRED 115  CYFRED 116  CYFRED 117
CYFRED 118  CYFRED 119  CYFRED 120  CYFRED 121  CYFRED 122  CYFRED 123  CYFRED 124  CYFRED 125  CYFRED 126  CYFRED 127  CYFRED 128  CYFRED 129  CYFRED 130
CYFRED 131  CYFRED 132  CYFRED 133  CYFRED 134  CYFRED 135  CYFRED 136

DEFENDANT'S
EXHIBIT
11