THE VANDEVELD LAW OFFICES, P.C.
Historical House, Second Floor
123 Hernan Cortes Avenue
Hagåtña, Guam 96910
Office: (671) 472-4396/488-0888
Facsimile: (671) 472-2561

*Attorney for Plaintiff:*
   Cyfred, Ltd., Class,
   Deceptive Acts Subclass
   Denied Claims Subclass

FILED
DISTRICT COURT OF GUAM
AUG 1 2 2008
JEANNE G. QUINATA
Clerk of Court

# IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| CYFRED, LTD for itself and other similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>FIRST AMERICAN TITLE INSURANCE, PACIFIC AMERICAN TITLE INSURANCE & ESCROW COMPANY, MANU MELWANI and DOES One (1) through Three Hundred and Ninety-Eight (298), inclusive,<br><br>    Defendants. | Civil Case No.07-00024<br><br>**NOTICE OF INTERVENING LAW** |

COMES NOW Plaintiffs, Cyfred, Ltd. ("Cyfred"), and the putative class members, by and through their counsel **THE VANDEVELD LAW OFFICES, P.C.**, by Curtis C. Van de veld Esq., who hereby notifies the Court of relevant intervening law from the Guam Supreme Court in <u>Taitano et al. v. Calvo Finance Corp., et al.</u>, 2008 Guam 12.

The <u>Calvo Finance</u> decision held that where facts are peculiarly within the defendants knowledge the particularity pleading requirements for fraud allegations are relaxed. <u>Id</u> at ¶15. The Court further ruled, [w]*here a complaint alleges 'collective action' of a corporation "a plaintiff fulfills the particularity requirement of Rule 9(b) by pleading the misrepresentations with particularity and where possible the roles of the individual defendants in the*

CYFRED, LTD. et al., v. FIRST AMERICAN TITLE INSURANCE COMPANY et al., Defendants
NOTICE OF INTERVENING LAW
Civil Case No.07-00024
Case 1:07-cv-00024   Document 112   Filed 08/12/2008   Page 1 of 2
Page 1

*misrepresentation.*" Calvo Finance Corp., supra. at ¶ 27, *citing* Blake v. Dierdorff, 856 F.2d 1365, 1369 (9th Cir. 1988) quoting Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1440 (9th Cir. 1987)

On the issue of a Rule 12(b)(6) dismissal, when equitable tolling of the statute of limitations is at issue, the Guam Supreme Court ruled [g]*enerally, the applicability of equitable tolling depends on matters outside the pleadings, so it is rarely appropriate to grant a Rule 12(b)(6) motion to dismiss (where review is limited to the complaint) if equitable tolling is at issue.* Calvo Finance Corp., supra, at ¶ 46, citing Huynh v. Chase Manhattan Bank, 465 F.3d 992, 1003-04 (9th Cir. 2006) in turn citing to Supermail Cargo Inc. v. United States, 68 F.3d 1204, 1206 (9th Cir. 1995). The Court then implied that where the complaint alleges facts indicating active concealment of the defendant's fraudulent activities, as Cyfred has alleged relative to the yearly filing of affidavits of compliance and the defendants persistent past and present claims of compliance, a Rule 12(b)(6) dismissal on statute of limitations grounds is not appropriate. Calvo Finance Corp., supra at ¶ 52.

Dated this 11th day of August 2008.

THE VANDEVELD LAW OFFICES, P.C.

_____
Curtis C. Van de veld, Esq.
Counsel for Plaintiffs, Cyfred, Ltd., and
Putative Class Members

CYFRED, LTD. et al., v. FIRST AMERICAN TITLE INSURANCE COMPANY et al., Defendants
NOTICE OF INTERVENING LAW
Civil Case No.07-00024
Case 1:07-cv-00024   Document 112   Filed 08/12/2008   Page 2 of 2
Page 2