THE VANDEVELD LAW OFFICES, P.C.
*Mr. Curtis C. Van de veld, Esq.*
Second Floor
123 Hernan Cortes Avenue
Hagatna, Guam 96910
Office: (671) 472-4396
Facsimile: (671) 472-2561

**Attorneys for Plaintiff:**
    **Cyfred, Ltd., Class,**
    **Deceptive Acts Subclass**
    **Denied Claims Subclass.**

**FILED**
DISTRICT COURT OF GUAM
AUG 2 5 2008
JEANNE G. QUINATA
Clerk of Court

## IN THE DISTRICT COURT OF GUAM

### HAGATNA, GUAM

| | |
|---|---|
| CYFRED, LTD., for itself and on behalf of other similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>FIRST AMERICAN TITLE INSURANCE COMPANY, PACIFIC AMERICAN TITLE INSURANCE & ESCROW COMPANY, MANU MELWANI and DOES 1-298, inclusive,<br><br>Defendants. | CIVIL CASE NO. 07-00024<br><br>PLAINTIFF CYFRED, LTD'S RESPONSE TO DEFENDANT FIRST AMERICAN TITLE INSURANCE COMPANY'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS (FURTHER RESPONSES) |

    Plaintiff, Cyfred, Ltd., by and through its undersigned counsel, hereby submits this Further Response to Defendant First American Title Insurance Company's First Request for Production of Documents.

**ORIGINAL**

## GENERAL OBJECTIONS

1. Cyfred, Ltd. objects to the Requests to the extent that they are otherwise not subject to discovery under the applicable Federal Rules of Civil Procedure, and/or seek to impose a greater burden upon Cyfred, Ltd. as to the manner in which information is requested to be provided than the manner required under the applicable Federal Rules of Civil Procedure or exceeds the scope of allowable discovery in the Scheduling Order in that it seeks discovery on the merits and is not restricted to obtaining discovery of Fed. R. Civ. P. 23 matters.

2. Cyfred, Ltd. objects to the Requests to the extent that they call for information or documents protected by the attorney-client privilege, work product doctrine, self-evaluation privilege, and/or accountant-client privilege. By making a response to any such Request, or as to any other Request, Cyfred, Ltd. does not waive the attorney-client privilege, work product doctrine, self-evaluation privilege, and/or accountant-client privilege as to that Request, or as to any other Request or future interrogatory or request. Further, to the extent that Cyfred, Ltd. inadvertently produces any information that, in whole or in part, contains information protected by the attorney-client privilege, work product doctrine, self-evaluation privilege, and or accountant-client privilege, such a disclosure does not waive the protection of the attorney-client privilege, work product doctrine, self-evaluation privilege, and/or accountant-client privilege.

3. Cyfred, Ltd. objects to the Requests to the extent that they purport to require Cyfred, Ltd. to produce documents that have been or will be produced by Cyfred, Ltd. or that are or have been in Defendant First American Title Insurance Company's possession, custody, or control.

4. Cyfred, Ltd. responds to these Requests without conceding the relevancy or materiality of the subject matter of a request, and without prejudice to any objections to competency and admissibility of any information provided.

5. Cyfred, Ltd. objects to the Requests to the extent that they seek documents that are not within Cyfred, Ltd.'s possession, custody or control, including information and documents that are public records conveniently and inexpensively available to First American Title Insurance Company.

6. Cyfred, Ltd. objects to the Requests to the extent that they seek information or documents that constitute or disclose confidential and/or proprietary information concerning Cyfred, Ltd., its business, and/or its business practices.

7. By providing any information in response to any Request, Cyfred, Ltd. does not waive nor intends to waive, but rather intends to preserve and hereby preserves (i) all rights to object, on any ground, to the use of any of these objections, answers, and/or information or documents provided in response to these Requests in any subsequent proceedings in this or any other case, action or proceeding and (ii) all rights to object on any grounds to any Request for further responses to these Requests or any other interrogatories or requests.

8. Cyfred, Ltd.'s investigation is continuing. Cyfred, Ltd. therefore reserves the right to supplement or amend its Responses as appropriate and provided by law.

9. Cyfred, Ltd. specifically reserves all objections to relevance and admissibility, and the following Responses should not be interpreted as waiving any evidentiary objections.

10. In the event that Cyfred, Ltd. discovers that all responsive documents have not been located and identified, Cyfred, Ltd. reserves the right to assert additional objections to production as appropriate.

11. Cyfred, Ltd. objects to the Requests to the extent that they do not provide a time frame or geographic scope. The Requests are grossly overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

12. Cyfred, Ltd. objects to the Requests to the extent that they are unrelated to, and do not lead to, the discovery of admissible evidence pursuant to the Federal Rules of Civil Procedure.

13. Cyfred, Ltd. objects to the Requests to the extent they seek documents with respect to persons or entities not parties to this action. Such Requests are overly broad and seek irrelevant documents not reasonably calculated to lead to the discovery of admissible evidence.

14. Cyfred, Ltd. expressly incorporates each of these General Objections into its specific Responses and objections set forth below, which are all expressly made subject to Cyfred, Ltd.'s General Objections.

Without waiving the objections set forth above, Cyfred, Ltd. responds to the individual Requests as follows:

Cyfred, Ltd. objects to First American Tile Insurance Company's requests for production of documents on the grounds that the request is overbroad, irrelevant, beyond the scope of discovery relative to class certification issues, the request is ambiguous, requires production of confidential attorney-client communications, requires production

of documents protected by the First Amendment Privilege, requires production of trade secrets and confidential commercial information and protected confidential financial records. Without waiving any of the stated objections Cyfred, Ltd. has produced the documents requested in its initial disclosures and produces additional documents in response hereto.

Dated this 22nd day of August, 2008.

THE VANDEVELD LAW OFFICES, P.C.

*[signature]*

Curtis C. Van de veld, Esq.
Attorney for Plaintiffs

# MEMORANDUM

To: San Nicholas File L19B1 gill baza
Fr: Bobbie Reyes
Date: August 14, 2001

### RE: <u>Return of Property</u>

At approximately 2:00 pm, Monday, 8/13/01, Mr. David San Nicholas came by the office to inform us that he will be leaving off island and that he wants to return the property. Cancellation of Mortgage, Warranty Deed back to Cyfred and the Affidavit of Consideration prepared. He will pay the administrative fee of $250.00 and he will also come by to sign.
Bobbie

From : CYFRED LTD. <cyfred@ite.net>
Reply-To : <cyfred@ite.net>
Sent : Wednesday, November 7, 2007 10:06 AM
To : "'FL Gill'" <flgill@hotmail.com>
CC : "Geraldine"@ite.net
Subject : abalos vs. cyfred (L6B2 T26314 PTR request)

FL:

Before I was able to call sara to find out what the status was with the PTR
request, I received a message from Kim informing me that Sara of PATCO would
like for me to return her call.

At approximately 9:55 AM I returned sara's call. She said she was calling in
regards to my November 1, 2007 request for a PTR on a Yona property. She
said "Bobbie, I am sorry to inform you but we were told not to entertain any
of cyfred's request at this time". I asked her why? She said she was sorry
but at this time, PATCO will not entertain any of cyfred's request and that
her bosses have instructed her to inform me of this.

bobbie

# THE VANDEVELD LAW OFFICES, P.C.

*Mr. Curtis C. Van de veld, Esq.*
ATTORNEY AT LAW



June 23rd 2007

**HAND DELIVERED**

Mr. Artemio Ilagan
Acting Banking and Insurance Commissioner
1240 Route 16
Barrigada Heights, Guam 96913

    RE: Freedom of Information - Sunshine Law Request – 5 G.C.A. Chapter 10 - In Re: First American Title Insurance Company Inc. (enclosed as Exhibit "1" and Compliance with 22 G.C.A. §18308 (Form Approval) & §18501 (Approval of Rates).

Dear Commissioner:
    This letter constitutes a request for information as allowed by the Sunshine Law at 5 G.C.A. Chapter 10 et seq.
    I would like copies of any insurance certificates authorizing First American Title Insurance Company, Inc. to transact the business of insurance in Guam for the each year from 1990 to the present time.
    Secondly, I would like copies of your or any of your predecessors, endorsement of approval as required by 22 G.C.A. §18308, of any First American title Insurance Company, Inc. forms which First American Title Insurance Company, Inc was authorized to issue for each year from 1990 to the present time which are similar to those enclosed herewith as Exhibit "1".
    Finally, please provide me with copies of your approved rates required by 22 G.C.A. §18501 for the insurance policies enclosed as Exhibits "1".
    Sincerely,

Curtis Van de Veld

SECOND FLOOR · 123 HERNAN CORTES AVENUE · HAGATNA, GUAM 96910
PHONE (671) 488-0888 · FAX (671) 472-2561

## DOOLEY ROBERTS & FOWLER LLP
### ATTORNEYS AT LAW

DAVID W. DOOLEY
TIM ROBERTS
KEVIN J. FOWLER
JON A. VISOSKY
SETH FORMAN

SUITE 201, ORLEAN PACIFIC PLAZA
865 SOUTH MARINE CORPS DRIVE
TAMUNING, GUAM 96913
TELEPHONE: (671) 646-1222
FACSIMILE: (671) 646-1223
www.GuamLawOffice.com

Of Counsel:
MELINDA C. SWAVELY

Writer's Direct Email:
Dooley@GuamLawOffice.com

November 12, 2007

<u>VIA FACSIMILE</u>

Curtis C. Van de Veld, Esq.
**The Vandeveld Law Offices, P.C.**
Second Floor
123 Hernan Cortes Avenue
Hagåtña, GU 96910
Facsimile No. 472-2561

Re: *Cyfred, Ltd. v. First American Title Company*

Dear Curtis:

I have received your letter of October 19, 2007. I do know who Ms. Zubieta is, however.

Please advise me of the facts which are "known to the insurer" and which you believe are relevant to Cyfred's claim for coverage.

Sincerely,

DOOLEY ROBERTS & FOWLER LLP

David W. Dooley

# THE VANDEVELD LAW OFFICES, P.C.

*Mr. Curtis C. Van de veld, Esq.*

ATTORNEY AT LAW

March 10th 2008

**VIA HAND DELIVERY**

David Dooley, Esq.
Dooley Roberts & Fowler, LLP.
Suite 201, Orleans Pacific Plaza
865 South Marine Drive
Tamuning, Guam 96931

RE: *UPIC et al. v. Cyfred, Ltd. et al*, Superior Court of Guam, Civil Case No. CV1511-06; *Cyfred Ltd. et al. v. First American Title Insurance & Escrow Co.*, District Court of Guam Case No. CIV07-00024
**FURTHER TENDER FOR COVERAGE**

Dear Dave:

Enclosed is a copy of Wayson Wong's Memorandum of Points and Authorities in support of his clients' motion to file a Second Amended Complaint in *UPIC et al. v. Cyfred, Ltd. et al*, Superior Court of Guam, Civil Case No. CV1511-06 ("UPIC Action").

The defendants and prospective defendants in the UPIC Action hereby tender for a defense for all the claims stated in the proposed Second Amended Complaint in the UPIC Action. The defendants in the UPIC Action further request indemnity, for all claims made in the UPIC Action covered by the title insurance policy purchased by Cyfred, Ltd. from First American Title Insurance Company as said title insurance policy is described in *Cyfred Ltd. et al. v. First American Title Insurance & Escrow Co.*, District Court of Guam Case No. CIV07-00024.

Sincerely,

Curtis Van de veld, Esq.
Attorney for Defendants
Superior Court of Guam
Civil Case No.1511-06

RECEIVED
MAR 11 2008
DOOLEY ROBERTS & FOWLER LLP

SECOND FLOOR • 123 HERNAN CORTES AVENUE • HAGATNA, GUAM 96910
PHONE (671) 472-4396 • FAX (671) 472-2561

# THE VANDEVELD LAW OFFICES, P.C.

### *Mr. Curtis C. Van de veld, Esq.*
### ATTORNEY AT LAW

November 14th 2007

**VIA FACSIMILE**
(671) 646-1223

David Dooley, Esq.
Dooley Roberts & Fowler, LLP.
Suite 201, Orleans Pacific Plaza
865 South Marine Drive
Tamuning, Guam 96931

> RE: *Cyfred, Ltd. et al. v. First American Title Insurance Company et al.*,
> District Court of Guam, Civil Case No. 07-00024.
> Your Letter of November 12th 2007 Re: Enclosed Decision & Order with My Letter of October 19th 2007

Dear Dave:

My letter dated October 19th 2007 addressed to Ms. Zubieta was intended for your review as First American Title Insurance Co.'s counsel in the above action. Its address to Ms. Zubieta was in error.

The Decision and Order, enclosed with my October 19th 2007 letter, contain judicial findings that further establish a covered title dispute between the parties in *Sananap et al. v Cyfred, Ltd. et al.*, Superior Court of Guam, Case No. 1442-02. These facts are now "known to the insurer."

If after reading the Decision and Order, once more, and you are still uncertain of the court's findings on this point, please let me know, and I can meet with you this Saturday, November 17th 2007, to explain.

Sincerely,

*[signature]*

Curtis C. Van de veld, Esq.

SECOND FLOOR · 123 HERNAN CORTES AVENUE · HAGÅTÑA, GUAM 96910
PHONE (671) 472-4396 · FAX (671) 472-2561

# HP Color LaserJet  *2840*

VLO/Cyfred,Ltd.
(671) 472-2561
Nov-14-2007   4:11PM



## Fax Call Report

| Job | Date | Time | Type | Identification | Duration | Pages | Result |
|---|---|---|---|---|---|---|---|
| 1374 | 11/14/2007 | 4:10:12PM | Send | 6461223 | 0:29 | 1 | OK |