THE VANDEVELD LAW OFFICES, P.C.
*Mr. Curtis C. Van de veld, Esq.*
Second Floor
123 Hernan Cortes Avenue
Hagatna, Guam 96910
Office: (671) 472-4396
Facsimile: (671) 472-2561

Attorneys for Plaintiff:
    Cyfred, Ltd., Class,
    Deceptive Acts Subclass
    Denied Claims Subclass.

**FILED**
DISTRICT COURT OF GUAM
AUG 25 2008
JEANNE G. QUINATA
Clerk of Court

# IN THE DISTRICT COURT OF GUAM

## HAGATNA, GUAM

| | |
|---|---|
| CYFRED, LTD., for itself and on behalf of other similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> FIRST AMERICAN TITLE INSURANCE COMPANY, PACIFIC AMERICAN TITLE INSURANCE & ESCROW COMPANY, MANU MELWANI and DOES 1-298, inclusive, <br><br> Defendants. | CIVIL CASE NO. 07-00024 <br><br> PLAINTIFF CYFRED, LTD'S RESPONSE TO DEFENDANT FIRST AMERICAN TITLE INSURANCE COMPANY'S FIRST SET OF INTERROGATORIES 12-23 |

Plaintiff, Cyfred, Ltd., by and through its undersigned counsel, hereby submits this Response to Defendant First American Title Insurance Company's First Set of Interrogatories.

## GENERAL OBJECTIONS

1.     Cyfred, Ltd. objects to the Interrogatories to the extent that they seek information otherwise not subject to discovery under the applicable Federal Rules of

Civil Procedure, and/or seek to impose a greater burden upon Cyfred, Ltd. as to the manner in which information is requested to be provided than the manner required under the applicable Federal Rules of Civil Procedure.

2. Cyfred, Ltd. objects to the Interrogatories to the extent that they call for information or documents protected by the attorney-client privilege, work product doctrine, self-evaluation privilege, and/or accountant-client privilege. By making a response to any such Interrogatory, or as to any other Interrogatory, Cyfred, Ltd. does not waive the attorney-client privilege, work product doctrine, self-evaluation privilege, and/or accountant-client privilege as to that Interrogatory, or as to any other Interrogatory or future interrogatory or request. Further, to the extent that Cyfred, Ltd. inadvertently produces any information that, in whole or in part, contains information protected by the attorney-client privilege, work product doctrine, self-evaluation privilege, and or accountant-client privilege, such a disclosure does not waive the protection of the attorney-client privilege, work product doctrine, self-evaluation privilege, and/or accountant-client privilege.

3. Cyfred, Ltd. objects to the Interrogatories to the extent that they purport to require Cyfred, Ltd. to identify documents, or to summarize information in documents, that have been or will be produced by Cyfred, Ltd. or that are or have been in Defendant First American Title Insurance Company's possession, custody, or control.

4. Cyfred, Ltd. answers these Interrogatories without conceding the relevancy or materiality of the subject matter of an Interrogatory, and without prejudice to any objections to competency and admissibility of any information provided.

5. Cyfred, Ltd. objects to the Interrogatories to the extent that they seek information or documents that constitute or disclose confidential and/or proprietary information concerning Cyfred, Ltd., its business, and/or its business practices.

6. Cyfred, Ltd. objects to the Interrogatories to the extent that they purport to require Cyfred, Ltd. to produce information or documents that are public records conveniently and inexpensively available to First American Title Insurance Company.

7. By providing any information in response to any Interrogatory, Cyfred, Ltd. does not waive nor intends to waive, but rather intends to preserve and hereby preserves (i) all rights to object, on any ground, to the use of any of these objections, answers, and/or information or documents provided in response to these Interrogatories in any subsequent proceedings in this or any other case, action or proceeding and (ii) all rights to object on any grounds to any Interrogatory for further responses to these Interrogatories or any other interrogatories.

8. Cyfred, Ltd.'s investigation is continuing. Cyfred, Ltd. therefore reserves the right to supplement or amend its Responses as appropriate and provided by law.

9. Cyfred, Ltd. objects to the Interrogatories, including the instructions and definitions portions of Defendant First American Title Insurance Company's Interrogatories, to the extent that they purport to impose any obligations on Cyfred, Ltd. that are beyond the scope of discovery permitted by the applicable Federal Rules of Civil Procedure. Cyfred, Ltd. will respond to the Interrogatories only within the limits set forth in the Federal Rules of Civil Procedure which includes the permissible scope of discovery allowed in the Schedule Order and its limitations to discovery related to Fed R. Civ. P. 23 issues.

10. Cyfred, Ltd. objects to the Interrogatories to the extent that they are unrelated to, and do not lead to, the discovery of admissible evidence pursuant to the Federal Rules of Civil Procedure.

11. Cyfred, Ltd. objects to the Interrogatories to the extent that they seek information with respect to persons or entities not parties to this action. Such Interrogatories are overly broad and seek irrelevant information not reasonably calculated to lead to the discovery of admissible evidence.

12. Cyfred, Ltd. reserves until the time of trial all objections as to the relevance or admissibility of any information or documents produced in response to these Interrogatories. The supplying of any information or document does not constitute an admission by Cyfred, Ltd. that such information or document is relevant or admissible.

13. Cyfred, Ltd. objects to each Interrogatory to the extent that it seeks a description of oral communications between Cyfred, Ltd., or its representatives, and others on the grounds that such Interrogatories are overly broad, unduly burdensome, oppressive and, as a practical matter, impossible to answer.

14. Cyfred, Ltd. objects to the Interrogatories insofar as they are overly broad and/or call for the production of documents that are neither relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

15. Cyfred, Ltd. objects to the Interrogatories to the extent that they purport to require Cyfred, Ltd. to produce documents that constitute or disclose confidential and/or proprietary information concerning Cyfred, Ltd., its business, and/or its business practices.

16. In the event that Cyfred, Ltd. discovers that all responsive documents have not been located and identified, Cyfred, Ltd. reserves the right to assert additional objections to production as appropriate.

17. Cyfred, Ltd. objects to the Interrogatories to the extent they seek documents or information with respect to persons or entities not parties to this action. Such Interrogatories are overly broad and seek irrelevant documents or information not reasonably calculated to lead to the discovery of admissible evidence.

18. Cyfred, Ltd. expressly incorporates each of these General Objections into its specific Responses and objections set forth below, which are all expressly made subject to Cyfred, Ltd.'s General Objections.

19. Plaintiff generally objects to these interrogatories as being in violation of Local Rules of the District Court of Guam, Rule LR33.1(a), which limits interrogatories and all its subparts to 25 interrogatories. Without waiving this general objection and all other objections set forth above, Plaintiff responds as hereinafter set forth.

## RESPONSES AND SPECIFIC OBJECTIONS TO INTERROGATORIES

**RESPONSE TO INTERROGATORY NUMBER TWELVE (12):** Describe in details the facts that show that your February 26, 2002 transaction involved a federally related mortgage loan within the meaning of the Real Estate Settlement Procedures Act and identity the documents necessary to evidence those facts.

**RESPONSE TO INTERROGATORY NUMBER TWELVE (12):** Cyfred, Ltd. ("Cyfred") objects to this interrogatory on the grounds that it is irrelevant, vague and ambiguous. While preserving said objections and the General Objections stated hereinabove Cyfred states it is unaware of any facts showing that the February 26th 2002

transaction involved a federally mortgage loan within the meaning of the Real Estate Settlement Procedures Act.

**INTERROGATORY NUMBER THIRTEEN (13):** Describe in detail the circumstances of your discovery that First American allegedly failed to obtain approval of its policy forms and rates, rate schedules, rate plans and methods of computing rates, including but not limited to: (1) when you discovered this, (2) how you discovered it, and (3) a description of any documents that reflect this discovery.

**RESPONSE TO INTERROGATORY NUMBER THIRTEEN (13):** Cyfred received a letter from the Office of the Commissioner of Insurance and Banking dated June 26th 2006 responding to its inquiry which put Cyfred on notice that First American Tile Insurance Company ("FA") may not have obtained approval for its title insurance rates, rate plans, methods of computing rates and forms used by FA to issue title insurance policies in Guam.

**INTERROGATORY NUMBER FOURTEEN (14):** Describe in detail the basis for your contention that you and the Class could not have discovered earlier that First American failed to obtain approval of its policy forms and rates, rate schedules, rate plans and methods of computing rates.

**RESPONSE INTERROGATORY NUMBER FOURTEEN (14):** FA took steps to conceal its illegal activities such as filing yearly affidavits of compliance signed by its officers asserting under oath that it was in full compliance with the insurance laws of Guam and in order for FA to obtain yearly renewals of its license to issue insurance policies in Guam which implies compliance with the insurance laws of Guam. FA maintained and currently maintains and insists it has obtained all necessary approvals

from the Insurance Commissioner for all its rates, rate schedules, rate plans and methods of computing rates and its forms that it used to issue title insurance policies in Guam.

**INTERROGATORY NUMBER FIFTEEN (15):** Describe in detail the basis for your contention that First American owed to you and the Class fiduciary duties, including a description of the fiduciary duties allegedly owed.

**RESPONSE TO INTERROGATORY NUMBER FIFTEEN (15):** FA is Cyfred and the Class's insurer and was held in confidence by them as a result. Because of this insurer insured relationship FA owed Cyfred and the Class a fiduciary duty to sell them approved legal insurance policies and to charge them approved legal rates and a fiduciary duty to truthfully and fully disclose to them that the insurance policies they purchased were illegal and not approved by the Insurance Commissioner at the time FA issued the said policies of title insuance.

**INTERROGATORY NUMBER SIXTEEN (16):** Describe in detail the exact manner in which you assert that your claims are typical of the claims of other putative class members, including the following information: the names and addresses of all persons possessing personal knowledge of the class certification issues in this case; the names and addresses of each prospective member of the putative class of whom you are aware and how you obtained this information; the efforts you have undertaken to identity putative class members; and a description of the questions of law and fact that you allege are common to the putative class.

**RESPONSE TO INTERROGATORY NUMBER SIXTEEN (16):** Cyfred objects to this interrogatory on the grounds that it is vague ambiguous, overbroad and violates Cyfred's attorney-client privilege and requests information protected from disclosure as

Cyfred's attorney work product. While preserving said objections and the General Objections stated above Cyfred states that FA sold Cyfred and members of the Class illegal and void title insurance policies. These title insurance policies had not been approved by the Insurance Commissioner since FA had not obtained approval for its rates, rate plans and methods of computing rates and had not obtain approval for its policy forms for any particular rate it charged and collected. FA sold these policies through a network of agents that it established in Guam to sell these illegal void insurance policies and which were sold to Cyfred and the Class by said agents who in turn collected, processed and deposited these illegal premiums in bank accounts in Guam remitting portions of the amounts collected to FA. In order to conceal its criminal activities FA's officers signed yearly affidavits of compliance swearing under oath that FA was in full compliance with the insurance laws of Guam when it knew it was not in compliance with the insurance laws of Guam. FA then held out its insurance policies as legal and approved and continues to do so at the present time in a further effort to conceal its wrongdoing and illegal conduct. Cyfred has sought to identify members of the Class through discovery efforts directed to the defendants in this action.

The following persons are likely to have personal knowledge of the claims in this case are: All employees of Pacific American Title and Escrow Company from 1994 to the present time; all employees of Security Title & Escrow Company from 1994, or the date of its opening whichever is later; all employees of Title Guaranty of Guam, Inc. from 1994 to the present time; each member of the proposed class; Bobbie Reyes, C/O Cyfred, Ltd.; Geraldine Mendiola C/O Cyfred, Ltd.; Joann Duenas C/O Cyfred, Ltd; each member of the Insurance and Banking Board from 1994 or the date of its inception

to the present time; each Insurance Commissioner and Director of the Department of Revenue and Taxation who held either position from 1994 to the present time; Manu Melwani of Pacific American Title Insurance Company; David Dooley; Mark Beggs; Custodian of records of each defendant corporation and each agent of each defendant corporation; John Q. Carlos at the office of the Commissioner of Insurance and Banking; each officer or person employed by insurer defendant who reviewed and signed each Affidavit of Compliance with the office of the Banking and Insurance Commissioner from 1994 to the present time; each person to whom each affidavit of compliance was mailed and who was instructed to file it with the office of the Insurance and Banking Commissioner; and such other persons that become known to Cyfred through the course of this litigation and whose names, once known, will be supplement this answer.

**INTERROGATORY NUMBER SEVENTEEN (17):** State whether you have communicated with any members of the putative class, including attorneys representing them, regarding your intention to file this lawsuit or the pendency of this lawsuit. If your answer is in the affirmative: describe in detail the manner in which you communicated with each prospective member of the putative class; identify all documents that refer, reflect, or relate to such communication; and describe in detail any communications you received from any member of the class, regardless of whether such communication was in response to any communication identified in this interrogatory.

**RESPONSE TO INTERROGATORY NUMBER SEVENTEEN (17):** In response to interrogatory number seventeen Cyfred objects to said interrogatory on the grounds that it calls for a response that violates Cyfred's attorney-client privilege, it is vague and ambiguous, it is overbroad, it is irrelevant, it call for Cyfred's attorney work product it

violates Cyfred's First Amendment privilege. While preserving said objection and the General Objections stated hereinabove Cyfred states it has not had any communications with members of the Class or their attorneys.

**INTERROGATORY NUMBER EIGHTEEN (18):** State whether you (including any of your officers) have ever been a party to any lawsuit or legal proceeding (including any criminal proceeding) or asserted any claim. If so, state separately for each such suit or proceeding: the style of the case, the identity and location of the court, the agency or body before which the case was instituted, and the cause number of the case; whether you were a plaintiff or a defendants, or had some other status in the suit or proceeding; whether the suit or proceeding was a class action or other representative proceeding, and if so, whether you acted as a lead plaintiff or in any representative capacity on behalf of other plaintiffs of individuals, the general nature or subject matter of the suit or proceeding, and the date on which the suit or proceeding was initiated, and, if it has been concluded, the date on which the lawsuit or proceeding was concluded.

**RESPONSE TO INTERROGATORY NUMBER EIGHTEEN (18):** In response to interrogatory number eighteen Cyfred objects to said interrogatory as vague, overbroad, irrelevant and that it calls for production of public records easily accessible to FA. While preserving these stated objections and the General Objections stated above the following actions involve Cyfred:

*Sananap et al. v. Cyfred, Ltd. et al.*, Superior Court of Guam Civil Case No. CV1448-02 litigating title issues and the installation of a sewer line in the Gill Baza Subdivision. Trial has ended but the litigation is ongoing; *Yanfag et al. v. Cyfred, et al.*, Superior Court of Guam, Civil Case No. Cv1466-06 involves a sewer line, title dispute and

foreclosure dispute and the case is ongoing; and *National Union Fire Insurance Company of Pittsburgh, Panama v. Cyfred, Ltd. et al.,* Superior Court of Guam, Civil Case No CV1465-06 is a declaratory relief action filed against Cyfred concerning Cyfred's insurance policy and the case is ongoing; and *Cyfred, Ltd. v. Eram Thankyou, et al.,* Superior Court of Guam, Civil Case No. CV125506 is an ongoing unlawful detainer matter and the case is ongoing; and *United Pacific Islanders' Corporation et al. v. Cyfred, Ltd. et al.,* Superior Court of Guam Civil Case No. Cv1511-06 involves a sewer line dispute in the Gill Baza Subdivision and a title dispute; and *Cyfred, Ltd. v. T'nel Mori,* Superior Court of Guam, Civil Case No. 1354-06 is an ongoing unlawful detainer action; and *Cyfred, Ltd. v. Santiago Wia et al.,* Superior Court of Guam, Civil Case No. 1354-06 is an ongoing unlawful detainer action; and *Cyfred, Ltd. v. Martin Raymond et al.,* Superior Court of Guam, Civil Case No. CV112906 is an ongoing unlawful detainer action; *Government of Guam v. Cyfred. Ltd.,* Superior Court of Guam, Civil Case no. CV038406 is an action by the Government of Guam concerning the sewer line in the Gill Baza Subdivision and the case has been dismissed; and *Cyfred, Ltd. v. Paul Kargon, et al.,* Superior Court of Guam, Civil Case No.CV1256-06 is an ongoing unlawful detainer action; and *Cyfred. Ltd. v. Tongam Kosam, et al.,* Superior Court of Guam, Civil Case No. CV125706 is an ongoing unlawful detainer action; and *Cyfred, Ltd. v. Kinasiro Albert, et al.,* Superior Court of Guam, Civil Case No. CV125806 is an ongoing unlawful detainer action; and *Cyfred, Ltd. v. Takashi C. Untun, et al.,* Superior Court of Guam Civil Case No. CV125906 is an ongoing unlawful detainer action; and *Cyfred. Ltd. v. Reynaldo Alejandro, et al.,* Superior Court of Guam, Civil Case No. CY 1353-06 is an unlawful detainer action; and *Sananap et al. v. Cyfred. Ltd. et al.,* Supreme Court of

Guam, Civil Case No. CYA06011 is an appeal by Cyfred of attorney's fees awarded in the Sananap Action and has been remanded to the Superior Court of Guam for a determination; and *Sananap et al v. Cyfred, Ltd. et al.,* Supreme Court of Guam, Civil Case No. CYA07-006 is an appeal by the Sananap Plaintiffs of a refusal by the lower court to grant them injunctive relief. The case is pending; *Cyfred, Ltd. vs. Mercy Gurungin,* Superior Court of Guam Civil Case No. CV0372-06 is a collection case reduced to judgment; *Cyfred, Ltd. vs. Andrew J. Santos and Denise J. Santos,* Superior Court of Guam Civil Case No. CV1168-04 is a collection case reduced to judgment; *Cyfred, Ltd. vs. Etkes Edward and Myhand Siren,* Superior Court of Guam Civil Case No. CV1228-04 reduced to judgment; *Cyfred, Ltd. vs. Allan Tongomi,* Superior Court of Guam Civil Case No. CV0163-05 is a collection case reduced to judgment; *Cyfred, Ltd. vs. Dominic S. Yiluy and Gabriella Finpin,* Superior Court of Guam Civil Case No. CV1103-05 is a collection case reduced to judgment; *Cyfred, Ltd. vs. Kirino Yoichi,* Superior Court of Guam Case No. CV1165-04 is a collection case reduced to judgment; *Cyfred, Ltd. vs. John Yangow and Maria M. Lagiyelbul,* Superior Court of Guam Civil Case No. CV1280-05 is a collection case reduced to judgment; and Cyfred is reviewing its files to discover any other cases in which it is named or involved and will supplement these responses if and when it discovers additional cases.

**RESPONSE TO INTERROGATORY NUMBER NINETEEN (19):** State whether you have received any information from any third party, including but not limited to, any federal, state or local authority, trade association, or consumer interest group that relates, in whole or in part, to the allegations in the Complaint. If your answer is in the affirmative, please state the following: the identity of the third party; the date of the

12
Case 1:07-cv-00024   Document 116   Filed 08/25/2008   Page 12 of 18

communication; the identity of all documents referring, reflecting, or relating to the communication; and a summary of the information and/or the documents received from the third party.

**RESPONSE TO INTERROGATORY NUMBER NINETEEN (19):** Cyfred objects to interrogatory nineteen on the grounds that it calls for a response that violates Cyfred's attorney-client privilege, Cyfred attorney work product privilege, it is overbroad, calls for irrelevant information, violates Cyfred's First Amendment privilege and is overbroad. While preserving said objections and the General Objections stated above Cyfred states that it received a letters from the Office of the Commissioner of Banking and Insurance including a letter dated June 28th 2008 that put Cyfred on notice that First American may not have filed its rates, rate plans, methods of computing rates and its title insurance forms. Cyfred has also taken the deposition of members of the Insurance Association of Guam which ahs been provided to FA as part of Cyfred's initial disclosures. The Office of the Insurance Commissioner also provided Cyfred with the yearly affidavits of compliance filed by FA since 1990 which affidavits were provided to Cyfred on August 27th 2007.

**INTERROGATORY NUMBER TWENTY (20):** Identify all persons from whom you have sought to gather information or preserve testimony in connection with this action, and for each such person describe in detail or identify the nature and subject matter of the information and testimony and all documents memorializing or relating to the information or testimony.

**RESPONSE TO INTERROGATORY NUMBER TWENTY (20):** Cyfred objects to this interrogatory on the grounds that it calls for a response that violates Cyfred's

attorney-client privilege and call for a response in violation of Cyfred attorney work-product privilege. While preserving said objections and the General Objections stated above Cyfred states it has undertaken depositions of Artemio Illagan, John Carlos and other individuals in *National Union Fire Insurance Company v. Cyfred Ltd.* Superior Court of Guam Civil Case No. 1465-06 and which deposition transcripts have been produced for FA as part of Cyfred's initial disclosures.

**INTERROGATORY NUMBER TWENTY-ONE (21):** Identify each person whom you expect to offer expert or any opinion testimony in this action. For each person identified, please provide the following information: the qualifications of the opinion witness and/or expert; the subject matter on which the opinion wit6ness and/or expert is expected to testify; the substance of the facts and opinion of which the opinion witness or expert is expected to testify; a summary of the grounds for each opinion to which the opinion witness or expert is expected to testify; and all reports or the opinion witness or expert.

**RESPONSE TO INTERROGATORY NUMBER TWENTY-ONE (21):** Cyfred objects to this interrogatory on the grounds that it calls for a response that violates Cyfred's attorney-client privilege and call for a response in violation of Cyfred attorney work-product privilege. While preserving said objections and the General Objections stated above Cyfred states that it intends to call John Carlos as an expert witness to testify about FA's failure to file its rates, rate plans and methods of computing rates and FA's failure to obtain approval for its insurance policy forms. John Carlos has been employed with the Office of the Insurance Commissioner for a number of years. Cyfred will

14

identify additional experts when they become known to Cyfred and in which event Cyfred will supplement its answers hereto.

**RESPONSE TO INTERROGATORY NUMBER TWENTY-TWO (22):** Please provide the following corporate information for Cyfred, Ltd: (1) officers, (2) directors, (3) shareholders, (4) any licenses or registrations made and the state from which such licenses or registrations were completed, and (5) whether Cyfred is in good standing with the territory of Guam.

**RESPONSE TO INTERROGATORY NUMBER TWENTY-TWO (22):** Cyfred objects to this interrogatory on the grounds that it is overbroad, irrelevant, vague and ambiguous and calls for information available in public records easily accessible to FA. While preserving said objections and the General Objections stated above Cyfred states that Geraldine Mendiola is its President and Christopher Gill is its secretary/treasurer, that Francis Gill, Geraldine Mendiola and Christopher Gill are its directors and that Cyfred is in good standing in Guam and does not do business in any state and is not licensed to do business outside of Guam. Cyfred is owed by Gill Holdings (CNMI), Ltd, Francis Gill, Geraldine Mendiola and Christopher C. Gill.

**INTERROGATORY NUMBER TWENTY-THREE (23):** If your answer to any of the requests to admit served herewith is anything other than an unqualified denial, please describe in detail the reasons why you dispute each such request to admit.

**RESPONSE TO INTERROGATORY NUMBER TWENTY-THREE (23):** Cyfred objects to this interrogatory on the grounds that it is overbroad, vague and ambiguous. While preserving said objections and the General Objections stated above Cyfred states the following:

ADMISSION NUMBER ONE (1): Cyfred has suffered damages arising out to FA's refusal to indemnify Cyfred because the Plaintiffs in *Sananap et al. v. Cyfred, Ltd. et al.*, Superior Court of Guam Civil Case No. CV 1448-02 have refused to pay their mortgages partly on the basis of a claim of defective title, Cyfred has not been able to collect the amounts due from the Sananap Plaintiffs under the terms of their defaulted promissory notes and mortgages and therefore has not been able to pay the outstanding judgment in the Sananap Action exposing Cyfred to continuing litigation due to is inability to collect what it is owed and has been unable to obtain an offset against the judgment issued against Cyfred in the Sananap Action due to the Sananap Plaintiffs frivolous title claims for which FA has refused to indemnify Cyfred as it was obligated to do under the terms of Cyfred's title insurance policy with FA on which Cyfred detrimentally relied.

ADMISSION NUMBER FIVE (5): The information available to and interpreted by Cyfred indicates that the Sananap Action involves 34 lots.

ADMISSION NUMBER EIGHT (8): Cyfred had made claims for title insurance coverage against all title insurance companies who issued mortgage title insurance protection for all mortgages issued to Cyfred for lots owned by persons who are plaintiffs in the Sananap Action.

ADMISSION NUMBER TEN (10): Cyfred purchased illegal void policies that were never approved by the Insurance Commissioner and are therefore considered statutorily unfair and are illegal. Furthermore Cyfred has been forced to do business with an insurance company scofflaw who is more likely to treat its insureds unfairly than a law abiding insurance company. This has deprived Cyfred of insurance coverage and caused Cyfred substantial losses.

16
Case 1:07-cv-00024   Document 116   Filed 08/25/2008   Page 16 of 18

ADMISSION NUMBER THIRTEEN (13): The members of the Class were damaged in a similar way as Cyfred was damaged and injured when FA sold them illegal void title insurance policies as described in Cyfred's response to Admission Number Ten above. None of the members of the Class and Cyfred would have purchase title insurance policies knowing them to be illegal and void or knowing they had not been submitted and approved by the Insurance Commissioner. Furthermore Cyfred incorporates herein its explanation of its denial of Request for Admission Number 10.

ADMISSION NUMBER FOURTEEN (14): The members of the Class were damaged in a similar way as Cyfred was damaged and injured whey FA sold them illegal void title insurance policies as described in Cyfred's response to Request for Admission Number Ten above. None of the members of the Class or Cyfred would have purchased title insurance policies knowing them to be illegal and void or knowing they had not been submitted and approved by the Insurance Commissioner. Furthermore Cyfred's incorporates herein its explanation of its responses to Request for Admission Number 10.

ADMISSION NUMBER SEVENTEEN (17): Cyfred became aware of the title claims by the Sananap Plaintiffs on October 17th 2006 when the Sananap Plaintiffs filed their reply to Cyfred's counterclaim to foreclose their defaulted mortgages including the mortgage insured for Cyfred by FA. Until that date the title held by the Sananap Plaintiffs had not been put at issue any litigation involving Cyfred.

REQUEST NUMBER TWENTY-ONE (21): Cyfred had contacts with persons employed at Pacific American Title and Escrow Company in Guam before purchasing title insurance policies including the title insurance policy at issue in this action and is unaware if any of said persons were employed by FA.

Dated this 21st day of August, 2008.

THE VANDEVELD LAW OFFICES, P.C.

_____
Curtis C. Van de veld, Esq.
Attorney for Plaintiffs d the Class