THE VANDEVELD LAW OFFICES, P.C.
*Mr. Curtis C. Van de veld, Esq.*
Second Floor
123 Hernan Cortes Avenue
Hagatna, Guam 96910
Office: (671) 472-4396
Facsimile: (671) 472-2561

Attorneys for Plaintiff:
    Cyfred, Ltd., Class,
    Deceptive Acts Subclass
    Denied Claims Subclass.

**FILED**
DISTRICT COURT OF GUAM
AUG 26 2008
JEANNE G. QUINATA
Clerk of Court

## IN THE DISTRICT COURT OF GUAM

### HAGATNA, GUAM

| | |
|---|---|
| CYFRED, LTD., for itself and on behalf of other similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>FIRST AMERICAN TITLE INSURANCE COMPANY, PACIFIC AMERICAN TITLE INSURANCE & ESCROW COMPANY, MANU MELWANI and DOES 1-298, inclusive,<br><br>    Defendants. | CIVIL CASE NO. 07-00024<br><br><br>PLAINTIFF CYFRED, LTD'S RESPONSES TO DEFENDANT FIRST AMERICAN TITLE INSURANCE COMPANY'S FIRST SET OF INTERROGATORIES 2, 5-10 (FURTHER RESPONSES) |

Plaintiff, Cyfred, Ltd., by and through its undersigned counsel, hereby submits this Further Response to Defendant First American Title Insurance Company's First Set of Interrogatories at interrogatories 2 and 5 through 10.

### GENERAL OBJECTIONS

1.     Cyfred, Ltd. objects to the Interrogatories to the extent that they seek information otherwise not subject to discovery under the applicable Federal Rules of

Civil Procedure, and/or seek to impose a greater burden upon Cyfred, Ltd. as to the manner in which information is requested to be provided than the manner required under the applicable Federal Rules of Civil Procedure.

2. Cyfred, Ltd. objects to the Interrogatories to the extent that they call for information or documents protected by the attorney-client privilege, work product doctrine, self-evaluation privilege, and/or accountant-client privilege. By making a response to any such Interrogatory, or as to any other Interrogatory, Cyfred, Ltd. does not waive the attorney-client privilege, work product doctrine, self-evaluation privilege, and/or accountant-client privilege as to that Interrogatory, or as to any other Interrogatory or future interrogatory or request. Further, to the extent that Cyfred, Ltd. inadvertently produces any information that, in whole or in part, contains information protected by the attorney-client privilege, work product doctrine, self-evaluation privilege, and or accountant-client privilege, such a disclosure does not waive the protection of the attorney-client privilege, work product doctrine, self-evaluation privilege, and/or accountant-client privilege.

3. Cyfred, Ltd. objects to the Interrogatories to the extent that they purport to require Cyfred, Ltd. to identify documents, or to summarize information in documents, that have been or will be produced by Cyfred, Ltd. or that are or have been in Defendant First American Title Insurance Company's possession, custody, or control.

4. Cyfred, Ltd. answers these Interrogatories without conceding the relevancy or materiality of the subject matter of an Interrogatory, and without prejudice to any objections to competency and admissibility of any information provided.

5. Cyfred, Ltd. objects to the Interrogatories to the extent that they seek information or documents that constitute or disclose confidential and/or proprietary information concerning Cyfred, Ltd., its business, and/or its business practices.

6. Cyfred, Ltd. objects to the Interrogatories to the extent that they purport to require Cyfred, Ltd. to produce information or documents that are public records conveniently and inexpensively available to First American Title Insurance Company.

7. By providing any information in response to any Interrogatory, Cyfred, Ltd. does not waive nor intends to waive, but rather intends to preserve and hereby preserves (i) all rights to object, on any ground, to the use of any of these objections, answers, and/or information or documents provided in response to these Interrogatories in any subsequent proceedings in this or any other case, action or proceeding and (ii) all rights to object on any grounds to any Interrogatory for further responses to these Interrogatories or any other interrogatories.

8. Cyfred, Ltd.'s investigation is continuing. Cyfred, Ltd. therefore reserves the right to supplement or amend its Responses as appropriate and provided by law.

9. Cyfred, Ltd. objects to the Interrogatories, including the instructions and definitions portions of Defendant First American Title Insurance Company's Interrogatories, to the extent that they purport to impose any obligations on Cyfred, Ltd. that are beyond the scope of discovery permitted by the applicable Federal Rules of Civil Procedure. Cyfred, Ltd. will respond to the Interrogatories only within the limits set forth in the Federal Rules of Civil Procedure which includes the permissible scope of discovery allowed in the Schedule Order and its limitations to discovery related to Fed R. Civ. P. 23 issues.

10. Cyfred, Ltd. objects to the Interrogatories to the extent that they are unrelated to, and do not lead to, the discovery of admissible evidence pursuant to the Federal Rules of Civil Procedure.

11. Cyfred, Ltd. objects to the Interrogatories to the extent that they seek information with respect to persons or entities not parties to this action. Such Interrogatories are overly broad and seek irrelevant information not reasonably calculated to lead to the discovery of admissible evidence.

12. Cyfred, Ltd. reserves until the time of trial all objections as to the relevance or admissibility of any information or documents produced in response to these Interrogatories. The supplying of any information or document does not constitute an admission by Cyfred, Ltd. that such information or document is relevant or admissible.

13. Cyfred, Ltd. objects to each Interrogatory to the extent that it seeks a description of oral communications between Cyfred, Ltd., or its representatives, and others on the grounds that such Interrogatories are overly broad, unduly burdensome, oppressive and, as a practical matter, impossible to answer.

14. Cyfred, Ltd. objects to the Interrogatories insofar as they are overly broad and/or call for the production of documents that are neither relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

15. Cyfred, Ltd. objects to the Interrogatories to the extent that they purport to require Cyfred, Ltd. to produce documents that constitute or disclose confidential and/or proprietary information concerning Cyfred, Ltd., its business, and/or its business practices.

16. In the event that Cyfred, Ltd. discovers that all responsive documents have not been located and identified, Cyfred, Ltd. reserves the right to assert additional objections to production as appropriate.

17. Cyfred, Ltd. objects to the Interrogatories to the extent they seek documents or information with respect to persons or entities not parties to this action. Such Interrogatories are overly broad and seek irrelevant documents or information not reasonably calculated to lead to the discovery of admissible evidence.

18. Cyfred, Ltd. expressly incorporates each of these General Objections into its specific Responses and objections set forth below, which are all expressly made subject to Cyfred, Ltd.'s General Objections.

19. Plaintiff generally objects to these interrogatories as being in violation of Local Rules of the District Court of Guam, Rule LR33.1(a), which limits interrogatories and all its subparts to 25 interrogatories. Without waiving this general objection and all other objections set forth above, Plaintiff responds as hereinafter set forth.

**RESPONSES AND SPECIFIC OBJECTIONS TO INTERROGATORIES**

**INTERROGATORY NUMBER TWO (2):** Identify in detail and state the name and addresses of any and all persons who have knowledge of any of the occurrences and or contentions alleged in the Complaint. Describe in detail the substance of each person's knowledge.

**RESPONSE TO INTERROGATORY NUMBER TWO (2):** Cyfred, Ltd. ("Cyfred" incorporates herein by this reference all specific objections Cyfred made in response to interrogatory number two (2) as previously stated in its Responses to First American title Insurance Company's First Set of Interrogatories served on Defendant First American

Title Insurance Company (hereinafter "FA") on April 24th 2008. While preserving said objections and the General Objections stated hereinabove Cyfred states as additional responses to this interrogatory that the following persons have information relevant to the allegations in the Complaint:

a. All employees of Pacific American Title and Escrow Company ("PATCO") from 1994 to the present time, who will testify about the insurance policies sold, to whom they were sold, the date, circumstances and time of sale and the premium charged for each policy sold. Said persons will also testify about the procedures for collecting, depositing and remitting illegal premiums collected to FA. Cyfred is unaware of the names and addresses of said individuals at this time and they are however known to FA. When their specific names and addresses become known to Cyfred the names and addresses will be provided to FA; and

b. All employees of Security Title & Escrow Company from 1994, or the date of its opening whichever is later, to the present time, who will testify about the insurance policies sold, to whom they were sold, the date, circumstances and time of sale and the premium charged for each policy sold. The representations they made and disclosures they made concerning rate and form approvals for each title insurance policy they issued for FA and related matters. Said persons will also testify about the procedures for collecting, depositing and remitting illegal premiums collected to FA. Cyfred is unaware of the names and addresses of said individuals at this time and they are however known to FA. When their specific names and addresses become known to Cyfred the names and addresses will be provided to FA; and

c. All employees of Title Guaranty of Guam, Inc. from 1994 to the present time, who will

testify about the insurance policies sold, to whom they were sold, the date, circumstances and time of sale and the premium charged for each policy sold. The representations and disclosures they made concerning rate and form approvals for each title insurance policy they issued for FA and related matters. Said persons will also testify about the procedures for collecting, depositing and remitting illegal premiums collected to FA. Cyfred is unaware of the names and addresses of said individuals at this time and they are however known to FA. When their specific names and addresses become known to Cyfred the names and addresses will be provided to FA; and

d. Each member of the proposed class who will testify about the title insurance they purchased, the premiums paid and the representations and disclosures made to them when they purchased their respective title insurance policies and any claims made against their title insurance policies issued by FA. Cyfred is unaware of the names and addresses of said individuals at this time and they are however known to FA. When their specific names and addresses become known to Cyfred the names and addresses will be provided to FA; and

e. Bobbie Reyes, C/O Cyfred who will testify about the policy of title insurance purchased by Cyfred and the premiums paid and related matters and the damages suffered by Cyfred as a result of FA's failure and refusal to defend and indemnify Cyfred at issue in this action and FA's continued efforts to cause injury to Cyfred by punishing Cyfred for making claims against its insurance policies and instituting this action by denying Cyfred title insurance and coordinating said action through its counsel David Dooley who also represents Stewart Title Guaranty Company two of three title insurance

companies doing business in Guam. *See also*: Cyfred's Additional Production of Documents Cy1992; and

f. Geraldine Mendiola C/O Cyfred who will testify about each policy of title insurance purchased by Cyfred, the premiums paid and related matters and the damages suffered by Cyfred as a result of FA's failure and refusal to defend and indemnify Cyfred for the Ruben title insurance policy; and

g. Joann Duenas C/O Cyfred, Ltd., who will testify about each policy of title insurance purchased by Cyfred and the premiums paid and related matters; and

h. Each member of the Insurance and Banking Board from 1994 or the date of its inception to the present time, who will testify about regulatory oversight and rate approval of defendant and other insurance companies, and related matters. Cyfred is unaware of the names and addresses of said individuals at this time and they are however known to FA. When their specific names and addresses become known to Cyfred the names and addresses will be provided to FA; and

1. Each Insurance Commissioner and Director of Revenue and tax who held either position from 1994 to the present time, including but not limited to Joaquin Blaz, Joey Duenas, George Cruz, Andreas Jordanou, Artemio Illagan, John Camacho who will testify about regulatory oversight and rate filings and approvals of defendant and other insurance companies and related matters. Cyfred is unaware of the names and addresses of said individuals at this time. When their names and addresses and additional specific names and addresses become known to Cyfred the names and addresses will be provided to FA; and

J. Manu Melwani of Pacific American Title Insurance Company will testify about the rates, methods of computing rates, rate schedules and forms of title insurance by FA and all matters relating thereto, the collection, deposit and disbursement of any premiums collected for FA and all matters relating thereto and his and FA's efforts to deny Cyfred title insurance company in retaliation for Cyfred's claim and class action lawsuit and Manu Melwani's efforts to evade service of the Class Action Complaint and his designation as a Doe defendant. *See also*: Cyfred CD-Rom at file 39 Memorandum of Bobbie Reyes dated September 25th 2007, Additional Production of Documents Cy1992; and

k. David Dooley who will testify about his investigation of the claim for coverage and indemnity tendered to FA by Cyfred which is at issue in this action and his search for evidence of approval of rates and forms filed by FA at the Office of the Insurance Commissioner and FA's efforts to deny Cyfred title insurance coverage in retaliation for Cyfred's claim and class action suit. See: Cyfred's Additional Production of Documents Cy1991; and

m. Antoinette C. Castro who was employed by PATCO. Cyfred is unaware of her current address. She will testify about the closing of the Ruben purchase and PATCO's selection of FA as the insurer the rates charges, the forms used and the disclosures made to Cyfred at the closing and that she did not inform Cyfred or the Rubens' that the, rates, forms schedule of rates and methods of computing rates for title insurance they purchased were not approved by the Commissioner. *See also*: Cyfred's Production of Documents Cy1896 through Cy1901; and

n. Custodian of records of each defendant corporation and each agent of each defendant

corporation who will testify about the records kept by each including rate approvals form approval, affidavits of compliance for each year that FA has done business in Guam, certificates of authority for each year that FA has conducted business in Guam and other records referenced in the Complaint. *See also*: Cyfred's CD-Rom at File 36. Cyfred is unaware of the names and addresses of said individuals at this time and they are however known to FA. When their specific names and addresses become known to Cyfred the names and addresses will be provided to FA; and

o. John Q. Carlos at the office of the Commissioner of Insurance and Banking who will testify about the records within the Office of the Insurance Commissioner and the records of FA within the Office of the Insurance Commissioner and the requirements and processes for filing rates, methods of computing rates, rate schedules and forms for any insurance company doing business in Guam affidavits of compliance and certificates of authority and applications therefore for FA on file with the Office of the Insurance Commissioner from the date FA was admitted to issue insurance in Guam to the present time. *See also*: Cyfred CD-Rom at file 39; and

p. Each officer or person employed by insurer defendant who reviewed and signed each Affidavit of Compliance filed by FA with the office of the Banking and Insurance Commissioner from 1994 to the present time who will testify about the affidavits they signed and the basis on which they were signed including any knowledge they had about the approvals of the forms and rates by FA. *See*: Cyfred CD-Rom at file 39 Affidavits of Compliance from years 1998 to 2005. The names of the persons signing the referenced Affidavits of Compliance are located on each referenced affidavit and Cyfred is unaware of any of the names and addresses of said individuals at this time and they are however

known to FA. When their specific names and addresses become known to Cyfred the names and addresses will be provided to FA.

q. Wayson Wong who will testify about the title claims and pleadings he filed in *Sananap et al v. Cyfred, Ltd. et al,* Superior Court of Guam Civil Case No. CV1448-02 ("CV1448-02") relative to title claims made by the Rubens and title claims he has made or intends to make in the amended complaint filed in *UPIC v. Cyfred, Ltd. et al,* Superior Court of Guam Civil Case No. CV1511-06 ("CV1511-06"). *See also:* Letter from Curtis C. Van de veld to David Dooley dated March 19th 2008 further tendering coverage for CV1511-06. *See*: Additional Cyfred Documents Cy1995.

**INTERROGATORY NUMBER FIVE (5)**: Describe in detail all of your efforts to sell the Ruben Property, including but not limited to (a) the sale to David San Nicolas, and the recession of the sale to David San Nicolas.

**RESPONSE TO INTERROGATORY NUMBER FIVE (5)**: Cyfred incorporates herein by this reference all specific objections Cyfred made in response to interrogatory number five (5) as previously stated in its Responses to First American title Insurance Company's First Set of Interrogatories served on FA on April 24th 2008. While preserving said objections and the General Objections stated hereinabove Cyfred states as additional responses to this interrogatory that:

The documents establishing the terms of sale for the Ruben Property are located in the documents provided by Cyfred in response to First American Title Insurance Company's First Request for Production of Documents and which documents were served of FA on April 24th 2008 ("Cyfred's Document Production") at Cy 1866 through Cy1868 and Cy 1896 through Cy1945 and Cy1966 through Cy1971. The Rubens were shown the Gill

Baza Subdivision by a real estate agent employed by Cyfred named Kamlish Sharma. The Rubens selected the property they wished to purchase and selected the term of years for payment of the balance of the purchase price. A preliminary title report was requested from Pacific American Title Insurance Company ("PATCO"). Closing of the purchase occurred at PATCO who selected FA as the title insurer and issued Cyfred a FA lenders policy for the mortgaged amount.

The San Nicolas family moved to the USA. They asked Cyfred if they could cancel their purchase on August 14th 2001. Cyfred agreed. *See*: Cyfred, Ltd.'s Additional Production of Documents in Response to First American Title Insurance Company's First Request for Production of Documents Cy1991.

**INTERROGATORY NUMBER SIX (6):** Describe in detail any communications, whether oral or written, between you and First American or PATCO or TGOG or Security regarding your Title Insurance Transaction or the Ruben Property. With respect to each such communication, please state the following: the date of the communication; location of the communication; the person who initiated the communication and the reason(s) for doing so; the substance of the communication; the identity of all documents referring, reflecting, or relating to the communication; and a summary of the communication.

**RESPONSE TO INTERROGATORY NUMBER SIX (6):** Cyfred incorporates herein by this reference all specific objections Cyfred made in response to interrogatory number six (6) as previously stated in its Responses to First American title Insurance Company's First Set of Interrogatories served on FA on April 24th 2008. While preserving said

objections and the General Objections stated hereinabove Cyfred states as additional responses to this interrogatory that:

Cyfred requested a preliminary title report from PATCO on or about February 11th 2002 for the property the Rubens intended to purchase. Bobbie Reyes requested the preliminary title report from PATCO. *See*: Cyfred's Production of Documents CY1986-1990.

Bobbie Reyes communicated with PATCO on or about February 19th 2002 concerning the closing of the Ruben purchase. *See*: Cyfred Production of Documents Cy 1896 through Cy1901.

On or about February 26th 2002 FA provided Cyfred a title insurance policy issued by FA. Cyfred is unaware which employee at PATCO provided Cyfred the original title policy. *See*: Cyfred's Production of Documents Cy1966 through 1971.

The following are communications with FA concerning Cyfred's Title Transaction. Should Cyfred become aware of additional communications Cyfred will supplement this answer:

Letter dated November 14th 2007 from Curtis C. Van de veld to David Dooley relative to Cyfred's tender for a defense and request for an indemnity. *See*: Cyfred's Additional Production Cy1996.

*See*: Cyfred CD-Rom at File 39 the following documents:

Letter to David Dooley from Curtis C. Van de veld dated March 1st 2007 regarding Cyfred's tender of it defense and request for indemnity.

Letter from David Dooley to Curtis C. Van de veld dated December 20th 2006 regarding Cyfred's tender for a defense and request for indemnity.

Letter from Curtis C. Van de veld to David Dooley dated June 5th 2007.

Letter dated June 22nd 2007 from Cutis C. Van de veld to David Dooley.

Certified mail receipts dated July 17th 2007 to the Legal Department of FA and return receipt acknowledged for Cyfred's tender for a defense and request for indemnity.

Letter dated June 16th 2007 to FA Legal Department and David Dooley with notice of prospective class action complaint.

Letter dated October 4th 2006 to FA, PATCO tendering for a defense and requesting indemnity for the Ruben Policy.

Letter from David Dooley dated January 12th 2007 requesting documents from Curtis C. Van de veld relative to Cyfred's tender for a defense and request for indemnity.

Letter from David Dooley dated January 15th 2006 to Curtis C. Van de veld enclosing documents including answer to counterclaim in CV1448-02 and the Sananap Plaintiffs' motion for a TRO and supporting memorandum of points and authorities describing their claim of defective title for the Ruben property and arguments supporting their position that the mortgage is not enforceable.

Letter dated April 14th 2007 from Curtis C. Van de veld to David Dooley containing a decision by Honorable Judge Anita Sukola ruling on Plaintiffs' defective title claim in CV1448-02.

Letter dated September 10th 2007 providing a deceptive trade practices notice to PATCO from Curtis Van de veld on behalf of Cyfred.

Letter dated September 10th 2007 providing a deceptive trade practices notice to Manu Melwani from Curtis Van de veld on behalf of Cyfred.

**INTERROGATORY NUMBER SEVEN (7):** Describe in detail any communication, whether oral or written, between you and First American or PATCO or TGOG or Security regarding your claim. With respect to each such communication, please state the following: the date of the communication; the location of the communication; the manner of the communication; the identity of all persons involved in this substance of the communication; the identity of all documents referring, reflecting, or relation to the communication; and a summary of the communication.

**RESPONSE TO INTERROGATORY NUMBER SEVEN (7):** Cyfred incorporates herein by this reference all specific objections Cyfred made in response to interrogatory number seven (7) as previously stated in its Responses to First American title Insurance Company's First Set of Interrogatories served on FA on April 24th 2008. While preserving said objections and the General Objections stated hereinabove Cyfred states as additional responses to this interrogatory that:

Letter from David Dooley to Curtis Van de veld dated December 7th 2006. See: Cyfred Production of Documents Cy1948 through Cy1951.

Letter dated November 14th 2007 from Curtis C. Van de veld to David Dooley relative to Cyfred's tender for a defense and request for an indemnity. See: Cyfred's Additional Production Cy1996.

*See:* Cyfred CD-Rom at File 39 the following documents:

Letter to David Dooley from Curtis C. Van de veld dated March 1st 2007 regarding Cyfred's tender of it defense and request for indemnity.

Letter from David Dooley to Curtis C. Van de veld dated December 20th 2006 regarding Cyfred's tender for a defense and request for indemnity.

Letter from Curtis C. Van de veld to David Dooley dated June 5th 2007.

Letter dated June 22nd 2007 from Cutis C. Van de veld to David Dooley.

Certified mail receipts dated July 17th 2007 to the Legal Department of FA and return receipt acknowledged for Cyfred's tender for a defense and request for indemnity.

Letter dated June 16th 2007 to FA Legal Department and David Dooley with notice of prospective class action complaint.

Letter dated October 4th 2006 to FA, PATCO tendering for a defense and requesting indemnity for the Ruben Policy.

Letter from David Dooley dated January 12th 2007 requesting documents from Curtis C. Van de veld relative to Cyfred's tender for a defense and request for indemnity.

Letter from David Dooley dated January 15th 2006 to Curtis C. Van de veld enclosing documents including answer to counterclaim in CV1448-02 and the Sananap Plaintiffs' motion for a TRO and supporting memorandum of points and authorities describing their claim of defective title for the Ruben property and arguments supporting their position that the mortgage is not enforceable.

Letter dated April 14th 2007 from Curtis C. Van de veld to David Dooley containing a decision by Honorable Judge Anita Sukola ruling on Plaintiffs' defective title claim in CV1448-02.

Letter dated September 10th 2007 providing a deceptive trade practices notice to PATCO from Curtis Van de veld on behalf of Cyfred.

Letter dated September 10th 2007 providing a deceptive trade practices notice to Manu Melwani from Curtis Van de veld on behalf of Cyfred.

16
Case 1:07-cv-00024    Document 119    Filed 08/26/2008    Page 16 of 20

If Cyfred becomes aware of additional documents evidencing communications with FA concerning its claims Cyfred will supplement its answers.

**INTERROGATORY NUMBER EIGHT (8):** Provide the basis for your contention that the Sananap Action implicates the title to the Ruben Property and that First American is required to indemnify you and/or provide you a defense in that action, including but not limited to the specific paragraphs of the pleadings in the Sananap Action and the specific language of the title insurance policy on which you rely.

**RESPONSE TO INTERROGATORY NUMBER EIGHT (8):** Cyfred incorporates herein by this reference all specific objections Cyfred made in response to interrogatory number eight (8) as previously stated in its Responses to First American title Insurance Company's First Set of Interrogatories served on FA on April 24th 2008. While preserving said objections and the General Objections stated hereinabove Cyfred states as additional responses to this interrogatory that:

Letter dated November 14th 2007 from Curtis C. Van de veld to David Dooley relative to Cyfred's tender for a defense and request for an indemnity. *See*: Cyfred's Additional Production Cy1996.

*See*: Cyfred CD-Rom at File 39 the following documents:

Letter to David Dooley from Curtis C. Van de veld dated March 1st 2007 regarding Cyfred's tender of it defense and request for indemnity.

Letter from David Dooley to Curtis C. Van de veld dated December 20th 2006 regarding Cyfred's tender for a defense and request for indemnity.

Letter from Curtis C. Van de veld to David Dooley dated June 5th 2007.

Letter dated June 22nd 2007 from Cutis C. Van de veld to David Dooley.

Certified mail receipts dated July 17th 2007 to the Legal Department of FA and return receipt acknowledged for Cyfred's tender for a defense and request for indemnity.

Letter dated June 16th 2007 to FA Legal Department and David Dooley with notice of prospective class action complaint.

Letter dated October 4th 2006 to FA, PATCO tendering for a defense and requesting indemnity for the Ruben Policy.

Letter from David Dooley dated January 12th 2007 requesting documents from Curtis C. Van de veld relative to Cyfred's tender for a defense and request for indemnity.

Letter from David Dooley dated January 15th 2006 to Curtis C. Van de veld enclosing documents including answer to counterclaim in CV1448-02 and the Sananap Plaintiffs' motion for a TRO and supporting memorandum of points and authorities describing their claim of defective title for the Ruben property and arguments supporting their position that the mortgage is not enforceable.

Letter dated April 14th 2007 from Curtis C. Van de veld to David Dooley containing a decision by Honorable Judge Anita Sukola ruling on Plaintiffs' defective title claim in CV1448-02.

Letter dated September 10th 2007 providing a deceptive trade practices notice to PATCO from Curtis Van de veld on behalf of Cyfred.

Letter dated September 10th 2007 providing a deceptive trade practices notice to Manu Melwani from Curtis Van de veld on behalf of Cyfred.

Cyfred relies on the Ruben Policy cover page which is reproduced in Cy1966 for its claims to coverage and indemnity from FA.

.

**INTERROGATORY NUMBER NINE (9):** Do you contend that First American has an obligation to indemnify you in any other lawsuit or threatened lawsuit relating to the Gill Baza Subdivision? If so, identify any other litigation and explain the basis for your contention.

**RESPONSE TO INTERROGATORY NUMBER NINE (9):** Cyfred incorporates herein by this reference all specific objections Cyfred made in response to interrogatory number nine (9) as previously stated in its Responses to First American title Insurance Company's First Set of Interrogatories served on FA on April 24th 2008. While preserving said objections and the General Objections stated hereinabove Cyfred states as additional responses to this interrogatory that:

Cyfred contends it is entitled to title insurance coverage consisting of a defense and indemnity under the terms of the Ruben title insurance policy for the claims made against Cyfred and its officers directors and employees in *UPIC et al. v. Gill et al.*, Superior Court of Guam Civil Case No. CV1511-06 in which case similar claims as that made against Cyfred in CV1448-02. The Plaintiffs in CV1511-06 have made claims of defective title to excuse payment of their mortgage obligations.

**INTERROGATORY NUMBER TEN (10):** Please identify any other title insurance company, other than First American, from which you have purchased title insurance, or from which you have considered purchasing title insurance. With respect to each such title insurance company, please state and describe in detail the following: the representative with whom you communicated; the date on which you purchased title insurance, or considered purchasing title insurance; the reason(s) for deciding to purchase title insurance from that company, or the reasons(s) for considering purchasing title

insurance from that company and for not purchasing title insurance from that company; the rate paid for title insurance you purchased; the address of the property the title of which was insured by that title insurance; the date of the transaction.

**RESPONSE TO INTERROGATORY NUMBER TEN (10):** Cyfred incorporates herein by this reference all specific objections Cyfred made in response to interrogatory number ten (10) as previously stated in its Responses to First American title Insurance Company's First Set of Interrogatories served on FA on April 24th 2008. While preserving said objections and the General Objections stated hereinabove Cyfred states as additional responses to this interrogatory that: The title insurance polices purchased by Cyfred and are included in Cyfred's Production of Documents at Cy1 to Cy1718. Cyfred does not pick the title insurance company insuring the underlying title securing its mortgages. That decision is made by the respective title agent closing the transaction. The property description, rate paid for the title insurance and the date of the transactions are all indicated in the documents referenced in Cy1 through Cy1718. Cyfred does not have records of the person with whom it communicated when purchasing each referenced title insurance policy except for the names specifically stated on the policy issued.

Dated this 26th day of August, 2008.

THE VANDEVELD LAW OFFICES, P.C.

_____
Curtis C. Van de veld, Esq.
Attorney for Plaintiffs d the Class

20
Case 1:07-cv-00024    Document 119    Filed 08/26/2008    Page 20 of 20